UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  
  - v. -                                          :     S1 05 Cr. 1115 (WHP)

ULYSSES THOMAS WARE,                              :
    a/k/a "Thomas Ware,"
                                                  :
            Defendant.
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO WARE'S FIRST MOTION TO SUPPRESS EVIDENCE**


                                          MICHAEL J. GARCIA
                                          United States Attorney for the Southern
                                          District of New York


ALEXANDER H. SOUTHWELL
STEVEN FELDMAN
Assistant United States Attorneys

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,                  :
   - v. -                                             :           S1 05 Cr. 1115 (WHP)
ULYSSES THOMAS WARE,                       :
     a/k/a "Thomas Ware,"
:
     Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO WARE'S FIRST MOTION TO SUPPRESS EVIDENCE

     The Government respectfully submits this memorandum of law in opposition to Ware's motion to suppress evidence dated January 2, 2007, which seeks his third trial adjournment, as well as suppression of all evidence obtained by the SEC in their enforcement action, dismissal of the Indictment, and other relief.  This motion is both untimely and completely meritless and it should therefore be summarily denied in its entirety.

     Initially, the motion's filing, just two weeks prior to trial, demonstrates that it is no more than another of Ware's delay tactics and it should be rejected on that basis.  This case was brought in November 2005 and the Court initially set a motion deadline in April 2006.  Additionally, at the November 17, 2006, hearing at which Ware was permitted to proceed *pro se*, the Court set a deadline of December 1, 2006, for Ware to move to dismiss the Indictment, as he had suggested he wished to do.  The instant motion to suppress and dismiss the Indictment was not filed in April 2006, or even in December 2006, but only now, two weeks prior to trial, with no good cause demonstrated or even offered.  Pursuant to Federal Rule of Criminal Procedure 12(e), these motions have been waived and should be dismissed.

In the event the Court determines to address the merits of Ware's motion, it should be summarily denied in its entirety without a hearing. Ware's January 2, 2007, submission is completely premised on Ware's same argument about alleged improper collusion between the United States Securities and Exchange Commission ("the SEC") and the United States Attorney's Office for the Southern District of New York ("the Office") – an argument which the Court previously rejected on two occasions. Ware again alleges Governmental misconduct and illegal collusion between the SEC, specifically Trial Counsel Jeffrey Norris, and the Office and the Federal Bureau of Investigation, specifically AUSA Southwell and FBI Special Agent David Makol, contending primarily that in the SEC's civil proceeding Mr. Norris "hid behind a covert opaque veil of secrecy, used deceit, trickery and intentional misrepresentations and shared non-public information with Southwell" and that the "criminal authorities developed their criminal investigation with the concerted efforts of Norris."  (*See* Ware Mem. at 15). Although he now submits an affirmation purporting to create numerous factual disputes necessitating an evidentiary hearing, that affirmation offers little of relevance within the personal knowledge of Ware and should not prompt a hearing. And Ware's speculative assertions of improper conduct underlying his whole motion remain as meritless as the last two times the Court rejected them.

As the Government previously advised the Court, the Government's criminal investigation of Ware and his co-conspirators did not begin based on a referral from, or as an outgrowth of, a parallel SEC investigation. Instead, the criminal investigation was initiated by this Office in response to a contempt referral by Judge Sand, who was presiding at the time over a civil suit brought by four entities against Ware and others for business conduct that occurred at around the same time as Ware's involvement with Investment Technology, Inc., one of the

securities at issue in this case.  On or about December 22, 2003, following repeated and willful disobedience of the Court's orders, Judge Sand referred Ware and his co-defendants to this Office for prosecution on criminal contempt.  Prior to this referral in December 2003, there was no criminal investigation of Ware or his co-conspirators by this Office.

In the course of investigating the criminal contempt involving the civil litigation concerning that other company, the Office learned about the SEC's action against Ware and others concerning Investment Technology in the District of Nevada, which had been commenced around July 2003.  In the course of that litigation and during the preceding investigative stage, the SEC had deposed Ware and his co-defendant Jeremy Jones, among others, in or around June and July 2002, over a year before the Government even opened its criminal investigation of Ware.  In or about August 2004, the Government was briefed on the status of that litigation by the SEC staff attorney and the Government formally requested access to the SEC's files related to that case by letter dated August 17, 2004.  The SEC approved that access request by letter dated September 15, 2004.  In the course of communications with the SEC, the Government obtained the depositions taken by the SEC, as well as the documents obtained by the SEC in the course of that action and investigation (all of which have been turned over to the defense in discovery in this matter).

Following briefing and argument related to these same allegations of improper collusion on May 19, 2006, the Court found that there was no evidence of any improprieties and that the Office and the SEC investigations each were independent.  Specifically, the Court ruled:

> the SEC investigation here ha[s] been initiated long before any
> direction by District Judge Sand that Mr. Ware be investigated on
> criminal contempt and that Mr. Ware was not indicted until more
> than [a year] after the SEC approved the government's request for

> SEC files in this matter. So in this case it appears to me from everything that I've seen that the investigation conducted by the SEC and the investigation conducted by the U.S. Attorney's office were independent of each other and there is no evidence that the SEC was acting as some instrumentality or apparatus of the U.S. Attorneys Office in connection with the criminal investigation in this case.

(5/19/06 Tr. at 7).

The instant motion offers nothing new to support revisiting this ruling. Ware submits a lengthy legal memorandum to bolster his suppression and dismissal motion, in which he asserts that the Government failed to notify him that it contemplated criminal prosecution during the course of his civil proceeding and then improperly coordinated efforts with the SEC, misleading various courts and violating Ware's constitutional rights and "the universal sense of justice." To support these allegations, Ware does submit an affirmation, but that affirmation does not create a factual dispute of any consequence. Most of Ware's affirmation consists of information purportedly from an affirmation filed by Mr. Norris in the SEC action,[1] communications between Ware and Mr. Norris, or legal conclusions. The only information asserted upon personal knowledge by Ware relates to his arrest on a civil contempt warrant issued by Judge Sand[2] (*See* Ware Aff. ¶ 26) and the fact that he was never notified during the course of the civil

---

[1] Notably, Ware's motion appears premised on the idea that the Office was in contact with the SEC shortly after the filing of the SEC's complaint in July 2003. (*See* Ware Mem. at 8 ("Norris via his affidavit of October 3, 2006 states under oath that FBI Agent David Makol contacted him personally *shortly after* he filed the civil complaint.") (emphasis added) (citing Norris Aff. ¶ 4)). Ware, however, misquotes Norris, whose affidavit actually states that he was contacted by Agent Makol "some time" after the SEC's complaint was filed. (*See* Norris Aff. ¶ 4).

[2] While the Government learned after the fact that Judge Sand sought to have an arrest warrant for civil contempt executed by the United States Marshals, which was executed on or about September 1, 2004, the Office and the SEC were not involved in the execution or coordination of that arrest.

litigation that he was a target of subject of a criminal investigation (Ware Aff. ¶ 28). The Government does not dispute those specific facts, but certainly disputes the legal conclusions Ware draws from them.

Quite simply – and as previously found by the Court – the factual record in this case demonstrates that there was no improper collusion, violation of Ware's rights, or cover-up misleading Ware or the Court, primarily because the criminal investigation in this case was completely independent of the civil investigation. Especially given the separate timing of the investigations, the Government at no time suggested or even discussed with the SEC how they should handle their investigation; indeed, the SEC's investigation was essentially – if not completely – completed by the time the Government began criminally investigating Ware.[3] There is thus no factual support for the claim of impermissible collusion.

Moreover, cooperation between the Department of Justice and the SEC is a long-standing and appropriate practice, one that has even been recognized as "commendable" by the Second Circuit. *United States v. Fields*, 592 F.2d 638, 646 (2d Cir. 1978) (reversing a district court's striking of certain parts of a securities fraud Indictment due to alleged misconduct by the SEC in a parallel action and holding that communications between the SEC and U.S. Attorney's Office were permissible under the applicable statutes, rules and regulations and that preliminary, informal, communications was a "commendable example of inter-agency cooperation" with significant advantages). Such communications are also expressly provided for by statute. For example, Section 21(d) of the Securities Exchange Act of 1934 provides:

---

[3] Specifically, the Office had no knowledge about Ware's attempts to depose Steve Webster and no advance knowledge or participation in Ware's September 1, 2004, arrest on the civil contempt warrant issued by Judge Sand, contrary to Ware's bald assertions of nefarious conspiratorial connections.  (*See* Ware Mem. at 19).

> The Commission may transmit such evidence as may be available concerning such acts or practices as may constitute a violation of any provision of this chapter or the rules or regulations thereunder to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this chapter.[4]

The improper and unconstitutional conduct Ware alleges – that the civil investigative process was abused by the involvement of criminal prosecutors – was an issue in two recent cases which, curiously, Ware does not cite in his memorandum, instead relying on numerous inapposite cases. *See United States v. Stringer*, 2006 U.S. Dist. LEXIS 3435 (D. Or. Jan. 9, 2006); *United States v. Scrushy*, 366 F. Supp. 2d 1134 (N.D. Ala. 2005). But the issue at the heart of those cases is quite simply not present here, where, as a factual matter, there was no coordination because there was no involvement and the civil investigation was completed prior to the criminal case even being initiated. But perhaps more fundamentally, those cases are not binding authority on this Court and are contrary to the law in this circuit. *See Fields,* 592 F.2d at 646; *see also SEC v. Dresser Indus. Inc.*, 628 F.2d 1368 (D.C. Cir. 1980) (en banc) (rejecting panel decision that forbade SEC from giving information to DOJ after Grand Jury impaneled and noting "[e]ffective enforcement of the securities laws requires that the SEC and Justice be able to investigation possible violations simultaneously"); *United States v. Teyibo*, 877 F. Supp. 846 (S.D.N.Y. 1995) (denying motion to suppress SEC deposition and finding that SEC and DOJ investigations were independently motivated); *United States v. Moses*, No. 1:04-CR-508-CAP (N.D. Ga. Oct. 12, 2005) (adopting report and recommendation denying motion to suppress and for evidentiary hearing based on prosecutorial misconduct due to alleged improper collusion

---

[4] Section 20(b) of the Securities Act of 1933 similarly provides that "[t]he Commission may transmit such evidence as may be available concerning such acts or practices to the Attorney General who may, in his discretion, institute the necessary criminal proceedings under this subchapter."

with the SEC because the investigations were independently motivated).  Furthermore, *Stringer* and *Scrushy* are plainly inapposite.  The issue in those cases was the alleged merging of the criminal and civil investigations, which those courts found led to violations of the defendants' constitutional rights.  But here, Ware's answers in the civil litigation were filed and the Ware's depositions taken even before the Government initiated its criminal investigation so there could be no impermissible coordination in violation of Ware's constitutional rights.  And there is no authority for Ware's apparent position that there was an obligation to inform him that a criminal investigation had commenced concerning him even well after any active information gathering in the SEC action.

The remaining improprieties alleged by Ware are completely meritless and do not justify the relief Ware seeks.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully submits that the Court should deny Ware's motion in its entirety without a hearing.

Dated:   New York, New York
         January 4, 2007

                                          Respectfully submitted,

                                          MICHAEL J. GARCIA
                                          United States Attorney
                                          Southern District of New York

                                  By:  /s/
                                          ALEXANDER H. SOUTHWELL
                                          STEVE FELDMAN
                                          Assistant United States Attorneys
                                          (212) 637-2417 / 2484