UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :

           - v. -                    :          S1 05 Cr. 1115 (WHP)

ULYSSES THOMAS WARE,                         :
      a/k/a "Thomas Ware,"

                          :

             Defendant.

                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE**
**TO DEFENDANT'S MOTION TO RECUSE THE COURT,**
**AND FOR THE INDICTMENT AND ARREST OF VARIOUS ATTORNEYS**


                                       MICHAEL J. GARCIA
                                       United States Attorney for the
                                       Southern District of New York
                                       One St. Andrew's Plaza
                                       New York, New York 10007


Steven D. Feldman
Assistant United States Attorney
       -Of Counsel-

## **TABLE OF CONTENTS**

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

      I.      The Motion To Recuse This Court Should Be Denied. . . . . . . . . . . . . . . . . . . .  3

            A. *Legal Principles*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            B. *Discussion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      II.     Ware's Motion For The Issuance of Arrest Warrants and For Referral For
                 Indictment Should Be Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    :

            - v. -                           :        S1 05 Cr. 1115 (WHP)

ULYSSES THOMAS WARE,                        :
       a/k/a "Thomas Ware,"
                                :

                Defendant.

                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTIONS TO RECUSE THE COURT, AND FOR THE INDICTMENT AND ARREST OF VARIOUS ATTORNEYS

After three adjournments of sentencing, and after having additional requests for further adjournments rejected, on the day prior to the scheduled sentencing date defendant Ulysses Thomas Ware, a/k/a "Thomas Ware," submitted the instant motion.  In it, Ware seeks (1) the recusal of this Court, and (2) the indictment and arrest of various attorneys involved in this case, and in a parallel civil proceeding brought by the Securities and Exchange Commission ("SEC").  Ware's motion is simply another delay tactic, devoid of any legal or factual basis.

As explained below, defendant's motions do not come close to meeting the exacting standards for recusal of a federal district judge.  Further, the motion does not explain how, based simply on his motion and without a probable cause determination from a federal Grand Jury, a court could possibly be empowered to order the indictment and arrest various individuals.  Accordingly, Ware's motion should be denied.

1

## **BACKGROUND**

Following indictment, Ware was tried before this Court and a jury from April 17, 2007 to April 30, 2007, on two counts alleging conspiracy to commit securities and wire fraud, and substantive securities fraud for carrying out a penny stock pump-and-dump scheme.  On April 17, 2007, Ware was convicted on all counts.  Sentencing was initially scheduled for July 27, 2007.  It was later adjourned to August 10, 2007, then subsequently adjourned to September 11, 2007, and then adjourned to September 20, 2007.  Ware sought further adjournments of the September 20 sentencing date, but the requests were denied by the Court.

On September 19, 2007, Ware filed the instant motion seeking (1) the recusal of this Court, and (2) the indictment and arrest of various attorneys involved in this case and in a parallel civil proceeding brought by the SEC.  Ware claims that the Court should recuse itself from Ware's sentencing and this case because the Court was allegedly in active, covert collusion with Ware's retained counsel, Michael Bachner, Esq.; former SEC attorney Spencer Barasch; current SEC attorney Jeffrey Norris; and former AUSA Alexander Southwell.  Ware argues that the Court's statements and rulings during various proceedings demonstrate (a) the Court's actual bias and partiality towards the Government; and (b) create a reasonable appearance of partiality. Because of this purported conspiracy, Ware argues that various attorneys involved in this case and a parallel SEC proceeding should be indicted and arrested.

For the reasons set forth below, Ware's arguments lack merit and the motions should be denied.

<u>**ARGUMENT**</u>

**I.     The Motion To Recuse This Court Should Be Denied.**

     **A.   *Legal Principle*s**

       Title 28, United States Code, Section 455 governs the recusal of federal judges.

That statute provides, in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455.

       Ware's motion satisfies neither statutory criterion.  Under this statute, the Court must inquire whether "an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." *United States* v. *Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotations and citations omitted); *see United States* v. *Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (same); *see also Chase Manhattan Bank* v. *Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003) (stating that Section 455(a) "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown.... [W]hether such an appearance has been created is an objective one based on what a reasonable person knowing all the facts would conclude") (internal citations omitted).  "Where a case, by contrast, involves remote, contingent, indirect or speculative

3

interests, disqualification is not required." *Aguinda* v. *Texaco, Inc.*, 241 F.3d 194, 201 (2d Cir. 2001)(quoting *United States* v. *Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)).

This standard cannot be satisfied merely by demonstrating that the judge whose recusal is sought made remarks critical of counsel or parties.  In *Liteky* v. *United States*, 510 U.S. 540 (1994), the Supreme Court has explained that "impatience, disregard for the defense, and animosity" toward the defendant generally does not permit recusal.  In that case, the Court held that:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky* v. *United States*, 510 U.S. 540, 555 (1994).  In this regard, the Court further noted,

> The judge who presides at trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person.  But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes. . . necessary to completion of the judge's task.

*Liteky*, 510 U.S. at 550-51.  The Court did hold, however, that a "favorable or unfavorable predisposition," even though based solely on facts adduced during trial, can develop into impermissible bias or prejudice if "it is so extreme as to display clear inability to render fair judgment."  *Id*. at 551.

A party seeking recusal must provide a true factual basis for the relief sought.  "An application for the disqualification of a judge must rest on a factual basis and not on the whim of

4

a litigant who asserts vague contentions." *Hunt* v. *Mobil Oil Corp.*, 557 F. Supp. 368, 376 (S.D.N.Y.), *aff'd*, 742 F.2d 1438 (2d Cir. 1983).  "Movants must overcome a presumption of impartiality, and the burden for doing so is 'substantial.'"  *Giladi* v. *Strauch*, No. 94 Civ. 3976, 1996 WL 18840, at * 1 (S.D.N.Y. Jan. 18, 1996) (citing *Farkas* v. *Ellis*, 768 F. Supp. 476, 478 (S.D.N.Y. 1991)); *see also Metropolitan Opera Association, Inc.* v. *Local 100, Hotel Employees and Restaurant Employees International Union*, 332 F. Supp. 2d 667 (S.D.N.Y. 2004) (same).

A district judge has an affirmative duty to inquire into the legal sufficiency of a motion for recusal, and not to disqualify himself unnecessarily.  *See Rosen* v. *Sugarman*, 357 F.2d 794, 797-98 (2d Cir. 1966), cited in *National Auto Brokers Corp.* v. *General Motors Corp.*, 572 F.2d 953 (2d Cir. 1978).  The district court must "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case."  *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).  Indeed, the public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions: "A trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may create the [appearance] of bias," and "'[a] timid judge, like a biased judge, is intrinsically a lawless judge.'"  *In re International Business Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) (quoting *Wilkerson* v. *McCarthy*, 336 U.S. 53, 65 (1949) (Frankfurter, J., concurring)).  Finally, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."  *Drexel*, 861 F.2d at 1312.  *See also Pri-Har* v. *United States*, 83 F. Supp.2d 393 (S.D.N.Y. 2000) (noting that a district judge should not grant a recusal motion lightly, "lest the court encourage

5

litigants 'to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges'") (quoting *Thomas* v. *Trustees for Columbia University*, 30 F. Supp.2d 430, 431 (S.D.N.Y. 1998)).

### B.  *Discussion*

Ware contends that the Court is in active, covert collusion with Ware's former retained counsel, Michael Bachner, Esq.; a former SEC attorney, Spencer Barasch; current SEC attorney Jeffrey Norris; and former AUSA Alexander Southwell.  Ware claims that the various attorneys and the Court have conspired to "frame" him in this prosecution.  According to Ware, as part of this scheme, the Court denied Ware's motion seeking a hearing into purported collusion between the U.S. Attorney's Office and the SEC, in part to hide a purported personal relationship between the Court and former SEC attorney Barasch.  Ware contends that the Court was compensated for its role in this scheme when Barasch's law firm made a charitable donation to Duke Law School.

As evidence of this purported conspiracy, Ware asserts that the Court made "irrational rulings" in the course of the case; and cites "biased statements" and "threats" made by the Court. In support of his speculation that the Court had an undisclosed personal relationship with Barasch, a purported witness to Ware's collusion motion, Ware points out that both Barasch and Judge Pauley attended Duke University, and that Barasch's current law firm made a charitable contribution to Duke Law School.  Ware's far-fetched speculation and conspiracy theories are meritless and provide no basis for recusal.

Ware makes serious allegations but provides no evidence to support those allegations. Ware's motion is devoid of any direct evidence of a conspiracy to "frame" Ware among the attorneys or the Court.  Because there is no direct evidence of the purported conspiracy, Ware

attempts to point to circumstantial evidence, but the innocuous facts emphasized by Ware miserably fail to meet the substantial burden for recusal.  As set forth above, "[a]n application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions."  *Hunt* v. *Mobil Oil Corp.*, 557 F. Supp. 368, 376 (S.D.N.Y.), *aff'd*, 742 F.2d 1438 (2d Cir. 1983).

Ware asserts that had the Court not denied his motion for a hearing about purported collusion between the U.S. Attorney's Office and the SEC, Barasch would have been a witness at such a hearing.  Ware claims that the Court denied his request for the collusion hearing in order to hide a personal relationship with Barasch.  Ware's argument fails for numerous reasons.  First, even if there was a collusion hearing, there is no reason to believe that Barasch would have been a witness.  Ware can point only to a handful of emails in his civil litigation with the SEC in which Barasch was copied on the emails.  (Ware App. at 52 & 54.)  The fact that Barasch was copied on emails concerning a dispute about a deposition in a parallel civil proceeding provides no basis to believe that Barasch would have been a witness at any collusion hearing involving the U.S. Attorney's Office.  Rather, it appears that Ware is falsely inflating Barasch's involvement in the SEC proceeding for purposes of this recusal motion.  Second, given Barasch's minimal, attenuated involvement with the parallel SEC proceeding, Ware offers no evidence that the Court here was ever aware of Barasch's involvement in that other matter.  If the Court was never made aware that Barasch was involved, the Court could not determine whether there existed a personal relationship requiring recusal.  As Ware's motions concerning collusion focused on the lead SEC attorney, Jeffrey Norris, Esq., the Court was never on notice of Barasch's purported involvement.  Third, there is no evidence that Judge Pauley has a personal relationship with Barasch.  The only

connection identified by the defendant is the fact that both attended Duke University.  However, the very documents provided by Ware show that Judge Pauley graduated from Duke Law School three years before Barasch earned his undergraduate degree from Duke University in 1980.  The evidence provided by Ware indicates that the Court and Barasch were not contemporaries.

Ware also contends that Barasch's law firm, Andrews Kurth LLP, made a donation to Duke Law School as a "quid pro quo" for the Court "shielding" Barasch.  (Def. Brf. 10.)  Ware has no good faith basis for this claim and provides no evidentiary support for these serious allegations.  He simply provides a document showing that Andrews Kurth LLP made a donation to the law school.  (Ware App. at 1-A.)  The document fails to make any connection between the Court and the firm's donation, in order to back up Ware's absurd contention.  The fact that a law firm made a donation to a law school and that the Court attended the same law school does not create any reasonable appearance of partiality.

In addition to the purported personal relationship between the Court and Barasch, Ware also claims that his former defense counsel, Michael Bachner, Esq., also had a personal relationship with Barasch.  (Ware Brf. 8.)  Ware's "evidence" of this secret relationship is the fact that Bachner and Barasch represent separate clients in a pending case.  However, the fact that the two attorneys are now representing clients in the same, new matter provides no basis to conclude that Bachner and Barasch had a prior personal relationship, or, further, that they were involved in a conspiracy against Ware.

Ware claims that the Court's bias toward the Government, requiring recusal, was shown through three statements made by the Court.  In the first statement, the Court said that it was requiring Ware's presence for court conferences because, among other things, there were other

8

proceedings pending against Ware involving criminal contempt.  (Ware Brf. 12.)  Ware claims

that this demonstrated that the Court was aware of "extra judicial matter not of the subject matter

of the case he was assigned."  (Ware Brf. 12.)  To the contrary, other pending federal cases

against a defendant are certainly relevant to the Court and appropriately considered in

circumstances such as setting bail.  This information is routinely disclosed in reports submitted to

the Court by PreTrial Services for bail purposes.  Information concerning other pending charges

against Ware simply is not extrajudicial information.  The quotation cited by Ware fails to show

that the Court was aware of extrajudicial facts, and therefore provides no basis for recusal.

The second and third statements cited by Ware (Ware Brf. 13) similarly provide no basis

for recusal.  In the second statement, in which the Court said it would not "blink," the Court

made clear to Ware at a pre-trial conference that the trial was going forward, and there would be

no further delays.  In the third statement, the Court informed Ware that if he did not meet the bail

conditions, he would be detained.  None of these statements warrant recusal.  There is simply no

prohibition against a Court being firm with a defendant.  As the Supreme Court explained in

*Liteky*, "judicial remarks. . . that are critical or disapproving of, or even hostile to, counsel, the

parties, or their cases, ordinarily do not support a bias or partiality challenge."  510 U.S. at 555.

Accordingly, the statements cited by Ware offer no basis for recusal.

Ware also recites court rulings which he claims evidence the necessity for the Court's

recusal: (a) that the Court denied his request for a collusion hearing; (b) that the Court granted

Ware's motion for a mistrial without making additional inquiries; and (c) that the Court denied

Ware's motion to dismiss on double jeopardy grounds.  (Ware Brf. 15-16.)  However, a party's

belief that a court's rulings were erroneous does not provide a basis for recusal.  "Disagreement

9

with a judge's rulings is not, in itself, a ground for recusal...." *Paris* v. *Citibank, N.A.*, 1999 WL 558143, at *2 (S.D.N.Y. July 30, 1999).  As the Supreme Court stated, "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky* v. *United States*, 510 U.S. 540, 555 (1994).  Rather, the appropriate remedy is for the party to appeal the rulings, not seek the recusal of the presiding judge. *Id*.

In conclusion, Ware alleges the existence of a conspiracy involving the Court and various attorneys.  Ware offers no direct evidence of a conspiracy.  Instead, Ware asserts that there is a conspiracy based on (a) statements made by the Court; (b) rulings made by the Court; (c) that a former SEC attorney attended Duke University and Judge Pauley attended Duke University; (d) that the former SEC attorney's firm made a donation to Duke University; and (e) that Ware's former defense counsel and the former SEC attorney represent separate clients in a new, pending matter.  Taken separately or in total, none of these matters provide a basis for recusal.  Rather, in a desperate attempt to avoid the upcoming proceedings, Ware has made a series of unfounded and irresponsible accusations.  These vague contentions fail to provide a basis for recusal, and Ware's motion must be denied.

## II.    Ware's Motion For the Issuance of Arrest Warrants and For Referral For Indictment Should Be Denied.

Ware's motions also seek the issuance of arrest warrants for various attorneys for their purported roles in the alleged conspiracy, and an order referring this matter for immediate indictment.  (Ware Brf. 27.)  Ware cannot obtain the relief he seeks.

Even if it were proper for the Court to issue arrest warrants in response to a defendant's motion, Ware's request is barred by the Fourth Amendment to the United States Constitution,

which requires probable cause before a warrant is issued.  U.S. Const. Amend. IV.  Under the

Fourth Amendment, an arrest warrant "may issue only upon a showing of probable cause."

*Walczyk* v. *Rio*, 2007 WL 2199005, at *10 (2d Cir. Aug. 1, 2007).  Here, Ware's allegations fail

to meet this standard.  Ware alleges that innocuous, attenuated conduct of various individuals

evidences a conspiracy involving many.  Ware's allegations fail to show that probable cause

exists that a crime has been committed.  Accordingly, no arrest warrant may be issued.

Ware also requests that the Court issue "[a]n order where this matter will be referred for

immediate indictment to the civil rights branch of the United States Justice Department" and the

"New York Attorney General and the Manhattan District Attorney."  For the same reasons

Ware's request for an arrest warrant should be denied, his request for a referral of this matter by

the Court to other law enforcement organizations should also be rejected.  Ware has failed to

show a likelihood that any crime was committed, and therefore no referral should take place.

Ware requests that the referral order provide for the "immediate indictment" of the

individuals he accuses of participating in the scheme.  However, Ware misconstrues the nature of

a referral.  If the Court were to refer the matter to another agency, that agency would undertake

its own investigation to determine whether it would be appropriate to bring charges.  The Court

could not order the agency to file an "immediate indictment."  As Judge Kozinski explained in

dissent in *Bodell* v. *Walbrook Ins. Co.*, 119 F.3d 1411 (9th Cir. 1997), "Regulatory agencies that

become aware of criminal misconduct may, of course, refer the matter to the United States

Attorney for possible criminal prosecution. But so can any other person or entity, public or

private, who learns of a federal crime. The agency can no more force the United States Attorney

to bring a prosecution than can a private party."  119 F.3d at 1419 (Kozinski, J., dissenting).

For a number of reasons, Ware's motion for the issuance of arrest warrants must be rejected, most importantly because there is no probable cause present to support the issuance of arrest warrants here.  In addition, Ware's request that the allegations he makes be referred by the Court to other law enforcement agencies for prosecution should also be denied.  Ware has provided no support for his allegations but for vague assertions based on innocuous facts. Accordingly, no referral should issue.

## CONCLUSION

For the foregoing reasons, the defendant's motions for this Court's recusal, for the issuance of arrest warrants, and for referral for indictment should be denied.

Dated: New York, New York
        September 24, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By:     s/ Steven D. Feldman
        Steven D. Feldman
        Assistant United States Attorney
        Tel.: (212) 637-2484

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney, duly admitted to practice before this Court, hereby certifies that on the below date, he served or caused to be served the "Government's Memorandum of Law in Response to Defendant's Motion to Recuse the Court, and For the Indictment and Arrest of Various Attorneys," via First Class Mail and email to:

Thomas Ware, Esq., *pro se*
6050 Peachtree Parkway
Suite 240-234
Norcross, GA 30092
rgwinc@mindspring.com

Gary G. Becker (stand-by counsel)
200 West 57th Street
Suite 900
New York, NY 10019
ggbeckerlaw@aol.com

Dated: New York, New York
        September 24, 2007

    s/ Steven D. Feldman
Steven D. Feldman
Assistant United States Attorney