UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

      v.

ULYSSES THOMAS WARE a/k/a
THOMAS WARE,

                Defendant and
                Judgment Debtor.

05 CR 1115 (WHP)
and
04 CR 1224 (Part I)

# MEMORANDUM OF LAW IN SUPPORT OF
# THE UNITED STATES OF AMERICA'S MOTION TO APPLY BOND DEPOSIT

## PRELIMINARY STATEMENT

The United States ("the Government") moves for entry of an order, pursuant to 18 U.S.C. § 3613, 28 U.S.C. § 2044, and 18 U.S.C. § 3006A(f), directing the Clerk of Court to apply the $50,000 currently on deposit in the Court's Registry as security for the appearance bond of the defendant-judgment debtor, Ulysses Thomas Ware as follows: (1) to satisfy the outstanding fine imposed in *United States v. Ulysses Thomas Ware*, No. 05-CR-1115 (WHP); (2) then to satisfy the fine imposed against him in *United States v. Thomas Ware*, No. 04-CR-1224 (RWS); and (3) apply any surplus funds to reimburse the Criminal Justice Act Fund for the costs of appointed counsel in either case.

## STATEMENT OF THE CASES

### WARE I

On November 17, 2004, Ware was indicted in *United States v. Thomas Ware*, No. 04 Cr. 1224 (RWS) in the United States District Court for the Southern District of New York ("Ware I"). *See* Declaration of Melissa A. Childs, ¶ 3. The indictment charged Ware with three counts of

**USA Memorandum of Law in Support of Motion to Apply Bond Deposit – Page 1**

criminal contempt for his violation of multiple court orders issued by the United States Court for the Southern District of New York in *Alpha Capital Aktiengesellschaft v. Group Management Corp.*, No. 02 Civ. 219 (LBS). *Id.* On November 21, 2007, a jury found Ware guilty on all counts of the indictment. *Id.* The Court revoked Ware's bail on November 27, 2017, and remanded him to the custody of the United States Marshal. *Id.* On February 2, 2009, the Court entered judgment against Ware, sentencing him to 97 months of imprisonment and ordering him to pay a $300 mandatory special assessment and a $12,500 fine. *Id.* In the 147 months (12¼ years) since the Court sentenced Ware, he has made only four nominal payments totaling $250 toward this judgment. The current outstanding balance in Ware I is $12,887.80. *See* Decl. ¶ 6.

## WARE II

While out on bond in Ware I, on September 26, 2005, Ware was arrested pursuant to a warrant issued by the Court after he had been charged by a criminal complaint in *United States v. Ulysses Thomas Ware, a/ka/ Thomas Ware*, No. 05 Cr. 1115 (WHP) in the United States District Court for the Southern District of New York ("Ware II"). Decl. ¶ 4. On April 30, 2007, a jury found Ware guilty of one count of conspiracy to commit securities fraud and wire fraud and one count of substantive securities fraud. *Id.* After the jury convicted Ware, the Court required him to post cash bail in the total sum of $50,000 by two separate $25,000 deposits with the Clerk of Court as a condition of bond. *Id.* On October 30, 2007, the Court entered judgment against Ware, sentencing him to 97 months of imprisonment (to run concurrently with his sentence in Ware I) and ordering him to pay a $200 mandatory special assessment and a $25,000 fine. In the 162 months (13½ years) since the Court sentenced Ware, he has made only 14 nominal payments totaling $959 toward this judgment. The current outstanding balance in Ware II is $34,957.86. *See* Decl. ¶ 5.

# ARGUMENT

I. **THE COURT SHOULD APPLY WARE'S CASH BAIL TO SATISFY HIS OUTSTANDING FINES.**

Section 2044 of Title 28 provides, in pertinent part:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.

*See* 28 U.S.C. § 2044. The $50,000 on deposit in the Court's Registry was deposited for the purpose of the defendant's criminal appearance bond. *See* Decl. ¶ 4. Accordingly, the Government respectfully requests that these funds now be applied to his outstanding fines. *See United States v. Brumer*, 405 Fed. App'x. 554, 556 (2d Cir. 2011) (affirming district court's order declining to exonerate bail bond funds and instructing Clerk of Court to apply the funds to outstanding obligations).

Additionally, pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arose against all of the defendant's property and rights to property. Therefore, the cash bond on deposit should be applied to Ware's judgment balance. *See, e.g., Lavin v. United States*, 299 F.3d 123, 127-28 (2d Cir. 2002) (finding Government's 18 U.S.C. § 3613 lien defeated defendant's interest in return of cash seized from him); and *United States v. Dang*, 559 Fed. App'x. 660, 662 (10th Cir. 2014) (affirming order to apply sum of cash seized from defendant as he was taken into custody at sentencing toward his judgment debt in a prior case). Accordingly, the $50,000 held in the Court's Registry should be applied first to satisfy the $34,957.86 fine balance in Ware II as the first-in-time judgment, and then to satisfy the $12,887.80 fine balance in Ware I.

## II. THE COURT SHOULD APPLY ANY SURPLUS CASH DEPOSIT TO REIMBURSE THE CRIMINAL JUSTICE ACT FUND.

Pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(f), whenever the Court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be reimbursed to the CJA Fund. Here, even after the defendant's bond money is applied to satisfy his outstanding fine balances in Ware I and II, he will have at least some funds available to contribute toward his legal defense. Instead of refunding any surplus to Ware, the Court should require him to partially reimburse the CJA Fund with the remaining cash on deposit in the Court's Registry. *See United States v. Jefferson*, 117 F.3d 1416 (5th Cir. 1997) (affirming order reimbursing cost of criminal defendant's legal representation from funds seized from defendant upon arrest).

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion and order the Clerk of Court to apply the $50,000 in bond money currently on deposit as follows: (1) to satisfy the outstanding fine imposed in Ware II (No. 05-CR-1115) as the first-in-time judgment; (2) then to satisfy the fine imposed in Ware I (No. 04-CR-1224); and (3) thereafter apply any surplus funds to reimburse the Criminal Justice Act Fund for the costs of appointed counsel in either case.

Date:    May 12, 2021
            New York, New York

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   */s/ Melissa A. Childs*
       MELISSA A. CHILDS
       Assistant United States Attorney

86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2711
E-mail: melissa.childs@usdoj.gov

TO: Ulysses Thomas Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226