From: Ulysses T. Ware

To: The Hon. William H. Pauley, III

Date: May 29, 2021

RE: Filing the enclosed pleadings on the 04cr1224 and 05cr1115 (SDNY) dockets.

Judge Pauley:

Please file the enclosed pleadings:

### Exhibit #UTW-03:

Ulysses T. Ware, May 29, 2021, UTW's Letter dated December 11, 2011 to Kilpatrick, Townsend, & Stockton, LLP and Dennis S. Meir, Esq. Discussing KTS's fraud on the court, and conspiracy to commit bankruptcy fraud in *In re Group Management Corp.*, Case no. 03-93031-mhm (BC NDGA), Chapter 11 (see GX 250, 251, 252, and 253 in 04cr1224).

on the applicable dockets.

In the future, please serve Mr. Ware via email at utware007@gmail.com with all of your orders or directives entered in this matter, due to the slowness of the U.S. Mail.

**Mr. Ware and the estate of Mary S. Ware will file a brief in opposition to the Government's Dkt. #250 not later than June 20, 2021.**

/s/ Ulysses T. Ware

# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on May 29, 2021, by:

/s/ Ulysses T. Ware

---

Ulysses T. Ware, individually, and as
the legal representative for the estate
of Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America, et al.,**
    **Plaintiff, Petitioner,**
    **Cross Respondent,**

v.

**Ulysses T. Ware, et al.,**
    **Defendant, Respondent,**
    **And Cross Petitioner.**

---

### Exhibit #UTW-03:

Ulysses T. Ware, May 29, 2021, UTW's Letter dated December 11, 2011 to Kilpatrick, Townsend, & Stockton, LLP and Dennis S. Meir, Esq. Discussing KTS's fraud on the court, and conspiracy to commit bankruptcy fraud in *In re Group Management Corp.*, Case no. 03-93031-mhm (BC NDGA), Chapter 11 (see GX 250, 251, 252, and 253 in 04cr1224).

Submitted by on May 29, 2021:

/s/ Ulysses T. Ware,

individually and as legal representative for Group Management, a sole proprietor.

---

Ulysses T. Ware, 11 USC 1109(b) statutory party in interest
and legal representative of GPMT, the debtor.
123 Linden Blvd
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Email: utware007@gmail.com

## In the United States Bankruptcy Court
## For the Northern District of Georgia
## Atlanta Division

*In re Group Management Corp.*, the Debtor.
**Case no. 03-93031-mhm**
**Chapter 11**

---

### Exhibit #UTW-03:

Ulysses T. Ware, May 29, 2021, UTW's Letter dated December 11, 2011 to Kilpatrick, Townsend, & Stockton, LLP and Dennis S. Meir, Esq. Discussing KTS's fraud on the court, and conspiracy to commit bankruptcy fraud in *In re Group Management Corp.*, Case no. 03-93031-mhm (BC NDGA), Chapter 11 (see GX 250, 251, 252, and 253 in 04cr1224).

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315



December 19, 2011

Dennis S. Meir, Esq.
Kilpatrick, Townsend, & Stockton, LLP
1100 Peachtree St, NW
Suite 2800
Atlanta, GA 30309-4528



RE: In re Group Management Corp., 03-93031-MHM (N.D. Ga), ("93031").

Mr. Meir:

This letter is in regard to the proceedings in 93031 and your clients the plaintiffs in Alpha Capital AG, et al. v. IVG Corp., et al, 02-CV-2219(LBS)(SDNY), ("2219"); and the criminal violations of the federal securities laws admitted to by your clients (the 2219 plaintiffs), their lawyer (Kenneth A. Zitter, Esq.) and their agents (Ari Rabinowitz, fugitive Thomas Badian, convicted felon Edward D. Grushko, Esq., and others), (the "Racketeers").

1. Enclosed is the October 23, 2011 motion for leave filed in 11-4181-CV (2d Cir.) detailing the criminal conduct of your clients in regard to the matters in 2219, 93031, and 1224 in the federal courts.

2. Enclosed is a MEMORANDUM OF LAW dated November 27, 2011 detailing "the dire consequences" your client Stonestreet, L.P.'s August 13, 2003 admission had on the 93031, 2219, and 1224 proceedings.
   At pages 6-8 of the Memo, Stonestreet, L.P. judicially admitted to in fact being the beneficial owner of more than 9.9% of GPMT's outstanding stock, and accordingly, Stonestreet admitted to being a §16 statutory insider of GPMT, an affiliate of GPMT, and in the 2219 complaint at ¶¶12-13 Stonestreet and the 2219 plaintiffs judicially admitted to being 15 USC §77b(a)(11), (§2(a)(11)), statutory underwriters of GPMT's securities, prohibiting your clients (the 2219 plaintiffs) from any claim in regard to the 2219 matters, i.e., your clients thus, were not lawful creditors of GPMT having standing to appear in 93031.

3. Even assuming, arguendo, that the 2219 plaintiffs had a claim against GPMT, as a result of the August 13, 2003 admission of Stonestreet, L.P. being the beneficial owner of more than 9.9% of GPMT's stock, 17 CFR §240.13d-5(b)(1) and the reasoning and holding of Roth v. Jennings, 489 F.3d 499, 506-10 (2d Cir. 2007), each of the 2219 plaintiffs were deemed the beneficial owner of Stonestreet's more than 9.9% beneficial ownership nunc pro tunc, Roth, 489 F.3d at 507, February 2, 2001 (the acquisition date of GPMT's Notes), i.e., §16 statutory insiders required to disgorge any profits back to GPMT -- your clients (the 2219 plaintiffs) still lacked a claim (a legal obligation) to the 2219 plaintiffs.
   Rather, according to federal law (§16 of the 1934 Act) the 2219 plaintiffs owed GPMT the profits (more than $18 million) realized from the securities fraud committed by your clients and the Racketeers: your clients lacked a claim, thus were not lawful creditors, and therefore lacked standing to

> impede and appear in 93031.
> Hence, lacking standing to appear in 93031, the April 11, 2003 filing made by yourself and John W. Mills, III and KTS on behalf of the 2219 plaintiffs (admitted §2(a)(11) statutory underwriters, affiliates, and statutory insiders) was flagrantly frivolous, malicious, filed in bad faith, lacked any factual basis, and violated your and the 2219 plaintiffs' fiduciary duty to GPMT as a result of admitting to being <u>statutory underwriters</u> of GPMT's securities.

4. Mr. Meir had you <u>prior to</u> entering your appearance and filing the frivolous April 11, 2003 pleading, (the "Frivolous Pleading") researched your clients' complaint (Dkt. #1:2219) in particular ¶¶10-21, especially ¶¶12-13 and compared your clients' <u>judicial admissions</u> to the statutory language of Section 77(b)(a)(11) of the 1933 Act, and Section 77x, and 78ff, competent counsel would have advised the 2219 plaintiffs of the danger of attempting to oppose GPMT's Chap. 11 reorganization (criminal violations of the federal securities laws by the 2219 plaintiffs) and declined the engagement.

5. Rather, instead, you colluded and conspired with the Racketeers to commit a fraud on the court, as an officer of the court, and did not inform the 93031 bankruptcy court that your clients had admitted (2219 complaint at ¶¶10-21) of being Section 2(a)(11) <u>statutory underwriters</u>, and in addition were secreting the fact of being $16 <u>statutory insiders</u> and members of a <u>statutory group</u> (Rule 13d-5(b)(1)), and accordingly the <u>judicial admissions</u> pled in the 2219 complaint (¶¶10-21) pled the 2219 plaintiffs out of court, i.e., the 2219 plaintiffs <u>judicially admitted</u> they lacked Art. III, §2 standing in 2219, and therefore, the 2219 district court <u>lacked all subject matter jurisdiction</u> to adjudicate (hear or accept any evidence in 2219 on the 2219 plaintiffs' claims'), ergo, the November 25, 2002 purported judgment in 2219 (Dkt. #54) and Memorandum Opinion (Dkt. #50) were null and void ab initio, "advisory" and lacked all preclusive effect. Cf. <u>Steel Co v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1995) (J. Scalia)(Federal courts lack authority to enter judgment lacking subject matter jurisdiction in the proceedings, judgment entered would be "advisory").

6. Furthermore, as a result of 2219 plaintiffs' binding uncontravertible judicial admissions made at ¶¶10-21 of the 2219 complaint; in pari materia with the admissions made by the 2219 plaintiffs at ¶10.1(iv) of the subscription agreement (requiring GPMT to file a "Form SB-2" registration statement registering GPMT's conversion shares for <u>an immediate public offering</u>), (the "Dire Consequences") the 2219 plaintiffs judicially admitted to (which cannot be contradicted by the 2219 plaintiffs nor their lawyers in any proceeding including the Rule 9011 proceeding to be filed in 93031) primary violations of Section 78j(b) and 17 CFR §240.10b-5, (Rule 10b-5) of the 1934 Act, (the "Primary Violations").

7. The 2219 plaintiff's <u>Primary Violations</u> and the <u>Dire Consequences</u> were <u>criminal</u> admissions of the federal securities laws — which cannot be contraverted by you or your clients at the 9011 proceeding, or the fraud on the court proceeding, nor in the Section 1961-62 civil racketeering suit to be filed naming you John W. Mills, III, KTS, the Racketeers and others as defendants seeking compensatory and punitive damages of +$5.0 billion: the issue is <u>res judicata and collateral estoppel</u> — a directed verdict in the amount of +$5.0 billion will be entered against you, Mills, KTS, the 2219 plaintiffs, the racketeers and others jointly and severally.

(2)

8.     Mr. Meir, as a result of the <u>judicial admissions</u> made by your clients in 2219 proceedings ¶¶10-21 of the complaint; ¶10.1(iv) of the subscription agreement; and the sworn testimony of both Ari Rabinowitz (2219 plaintiffs' agent) and Kenneth A. Zitter, Esq. (2219 plaintiffs' lawyer) at trial in U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224"), i.e., further judicial <u>admissions</u> of the primary violations of the federal securities laws and <u>criminal</u> statutes. Cf. Rabinowitz's testimony at (Tr. 204-06: admitted that LH Financial and 2219 plaintiff Alpha Capital, AG were <u>unregistered</u> broker-dealers operating in violation of the federal securities laws (Section 15(a) of the 1934 Act).

II. <u>SWORN TESTIMONY OF KENNETH A. ZITTER, ESQ. AT TRIAL IN 1224.</u>

1.

    2219 plaintiffs' counsel Mr. Zitter testified for the United States at trial in 1224; and under vigorous and thorough cross-examination by Mr. Ware testified as follows in regard to Dennis S. Meir, Esq. and KTS' illegal involvement in GPMT's Chap. 11, 93031 in March-April 2003:

Tr. 376:

Mr. Ware:   Did you ever at any time file for relief from [the] automatic stay in the Northern District of Georgia pursuant to [GPMT's] Chapter 7 or SSG Corporation Chapter 7 filing [in December 2003] at any time?

Mr. Zitter: L 20: I don't know. All right, we retained —

Mr. Ware:   Who would have been responsible for knowing?

Mr. Zitter: We retained separate bankruptcy counsel in the Northern District of Georgia and I don't know whether he applied for relief to [the] automatic stay or he applied to have the case [GPMT's Chap. 11] dismissed or whatever other relief he applied, but we had separate bankruptcy counsel and <u>we acted on his advise and consent</u>. (emphasis added).

Tr. 377:

Mr. Ware:   Who was that separate bankruptcy counsel?

Mr. Zitter: Dennis Meir (sic). He is a partner in a large firm [KTS] down there.

Mr. Ware:   You hired him, right?

Mr. Zitter: Yes.

Mr. Ware:   On behalf of your client?

Mr. Zitter: On behalf of my client.

Tr. 377 L 20-25:

Mr. Ware:   <u>Did you hire Mr. Me[ir]?</u>

Mr. Zitter: I Hired Mr. Me[ir] yes. I didn't hire him personally. I retained him on behalf of my client [the 2219 plaintiffs].

(3)



Scanned with CamScanner

Tr. 380 L 15:

Mr. Ware:    Mr. Zitter, do you know Dennis Meir (sic)?

Mr. Zitter:  Yes, I do.

Mr. Ware:    How do you know him?

Mr. Zitter:  We went to law school [together at Harvard].

Mr. Ware:    Did you contact Dennis Meir (sic) and asked him to represent [your] client [the 2219 plaintiffs in 93031]?

Mr. Zitter:  I contacted Dennis Meir (sic) and asked him to represent [m]y clients [the 2219 plaintiffs] in the bankruptcy, yes.

[handwritten annotation: Meir, Zitter, and J. Thrash all Harvard Law alums, the same as Polk-Failla]

Tr. 381 L 11:

Mr. Ware:    Did you have any communications with Mr. Meir (sic)?

Mr. Zitter:  Yes, I communicated [with Mr. Meir].

Mr. Ware:    What was the communication regarding?
Mr. Goldin : objection.
The Court: overruled.

Mr. Zitter:  It was in regard to the bankruptcy proceeding [93031].

Mr. Ware:    So you have knowledge of what happened in the bankruptcy proceeding of what happened in Georgia?

Mr. Zitter:  I have some knowledge. I have knowledge based on what Mr. Meir (sic) told me.

Tr. 382:
Mr. Zitter:  Mr. Meir (sic) would communicate with [me] from time to time about what was going on [in 93031].

Tr. 399 L 7-25:

Mr. Ware:    Mr. Zitter, what I've shown you has been marked as Defense Exhibit P. Could you take a look at that?

    Mr. Ware showed Mr. Zitter (the drafter of the 2219 complaint) Dennis Meir's April 11, 2003 pleading filed in In re Group Management Corp., 93031 for review prior to having Ex. P admitted into evidence. Cf. Doc. #16 in 93031.

Tr. 400 L 1-25 Mr. Zitter explained that the Atlanta bankruptcy counsel (Dennis S. Meir, Esq.) "talked about the strategies and the pleadings" that Mr. Meir (sic) was going to file on behalf of the creditors [the 2219 plaintiffs]?

Mr. Ware:    Your testimony is you hired Dennis Meir (sic) to represent the creditors in the Chapter 11 bankruptcy case [93031]?

Mr. Zitter:  Correct.

(4)

Scanned with CamScanner

Mr. Ware: Is that correct?

Mr. Zitter: Yes, it's correct.

Mr. Ware: And you communicated with Mr. Meir (sic) during the Chapter 11 bankruptcy [93031]?

Mr. Zitter: Yes, I did.

Mr. Ware: You talked about the strategies and the pleadings that Mr. Meir (sic) was going to file on behalf of the creditors [in 93031]?

Mr. Zitter: I don't remember the conversations but that is certainly reasonable. I assume I did.

Mr. Ware: He told you the strategy that he was going to apply to the Chapter 11 bankruptcy --

Mr. Zitter: I'm sure that he did.

Hence, at trial in 1224 you have Mr. Zitter the drafter of the 2219 complaint, which contained the binding judicial admissions of the 2219 plaintiffs (¶¶10-21), admitting that Mr. Meir of KTS was hired by Mr. Zitter (Tr. 376-77) to represent the 2219 plaintiffs in 93031; (2) who Mr. Zitter had "communications with" in regard to 93031 (Tr. 381); (3) who Mr. Zitter discussed "strategies and the pleadings" filed by Mr. Meir in 93031 (Tr. 399-400).

Thus, there is no question that Mr. Meir had access to Mr. Zitter and the documents Mr. Zitter used to prepared the frivolous 2219 complaint; the subscription agreement; the November 25, 2002 (Dkt. #50) Memorandum Opinion, and the November 25, 2002 "advisory" judgment (Dkt. #54) to conduct a 'reasonable investigation' prior to filing the bogus and frivolous April 11, 2003 (Dkt. #16) pleading to interfere with GPMT's Chapter 11 (93031).

8. Therefore, as Mr. Zitter's agent, his knowledge is imputed to Mr. Meir, Mr. Mills, and KTS where Mr. Zitter testified (Tr. 400) that Mr. Meir "told you [Mr. Zitter] the strategy that he [Mr. Meir] was going to apply to the Chapter 11 bankruptcy" 93031; and which Mr. Zitter approved.

9. Moreover, Mr. Meir is judicially bound and the same are judicial estoppel by the statements and admissions made in the 93031 bankruptcy filings (Dkt. ## 15 and 16) in §2 "STATEMENT OF FACTS" and other portions of Doc. #16:

(a). Mr. Meir judicially admitted which cannot be contraverted by Mr. Meir, the 2219 plaintiffs of Mr. Zitter at the 9011 proceeding, the civil racketeers suit, or the fraud on the court proceeding the following:

(i) "Movants [2219 plaintiffs] are holders of Convertible Notes issues on or about February 2, 2001, which, pursuant to Subscription Agreement, are convertible to the common stock of [GPMT]."

(ii) Mr. Meir referenced the November 25, 2002 "Order and Judgment" and attached it to his Frivolous Pleading as "Exhibit A" yet failed to inform the Court in his pleading that pursuant to the Memorandum Opinion (Dkt. #50) entered on November 25, 2002 the District Judge (Sand) found as the 'law of the case' -- which his clients (the 2219 plaintiffs) did not appeal -- which adopted the judicial admissions (¶¶10-21 of

Scanned with CamScanner

the 2219 complaint) as the 'law of the case' which borrowing Mr. Meir's terminology "ha[d] been fully litigated ... and mandated by a final order and judgment of that Court" the 2219 court. Id. at §1, P.1

10. The obvious problem in regard to the Frivolous Pleading was that Mr. Meir was and is incompetent in advanced securities law, and therefore failed to grasp and fully comprehend his own "Exhibit A" (the November 25, 2002 Order and Judgment of the 2219 court).

Mr. Meir planned his "strategies and pleadings" lacking complete understanding and competence in an area of law for which he was incompetent to accept employment; and subsequently filed the Frivolous Pleading on April 11, 2003 ignorant to the consequences of the admissions he and his clients were making in Doc. #16, and moreover ignorant to the admissions already made by his clients and their lawyer (Mr. Zitter) in the 2219 complaint (¶¶10-21), the subcription agreement (¶10.1(iv)), and the November 25, 2002 Memorandum Opinion's language P. 2-7.

11. Accordingly, on April 11, 2003 when Mr. Meir, Mr. Mills and KTS filed Doc. #16 in the 93031 Chapter 11 proceedings, as a result of his clients not appealing that portion of the Memorandum Opinion (which was not appealable by the 2219 plaintiffs) adopted by the 2219 court from ¶¶10-21 of the plaintiffs' own complaint: the portions conferring Section 2(a)(11) <u>statutory underwriter</u> status on the 2219 plaintiffs; that portion which held the 2219 plaintiffs committed primary violations of the federal securities law (by the sale of the <u>unregistered</u> securities of GPMT), those portions of the Memorandum Opinion were res judicata and collateral estoppel on Mr. Meir, Mr. Mills, KTS, Mr. Zitter, and the 2219 plaintiffs. Cf. <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398-400 (1981) (Res judicata is binding on the parties and "their privies", and binding on all courts and there are not exceptions).

12. Mr. Meir., Mr. Mills, KTS, Mr. Zitter, and others were "privies" of the 2219 plaintiffs, and therefore were all bound by the res judicata effect of the November 25, 2002 Order and Judgment, including the 93031 bankruptcy court in regard to GPMT's reorganization.

Therefore, the 93031 bankruptcy court, Mr. Meir, Mr. Mills, KTS, Mr. Zitter were all required by federal law, 28 USC §1738, to accord full res judicata effect to the November 25, 2002 judgment in GPMT's favor, in addition to Art. IV, §1 of the Constitution (Full Faith and Credit Clause).

And the 93031 court or the district court will be required by 28 USC §1738 in the Rule 9011 proceeding for $22.2 million, plus attorneys fees, costs, expense, market capitalization loss, to give full res judicata effect to final and unappealed portions of the November 25, 2002 judgment and the Memorandum Opinion; and res judicata effect to the binding judicial admissions (¶¶10-21 of the 2219 complaint, ¶10.1(iv) of the subscription agreement, and Mr. Meirs' judicial admissions in the Frivolous Pleading), i.e., Mr. Meir, Mr. Mills, KTS, Mr. Zitter, and the 2219 plaintiffs lack a nonfrivolous defense to a Rule 9011 sanction as a matter of law, <u>Federated</u>, supra.

Mr. Meir, this matter is of the utmost seriousness. You and your clients have inflicted untold damages to more than 3,000 investors in GPMT and have irreparably harmed Mr. Ware, GPMT, its shareholders, and others due to the criminal conduct and tactics employed by you, Mr. Mills, KTS, the 2219 plaintiffs, and the Racketeers.

A copy of this letter is being filed with the 93031 bankruptcy judge, the State Bar of Georgia, the Georgia Supreme Court (S120-0472), and the U.S. Dept. of Justice's criminal division.

(6)

8/27/2012

Scanned with CamScanner

Furthermore, a copy of this letter is being filed with Chief Judge Julie Carnes and is being submitted as an affirmation verified pleading to initate a disciplinary proceeding against Dennis S. Meir, Esq., John W. Mills, III, Kenneth A. Zitter, Esq. for conduct unbecoming an officer of the court, i.e., a fraud perpetrated on the 93031 bankruptcy court, by officers of the court, who have up to today December 19, 2011 failed to inform the 93031 court of the following indisputable facts:

1. The 2219 plaintiffs (the movants in the Frivolous Pleading) on February 2, 2001 at Dkt. #1:2219, ¶¶10-21, admitted to being Section 2(a)(11) statutory underwriters of GPMT's securities according fiduciary status on the 2219 plaintiffs and their privies. 

2. On November 25, 2002 (Dkt. #50) in the Memorandum Opinion, the 2219 district court adopted the 2219 plaintiffs' binding judicial admissions at Dkt. #1, ¶¶10-21, and incorporated the same as the 'law of the case' in 2219 which the 2219 plaintiffs could not and did not appeal, Federated, 452 U.S. at 398-400, which are now res judicata and collateral estoppel. Cf. P. 2-7 (Dkt.#50).

3. On February 2, 2001 the 2219 plaintiffs through their attorney of record (Kenneth A. Zitter, Esq.) in the 2219 complaint (¶¶10-21) made binding judicial admissions of primary violations of the federal securities laws; and in the 2219 subscription agreement (¶10.1(iv)) the 2219 plaintiffs admitted that: (a) they were Section 2(a)(11) statutory underwriters, (b) admitted they intended an immediate 'public offering' of GPMT's securities, (c) admitted they were not bona fide investors in GPMT's securities, but dealers and underwriters conducting an imminent 'public offering' in violation of the federal securities laws. Cf. Section 5(a, c), Section 77x, and Section 78ff.

4. As a result of the 2219 plaintiff's February 2, 2001 binding judicial admissions made in the 2219 complaint and the subscription agreement of primary violations of Section 10b and Rule 10b-5 of the 1934 Act, 15 USC §78cc(b) voided all contractual rights of the 2219 plaintiffs to enforce GPMT's Convertible Notes, Promissory Notes, and the subscription agreement, i.e., the 2219 plaintiffs' February 2, 2001 binding judicial admissions pled the 2219 plaintiffs out of court -- the 2219 complaint failed to state a claim on which relief could be granted by the 2219 district court (Rule 12b(4-6)).

5. As a result of Id. §78cc(b) voiding all contractual rights of the 2219 plaintiffs based on the 2219 plaintiffs' judicial admissions (which are binding in all subsequent proceedings and cannot be contraverted -- res judicata) the 2219 plaintiffs lacked Art. III, §2 standing to file the 2219 complaint, and conversely the 2219 district court lacked subject matter jurisdiction to hear or accept any evidence on the 2219 plaintiffs' claims -- the November 25, 2002 (Dkt. #50) Memorandum Opinion, and the November 25, 2002 (Dkt. #54) Judgment are both null and void ab initio as "advisory", cf. Steel Co., 523 U.S. at 94 and the 2219 court currently lacks an Art. III, §2 "live case or controversy" and must "announce the fact and dismiss the cause." Id.

### AFFIRMATION OF ULYSSES THOMAS WARE

I, Ulysses Thomas Ware have this 19th day of December, 2011 under oath and pursuant to the penalty of perjury, have made this affirmation pursuant to 28 USC §1746 and state that I have personal knowledge of the statements contained herein and state the same are true and correct according to my understanding of the facts and law.

/s/ Ulysses Thomas Ware
Ulysses Thomas Ware

## Certificate of Service

I Ulysses T. Ware certify that I have this 28th day of May 2021 served a copy of:

## Exhibit #UTW-03:

Ulysses T. Ware, May 29, 2021, UTW's Letter dated December 11, 2011 to Kilpatrick, Townsend, & Stockton, LLP and Dennis S. Meir, Esq. Discussing KTS's fraud on the court, and conspiracy to commit bankruptcy fraud in *In re Group Management Corp.*, Case no. 03-93031-mhm (BC NDGA), Chapter 11 (see GX 250, 251, 252, and 253 in 04cr1224).

on AUSA Melissa A. Childs at her purported official DOJ email account: melissa.childs@usdoj.gov;

and also served the same on Acting United States Attorney (SDNY) Ms. Audrey Strauss at audrey.strauss@usdoj.gov.; and served Notice of Motion via the U.S. Mail addressed to:

AUSA Melissa A. Childs, Esq.
Office of the United States Attorney
86 Chambers St.
3rd Floor
New York, NY 10007


/s/ Ulysses T. Ware
_____
Ulysses T. Ware


Page **1** of **1**
**May 28, 2021**
**Memo. #1.06**