From: Ulysses T. Ware

To: The Hon. William H. Pauley, III

Date: May 31, 2021

RE: Filing the enclosed pleadings on the 04cr1224 and 05cr1115 (SDNY) dockets.

Judge Pauley:

Please file the enclosed pleadings:

## Exhibit #UTW-04: Newly Discovered Dispositive Brady Evidence Concealed and Suppressed by the USAO's Lawyers; and, Judges William H. Pauley, III and Robert W. Sweet.

on the applicable dockets.

In the future, please serve Mr. Ware via email at utware007@gmail.com with all of your orders or directives entered in this matter, due to the slowness of the U.S. Mail.

**Mr. Ware and the estate of Mary S. Ware will file a brief in opposition to the Government's Dkt. #250 not later than June 20, 2021.**

/s/ Ulysses T. Ware

# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on May 31, 2021, by:

/s/ Ulysses T. Ware
_____
Ulysses T. Ware, individually, and as
the legal representative for the estate
of Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America, et al.,**
    Plaintiff, Petitioner,
    Cross Respondent,

v.

**Ulysses T. Ware, et al.,**
    Defendant, Respondent,
    And Cross Petitioner.

---

## Exhibit #UTW-04: Newly Discovered Dispositive Brady Evidence Concealed and Suppressed by the USAO's Lawyers; and, Judges William H. Pauley, III and Robert W. Sweet.

    Comes now Ulysses T. Ware and files this Declaration of Undisputed Material Facts dated May 31, 2021, under oath, pursuant to the penalty of perjury, and pursuant to 28 USC 1746, having personal knowledge of the facts, makes the following statements of undisputed material fact.

/s/ Ulysses T. Ware
_____
Ulysses T. Ware
Signed this 31st day of May 2021, in the city of Brooklyn, NY.

### Fact #1

On or about May 19, 2006, Dkt. #17, Tr. 5-9, in *United States v. Ware*, 05cr1115 (SDNY) (WHP), ("**1115**"), the District Court (Pauley, J.), during a conference on discovery motions filed by defendant Ulysses T. Ware, ("**Ware**"), entered a <u>written</u> Brady order, (the "**1115 Brady Order**")[1], directed to the Government to disclose all Brady[2], Giglio, and Rule 16 evidence "prior to trial" which was acknowledged by AUSAs Alexander H. Southwell, ("**Southwell**"), and Nicholas S. Goldin, on behalf of the United States Attorney's Office (SDNY), (the "**USAO**").

### Fact #2

On or about August 10, 2007, Dkt #32, in *United States v. Ware*, 04cr1224 (SDNY) (RWS), ("**1224**"), the District Court (Sweet, J.), (deceased), entered a <u>written</u> Brady order, (the "**1224 Brady Order**"),[3] in direct response to the Brady disclosure motion filed by Ware directed the Government to disclose all Brady[4], Giglio, and Rule 16 evidence "prior to trial", which was acknowledged and consented to by AUSAs Nicholas S. Goldin, ("**Goldin**"), and Maria E. Douvas, ("**Douvas**"), on behalf of the USAO[5].

### Fact #3.

During the May 19, 2006, 1115 conference AUSA Southwell, a government lawyer officer of the court, subject to the DOJ's Rules on Professional Conduct, lied and stated to the court that he **did not** (which was deliberate, intentional, malicious, bad faith, and perjury) have any Brady [exculpatory or impeachment] evidence to disclose, but would do so if any were obtained by the USAO, Tr. 5-6.[6] Southwell further stated during the conference that he was not in possession of any official emails or other communications between his office and the SEC that required disclosure. Southwell's May 19, 2006, statements in open court as a government lawyer, officer

---

[1] See Exhibit ## 9 and 10, infra.

[2] See Facts ##21-25 in Exhibit #UTW-02 (May 22, 2021, Declaration).

[3] See Exhibit #5, infra.

[4] See Exhibit ##1, 3, and 4, infra.

[5] The 1115 Brady Order and the 1224 Brady Order, jointly hereinafter referred to as the "Brady Orders."

[6] See Exhibits ## 9, 10, infra.

of the court were malicious lies and intentional perjury, and a direct and knowing "resistance to"[7] and willful violation of the 1115 Brady Order.

### Fact #4

However, at the 1115 May 2006 conference AUSA Southwell and the USAO, then, and currently[8], had in their possession official DOJ emails and other communications between the USAO and former disgraced SEC lawyer Jeffrey B. Norris and other SEC lawyers.[9] Official emails and other communications that proved collusion and conspiracy between the USAO and the SEC to frame Mr. Ware; and official emails that proved the USAO was requested to and did provide official assistance to the SEC during the pendency of the SEC-DOJ's *SEC v. Small Cap Research, et al.*, 03-0831 (D. NV) moot lawsuit.[10]

### Fact #5

The 2003 03-0831 (D. NV) collusive and comingled lawsuit was then and is currently moot because according to Brady dispositive exculpatory binding judicial admissions made in 2012[11] –

---

[7] AUSAs Fish, Southwell, Feldman, Goldin, Douvas, Paul, Peikin, Polk-Failla, and Childs; USAs Kelley, Garcia, Kim, Bharara, Strauss, and the USAO should be prosecuted, sua sponte, for criminal contempt, 18 USC 401(2) and 18 USC 401(3), by the District Court for willful "resistance to" and violation of its Brady Orders, see Exhibits 5, 9, and 10, infra.

[8] The USAO's, Audrey Strauss and Melissa A. Childs, lawyers currently have in their possession dispositive Brady exculpatory and exoneration evidence that was required to have been disclosed to Mr. Ware "prior to trial." However, the USAO's lawyers are willfully and deliberately withholding the required disclosures of the Brady evidence as an ongoing overt act in a criminal conspiracy to obstruct justice and commit a fraud on the federal and state courts. Acting United States Attorney (SDNY) Audrey Strauss and AUSA Melissa A. Childs, both have entered appearances in 1224 and 1115, and therefore, both are subject to the Brady Orders' required disclosures, which have not been made by Ms. Strauss and Ms. Childs despite Mr. Ware's requests.

[9] See Exhibits ## 7-8.

[10] The USAO's lawyers (Southwell, Goldin, Feldman, Peikin, Kelley, Garcia, Kim, Bharara, Douvas, Polk-Failla, Paul, and others) officially assisted the SEC before, during, and after the comingled and moot 03-0831 (D. NV) lawsuit by providing the SEC with false and fabricated information regarding the then moot 02cv2219 (SDNY) lawsuit's December 22, 2003, null and void ab initio orders and proceedings.

[11] SEC lawyer Smith-Grieg's 2012 judicial admissions, (the "**Smith-Grieg Judicial Admissions**"), regarding the legal status of the 03-0831 lawsuit's orders, judgments, and proceedings were required to have been produced and disclosed to Mr. Ware by the USAO "prior to trial" pursuant to the Brady Orders entered in both 1224 and 1115. Mr. Smith-Grieg's judicial admissions were made on behalf of the United States, the

long after the 2007 trials in both 1224 and 1115 – by former SEC lawyer William Smith-Grieg during the 03-0831 proceedings,[12] " ... ***the SEC has no proof of the identity of the person who actually signed the 03-0831 complaint***, Dkt. #1, submitted to the District Court on or about July 14, 2003, ....") (emphasis added) (paraphrased).[13]

Fact #6

A particularized need[14] currently exist for the District Courts, 1224 and 1115, to enter orders requiring the USAO to disclose all grand jury material to Mr. Ware for inspection to be made and a definitive determination whether or not any aspect of the ultra vires, moot, and void 03-0831 orders, judgments, or proceedings were introduced to the grand juries in 1224 and 1115 to obtain the fraudulent, bogus, and void ab initio indictments against Mr. Ware.[15]

---

plaintiff in 03-0831, 1224 and 1115, and therefore were judicial and equitable estoppel against the United States and its privies in regard to the proceedings in 1224 and 1115. Ergo, any and all probable cause based on the orders, judgments, and proceedings in 03-0831 is null and void ab initio; and all trial testimony and all government trial exhibits admitted in 1224 and 1115 derived from the 03-0831 proceedings are required to be stricken from the record.

[12] See Exhibit #UTW-02 (05cr1115) at Fact #10.

[13] Fed. R. Civ. P. Rule 11(a) required the 03-0831 complaint to have been **actually** signed by a **SEC lawyer** then actually admitted to practice in the District Court (D. NV); else the Rule 3 summon could not lawfully be issued by the District Clerk (Lance C. Wilson). Therefore, the SEC's binding judicial admissions regarding lack of identity of the person who **actually** signed its frivolous and bad faith complaint by necessary implication the Clerk or the District Court did not and cannot confirm whether or not the person who actually signed the complaint was then a **SEC lawyer** admitted to practice in the District Court (D. NV); consequently, ipso facto, no lawful Rule 3 summon was ever issued in the 03-0831in the proceedings, and therefore the District Court never obtained lawful personal jurisdiction over the defendants (Mr. Ware, et al.); and the District Court never obtained lawful subject matter jurisdiction over its respective proceedings. Thus, the 03-0831 lawsuit, orders, and judgments therein are ultra vires, nonbinding, advisory, moot, without vitality, and have no preclusive effect, any probative evidentiary value and are inadmissible as probative evidence in the 1224 and 1115 judicial proceedings.

[14] Fed. R. Crim. P. Rule 6(e) authorizes the District Court to enter an order directing the USAO to disclose the grand jury materials in the interest of justice if a "particularized need" exist. Clearly justice, the public, and Mr. Ware have overriding substantial liberty and due process interests in determining whether or not the USAO directly or indirectly used any aspect or any part of the moot and ultra vires 03-0831 lawsuit in its procurement of bogus and fraudulent indictments in 1224 and 1115 against Mr. Ware. Public accountability and the integrity of the judicial system, "a particularized need" outweighs any continuing need for secrecy, demands that the USAO and the SEC, public governmental institutions, be held accountable for their official actions.

[15] See Dkt. 161 (05cr1115), 03/25/2011, Mr. Ware's **unadjudicated**, still pending, and unopposed by the USAO, Rule 6(e) motion for disclosure of all grand jury materials.

## Fact #7

On or about April 21, 2021, FINRA's Office of the Ombudsman provided to Mr. Ware their official email dated April 21, 2021, which confirmed that 02cv2219 (SDNY) plaintiff Alpha Capital, AG had never lawfully registered with the SEC or FINRA as a broker-dealer as required by federal law, 15 USC 78o(a)(1).[16]

## Fact #8

Exhibits #1 (FINRA's April 21, 20021, email) and #3 (Rabinowitz's 1224 trial testimony confessions) attached hereto, newly discovered dispositive Brady evidence required to have been disclosed by the USAO's lawyers "prior to trial" (see Brady Order, August 10, 2007, Dkt. 32, 04cr1224 (SDNY)), [17] are dispositive and completely negated all probable cause and vitiated in total the Government's claims, facts, and criminal contempt charges in the 1224 Fraudulent Retaliatory Indictment. **<u>Unregistered broker-dealers</u>** [the 02cv2219 (SDNY) plaintiffs] as a matter of law lack Article III and statutory, 28 USC 1332(a), diversity standing[18] to seek the enforcement of illegal contracts to issue securities, (i.e., government 1224 trial exhibits **GX 1-4**, GPMT's Notes, and **GX-5**, the so-called subscription agreement, jointly, (the "**Illegal Contracts**")).

---

[16] See Exhibit #1, infra, FINRA's Associate Director confirmed that Alpha Capital, AG, a plaintiff in the 02cv2219 (SDNY) frivolous, bad faith, vexatious, and filed for an improper purpose lawsuit, had never registered as required by federal law, 15 USC 78o(a)(1). Dispositive Brady exculpatory and exoneration evidence the USAO was required to have disclosed to Mr. Ware "prior to trial"; and indisputable evidence that abrogated and vitiated any probable cause to have sought the bogus November 17, 2004 1224 indictment, (the "**Fraudulent Retaliatory Indictment**"), sought by AUSA Southwell and David N. Kelley as a retaliatory racially-motivated hate crime against Mr. Ware for his refusal to criminally violate Sections 77e, 77x, 78ff, and Rule 10b-5 of the federal securities laws and enable Alpha Capital, AG, et al. to conduct an illegal and criminal unregistered public offering of 02cv2219 defendant, GPMT's, restricted securities, GX -1, GX-2, GX-3, and GX-4, purchased on or about "February 2001" (quoting para. 9 in the Fraudulent Retaliatory Indictment) pursuant to para. 10.1(iv) of GX-5, the illegal subscription agreement, cf., 15 USC 78cc(b), **SEC Release 33-7190 (1995),** and *Berckeley*, 455 F.3d at 220 (Section 2(a)(11) statutory underwriters [the 02cv2219 (SDNY) plaintiffs, see para. 12-13 in the 02cv2219 complaint] **<u>required to register all distribution of securities</u>**). (emphasis added).

[17] Exhibit #5, August 10, 2007, Dkt. #32, Brady Order (Sweet, J.).

[18] **<u>Unregistered broker-dealers</u>** [the 02cv2219 plaintiffs] as a matter of law cannot show and prove "a concrete injury in fact resulting from the conduct of the [02cv2219 (SDNY) lawsuit] defendants," see *Lujan*, 504 U.S. at 560-61; and therefore, the 02cv2219 (SDNY) district court lacked Article III subject matter jurisdiction over the moot proceedings; and ipso facto, its orders, judgments, and proceedings were not "lawful" as required to be within the scope of 18 USC 401(3) criminal contempt as charged by USAO David N. Kelley, et al. in the November 2004, 1224 Fraudulent Retaliatory Indictment. See Exhibit #6, infra.

# EXHIBITS

# Exhibit #1:

## FINRA's April 21, 2021, Confirmation Email of Unregistered Broker-dealer status for 02cv2219 (SDNY) plaintiff Alpha Capital, AG. Newly discovered dispositive Brady exculpatory and exoneration evidence.

---

5/18/2021 — Gmail - Alpha Capital, A.G.

**M Gmail**

Ulysses Ware <utware007@gmail.com>

### Alpha Capital, A.G.
2 messages

**Ombudsman's Office <Ombuds@finra.org>** — Wed, Apr 21, 2021 at 2:51 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman.

Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.

---

5/18/2021 — Gmail - Alpha Capital, A.G.

Regards,

Danielle Derrick

Associate Director

FINRA Office of the Ombudsman

9509 Key West

Rockville, MO 20850

Tel: (866) 700-0028 or (240) 386-6270

Fax: (240) 386-6271

**FINRA.**

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

---

**Thomas Ware <utware007@gmail.com>** — Wed, Apr 21, 2021 at 3:58 PM
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: mydefmatters@gmail.com

Thank you for the information.
[Quoted text hidden]

2 attachments

**FINRA.** image001.png 3K

**FINRA.** image001.png 3K

## Alpha Capital Anstalt v. Real Goods Solar, Inc. et al  REPLY MEMORANDUM OF LA...

Read    Cited Authorities 3

support.

Alpha attempts to back its assertion up with the Declaration of Mr. Rabinowitz, the principal of LH Financial. Notably, Mr. Rabinowitz is Alpha's agent in the U.S., he served as Alpha's designee for its deposition under Rule 30(b)(6), and he is not impartial. Conspicuously, Rabinowitz' declaration reads like the front-end of an event study, albeit incomplete and without the reliable methodology or requisite expertise. Rabinowitz claims to have recently conducted a search of market news on February 7 and 8, 2017, apparently in an effort to analyze the potential for confounding information that could have impacted RGSE's stock price (see Rabinowitz Decl. ¶¶ 2, 3). Based on his purported review of market information, Rabinowitz concludes:

> As there was no other news that day regarding RGSE, no negative news regarding RGSE's industry, and no general market decline that day, based on my review of the trading activity and my more than 20 years [sic] experience as a financial professional, given that there is no other news to attribute the material decline in the market value of RGSE Common Stock, I believe that its dramatic decline on February 8, 2017 was due all or in very large part to the market's negative

# Exhibit #3

Sworn confessions of government 1224 trial witness, unregistered investment adviser and broker-dealer Ari Rabinowitz: which blew up the Government's case in chief by his confession of unregistered broker-dealer status, dispositive Brady exculpatory and exoneration evidence concealed by the USAO's lawyers and Judge Robert W. Sweet as a fraud on the federal courts.

*UNITED STATES v. WARE*, CASE NO. 09-0851 (2D CIR.) (2010)
ON APPEAL FROM *UNITED STATES v. WARE*, 04cr1224 (Sweet, J.)
18 USC 401(3) CRIMINAL CONTEMPT PROSECUTION
APPELLANT WARE'S OPENING BRIEF

Moreover, being unregistered brokers-dealers operating in violation of 15 U.S.C. §78o(a)(1), Tr. 204-05, Rabinowitz testified as follows at Tr. 204:

**ADMISSION OF BROKER-DEALER STATUS BY**
**ARI RABINOWITZ UNDER CROSS EXAMINATION.**

Mr. Ware: What is the name of your company?

Rabinowitz: LH Financial Services.

Mr. Ware: What business is that company?

Rabinowitz: We are in the private placement business.

Tr. 206

Mr. Ware: Approximately how many companies have you assisted Alpha Capital with over, let's say, the last five years?

Rabinowitz: A good few hundred.

Mr. Ware: A good few hundred?

Rabinowitz: Yes.

Rabinowitz' testimony of being in the private placement business, and assisting Alpha Capital with "a good few hundred" transactions: pursuant to 15 U.S.C. §77b(a)(12) Rabinowitz and Alpha were "dealers" not eligible for any exemption under Title 15 Section 4, and thus not eligible for 17 C.F.R. §240.144(k)/(Rule 144(k)) regarding the purchase of the Notes of IVG/GPMT (GX 1-4).

Page 4 of 12
Appellant Ware's Statement of Facts
U.S. v. Ware, 09-0851cr (2d Cir.)
Opening Appeal Brief



EVERSHEDS SUTHERLAND

BRACEWELL


Barbara S. Jones
Partner

+1.212.508.6105
+1.212.938.3804



# Exhibit #4
**SEC's confirmation, concealed dispositive Brady impeachment evidence, that Rabinowitz has not registered as an investment adviser as required by federal law.**

---

## Commission Partially Settles Microcap Fraud Manipulation Action

T. Gorman | 📅 Posted on February 10, 2019 | Posted in SECActions

The Commission and the staff may have returned to the office in time to pack-up. By all reports there is no deal on funding the government past the end of the week, February 15, 2015. If that continues the stalemate could begin anew at the close of business on Friday.

> Since the government returned the Commission has continued to move forward in court, partially settling a large microcap fraud action – the type of case that is central to its retail investor focus. The settlements were in *SEC v. Honig*, Civil Action 18-cv-08175 (S.D.N.Y. Filed Sept. 7, 2018) with Defendants Mark Groussman, his firm Melechdavid and Alpha Capital Anstalt, a Lichtenstein hedge fund managed by an unnamed New York based unregistered investment adviser.

Page 4 of 14
January 29, 2021
IRNewswires Ulysses T. Ware Exoneration and Innocence Project

Exhibit #5
August 10, 2007, Dkt. 32, 1224 Brady Order.

In the indictment allege that Ware violated court orders entered in this district by Judge Sand in the Civil Action. Accordingly, venue is proper.

### The Government Shall Produce All Brady Material Prior to Trial

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

### The Government Shall Provide Notice of Other Act Evidence

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 19, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

### Defendant is Not Entitled to a Bill of Particulars

Ware seeks a bill of particulars from the Government apparently requesting: (1) the specific acts upon which venue is based in the Southern District of New York; (2) how he violated the Civil Action court orders at the heart of the case; (3) the identity of the attorney who mailed Judge Sand's November 25, 2000 order to him and how he acknowledged receipt of said order; and (4) a list of all exhibits to be introduced at trial by the Government.

The purpose of a bill of particulars in a criminal case is to permit the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In the instant case, the indictment provides all the information necessary by specifically identifying each court order with which Ware failed to comply and what act or omission violated the orders. To wit, the indictment alleges that each order required Ware to honor the conversion notes issued to the plaintiffs in the Civil Action, which Ware and his corporation were contractually obligated to do. *See* Indictment at 4-6. For each of the three orders discussed in the indictment, it is alleged that the notes were not honored (or, in one case, the notes were honored after the court-imposed deadline). *See Id.* at 5-8. Furthermore, the Government has advised the Court that it has already produced to Ware copies of all the relevant orders and other documents from the Civil Action (to which Ware was a party). "The Government should not be compelled to disclose additional details of its case if the defendant has received adequate notice of the charges against him and can prepare fully for trial through the exercise of reasonable diligence." *United States v. Martinez-Martinez*, 2001 U.S. Dist. LEXIS 17656, 2001 WL 1287040, at *6 (S.D.N.Y. Oct. 24, 2001). Such is the case here.

Furthermore, the Government is not required to identify any of its witness absent "a specific showing that the disclosure [is] both material to the preparation of [defendant's] defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Here, Defendant has not even attempted to make such a showing.

Finally, a criminal defendant is not entitled to a list of the Government's trial exhibits at this stage. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 568 (S.D.N.Y. 2000).

2

Lybcases
© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit #6

## Nov. 2004, 1224, Fraudulent Retaliatory Indictment's Excerpts.

P. 48

that time. The title of the lawsuit was <u>Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership v. Group Management Corp., Thomas Ware, Len Chura and Harry Corker</u>, 02 Civ. 2219 (LBS) (the "Civil Action"). The Civil Action was filed in the United States District Court for the Southern District of New York and was assigned to United States District Judge Leonard B. Sand (the "Court").

9. The Civil Action involved loan agreements entered into by each of the Civil Plaintiffs and Internet Venture Group, Inc. in or around February 2001 (the "Loan Agreements") under which Internet Venture Group, Inc. borrowed a total of approximately $1.1 million collectively from the Civil Plaintiffs. These Loan Agreements were essentially identical except for the amount of loan principal. They provided for the Civil Plaintiffs to purchase convertible notes from Internet Venture Group, Inc., which were due on January 1, 2003, absent a default by Internet Venture Group, Inc., in which case the maturity date of the notes would be accelerated. Each Loan Agreement consisted of a convertible note, [a subscription agreement,] and, beginning in or around September 2001, a security agreement.

10. Among other things, the Loan Agreements (obligated) Internet Venture Group, Inc. to convert, upon the request of a Civil Plaintiff, a certain portion of the loan principal or

P. 49

interest into common stock of Internet Venture Group, Inc. (hereinafter a "Conversion Request"). The number of shares that Internet Venture Group, Inc. was (obligated) to convert upon a Conversion Request would be determined in part by the stock's prevailing market price. The Loan Agreements provided that Internet Venture Group, Inc. could not refuse to honor Conversion Requests without first obtaining an order from a court and posting a bond for 130 percent of the loan amount.

11. On or about August 17, 2001, Internet Venture Group, Inc. changed its name to Group Management Corporation ("GMC").

12. In or around February 2002, the Civil Plaintiffs declared GMC in default of the Loan Agreements based on GMC's failure to fulfill certain of its (obligations) under the Loan Agreements <u>related to having the stock underlying the loan Agreements registered with the United States Securities and Exchange Commission.</u> In addition, in or around February 2002, Alpha Capital Aktiengesellschaft submitted a Conversion Request to GMC which GMC failed to honor.

13. In or about March 2002, the Civil Plaintiffs filed the Civil Action seeking, among other things, an injunction directing GMC to honor all Conversion Requests. On or about April 29, 2002, the Court entered a written order directing GMC to honor outstanding Conversion Requests.

12/19/2012

Page **12 of 17**
**Submitted on Monday, May 31, 2021**
**Exhibit #UTW-04: May 31, 2021, Declaration of Ulysses T. Ware.**

Exhibit #7

SEC and DOJ's Concealed Brady Exculpatory Emails.



Exhibit #8

## USAO's Concealed SEC Brady emails.

**Draper, Julia D.**

From: Norris, Jeffrey B.
Sent: Monday, April 18, 2005 2:56 PM
To: Pennington, Mark R.
Cc: Draper, Julia D.
Subject: FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*
*Burnett Plaza, Suite 1900*
*801 Cherry St., Unit #18*
*Fort Worth, TX 76102*
*Phone: (817) 978-6442*
*Fax: (817) 978-4927*
*E-mail: norrisj@sec.gov*

**Brady Evidence**

From: Thomas Ware [mailto:rgwinc@mindspring.com]
Sent: Tuesday, December 14, 2004 9:21 AM
To: Norris, Jeffrey B.
Subject: Re: Supplemental Brief

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware

----- Original Message -----
From: Norris, Jeffrey B.
To: Thomas Ware
Cc: Draper, Julia D. ; Korotash, Stephan J.
Sent: Tuesday, December 14, 2004 9:09 AM
Subject: RE: Supplemental Brief

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*

**hidden by Southwell**

4/18/2005         9         3501 - 98

# Exhibit #9

## Dkt 17, May 19, 2006, 1115 Brady Order Page 5.

SA-30

P. 71

65JAAWARC            Conference

1  for that and to let the Court know there may -- the government
2  may seek to return a superseding indictment because we may add
3  additional counts.
4         THE COURT: The government always has that right,
5  obviously, as long as it's not close to trial.
6         MR. SOUTHWELL: Certainly, your Honor.
7         THE COURT: I'll direct the government to provide the
8  defendants with such a letter by June 21.
9         Now, the defendants also make applications for early
10 disclosure of Brady material and Jinx Act material and Giglio
11 material. The government has acknowledged its continuing duty
12 to turn over exculpatory material and asserts that it is not
13 aware of any materials of the current time. The government's
14 representation is sufficient to satisfy the government's Brady
15 obligations in this case. See United States versus Gallo, 1999
16 Westlaw 9648 at star 7 SDNY 1999.
17        With respect to Jinx Act and Giglio material,
18 obviously, that material needs to be produced in time for its
19 effective use at trial. It's the government's responsibility
20 to determine when that material should be produced to permit
21 its effective use. See En Re United States v. Coppa, 273 F3rd
22 132 2d Cir. 2001.
23        This Court will direct the government to produce no
24 later than the Thursday before the start of trial that
25 exculpatory material unless the government believes that such

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

# Exhibit #10

## Dkt 17, May 19, 2006, 1115 Brady Order Page 6.



SA-31

p. 72

65JAAWARC    Conference

early disclosure would create a security risk for a witness in which case the government can make an ex parte application to the Court and the disclosure that I am requiring on the Thursday before the start of trial relates to witnesses the government intends to call during the first week of trial so that we can avoid any delays during the course of the trial to afford defense counsel an opportunity to review material.

Obviously, at the same time and this feeds directly into the government's need to exercise appropriate discretion and judgment here, the more materials that the government has to produce concerning a particular witness, the more important it is for the government to produce them earlier rather than later.

Finally, the defendants make an application for disclosure of communications between the SEC and the United States Attorney's Office in connection with this matter. The defendants' allegations of collusion between the SEC staff and the U.S. Attorney staff are conclusory and they're belied by documents that including a letter exchange that the government has produced as part of its opposition to this motion. And I take it, Mr. Southwell, that the only communications between the U.S. Attorney's Office and the SEC that are in writing are these letters or are there other letters or exchange between the agencies?

MR. SOUTHWELL: I believe there may be some

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

## Certificate of Service

I Ulysses T. Ware certify that I have this 31st day of May 2021, served a copy of:

**Exhibit #UTW-04, May 31, 2021, Declaration of Ulysses T. Ware: Newly Discovered Dispositive Brady Evidence Concealed by the USAO's Lawyers and Judges William H. Pauley, III and Robert W. Sweet.**

on AUSA Melissa A. Childs at her purported official DOJ email account: melissa.childs@usdoj.gov;

also served the same on Acting United States Attorney (SDNY) Ms. Audrey Strauss at audrey.strauss@usdoj.gov.; served:

AUSA Melissa A. Childs, Esq.
Office of the United States Attorney
86 Chambers St.
3rd Floor
New York, NY 10007

Served:
Kilpatrick, Townsend, & Stockton, LLP via Managing Partner J. Henry Walker, IV via email: Hwalker@kilpatricktownsend.com,

Served:

The US Probation Office (Michael Fitzpatrick, Thomas J. McCarthy, and David T. Mulcahy) (via email), and;

Served:

The State Bar of Georgia, Office of the General Counsel via official email.

/s/ Ulysses T. Ware
Ulysses T. Ware

Page **17 of 17**
**Submitted on Monday, May 31, 2021**
**Exhibit #UTW-04: May 31, 2021, Declaration of Ulysses T. Ware.**