# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 3, 2021, by:

/s/ Ulysses T. Ware

*(signature)*

Ulysses T. Ware, individually, and as
the legal representative for the estate
of Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America, et al.,**
    **Plaintiff, Petitioner,**
    **Cross Respondent,**

    v.

**Ulysses T. Ware, et al.,**
    **Defendant, Respondent,**
    **And Cross Petitioner.**

---

## Filed on June 3, 2021.

## UTW-05: Notice of Federal Tort Claim Act Filing with Administrative Office of the U.S. Court's Executive Director, the Hon. Roslynn R. Mauskopf.

Submitted to District Judge William H. Pauley, III for filing and docketing in 05cr1115 and 04cr1224

### Certificate of Service:

I Ulysses T. Ware certify that I have this 3rd day of June 2021, served AUSA Melissa A. Childs and acting USA Audrey Strauss via email with a copy of this filing.

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

June 3, 2021

**Via certified mail #: 7019 1120 0002 2269 0451**

The Hon. Roslynn R. Mauskopf
Executive Director
Administrative Office of the U.S. Court
1 Columbus Circle, NE
Washington, DC 20544

# NOTICE OF FEDERAL TORT CLAIMS FILING.

RE: ***United States v. Ware***, 04cr1224, ("**1224**") and 05cr1115, ("**1115**") (SDNY): Imposition of negligent, unwritten, illegal, and unconstitutional "special conditions" of supervised release by Michael Fitzpatrick, David T. Mulcahy, Thomas J. McCarthy, and; District Judge William H. Pauley, III and the estate of former District Judge Robert W. Sweet (deceased).

Judge Mauskopf:

**I Ulysses T. Ware, under oath, subject to the penalty of perjury, hereby this 3rd day of June 2021, set my hand and seal, pursuant to 28 USC 1746, have made this Declaration of Fact in support of Federal Tort Claim Act, ("FTCA"), filing.**

I.

**A.    Introduction.**

I am writing to you in regard to the above issue's legality and constitutionality concerning a negligent, malicious and egregious violation of the Constitution, New York state, and federal law, 18 USC 3563(d)[1], that is currently ongoing in the SDNY via the USPO's officials and federal

---

[1] 18 USC 3563(d). **Written Statement of Conditions.**
The **court** shall direct that the probation officer provide the defendant [Mr. Ware] **with a written statement that sets forth all the [special] conditions to which the sentence is subject**, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required. (emphasis added).

judges. First in regard to the 1224 and 1115 cases no special conditions were sought at sentencing by the Government, thus, no special conditions were imposed by the Courts on Mr. Ware. Mr. Ware's lawyers have thoroughly reviewed all filings in the 1224 and 1115 cases and Mr. Ware has inquired from the USPO for production of all signed written orders or judgment that imposed any such alleged "special conditions" and to date Mr. Ware and his lawyers have been denied by the USPO and Judge Pauley from all access to any alleged written orders or judgments that purport to impose special conditions of supervised release.

Judge Mauskopf, in fact there are no **written** orders or judgments in the records of any court that imposed any special condition of supervised release on Mr. Ware. The entire fake episode was **maliciously and criminally**[2] fabricated by the USPO's officials as a retaliatory hate-crime against Mr. Ware for his refusal to issue bogus and fraudulent Rule 144(k) legal opinion to the unregistered with FINRA illegal broker-dealers, Alpha Capital, AG (Anstalt), et al.,[3] and also as the means and methods to obstruct, delay, hinder, interfere, and deny Mr. Ware access to the court to process his legal business in violation of the First Amendment right of access. That is and has always been the objectives of the USPO in collusion with District Judge William H. Pauley, III and others.

**B.     Notice of filing federal tort claims against Michael Fitzpatrick, Thomas J. McCarthy, David T. Mulcahy, the U.S. Probation Office, District Judge William H. Pauley, III, and the estate of Robert W. Sweet.**

1.     **Claimant**: Ulysses T. Ware

Comes now Ulysses T. Ware, the Claimant, and pursuant to 28 USC 2671-2680 et seqs. gives notice to the Administrative Office of the US Courts, (the "**AOC**"), and seeks administrative adjustment of his claims pursuant to 28 USC 2672, regarding official torts committed by:

2.     **Tortfeasors:** court employees in the Southern District of New York federal courts, to wit[4]:

---

[2] See 18 USC 401(2) criminal contempt of officers of the court (Probation officers) regarding negligence official transactions of the court.

[3] See **Exhibit #1**, FINRA's April 21, 2021, email that confirmed that Alpha Capital, AG has never registered as a broker-dealer as required by federal law, 15 USC 78o(a)(1); and accordingly, was not legally eligible for any Rule 144(k) legal opinions to evade the 15 USC 77e registration requirements and conduct an illegal public offering of IVG Inc., a/k/a GPMT (a publicly-traded company), restricted securities.

[4] Under the FTCA, 28 U.S.C. §§ 2671-2680), individuals who are injured or whose property is damaged by the wrongful or negligent act of a federal employee acting within his or her official duties may file a claim with the government for reimbursement for that injury or damage. To state a valid claim, the claimant must demonstrate that:

1. David T. Mulcahy
2. Michael Fitzpatrick
3. Thomas J. McCarthy
4. William H. Pauley, III
5. The estate of Robert W. Sweet (for his official torts committed as a federal judge)

3. **Date torts were committed**:

    The Tortfeasors' torts were and still are being committed from beginning on or about May 22, 2019, and continuing to June 3, 2021, and beyond, uninterrupted, and continuously in the SDNY.[5]

4. The torts have been committed and continue to be committed by the Tortfeasors' negligence, negligent and wrongful, and official negligent omissions, regarding their official acts in the Southern District of New York regarding denied access and entry of the Claimant into federal court buildings to file claims, to conduct employment, and conduct other business of the Claimant.[6]

5. **SUM CERTAIN DAMAGE CLAIMS AMOUNT**: Claimant claims a damage award in the sum certain amount of the New York rate of unlawful restraint, negligent infliction of emotional distress, abuse of process, misrepresentation, deceit, and interference in contract rights of $225,000 per day for each and every day beginning on May 24, 2019, and continuing to June 3, 2021, and beyond as long as the unlawful restriction remain in effect. Claimant hereby this 3rd day of June 2021, demands the sum certain damage award amount of:

(i). May 24, 2019, to May 24, 2021, equals 700 days.

(ii). May 25, 2021, to June 3, 2021, equals 10 days.

---

1. he or she was injured, or his or her property was damaged by a federal government employee;
2. the employee was acting within the scope of his or her official duties;
3. the employee was acting negligently or wrongfully; and
4. the negligent or wrongful act proximately caused the injury or damage of which he or she complains.

The claimant must also provide documentation establishing that his claim satisfies all the elements of the FTCA. The procedures laid out here apply only to claims arising from alleged conduct of officers and employees of the federal judiciary.

[5] See Exhibit #2 attached hereto and made a part hereof for a full and complete description of the tort violations committed by the USPO's employees and District Judge William H. Pauley, III.

[6] See Exhibit #2 attached hereto.

(iii). Total number of days Claimant has negligently been inflicted with abuse of process, misrepresentation, deceit (fraud), interference with his contract right, and denied access to the federal courts to freely without undue and illegal restraint exercise his First Amendment constitutional right of access by the negligence exercise of the duties and obligations of the Tortfeasors equals 710 days.

(iv). The New York City daily rate for unlawful abuse of process, misrepresentation, deceit (fraud), interference in contract rights, unlawful restraint, false arrest, and deprivation of liberty, **$225,000/day**, is multiplied by the 710 days giving the sum certain total damage claim in the sum certain amount of **$159,750,000 (USD)**.

6. **INJURIES, DAMAGES, AND HARMS OF THE CLAIMANT.**

    Claimant claims that the negligence and wrongful acts, and omissions to act of the Tortfeasors are the direct and proximate causes such that he has been injured, harmed, and damaged to his person and business interests.

    Claimant has been injured, harmed, and damaged by the negligent and wrongful acts and omissions of the Tortfeasors who acted, performed, or omitted to perform the official duties and responsibilities of their office or employment as a U.S. Probation Officer and a U.S. federal judge.

    1. Claimant claims that the Tortfeasors injured, harmed, and damaged him caused by their wrongful and negligent performance of their official duties by being poorly trained, unsupervised, incompetent in the rules, regulations, and law regarding the functions of their official duties.

    2. Federal law, 18 USC 3563(d), the law governing the imposition of special conditions of supervised release clearly states that all "special conditions" are to be in **writing** in regard to any sentence[7] on which the special conditions are to be imposed; and a **written** copy of same special conditions are to be given to the subject [Claimant Ulysses T. Ware] of the special conditions.

---

[7] The October 30, 2007, purported judgment entered in 05cr1115 did not contain any special conditions of supervised release; and according to the Office of the Clerk (SDNY) there have been no further filings or proceedings that imposed any special conditions on the Claimant with respect to the 05cr1115 sentence. Furthermore, the 2009 judgment entered in 04cr1224 also did not contain any special conditions of supervised release; nor have any subsequent proceedings been conducted in any court that imposed any special conditions of the Claimant.

3. Claimant has suffered the tort of the negligent infliction of emotional distress caused by the negligence of the Tortfeasors' supervision of any alleged special conditions of supervised release. Claimant has had to endure a constant barrage of stress, emotional pain and suffering caused by the negligence of the Tortfeasors' acts and omissions to such an extent Claimant mental and physical health have caused him great physical pain in his body and internally.

4. Claimant has suffered the tort of unlawful restraint caused by the negligent supervision of any illegal and unconstitutional special conditions of supervised release. The Tortfeasors acting as an illegal association in fact, a criminal enterprise, have since May 2019, continuing without interruption to the present and beyond, have knowingly, intentionally, deliberately, with malice aforethought, colluded, acted in concert, and conspired to abuse the legal processes of the federal courts, the supervise release process, in such a negligent and insidious manner, and to cause pain, harms, and damages to the Claimant in retaliation for Claimant's refusal to issue bogus and fraudulent Rule 144(k) legal opinions to the plaintiffs in the 02cv2219 (SDNY) lawsuit, unregistered broker-dealer and 15 USC 77b(a)(11) statutory underwriters ineligible for Rule 144(k).

5. Claimant has suffered the abuse of process tort by the denial of access to the federal courts (SDNY) to file grievances and to conduct other personal and business matters. Claimant has been harmed, injured, and damaged by the Tortfeasors' negligence by not being able to obtain viable employment opportunities caused by not having unfettered and free access to the federal courts to perform the duties of the employment opportunities.

6. Claimant has suffered the tort abuse of process caused by the negligence and wrongful acts and omissions of the Tortfeasors' interference in his right to contract. Claimant has been injured, harmed, and damaged by not being able to enter into contractual employment opportunities and other business and personal matters as a direct cause of the wrongful acts and omissions of the Tortfeasors.

7. Claimant has suffered the tort of deceit perpetrated by the Tortfeasors' deliberate and intentional misrepresentations that they were and have been authorized to impose unwritten and unlawful special conditions of supervised release in the absence of any judicial process rights of the Claimant, to such an extent that Claimant has been since May 24, 2019, continuing to the present, without interruption, under constant, illegal, and negligent abuse of the supervised release court process; which has caused Claimant pain, suffering, financial loss to his business and person, and mentally harmed and damaged Claimant's ability to justify his unlawful and negligent mistreatment by the Tortfeasors.

I Ulysses T. Ware have set my hand and seal this 3rd day of June 2021, in the City of Brooklyn, NY and have signed this Declaration of Fact under oath and pursuant to the penalty of perjury and 28 USC 1746 in support of FTCA claims filed with the Executive Director of the Administrative Office of the U.S. Court, the Hon. Roslynn R. Mauskopf.

Page 5 of 8
June 3, 2021
**Notice of Federal tort Claim Act filing against Michael Fitzpatrick, Thomas J. McCarthy, David T. Mulcahy, and William H. Pauley, III**

/s/ Ulysses T. Ware
*[signature]*
Ulysses T. Ware
June 3, 2021
Brooklyn, NY 11226

# EXHIBIT #1



5/18/2021 — Gmail - Alpha Capital, A.G.

**Gmail**  Ulysses Ware <utware007@gmail.com>

## Alpha Capital, A.G.
2 messages

**Ombudsman's Office** <Ombuds@finra.org>  Wed, Apr 21, 2021 at 2:51 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman.

Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.

---

Regards,

Danielle Derrick

Associate Director

FINRA Office of the Ombudsman

9509 Key West

Rockville, MD 20850

Tel. (888)700-0028 or (240)386-4276

Fax (240) 386-6171

**FINRA**

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

**Thomas Ware** <utware007@gmail.com>  Wed, Apr 21, 2021 at 3:56 PM
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: mydefamatters@gmail.com

Thank you for the information.
[Quoted text hidden]

2 attachments

**FINRA** image001.png 3K

**FINRA** image001.png 3K

# EXHIBIT #2

# May 20, 2021, Letter to the USPO (SDNY) regarding alleged unwritten special conditions of supervised release being unlawfully imposed. No response was never received from the USPO's officers denying the claims.

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

May 20, 2021

**TIME OF THE ESSENCE**

Mike Fitzpatrick, Chief Probation Officer
United States Probation Office
For the Southern District of New York
500 Pearl St.
New York, NY 10007

RE: *United States v. Ware*, 04cr1224 and 05cr1115 (SDNY) alleged **unwritten** special conditions of probation, 18 USC 3563(b)[1], authorizing the USPO to require that Mr. Ware obtain prior approval and an escort to track Mr. Ware's movement to enter into the U.S. Courthouse, or other judicial buildings. 18 U.S. Code § 3563(d) - Conditions of probation required to be in writing.[2]

Mr. Fitzpatrick:

I.

A.   **STATEMENT OF THE CASE.**

Mr. Ware is writing to you in your official capacity as the Chief Probation Officer for the SDNY and as an officer of the court subject to 18 USC 401(2) regarding **official transactions** of the USPO. [3] In particular, on or about May 22, 2019, USPO officer Dave Mulcahy visited Mr. Ware at the BOP's MDC

---

[1] 18 USC 3563(b). **Discretionary Conditions.**—The **court** [not the USPO] may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant ....

[2] 18 USC 3563(d). **Written Statement of Conditions.**
The **court** shall direct that the probation officer provide the defendant [Mr. Ware] **with a written statement that sets forth all the [special] conditions to which the sentence is subject**, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required. (emphasis added).

[3] Officers of the court, U.S. probation officers, are subject to criminal contempt prosecution, 18 USC 401(2) regarding negligence in performing "official transactions" of the court, i.e., imposing unwritten and unauthorized and illegal "special conditions of probation" not ordered by a federal judge.

Page 1 of 4
**May 20, 2021**
**USPO's violations of due process of law and the First Amendment's right of access to the courts.**

federal prison. Mr. Mulcahy informed Mr. Ware that he was not to enter or go near the U.S. Courthouse without first obtaining his (Mr. Mulcahy's) personal prior approval. Mr. Mulcahy informed Mr. Ware that he was unilaterally imposing oral, unwritten "special conditions" of probation on Mr. Ware due to alleged "threatening letters" Mr. Ware sent to purported **unnamed and unidentified** federal judges. Mr. Mulcahy nor the USPO have never produced the alleged threatening letters, nor has he or the USPO named or identified the purported federal judges that made any such alleged **unverified** and **unconfirmed** claims.

II.

A.   **Mr. Ware's legal position and contentions.**

1.   First, Mr. Fitzpatrick, Mr. Ware, and his legal team have made an exhausted and thorough search of the dockets in the 1224 and the 1115 cases. Nowhere can it be found where the Government or the USPO have filed any **written** pleadings or moved any federal court to impose any "special conditions" of probation or supervised release on Mr. Ware. There are no **written** pleadings where the Government requested any special conditions, and; there are no **written** signed court orders that ordered any special conditions. In fact, there are no **written** docketed transcripts in any federal court of any lawful proceeding where the issue was raised and adjudicated that imposed any special conditions on Mr. Ware. Accordingly, any purported **unwritten** "special conditions" requiring Mr. Ware to obtain prior approval and be escorted in the U.S. Courthouse are illegal, unconstitutional, ultra vires, and imposed in clear violation of federal law, (i.e., 18 USC 3563(d)), the Due Process Clause and the First Amendment's right of access to the courts.

2.   Second, the violations of Mr. Ware's Due Process and First Amendment constitutional rights have caused Mr. Ware severe financial harm, emotional distress, and mental pain and suffering. Mr. Ware has had to decline several employment opportunities that required Mr. Ware to have freedom of access to the federal courthouse without obtaining any prior approval or having an escort track his movements in the courthouse. Furthermore, Mr. Ware has been restricted, intimidated, and hindered in conducting research regarding pending litigation concerning the 1224 and 1115 cases, and has been hindered, delayed, obstructed, and unduly restricted from advancing his claims. All in violation of due process of law and the First Amendment right of access to the courts to present grievances.

3.   Third, Mr. Ware has on numerous occasions requested that the USPO provide to him the **written** court orders which authorized the USPO to impose any purported "special conditions" of supervised release that restricted his First Amendment right of access to the courts given the Government nor the USPO have never in any proceedings moved in writing seeking the imposition of any special conditions of

supervised released. An in each and every instance the USPO has refused to provide to Mr. Ware its **written** authority to impose any special condition authorized by federal law, 18 USC 3563(d).[4]

4. Fourth, Mr. Ware has seen that the USPO has placed his photograph in a book or ledger in the possession of the U.S. Marshals at the entrance to the federal courthouse, with instructions that Mr. Ware is not to be allowed entrance into the courthouse without an escort from the USPO.[5] An undue, unconstitutional, and illegal restriction on Mr. Ware's liberty interest.

III.

A. **REQUESTED ACTIONS BY THE USPO.**

Mr. Fitzpatrick, the law is clear: (i) any alleged special condition of supervised release is required to be in writing; (ii) is required to have been adjudicated on the record, (iii) written findings and a transcript were required to have been made to preserve the record for appellate review, and (iv) the USPO is not authorized to usurp Article III judicial authority and unilaterally impose any ultra vires special conditions on its own initiative and purported authority.

Had Mr. Mulcahy thought that Mr. Ware had engaged in any threatening letter writing, the proper and correct procedure would have been for Mr. Mulcahy to prepare pleadings identifying the alleged threatening letters and seeking authority from the Court to impose special conditions of supervised release on Mr. Ware; where Mr. Ware would be entitled to present argument and facts why the proposed special conditions were not proper.

That was not legally and lawfully done according to the written records in both the 1224 and 1115 case. Therefore, accordingly, any now unwritten, arbitrarily, illegally imposed, unconstitutional special conditions are null and void ab initio, unenforceable, ultra vires, and must immediately be:

(i). **vacated, and set aside not later than May 20, 2021; and**

---

[4] While the court can adopt terms and conditions of probation recommended to it by an administrative agency of government, **the court cannot delegate its power [to the USPO] to fix terms and conditions of probation** or to determine the parties aggrieved, the amounts to be paid, and the time and manner of payment. *Whitehead v. United States*, 155 F2d 460 (CA6 Tenn. 1946).

[5] The 2nd Circuit, in *U.S. v. Myers*, 426 F.3d 117 (2005), ruled that if the liberty interest at stake in a decision involving a condition of release is fundamental [access to the courts], a deprivation of that liberty is "reasonably necessary" only if the deprivation is narrowly tailored to serve a compelling government interest. **Courts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions**. It is not enough that the required findings are implicit in the record. **The District Court is required to give reasons on the record for imposition of special conditions of supervised release. A district court's failure to state its reasons for conditioning supervised release results at a minimum in a remand.**

(ii). the U.S. Marshals notified immediately to remove Mr. Ware's photograph from any and all logs or ledgers requiring an escort for Mr. Ware to conduct business in the U.S. Courthouse, or any other judicial building or location.

Mr. Fitzpatrick, time is of the essence in regard to this matter. If you disagree with the legal analysis contained herein please provide your version of the facts and the law, in writing, by emailing the same to Mr. Ware at utware007@gmail.com by **4:00 pm today, May 20, 2021**. If you are in agreement with Mr. Ware's legal analysis of the law and the facts, not later than May 21, 2021 at 12:00 noon, please draft and sign a document directed to the U.S. Marshals directing the Marshals to:

(i). immediately remove Mr. Ware's photograph from any log or ledger;

(ii). inform the Marshals that Mr. Ware is not to be interfered with and restricted from entrance to the Courthouse or other buildings;

(iii). and further inform the Marshals that Mr. Ware does not require any escort or other personnel tracking Mr. Ware's movements in any federal courthouse or buildings.

Mr. Fitzpatrick, please prepare the same, sign the same, file a copy into the registry of the 04cr1224 and 05cr1115 records, and forward to Mr. Ware via email the signed executed copy.

Mr. Fitzpatrick if you have any questions or opposition to Mr. Ware's legal request please state your opposition in writing to preserve the record, forward the opposition to Mr. Ware via email not later than 4:00 p.m. on May 21, 2021, in preparation for a judicial fact-finding proceeding regarding this matter.

Sincerely,

/s/ Ulysses T. Ware
*Ulysses T. Ware*
Ulysses T. Ware

cc: Administrative Office of the U.S. Courts, Executive Director
DOJ's Office of Public Integrity
DOJ's Criminal Division
District Judge William H. Pauley, III
Acting United States Attorney Audrey Strauss
AUSA Melissa A. Childs
USPO Dave Mulcahy