# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 6, 2021, by:

/s/ Ulysses T. Ware

Ulysses T. Ware, individually, and as
the legal representative for the estate
of Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America, et al.,**
**Plaintiff, Petitioner,**
**Cross Respondent,**

v.

**Ulysses T. Ware, et al.,**
**Defendant, Respondent,**
**And Cross Petitioner.**

---

## Exhibit #UTW-06

## Declaration of Ulysses T. Ware

**Filed on June 6, 2021.**

**Notice of Federal Tort Claim Act Filing with the DOJ's Civil Division Tort Branch.**

Submitted to District Judge William H. Pauley, III for filing and docketing in
05cr1115 and 04cr1224.

## Certificate of Service:

I Ulysses T. Ware certify that I have this 6th day of June 2021, served AUSA Melissa
A. Childs and acting USA Audrey Strauss via email with a copy of this filing.

June 6, 2021
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors**
**for concealment, suppression, and deliberate falsification of court documents.**

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

June 6, 2021

**Via certified mail #: 7019 1120 0002 2269 0659**

U.S. Department of Justice
Tort Branch Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

## Declaration OF Ulysses T. Ware

## NOTICE OF FEDERAL TORT CLAIMS FILING.

RE: ***United States v. Ware***, 04cr1224, ("**1224**") and 05cr1115, ("**1115**") (SDNY): The knowingly and willful abuse of the prosecutorial process, deceit, misrepresentation, and interference in contractual rights negligently committed by Department of Justice employees **David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Steve R. Peikin, Audrey Strauss, Melissa A. Childs**, and **Andrew L. Fish**, jointly and severally, (the "**Tortfeasor(s)**").

Dear Sir/Madam:

Enclosed is Claimant Ulysses T. Ware's Notice of Filing of Federal Tort Claim Act filing and his request that the Filing be administratively adjusted pursuant to 28 USC 2672. Please confirm you receipt of the FTCA filing, open a file, and assign a file number and confirm the same with the Claimant at the above address. If there are any questions the undersigned can be reached via email: utware007@gmail.com or at the above address.

Sincerely,

Ulysses T. Ware
/s/ Ulysses T. Ware

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

June 6, 2021

**Via certified mail #: 7019 1120 0002 2269 0659**

U.S. Department of Justice
Tort Branch Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

## Declaration OF Ulysses T. Ware

## NOTICE OF FEDERAL TORT CLAIMS FILING.

RE: *United States v. Ware*, 04cr1224, ("**1224**") and 05cr1115, ("**1115**") (SDNY): The knowingly and willful abuse of the prosecutorial process, deceit, misrepresentation, and interference in contractual rights negligently committed by Department of Justice employees **David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Steve R. Peikin, <u>Audrey Strauss</u>, <u>Melissa A. Childs</u>,** and **Andrew L. Fish**, jointly and severally, (the "**Tortfeasor(s)**").

**I Ulysses T. Ware, under oath, subject to the penalty of perjury, hereby this 6th day of June 2021, set my hand and seal, pursuant to 28 USC 1746, have made this Declaration of Fact in support of Federal Tort Claim Act, ("FTCA"), filing.**

I.

**A.     Introduction.**

1.     **Claimant**: Ulysses T. Ware

2.     **Tortfeasors**: David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-

Failla, Audrey Strauss, Melissa A. Childs, and Andrew L. Fish acting in their official capacity under the color of law as a DOJ federal prosecutor subject to the DOJ's Rules of Professional Conduct, the Constitution, and federal law.

3.      **Location where torts occurred**: The Southern District of New York (Manhattan) federal prosecutor's office.

4.      **Date torts were committed**: Since beginning on or about September 2004, and continuing without interruption, up to and including today, June 6, 2021, and beyond, the Tortfeasors have deliberately, willfully, and negligently committed illegal and wrongful acts, and have lied, committed perjury, abuse the Brady disclosure process, abused the criminal trial process, committed deceit (fraud), misrepresented the existence of the Brady exculpatory evidence, and interfered with the contractual rights of the Claimant by tainting his attorney-client relationship with Claimant's retained lawyers, Edward T.M. Garland, Manny Arora, and Michael F. Bachner; and negligently omitted to disclose the dispositive Brady exculpatory and exonerating evidence, which they negligently concealed, suppressed, and hid the Brady exculpatory and exoneration evidence[1], that was required to have been disclosed to the Claimant "prior to trial."[2]

5.      **Sum Certain Damage Claim Amount Demand**: Claimant hereby demand the sum certain damage amount award based on the following calculation:

(i).      Claimant suffered injury, harm, and damage resulting from each Tortfeasor's official negligent abuse of the legal process by their willful and intentional concealment and suppression of exculpatory and exoneration evidence required to have been disclosed to Claimant "prior to trial" as ordered by two (2) valid court orders, see Exhibits 1, 2, and 3, infra.

(ii).      Each Tortfeasor, a DOJ federal prosecutor, was subject to the Brady disclosure court orders, and each breached their duty to the Claimant to disclose said Brady evidence, to such an extent that Claimant was convicted in 04cr1224 and 05cr1115 (SDNY); and Claimant was falsely and fraudulently incarcerated for 11 years and 6 months in federal prison, from on or about November 27, 2007, until May 24, 2019.

(iii).      Claimant is requesting the sum certain damage award amount based on the New York state false incarceration, false imprisonment, illegal search and seizure, intentional infliction of

---

[1] See Exhibits 2 and 3, infra.

[2] See **Exhibit #1**, Brady discovery order entered in **US v. Ware**, 04cr1224 (SDNY), August 10, 2007, Dkt. 32 (Sweet, J.); and **Exhibit #2**, Brady discovery order entered in **US v. Ware**, 05cr1115 (SDNY), May 19, 2006, Dkt. 17, Tr. 5-9 (Pauley, J.).

**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

emotion distress, and restraint of liberty rate of $325,000/day for each and every day the illegal conditions were imposed on Claimant:

(a).    beginning from November 27, 2007, to June 6, 2021, and continuing beyond as the torts are being committed every day by the Tortfeasors. A total of 365 days multiplied by 11 years equals 4015 days;

(b).    plus 0.5 years multiplied by 365 days equals 182.5 days;

(c).    for a total of 4197.5 days;

(d).    plus, an additional 743 days of unlawful restraint under illegal supervised release from May 24, 2019, to June 6, 2021, a total of 4940 days  multiplied by $325,000/day, equal the sum certain amount of

(d).    **$1,605,662,500.00 (USD)** requested sum certain damages award for the official negligent and wrongful acts committed, or wrongful acts omitted by each Tortfeasor.


II.

A.    **Negligent and wrongful torts committed against Claimant by each Tortfeasor.**

(1).        Each Tortfeasor acting in their official capacity as a DOJ federal prosecutor beginning in or around 2004, and continuing uninterrupted to the present, June 6, 2021, knowingly and negligently abused the judicial process and criminally willfully resisted a lawful court order[3] and breached their required official duties[4] as federal prosecutors to disclose the Brady exculpatory evidence that each had been ordered to disclose to Claimant "prior to trial."[5]

---

[3] Willful resistance of a lawful court order by the Tortfeasors, the Brady disclosure orders, constituted 18 USC 401(2), and 401(3) criminal contempt, a criminal offense.

[4] DOJ Rules of Professional Conduct imposes on each federal prosecutor a complete duty of candor to the court to disclose all materials that will affect the outcome of a criminal or civil proceeding. It is an abuse of the judicial process for a federal prosecutor to not disclose to the court all information and material that could affect the outcome of the Claimant's proceedings.

[5] See Brady disclosure orders, Exhibits 1-1, 1-2; and 2-1 and 2-2, infra.

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

(2).        Each Tortfeasor has lied, committed perjury, conspired, acted in concert, and colluded with each other, and with others, and sought to deceive and commit deceit, and negligently misrepresented the truth to the federal courts and to Claimants that they had fulfilled their Brady disclosure duties, while lying, committing perjury, and willful and negligent deceit regarding their Brady disclosure obligations and duties. Each Tortfeasor knew or should have known that they were required to have disclosed to Claimant "prior to trial" that:

(i).        The SEC-DOJ's comingled and illegal 03-0831 (D. NV) lawsuit's complaint was not properly signed as required by Fed. R. Civ. P. 11(a), by a SEC lawyer admitted to the District Court (D. NV) on July 14, 2003[6];

(ii).        paragraph 33 of the unsigned 03-0831 complaint pleaded binding judicial admissions by the real party in interest, the United States and its privies, that the press releases of INZS and SVSY as a matter of law and fact were immaterial; and therefore, nonactionable in all federal courts, civilly or criminally; and

(iii).        paragraph 33's binding judicial admissions, judicial and equitable estoppel against the United States and its privies, vitiated and abrogated any and all probable cause for the Tortfeasors to have sought an indictment against the Claimant in the 05cr1115 (SDNY) proceedings;

(IV).        given the 03-0831 complaint was not properly signed by an admitted SEC lawyers as required by Rule 11(a), therefore, the Rule 3 summon was not lawfully issued, and accordingly, the 03-0831 district court never obtained lawful and proper personal jurisdiction over the defendants, and the district court never obtained lawful and proper jurisdiction over the subject matter of the moot 03-0831 lawsuit;

(v).        thus, the Tortfeasors acted negligently, maliciously, and deceitful, and egregiously abused the judicial process as officers of the court, by seeking an illegal and fraudulent indictment in 05cr1115 misrepresented the true status of the moot 03-0831 (D. NV) proceedings, orders, and judgments as the factual basis for the 05cr1115 indictment; and again practiced deceit and misrepresented and used the same at trial in 05cr1115 (SDNY)

---

[6] Former SEC lawyer William Smith-Grieg, Esq. made binding judicial admissions in **2012** during the 03-0831 (D. NV) illegal and moot proceedings that, " ... the SEC has no information on the identity of the person **who actually signed** the 03-0831 (D. NV) complaint ... we have not been able to identify the person ...." (emphasis added) (paraphrased). Smith-Grieg's judicial admission is clearly Brady exculpatory and impeachment evidence required to have been disclosed by the Tortfeasors to Claimant in **2007** "prior to trial."

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

and 04cr1224 (SDNY) to illegally and fraudulent convict and imprison Claimant as a retaliatory racially-motivate hate crime.

(3).        On or about May 12, 2021, in the 05cr1115 District Court (SDNY), (Pauley, J.), current DOJ employees acting U.S. Attorney (SDNY) Audrey Strauss and AUSA Melissa A. Childs, baselessly, frivolously, in bad faith, for an improper purpose, vexatiously, and negligently, deliberately abused the judicial process, misrepresented the facts and the law, breached their duty of complete candor to the courts, lied and committed perjury, and misrepresented to the District Court in Dkt. 250, 251, and 252, as an overt act in furtherance of the DOJ's racially-motivated hate crime conspiracy against Claimant, and negligently made fraudulent factual representations and lied regarding alleged fines and forfeiture amount the Claimant purportedly owes: each sought to fraudulently deceitfully have the sureties who posted cash bail (the estate of Mary S. Ware and Claimant) legally held responsible for **moot**, **abrogated**, and **voided** fines and forfeiture annulled and abrogated by the United States Attorney General, (the **"USAG"**), on November 7, 2008, pursuant to his unreviewable and nonjusticiable, and absolutely binding on the Tortfeasors and the courts, Article II appellate political authority, Fed. R. App. P. 42(b), and 18 USC 3742(b).[7]

And moreover, all purported fines and other financial penalties have been abrogated and annulled by the Government's 04cr1224 (SDNY) trial witness Kenneth A. Zitter, Esq.'s, **December 20, 2007**, Dkt. 90, 02cv2219 (SDNY), Fed. R. Civ. P. 41(a)(2), **voluntary**, ex parte, dismissal, **after the statute of limitation had run on all claims in 02cv2219 (SDNY) the lawsuit.**[8]

---

[7] The court records in *United States v. Ware*, 07-5222cr (2d Cir.), (**"Ware-I"**), show that the USAG notified the United States Court of Appeals for the Second Circuit regarding *United States v. Ware*, 07-5670cr (XAP) (2d Cir.), (**"Gov.-I"**), (the United States Rule 28.1 cross-appeal), that the United States had decided to terminate, abort, abandon, and dismiss with prejudice its cross-appeal, *Gov.-I*, (see Exhibit #5); which ipso facto, by operation of law, affirmed the October 2007, Dkt. #99, S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. tr. 73-76 (R-3), jointly, (the **"Pauley Double Jeopardy Acquittal Verdicts"**), entered in favor of Claimant; and furthermore, on August 18, 2009, the Court of Appeals entered its superseding **Cross-Appeal Final Judgment (see Exhibit #6)** and ratified the USAG's November 7, 2008, Article II appellate political decision to dismiss with prejudice *Gov.-I*; and the Court entered final judgment in favor of Claimant, the Prevailing Party, triggered the absolute finality of the Double Jeopardy Clause, res judicata, and collateral estoppel in favor of the Claimant in regard to all issues, facts, and claims **actually or necessarily resolved** by the August 18, 2009, Cross-Appeal Final Judgment entered in *Gov.-I*, (07-5670).

[8] Acting U.S. Attorney (SDNY) Audrey Strauss and AUSA Melissa A. Childs, both knew, or were negligent in not knowing, the Government's own 04cr1224 trial witness Kenneth A. Zitter, Esq., on December 20, 2007, see **Exhibit #4**, infra, annulled, vitiated, and abrogated the 02cv2219 (SDNY) proceedings; and ipso facto, conversely, annulled, vitiated, and abrogated all Government trial evidence admitted in 04cr1224 (SDNY)

I Ulysses T. Ware, under oath, subject to the penalty of perjury, and pursuant to 28 USC 1746, hereby this 6th day of June 2021, in the city of Brooklyn, NY have set my hand and seal, and have made the factual Declaration herein in support of Notice of the Federal Tort Claim Act filing.


/s/ Ulysses T. Ware

Ulysses T. Ware

---

derived from the 02cv2219 (SDNY) lawsuit; and by operation of law annulled, vitiated, and abrogated all purported fines or other financial penalties imposed in the now moot 04cr1224 (SDNY) proceeding.

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

# EXHIBITS

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

**Exhibit #1-1**, Brady discovery order entered in **US v. Ware**, 04cr1224 (SDNY), August 10, 2007, Dkt. 32 (Sweet, J.);

---

UNITED STATES OF AMERICA, - against - ULYSSES THOMAS WARE, a/k/a THOMAS WARE, Defendant.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2007 U.S. Dist. LEXIS 58786

04 Cr. 1224 (RWS)

August 8, 2007, Decided
August 10, 2007, Filed

**Editorial Information: Subsequent History**

Later proceeding at United States v. Ware, 2008 U.S. Dist. LEXIS 101537 (S.D.N.Y., Dec. 9, 2008)

**Counsel**          For Thomas Ware (1), also known as Ulysses Thomas Ware (1), Defendant: Nancy Lee Ennis, LEAD ATTORNEY, Quijano & Ennis, P.C. (381 Park Ave. S.), New York, NY.

Thomas Ware (1), also known as Ulysses Thomas Ware (1), LEAD ATTORNEY, Defendant, Pro se, Norcross, GA.

For USA, Plaintiff: Nicholas Stoloff Goldin, LEAD ATTORNEY, U.S. Attorney's Office, SDNY (St Andw's), New York, NY.

**Judges:** ROBERT W. SWEET, U.S.D.J.

Opinion

**Opinion by:**          ROBERT W. SWEET

Opinion

*MEMORANDUM OPINION AND ORDER*

**Sweet, D.J.:**

Defendant Thomas Ware (the "Defendant" or "Ware") has filed a motion seeking the following: (1) Dismissal of the indictment for lack of proper venue in the Southern District of New York; (2) Production of exculpatory material; (3) Notice of other act evidence the Government intends to introduce at trial under Fed. R. Evid. 404(b); (4) a bill of particulars; (5) Disclosure of *ex parte* communications between Judge Leonard B. Sand and the plaintiffs in the civil contract action underlying the pending criminal contempt charges, *Alpha Capital, et al. v. Group Management, et al.*, No. 02 Civ. 2219 (LBS) (the "Civil Action"); (6) Disclosure of the name and contact information of the Government official who certified certain affidavits in the Civil Action; (7) Disclosure of the criminal history and plea agreement of "Edward M. Grushko"; (8) Disclosure of the indictments of "Thomas Badian" and "Andrea Badian"; and (9) Disclosure of the identity of the Assistant United States Attorney who presented the indictment to the Grand Jury. For the reasons stated below, the motion will be granted in part and denied in part.

*Venue is Proper*

When a defendant is charged with criminal contempt for violating a court order, "[t]he district in which the court order was issued is . . . said to have sufficient contact with the criminal contempt to be the situs of prosecution." *United States v. Reed*, 773 F.2d 477, 481-82 (2d Cir. 1985). All charges

1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

lybcases

---

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

**Exhibit #1-2**, Brady discovery order entered in **US v. Ware**, 04cr1224 (SDNY), August 10, 2007, Dkt. 32 (Sweet, J.);

In the Indictment allege that Ware violated court orders entered in this district by Judge Sand in the Civil Action. Accordingly, venue is proper.

*The Government Shall Produce All Brady Material Prior to Trial* ⟵

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

*The Government Shall Provide Notice of Other Act Evidence*

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 19, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

*Defendant is Not Entitled to a Bill of Particulars*

Ware seeks a bill of particulars from the Government apparently requesting: (1) the specific acts upon which venue is based in the Southern District of New York; (2) how he violated Judge Sand's court orders at the heart of the case; (3) the identity of the attorney who mailed Judge Sand's November 25, 2000 order to him and how he acknowledged receipt of said order; and (4) a list of all exhibits to be introduced at trial by the Government.

The purpose of a bill of particulars in a criminal case is to permit the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In the instant case, the Indictment provides all the information necessary by specifically identifying each court order with which Ware failed to comply and what act or omission violated the orders. To wit, the Indictment alleges that each court order required Ware to honor the conversion notes issued to the plaintiffs in the Civil Action, which Ware and his corporation were contractually obligated to do. See Indictment at 4-6. For each of the three orders discussed in the Indictment, it is alleged that the notes were not honored (or, in one case, the notes were honored after the court-imposed deadline). *See id.* at 5-8. Furthermore, the Government has advised the Court that it has already produced to Ware copies of all the relevant orders and other documents from the Civil Action (to which Ware was a party). "The Government should not be compelled to disclose additional details of its case if the defendant has received adequate notice of the charges against him and can prepare fully for trial through the exercise of reasonable diligence." *United States v. Martinez-Martinez*, 2001 U.S. Dist. LEXIS 17558, 2001 WL 1287040, at *6 (S.D.N.Y. Oct. 24, 2001). Such is the case here.

Furthermore, the Government is not required to identify any of its witness absent "a specific showing that the disclosure [is] both material to the preparation of [defendant's] defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Here, Defendant has not even attempted to make such a showing.

Finally, a criminal defendant is not entitled to a list of the Government's trial exhibits at this stage. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 568 (S.D.N.Y. 2000).

2

1ybcases

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

SA-30

P. 71

5

65JAAWARC                   Conference

1    for that and to let the Court know there may -- the government

2    may seek to return a superseding indictment because we may add

3    additional counts.

4         THE COURT: The government always has that right,

5    obviously, so long as it's not close to trial.

6         MR. SOUTHWELL: Certainly, your Honor.

7         THE COURT: I'll direct the government to provide the

8    defendants with such a letter by June 21.

9         Now, the defendants also make applications for early

10   disclosure of Brady material and Jinx Act material and Giglio

11   material. The government has acknowledged its continuing duty

12   to turn over exculpatory material and asserts that it is not

13   aware of any materials of the current time. The government's

14   representation is sufficient to satisfy the government's Brady

15   obligations in this case. See United States versus Gallo, 1999

16   Westlaw 9848 at star 7 SDNY 1999.

17        With respect to Jinx Act and Giglio material,

18   obviously, that material needs to be produced in time for its

19   effective use at trial. It's the government's responsibility

20   to determine when that material should be produced to permit

21   its effective use. See En Re United States v. Coppa, 273 F3rd

22   132 2d Cir. 2001.

23        This Court will direct the government to produce no

24   later than the Thursday before the start of trial that

25   exculpatory material unless the government believes that such

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**



SA-31

P. 72

65JAAWARC                    Conference

1   early disclosure would create a security risk for a witness in

2   which case the government can make an ex parte application to

3   the Court and the disclosure that I am requiring on the

4   Thursday before the start of trial relates to witnesses the

5   government intends to call during the first week of trial so

6   that we can avoid any delays during the course of the trial to

7   afford defense counsel an opportunity to review material.

8           Obviously, at the same time and this feeds directly

9   into the government's need to exercise appropriate discretion

10  and judgment here, the more materials that the government has

11  to produce concerning a particular witness, the more important

12  it is for the government to produce them earlier rather than

13  later.

14          Finally, the defendants make an application for

15  disclosure of communications between the SEC and the United

16  States Attorney's Office in connection with this matter.

17          The defendants' allegations of collusion between the

18  SEC staff and the U.S. Attorney staff are conclusory and

19  they're belied by documents that including a letter exchange

20  that the government has produced as part of its opposition to

21  this motion. And I take it, Mr. Southwell, that the only

22  communications between the U.S. Attorney's Office and the SEC

23  that are in writing are these letters or are there other

24  letters or exchange between the agencies?

25          MR. SOUTHWELL:  I believe there may be some

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

**Exhibit #3: Tortfeasors' Concealed Brady exculpatory evidence.**

Draper, Julia D.

From: Norris, Jeffrey B.
Sent: Monday, April 18, 2005 2:58 PM
To: Pennington, Mark R.
Cc: Draper, Julia D.
Subject: FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6442
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

$\mathcal{B}rady$

From: Thomas Ware [mailto:rgwinc@mindspring.com]
Sent: Tuesday, December 14, 2004 9:21 AM
To: Norris, Jeffrey B.
Subject: Re: Supplemental Brief

$Evidence$

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware
----- Original Message -----
From: Norris, Jeffrey B.
To: Thomas Ware
Cc: Draper, Julia D.; Korotash, Stephen J.
Sent: Tuesday, December 14, 2004 9:09 AM
Subject: RE: Supplemental Brief

$hidden\ by$

$Southwell$

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have this opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office

4/18/2005                                    9                              3501 - 98

June 6, 2021
Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.

**Exhibit #3-1: Tortfeasors' Concealed Brady exculpatory evidence.**

1    Moreover, being unregistered brokers-dealers operating in violation of 15 U.S.C.
2    $780(a)(1)$, Tr. 204-05, Rabinowitz testified as follows at Tr. 204:

3

4    **ADMISSION OF BROKER-DEALER STATUS BY**
5    **ARI RABINOWITZ UNDER CROSS EXAMINATION.**
6

7    Mr. Ware: What is the name of your company?

8    Rabinowitz: LH Financial Services.

9    Mr. Ware: What business is that company?

10   Rabinowitz: We are in the private placement business.

11   Tr. 206

12   Mr. Ware: Approximately how many companies have you assisted Alpha Capital
13   with over, let's say, the last five years?

14   Rabinowitz: A good few hundred.

15   Mr. Ware: A good few hundred?

16   Rabinowitz: Yes.

17   Rabinowitz' testimony of being in the private placement business, and assisting
18   Alpha Capital with "a good few hundred" transactions: pursuant to 15 U.S.C.
19   §77b(a)(12) Rabinowitz and Alpha were "dealers" not eligible for any exemption
20   under Title 15 Section 4, and thus not eligible for 17 C.F.R. §240.144(k)/(Rule 144(k)
21   regarding the purchase of the Notes of IVG/GPMT (GX 1-4).



EVERSHEDS
SUTHERLAND



BRACEWELL                              Q

Barbara S. Jones
Partner

📧  📇

📞 +1.212.508.6105
📠 +1.212.938.3804



Page **14** of **22**
**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors
for concealment, suppression, and deliberate falsification of court documents.**

**Exhibit #3-2: Tortfeasors' Concealed Brady exculpatory evidence.**

---

# Commission Partially Settles Microcap Fraud Manipulation Action

T. Gorman | 🗓 Posted on February 10, 2019 | Posted in SECActions

The Commission and the staff may have returned to the office in time to pack-up. By all reports there is no deal on funding the government past the end of the week, February 15, 2015. If that continues the stalemate could begin anew at the close of business on Friday.

> Since the government returned the Commission has continued to move forward in court, partially settling a large microcap fraud action – the type of case that is central to its retail investor focus. The settlements were in *SEC v. Honig*, Civil Action 18-cv-08175 (S.D.N.Y. Filed Sept. 7, 2018) with Defendants Mark Groussman, his firm Melechdavid and Alpha Capital Anstalt, a Lichtenstein hedge fund managed by an unnamed New York based unregistered investment adviser.

---

**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

**Exhibit #3-3: Tortfeasors' Concealed Brady exculpatory evidence**.



Case 1:12-cv-04397-TWT   Document

Draper, Julia D.

From: Norris, Jeffrey B.
Sent: Wednesday, October 06, 2004 1:18 PM
To: Alexander.Southwell@usdoj.gov
Cc: Draper, Julia D.; Korotash, Stephen J.
Subject: RE: Thomas Ware

Alexander!

Who raised the 100 mile limit argument? That is a specious argument with no legal basis. I have won that issue with a number of district courts where a person held in contempt was trying to avoid extradition. Based on orders from courts in the Northern District of Texas, I have had the Marshals arrest people in California, Washington, Wisconsin, Nevada and probably other jurisdictions that I can't remember. Several of these people have been incarcerated in Texas for more than a year. One person arrest in Washington state for civil contempt is still in prison in Texas after more than 2 years.

Read Federal Rule of Civil Procedure 4.1. It states that an order of civil commitment for a person held in contempt "may be served and enforced in any district." It goes on to state that other orders in contempt proceedings are subject to the 100 mile limit.

Whoever argued this matter didn't do his or her homework. Someone needs to file a motion for reconsideration and have him arrested again!

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 78102
Phone: (817) 978-6452
Fax: (817) 978-4927
Email: norris1@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: Norris1@SEC.GOV
Subject: RE: Thomas Ware

As likely means when he was arrested on the civil contempt order. He was arrested in Atlanta and released the same day, which was somewhere around the beginning of September. As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from the courthouse or in the same state, so he was improperly arrested (which he pointed out to Judge Sand, the wily guy that he is). So we are working on a criminal contempt charge which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: Norris1@SEC.GOV [mailto:Norris1@SEC.GOV]
Sent: Wednesday, October 06, 2004 12:37 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

3501 - 72

Have there been any developments in the contempt prosecution of Thomas Ware since the beginning of September? I got a cryptic e-mail from

1

Norris was aware of the Grand Jury investigation.

Page 1 of 2

Draper, Julia D.

From: Norris, Jeffrey B.

Judge in Ezekiel Elliott Case Had Potential Conflict of Interest

Elliott judge's husband works for law firm that helped craft CBA

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

# Exhibit #3-4: Tortfeasors' Concealed Brady exculpatory evidence.

## M Gmail

Ulysses Ware <utware007@gmail.com>

---

### Alpha Capital, A.G.
2 messages

**Ombudsman's Office** <Ombuds@finra.org>
To: "UTware007@gmail.com" <UTware007@gmail.com>
Wed, Apr 21, 2021 at 2:51 PM

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman.

Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.

---

Regards,

Danielle Derrick

Associate Director

FINRA Office of the Ombudsman

9509 Key West

Rockville, MD 20850

Tel: (888)700-0028 or (240)386-6270

Fax: (240) 386-6291

## FINra.

Confidentiality Notice:: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

---

**Thomas Ware** <utware007@gmail.com>
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: mydefimatters@gmail.com
Wed, Apr 21, 2021 at 3:56 PM

Thank you for the information.
[Quoted text hidden]

2 attachments

## FINra. image001.png
3K

## FINra. image001.png
3K

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

Exhibit #3-5: Tortfeasors' Concealed Brady exculpatory evidence.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6452
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov (mailto:Alexander.Southwell@usdoj.gov)
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'NorrisJ@SEC.GOV'
Subject: RE: Thomas Ware

He likely means when he was arrested on the civil contempt order. He was arrested in
Atlanta and released the same day, which was somewhere around the beginning of September.
As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from
the courthouse or in the same state, so he was improperly arrested (which he pointed out
to Judge Sand, the wily guy that he is). So we are working on a criminal contempt charge
which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: NorrisJ@SEC.GOV (mailto:NorrisJ@SEC.GOV)
Sent: Wednesday, October 06, 2004 12:57 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

3501 - 72

      Have there been any developments in the contempt prosecution of
Thomas Ware since the beginning of September? I got a cryptic e-mail from

1

Norris8/25/2012 before of the Grand Jury 8/15/2012 investigation

Page 18 of 22
June 6, 2021
Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors
for concealment, suppression, and deliberate falsification of court documents.

**Exhibit #4:**

December 20, 2007, Rule 41(a)(2) voluntary dismissal of the 02cv2219 (SDNY) lawsuit by the plaintiffs' lawyer, Government 04cr1224 (SDNY) trial witness Kenneth A. Zitter, Esq.



**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**

**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 18th day of August, two thousand and nine.

PRESENT:    Amalya L. Kearse,
            Robert D. Sack,
            Peter W. Hall,
                        *Circuit Judges.*

United States of America,

    Appellee-Cross-Appellant,

    v.                                              **JUDGMENT**
                                                    Docket Number: 07-5222-cr (L)
                                                    07-5670-cr

Ulysses Thomas Ware, also known as Thomas Ware,

    Defendant-Appellant-Cross-Appellee,

Jeremy Jones,

    Defendant,

The appeal in the above-captioned case from a judgment of United States District Court for
the Southern District of New York having been submitted on the district court record and the parties'
briefs. On consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District
Court is AFFIRMED and the matter is REMANDED for additional proceedings in connection with
sentencing in accordance with the opinion of this Court.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by [signature]
        DEPUTY CLERK

FOR THE COURT,
Catherine O'Hagan Wolfe,
Clerk

By: [signature]
Judy Pignanont, Motions Staff Attorney

CERTIFIED: *June 18, 2019*

**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors
for concealment, suppression, and deliberate falsification of court documents.**

**Exhibit #6:**
**USAG's 11/07/2008 Art. II Appellate Political Decision that Dismissed Gov.-I (07-5670cr (XAP)**
**(2d Cir.) and 05cr1115 (SDNY) with prejudice.**



Andrew L. Fish is a partner of Satterlee Stephens LLP. Mr. Fish concentrates his practice in white collar criminal defense and internal investigations, trial practice, and business litigation.

Mr. Fish is an experienced trial lawyer who has served as lead or co-lead counsel in 16 federal jury trials. At Satterlee, Mr. Fish represented a financial institution in a federal civil jury trial relating to a multimillion dollar insurance claim. While in government service, Mr. Fish was lead trial counsel in United States v. Zvi Goffer, the insider trading prosecution of a Galleon Group hedge fund trader and other Wall Street professionals.

Prior to joining Satterlee, Mr. Fish served for 14 years as a federal prosecutor in the United States Attorney's Office for the Southern District of New

**June 6, 2021**
**Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.**



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

OFFICIAL USE

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage

Total Postage and Fees

Sent To US DOJ Civil Div. Tort Branch
Street and Apt. No., or PO Box No. 888
City, State, ZIP+4® Washington, DC. 20044

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

U.S. Dept. of Justice
Tort Branch - Civil Division
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044

Ulysses T. Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
Filed on 06/06/21

Re: US v. Ware
04 cr 1224
05 cr 1115

Contents: Exhibit #UTW-06
June 6, 2021 Notice of Federal
Tort Claim Act filing w/ DOJ
Civil Div. Tort Branch.

Scanned with CamScanner

June 6, 2021
Ulysses T. Ware's Notice of Federal Tort Claim Act filing against DOJ SDNY federal prosecutors for concealment, suppression, and deliberate falsification of court documents.