From: Ulysses T. Ware

To: The Hon. William H. Pauley, III

Date: June 8, 2021

RE: Filing the enclosed pleadings on the 04cr1224 and 05cr1115 (SDNY) dockets.

Judge Pauley:

Please file the enclosed pleadings:

## Exhibit #UTW-07

***US v. Nejad***, 18cr224 (SDNY), Dkt 250, Order to USAO regarding Brady violations.

**Filed in support of Rule 33 motion for a new trial for Brady violations and Rule 48(b) criminal contempt show cause order**

on the applicable dockets.

In the future, please serve Mr. Ware via email at utware007@gmail.com with all of your orders or directives entered in this matter, due to the slowness of the U.S. Mail.

**Mr. Ware and the estate of Mary S. Ware will file a brief in opposition to the Government's Dkt. #250 not later than June 20, 2021.**

/s/ Ulysses T. Ware

# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 8, 2021 by:

/s/ Ulysses T. Ware
*Ulysses T. Ware*

Ulysses T. Ware, individually, and as
the legal representative for the estate
of Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

United States of America, et al.,
    Plaintiff, Petitioner,
    Cross Respondent,

v.

Ulysses T. Ware, et al.,
    Defendant, Respondent,
    And Cross Petitioner.

---

## Exhibit #UTW-07

***US v. Nejad***, 18cr224 (SDNY), Dkt 250, Order to USAO regarding Brady violations.

**Filed in support of Rule 33 motion for a new trial for Brady violations and Rule 48(b) criminal contempt show cause order.**

Submitted to District Judge William H. Pauley, III for filing and docketing in 05cr1115 and 04cr1224.

**Certificate of Service**: I Ulysses T. Ware certify that I have this 8th day of June 2021, served AUSA Melissa A. Childs and acting USA Audrey Strauss via email with a copy of this filing.

Page 1 of 5
June 8, 2021
US v. Ware, 04cr1224 and 05cr1115 (SDNY)
Exhibit #UTW-07 in support of Rule 33 motion for a new trial and Rule 42(B0 criminal contempt show cause order.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

—v—

Ali Sadr Hashemi Nejad,

Defendant.

18-cr-224 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Mr. Ali Sadr has been under criminal indictment for over two years. On March 16, 2020, following a two-week trial, a jury convicted Mr. Sadr of conspiracy to defraud the United States, conspiracy to violate the International Emergency Economic Powers Act, bank fraud, bank fraud conspiracy, and money laundering. *See* Dkt. No. 310. Mr. Sadr could face years of incarceration and other collateral consequences as a result of his conviction. At the time the jury convicted, the Government moved for Mr. Sadr's immediate detention, which the Court denied. *See* Trial Tr. at 2129:1–10. A co-defendant in the indictment, Bahram Karimi, has not yet been tried.

On Friday evening, June 5, 2020, however, the Court received an application from the United States Attorney for the Southern District of New York "for an order of *nolle prosequi* of the Indictments filed in this case against Ali Sadr Hashemi Nejadin ('Sadr') and Bahram Karimi." Dkt. Nos. 348, 348-1. The letter accompanying the application says that "[t]he Court is familiar with disclosure-related issues that arose during the March 2020 trial as well as in pre- and post-trial motion practice, including with respect to the pretrial suppression litigation." Dkt. No. 348. The United States Attorney concludes that "the Government has determined that it would not be in the interests of justice to further prosecute this case." *Id.*

1

Page **2 of 5**
**June 8, 2021**
**US v. Ware, 04cr1224 and 05cr1115 (SDNY)**
**Exhibit #UTW-07 in support of Rule 33 motion for a new trial and Rule 42(B0 criminal contempt show cause order.**

The letter from the United States Attorney follows a number of developments in this case that, even before his letter, raised serious concerns about the conduct of the Government, from the actions that led the Court to suppress material pre-trial, *see generally* Dkt. No. 197; to a conceded *Brady* violation during the course of the trial involving GX 411 that caused the Court to give the jury a curative instruction and strike portions of the testimony of a Government witness, *see* Trial Tr. at 1391:9–17, 1822:3–21; to Government counsel's efforts to conceal that late disclosure from defense counsel, *see* Dkt. No. 279-1, and then mislead the Court about that effort, *see* Dkt. No. 277 at 1; Trial Tr. at 989:16–994:2. Since trial, the Government has continued to turn over material that it apparently failed to produce before and during trial. See Dkt. Nos. 303, 305, 337, 340, 341. In the post-verdict motions, the defense alleges that these additional disclosure failures by the Government support its *Brady* motion, *see* Dkt. No. 336 at 56–69; Dkt. No. 341 at 1–7, and call into question the Government's account of GX 411, *see* Dkt. No. 341 at 7–9.

Mr. Sadr has now submitted a response to the Government's application. *See* Dkt. No. 349. In it, he contends that the *nolle prosequi* is not the proper mechanism for dismissal and instead requests that the Court enter an order granting Mr. Sadr's—now unopposed—new trial motion (based, in relevant part, on *Brady* violations), setting aside the verdict, and dismissing the case with prejudice. *Id.*

On or before June 18, 2020, the Government is ordered to respond to Mr. Sadr's submission, including his specific suggestion for the appropriate mechanism for dismissal, as outlined in Dkt. No. 349. The Government's submission must also include specific answers to the following questions:

1. List all material in the case that was potentially improperly withheld from the defense.

Page 3 of 5
June 8, 2021
US v. Ware, 04cr1224 and 05cr1115 (SDNY)
Exhibit #UTW-07 in support of Rule 33 motion for a new trial and Rule 42(B0 criminal contempt show cause order.

      a. For each item responding to 1, indicate all Government attorneys who were responsible for the disclosure failures, including supervisors.

      b. For each item responding to 1, indicate whether the Government agrees or disagrees that the withholding of the item was intentional withholding of exculpatory evidence.

2. Identify with specificity the "disclosure-related issues that arose during the March 2020 trial as well as in pre- and post-trial motion practice, including with respect to the pretrial suppression litigation," Dkt No. 348, that are the basis for the Government seeking to *nolle* the indictment against Mr. Karimi, who has not yet been tried.

3. Identify all Government lawyers, including supervisors, who were involved in the decision to transmit GX 411 to the defense during trial without expressly indicating that it had not previously been disclosed. *See* Dkt. No. 279-1 at 3.

4. In an order dated March 8, 2020, the Court required, among other things, the Government to "explain precisely when and how it realized that [GX 411] had erroneously been withheld and when, if at all, upon learning of the failure to disclose this was communicated to the defense." Dkt. No. 290. In its response letter, the Government explained that "members of the team discussed the document . . . and confirmed that it likely had not been produced to the defense previously. The Government promptly had a paralegal mark it as an exhibit and produced it to the defense along with other exhibits and 3500 material. The *Government made clear that GX 411 was a newly marked exhibit* and that we intended to offer it . . . ." Dkt. No. 277 (emphasis added). In Court the next day, the Government conceded that this was false. *See* Trial Tr. at 993:24–994:2 (Court: "When this was disclosed to the defense Saturday around 4:00, did you identify it as a newly-marked document?" AUSA: "No."). In a letter dated March 9, 2020, "the Government reiterate[d] its earlier concessions of error in failing to timely produce GX 411, *and failing to make accurate disclosures regarding the status of the document on March 7 and March 8, 2020.*" Dkt. No. 283 at 1 (emphasis added).

      a. In light of how GX 411 was actually transmitted to the defense, was it false and/or misleading to state to the Court that "[t]he Government made clear that GX 411 was a newly marked exhibit"?

      b. Name all Government lawyers, including supervisors, who were involved in making that representation to the Court.

5. Do the disclosures made by the Government after trial on May 21, 2020, discussed in Dkt 341 at 7–9, cast doubt on any representations made to the Court, including in the March 9, 2020 letter, about the prosecutions team's awareness of the contents of GX 411? Name all Government lawyers, including supervisors, responsible for any misstatements made to the Court.

6. Identify all known misstatements (in writing or orally) made to the Court about disclosure issues in this case.

3

Page 4 of 5
June 8, 2021
US v. Ware, 04cr1224 and 05cr1115 (SDNY)
Exhibit #UTW-07 in support of Rule 33 motion for a new trial and Rule 42(B0 criminal contempt show cause order.

7. Following a conceded *Brady* violation in another case before this Court *in United States v. Pizarro*, No. 17-cr-151, the leadership in the United States Attorney's Office assured the Court that significant new training on disclosure issues was being systematically instituted in the Office in order to prevent a similar issue from recurring. Did all AUSAs in this matter, including the Special AUSA (SAUSA) assigned from the District Attorney of New York (DANY), receive the newly-instituted training?

8. What, if any, steps are being taken by the US Attorney's Office and/or DANY, in response to the handling of this case?

9. Does the Government agree that even after granting the application for *nolle prosequi* or dismissing the indictment in the manner requested by the defense, the Court possesses continuing supervisory authority to determine if sanctions are appropriate for any ethical violations and/or prosecutorial misconduct? *See United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000) (discussing district courts' inherent power to impose sanctions).

SO ORDERED.

Dated: June 9, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

4

Page **5** of **5**
**June 8, 2021**
**US v. Ware, 04cr1224 and 05cr1115 (SDNY)**
**Exhibit #UTW-07 in support of Rule 33 motion for a new trial and Rule 42(B0 criminal contempt show cause order.**