From:   Ulysses T. Ware

To: The Hon. William H. Pauley, III

Date:   June 11, 2021

RE: Filing the enclosed pleadings on the 04cr1224 and 05cr1115 (SDNY) dockets.

Judge Pauley:

Please file the enclosed pleadings:

## Cross-Petitioners' Sureties Verified Fed. R. Crim. P. Rule 46(g) Cross-Motion to Exonerate Cash Bail, Challenge to the Court's Article III Subject Matter Jurisdiction, and Response in Opposition to the Government's May 12, 2021, Dkt. 250 Purported 28 USC 2044 Motion.

on the applicable dockets.

In the future, please serve Mr. Ware via email at utware007@gmail.com with all of your orders

or directives entered in this matter, due to the slowness of the U.S. Mail.

**Mr. Ware and the estate of Mary S. Ware will file a brief in opposition to the Government's Dkt. #250 not later than June 20, 2021.**

/s/ Ulysses T. Ware

# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 11, 2021, by:

/s/ Ulysses T. Ware

*Ulysses T. Ware* (signature)

Ulysses T. Ware, individually, and as
the legal representative for the estate
of third party surety Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America, et al.,**
      **Plaintiff, Petitioner,**
      **Cross Respondent,**

    **v.**

**Ulysses T. Ware, et al.,**
      **Defendant, Respondent,**
      **And Cross Petitioner.**

---

## Cross-Petitioners' Sureties Verified Fed. R. Crim. P. Rule 46(g) Cross-Motion to Exonerate Cash Bail, Challenge to the Court's Article III Subject Matter Jurisdiction, and Response in Opposition to the Government's May 12, 2021, Dkt. 250 Purported 28 USC 2044 Motion.

Comes now Ulysses T. Ware, ("**Mr. Ware**"), and the estate of third party surety Mary S. Ware, (the

"**Bail Sureties**" or "**Cross-Petitioners**"),   and files this their joint Rule 46(g) cross-motion for bail

exoneration in the District Court for adjudication; and request for an in court evidentiary hearing to cross-

examine and assess the credibility of witnesses; and resolve all disputed issues of material fact.

# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 11, 2021 by:

/s/ Ulysses T. Ware

*Ulysses T. Ware*

Ulysses T. Ware, individually, and as
the legal representative for the estate
of third party surety Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America, et al.,**
     **Plaintiff, Petitioner,**
     **Cross Respondent,**

    **v.**

**Ulysses T. Ware, et al.,**
     **Defendant, Respondent,**
     **And Cross Petitioner.**

---

**Declaration of Ulysses T. Ware personally and as the legal representative of the estate
of third party surety Mary S. Ware.**

I, Ulysses T. Ware, under oath, subject to the penalty of perjury, having personal knowledge of the facts, hereby this 11th day of June 2021, in the city of Brooklyn, NY, set my hand and seal and make this Declaration of fact personally and as the legal representative of the estate of third party surety Mary S. Ware, and pursuant to 28 USC 1746 state the following facts:

**"You shall know the truth and the truth shall set you free." John 8:32.**

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

Witnesses to be subpoenaed and called to give fact testimony at the evidentiary hearing to resolve issues of disputed material facts regarding the truth, the veracity and credibility of the statements within AUSA Melissa A. Childs' **false** Declaration dated May 12, 2021, filed at Dkt. 251 in 04cr1224 and 05cr1115 (SDNY) and her memorandum of law and other filings submitted and signed pursuant to Fed. R. Civ. P. 11(b)(1-4):

| | | |
|---|---|---|
| **William H. Pauley, III** | Melissa A. Childs | Audrey Strauss |
| **Alexander H. Southwell** | **Steven D. Feldman** | Nicholas S. Goldin |
| Michael J. Garcia | David N. Kelley | ***Katherine Polk-Failla*** |
| Sarah E. Paul | Maria E. Douvas | ***Preet Bharara*** |
| Steven R. Peikin | Peter W. Hall | Barbara S. Jones |
| Ari Rabinowitz | Kenneth A. Zitter | Alpha Capital, AG (Anstalt) |
| Andrew L. Fish | Jeffrey B. Norris | Spencer C. Barasch |
| FINRA | | |

I.

**A.      Summary of the Argument.**

1.      Petitioners-Sureties argue that the Government's 28 USC 2044 claim is moot for lack of Article III subject matter jurisdiction over the proceedings, to wit, Petitioners-Sureties assert that 28 USC 2044 "**shall not apply to any third party surety**"[1] thus, the United States lacks Article III standing, i.e., a concrete injury in fact regarding the $25,000.00 cash collateral deposited by the

---

[1] See Exhibit #9.

estate of third party surety Mary S. Ware on or about June 7, 2007, with the District Clerk to secure bail for Ulysses T. Ware. The claim is moot. The Court is required to immediately exonerate the $25,000.00 cash collateral owned by the estate of third party surety Mary S. Ware pursuant to Fed. R. Crim. P. Rule 46(g) and order the Clerk to immediately return said cash collateral plus accrued interest to the attn. of Ulysses T. Ware.

2.      Petitioners-Sureties further argue that the District Courts,[2] generally, **currently**, at this stage of the proceedings[3], lack the constitutionally required **live** Article III case or controversy regarding their respective proceedings: all proceedings, issues, facts, and claims required to resolve the Government's 28 USC 2044 claim *have already been* **actually or necessarily resolved** by final order-judgment[4] or final judgment[5] in favor of Ulysses T. Ware, (the "**Prevailing Party**"), actually in 02cv2219 (SDNY),[6] and necessarily in 04cr1224 (SDNY); actually in 07-5670cr (XAP) (2d

---

[2] 02cv2219 (SDNY), 04cr1224 (SDNY), and 05cr1115 (SDNY).

[3] Article III federal courts are required to have subject mater jurisdiction over all elements, issues, facts, and claims at all stages of their proceedings. Furthermore, the District Courts 04cr1224 and 05cr1115 currently lack **personal jurisdiction** over Ulysses T. Ware, (i) by application of the absolute finality of the Double Jeopardy Clause triggered on November 7, 2008, pursuant to the USAG's Article II Appellate Political Decision to dismiss with prejudice *Gov.-I*; and, (ii) by Judge Sand's December 20, 2007, Dkt 90, dismissal with prejudice of the 02cv2219 (SDNY) lawsuit; and necessarily, abrogation and annulment of the 04cr1224 indictment's charges. Cf., Exhibit #7.

[4] See Exhibit #7: December 20, 2007, Dkt. 90, Rule 41(a)(2) superseding final order-judgment entered in favor of GPMT, Ulysses T. Ware, and the Landers, (the "**Prevailing Parties**").

[5] See Exhibit #8: 07-5670cr (XAP) final judgment entered in favor of Ulysses T. Ware, (the "**Prevailing Party**").

[6] See n.3, supra.

Cir.),[7] and necessarily in 05cr1115 (SDNY).[8] The Government's 28 USC 2044 claim is moot and prohibited by res judicata.

3.      Petitioners-Sureties further contend that the District Courts (04cr1224 and 05cr1115) currently lack all **personal jurisdiction** over Ulysses T. Ware and the estate of Mary S. Ware to conduct any 28 USC 2044 claim adjudication, or other Article III adjudication based on moot and abrogated judgments obtained through fraud and other criminal acts committed by William H. Pauley, III, Robert W. Sweet, Leonard B. Sand, Alexander H. Southwell, **unregistered broker-dealers** Alpha Capital, AG,[9] Stonestreet, L.P., Amro International, S.A., Markham Holdings, Ltd., LH Financial Services, Ari Rabinowitz, Ari Kluger, and others both known and unknown. The Government's 28 USC 2044 claim is moot and void ab initio.

**B.      Statement of the Case.**

**1.**      Petitioners-Sureties hereby disputes and challenges as incomplete, fraudulent, false and misleading, and omitted material facts to such an extent the contents of  paragraphs 3-7 of AUSA

---

[7] See n.5, supra.

[8] The Court of Appeals August 18, 2009, superseding final judgment entered in 07-5670cr (XAP) (2d Cir.), *Gov.-I*, (see Exhibit #8) actually and necessarily resolved all issues, facts, and claims with respect to R-1, R-2, and R-3 (see Exhibit #3) in favor of Ulysses T. Ware; triggered res judicata, collateral estoppel and terminated the Court of Appeals and the District Court's Article III subject matter jurisdiction over the facts, issues, and claims resolved, actually or necessarily, by R-1, R-2, and R-3. Moreover, the Double Jeopardy Clause's absolute finality was triggered on November 7, 2008, by the USAG's Article II Appellate Political Decision to terminate and dismiss with prejudice the Government 07-5670cr (XAP) (2d Cir.) Rule 28.1 cross-appeal of R-1, R-2, and R-3, (see Exhibit #4).

[9] See Exhibit #10: FINRA's April 21, 2021, email confirmed that Alpha Capital, AG (the plaintiff in 02cv2219 SDNY lawsuit) **was never registered with FINRA or the SEC as a lawful broker-dealer**; and accordingly, the proceedings, orders, and judgments entered  in 02cv2219 (SDNY) all are null and void ab initio; and by necessary implication all indictments, proceedings, judgments of conviction, sentences, fines, or special assessments entered in 04cr1224 are null and void ab initio as a matter of law.

Melissa A. Childs' Declaration dated May 12, 2021, filed as Dkt 251 in 05cr1115 and 04cr1224

(SDNY), (the **"False Declaration"**), are rendered false and misleading and an intentional fraud on

the court.

2.      The **False Declaration** omitted the *known dispositive material* fact that Judge Sand on

December 20, 2007, Dkt 90, in 02cv2219 (SDNY) dismissed with prejudice, annulled, vitiated, and

abrogated all proceedings, orders, and judgments therein based on the **voluntary** Fed. R. Civ. P.

Rule 41(a)(2) motion to dismiss the 02cv2219 lawsuit with prejudice submitted by **unregistered**

**broker-dealer** Alpha Capital, AG's counsel, government 04cr1224 trial witness Kenneth A. Zitter,

Esq. A **concealed** known material fact that rendered the Government's 28 USC 2044 claim in

regard to the 04cr1224 proceedings moot.[10]

3.      The **False Declaration** omitted the *known dispositive material* fact that on November 7,

2008, the USAG pursuant to Article II, 18 USC 3742(b), and Fed. R. App. P. Rule 42(b) notified the

United States Court of Appeals for the Second Circuit and Ulysses T. Ware, the United States had

decided to abandon, abort, terminate, and *dismiss with prejudice* its *United States v. Ware*, 07-

5670cr (XAP) (2d Cir.), *Gov.-I*, Rule 28.1 cross-appeal of R-1, R-2, and R-3.[11] Therefore, ipso facto,

by operation of law the USAG terminated the Court of Appeals and the District Court's Article III

subject matter jurisdiction over all issues, facts, and claims actually or necessarily resolved by his

Article II Appellate Political Decision to **dismiss with prejudice** *Gov.-I* on November 7, 2008. A

---

[10] See n. 4 supra.

[11] See Exhibit #4 and Exhibit 3.

dispositive known material fact that rendered the Government's bad faith, vexatious, baseless in law and fact, bogus, and frivolous 28 USC 2044 claim moot in law and in fact.

### Fact #1.

In furtherance of the retaliatory **racially-motivated hate crime conspiracy** initiated by rogue elements inside the United States Department of Justice, (the "**DOJ**"), operating in collusion and conspiring with a continuing criminal enterprise, (the "**CCE**"), run and operated by New York-based **unregistered broker-dealers** Alpha Capital, AG[12] (Anstalt), LH Financial Services, Ari Rabinowitz, Ari Kluger, and others known and unknown, as an over act in furtherance of the international Hobbs Act money laundering and extortion RICO conspiracy, on or around November 17, 2004, Mr. Ware was fraudulently charged and indicted by United States Attorney (SDNY) David N. Kelley and his surrogates, (the "**USAO**"), in *United States v. Ware*, 04cr1224 (SDNY), with three count of criminal contempt[13], 18 USC 401(3), for refusing to criminally violate

---

[12] On April 21, 2021, via email, FINRA confirmed that Alpha Capital, AG had never registered as a broker-dealer with FINRA. Therefore, as a matter of law, Alpha Capital, AG was prohibited from being a plaintiff in the 02cv2219 (SDNY) lawsuit; prohibited from any claim of damages, and the 02cv2219 district court lacked Article III and 28 USC 1332(a) diversity subject matter jurisdiction to have adjudicated any claim of Alpha Capital, AG. Accordingly, all charges in the 04cr1224 indictment that relied on in whole or in part on the 02cv2219 proceedings are null and void ab initio for lack of probable cause. See Exhibit #10.

[13] As a matter of law, it is not a criminal contempt **offense** for Ware, a securities lawyer, to not criminally violate the federal securities laws by not issuing bogus and fraudulent Rule 144(k) legal opinions to the Plaintiffs in 02cv2219 (SDNY), judicially admitted **statutory underwriters**, see para. 12-13 of the 2219 complaint, and 04cr1224 ((SDNY) Government Exhibit para. 10.1(iv) of GX-5 and enable an illegal and criminal public offering of the securities of his client, GX 1-4, Group Management Corp., a/k/a GPMT, a publicly-traded company on the OTCBB exchange. See Exhibit #1.

the federal securities laws, **SEC Release 33-7190**[14], and issue bogus and fraudulent Rule 144(k)

legal opinions to the 02cv2219 plaintiffs, judicially admitted 15 USC 77b(a)(11) **statutory**

**underwriters**[15] and **unregistered broker-dealers**.[16]

### Fact #2.

Third party surety Mary S. Ware posted her personal residence located at 315 King St.,

Andalusia, AL as security for bail for the 04cr1224 charges.

### Fact #3.

---

[14] See 15 USC 77e, 77x, and 78ff, criminal violations for the offer or sale of unregistered securities by unregistered broker-dealers and statutory underwriters.

[15] See para. 12-13 of the 02cv2219 (SDNY) complaint for the plaintiffs' judicial admissions and affirmative and negating defenses pleaded on the face of the 04cr1224 indictment at para. 9-12, and referencing 04cr1224 (SDNY) Government Exhibit GX-5 at para. 10.1(iv). **The Government pleaded itself out of the federal court** by judicially admitting and stipulating at para. 9-12 of the frivolous and bogus 04cr1224 indictment that the 02cv2219 (SDNY) plaintiffs, (the "**Plaintiffs**"), were in fact **ineligible** for any Rule 144(k) legal opinions demanded from Mr. Ware necessary to enable an unregistered criminal public offering of GPMT's securities, GX 1-4, (the "**Notes**"), purchased on or about "February 2001" pursuant to GX-5, (the so-called "**Subscription Agreement**"). The Government's concession and judicial admissions pleaded on the face of its indictment, affirmative and negating defenses to all charges, that the Plaintiffs were not eligible for Rule 144(k) exemption to 15 USC 77e strict-liability registration requirements nullified and vitiated the Government's charges in Counts I, II, and III, i.e., the indictment failed to charge an 18 USC 401(3) criminal contempt **offense**. The factual element of proof, "willful", was a legal impossibility given the Government's binding judicial admissions and equitable and judicial estoppel. **Therefore, accordingly, given the indictment failed to charge a criminal contempt offense, the 04cr1224 district court (Sweet, J.) lacked 18 USC 3231 subject matter jurisdiction to enter a judgment of conviction, sentence, or impose any alleged fine in the amount of $12,500.00, or impose any special assessment.** Cf., *Steel Co.*, 523 U.S. at 93-95, n. 28, infra.

[16] Section 2(a)(11) **statutory underwriters** are ineligible for any exemption to Section 5 strict-liability registration requirements, see **SEC Release 33-7190** and *Berckeley*, 455 F.3d at 220 citing SEC Release 33-7190 (Section 2(a)(11) statutory **underwriters required to register all distribution of securities**). (emphasis added). Indisputable Brady exculpatory and exoneration evidence required to have been disclosed to Mr. Ware by the USAO's lawyers "prior to trial."

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

In or around September 2005 Ware was again fraudulently charged by the USAO in retaliation for Ware's refusal to enter a guilty plea to the bogus charges in the 04cr1224 indictment.[17] Mary S. Ware again posted here personal residence as security for the bail imposed in the 05cr1115 case.

**Fact #4.**

On or around April 30, 2007, after an unconstitutional and fraudulent jury trial coordinated, orchestrated and conducted by **District Judge William H. Pauley, III**, who deliberately and intentionally with incongruent duplicity colluded, conspired, and acted in concert with the USAO and SEC and did criminally violate Ware's constitutional rights, a purported jury returned guilty verdicts against Ware in the 1115 case despite Ware not being permitted by Judge Pauley to **"present a complete defense to the Government's charges"** in violation of Mr. Ware's Sixth Amendment rights to put on and compel witnesses in his favor having dispositive material exculpatory, impeachment, and exoneration evidence in the possession of the USAO and the Securities and Exchange Commission, (the "**SEC**").[18] Material

---

[17] Ware's retained lawyer, Edward T.M. Garland, Esq., informed Mr. Ware that, " ... unless you plead guilty to the criminal contempt charges I was told by the Government, AUSA Goldin, they intend to bring another [retaliatory] major crimes indictment against you ... they will not settle the charges, you will either plead guilty or go to trial and be found guilty ... you have no way out of this ... it has already been arranged you will be found guilty if you go to trial [in 04cr1224 (Sweet, J.) and 05cr1115 (Pauley, J.)] ... they {AUSAs Goldin and Southwell] said that you should have given Judge Sand and his people that stock ... there's not a whole lot that we can do for you ... I suggest that you take the good plea deal that we can work out for you ...." (emphasis in original) (quoting Garland in circa 2005-06). Mr. Ware rejected Garland's purported "good plea deal" fired Garland who refused to prepare the cases for trial, after being paid, and Mr. Ware entered his appearance as pro se counsel and tried both the 1115 and 1224 cases to the jury.

[18] Mr. Ware was fraudulently denied his absolute Sixth Amendment right, (see Judge Pauley's bogus January 6, 2007, order, Dkt. 35, (see Exhibits ## 5 and 6) on motion by the USAO's Alexander H. Southwell in conspiracy with the SEC, denied Mr. Ware the right to compel any "SEC employee" as a witness at trial

exculpatory Brady evidence was deliberately and intentionally concealed and suppressed by Judge Pauley and the USAO's lawyers to deny Mr. Ware a constitutional fair trial.[19]

**Fact #5.**

After the jury returned its illegal and void verdict on or about April 30, 2007, the Government moved to immediately remand Ware. The Government's motion was denied. However, District Judge Pauley forced Mr. Ware to deposit an additional $50,000 cash as bail security in addition to the property of Mary S. Ware.

---

in the 05cr1115 case) to compel SEC lawyers who worked on and investigated the SEC's Las Vegas, 03-0831 (D. NV) lawsuit. Had Mr. Ware been permitted to exercise his Sixth Amendment right to compel the SEC lawyers to testify in the 05cr1115 case, they would have testified consistent with para. 33 in the 03-0831 complaint. They would all have testified that INZS and SVSY's press releases "**had no effect on the stock prices** [material Brady exculpatory, exoneration, and impeachment evidence, and therefore as a matter of law and **fact the press releases were immaterial and accordingly not actionable, civilly or criminally, in the federal courts**]." (emphasis added);

and also testified that "the Commission did not believe there was any conspiracy between Mr. Ware and the employees [i.e., the Government's 05cr1115 trial witnesses]." (quoting former SEC lawyer Jeffrey B. Norris in an official SEC suppressed and concealed Brady evidence email to Jeremy Jones), (the "**Gov't Stooges**"), (i.e., government "principal witness" Jeremy Jones (quoting Judge Kearse in the moot and void **United States v. Ware**, 07-5222cr (2d Cir. 2009) opinion), Elrico Sadler, Carlton Epps, Myron Williams, and Charles H. Jackson); Judge Pauley colluded, conspired and coordinated the 1115 pre-trial, trial, and post-trial proceedings to cover-up and conceal his personal involvement in the SEC-DOJ hate crime conspiracy against Mr. Ware; and has failed to adjudicate or take an official judicial action on any pleading that could or potentially expose **his** personal involvement in the conspiracy against Mr. Ware.

[19] District Judges William H. Pauley, III and Robert W. Sweet (deceased) deliberately and intentionally as overt acts in furtherance of the racially-motivated retaliatory hate-crime perpetrated by the USAO in service to the Hobbs Act international money laundering CCE run by **unregistered broker-dealer** Alpha Capital, AG (Anstalt), et al., rigged and fixed the 05cr1115 and 04cr12124 proceedings, respectively, in an unconstitutional manner and in such an unethical and criminal manner that Mr. Ware was denied this absolute constitutional right to "present a complete defense" to the Government's bogus and fraudulent charges, and denied his right to present Brady exculpatory and exoneration evidence at the trials. Mr. Ware's legal team and investigators have recently uncovered material Brady exculpatory, exoneration, and impeachment evidence concealed and suppressed by the USAO and Judges Pauley and Sweet in violation of and in willful resistance to written Brady orders entered in the 04cr1225 case (i.e., August 10, 2007, Dkt. 32) and in the 05cr1115 case (i.e., May 19, 2006, Dkt. 17, Tr. 5-9)., jointly, (the "**Brady Orders**").

June 11, 2021
Rule 46(g) cross-motion for cash bail exoneration.

**Fact #6.**

In or around June 7, 2007, third party surety Mary S. Ware, ("**Surety #1**"), sent via a cashier check the amount of $25,000.00 to the District Clerk (SDNY) office as cash collateral to secure the additional bail requirements imposed by District Judge Pauley in the 05cr1115 case.[20]

**Fact #7.**

Third party surety Mary S. Ware's $25,000.00 cashiers check was received by the District Clerk and credited to the 05cr1115 case as cash collateral security for the $50,000.00 bail amount in or around June 7, 2007[21].

**Fact #8.**

In or around June 7, 2007, surety Mr. Ware, ("**Surety #2**"), wired to the account of the District Clerk the sum certain amount of $25,000.00 as cash collateral to secure the $50,000.00 cash bail imposed by District Judge Pauley in the 05cr1115 case.

**Fact #9.**

---

[20] The Office of the District Clerk has confirmed receipt of $25,000.00 from Mary S. Ware, deposited as a ***third party surety***.

[21] 28 USC 2044 states in heac verba:
On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. **This section shall not apply to any third party surety**. (emphasis added).

On or about November 27, 2007, Mr. Ware voluntarily **self-surrendered**[22] to the U.S. Marshals (SDNY), as ordered by District Judge Sweet. All terms and conditions of bail were satisfied, and the cash collateral exonerated the moment Mr. Ware voluntarily self-surrendered in November 2007[23].

### Fact #10.

All conditions of bail imposed in both 04cr1224 and 05cr1115 were discharged on November 27, 2007, by Mr. Ware's **voluntary self-surrender** to the custody of the U.S. Marshals.[24]

### Fact #11.

According to the Office of the District Clerk (SDNY) the Government has not and has never filed any pleading seeking to forfeit the cash bail, $25,000.00 of Mr. Ware or $25,000.00 of third party surety Mary S. Ware, or the personal residence of Mary S. Ware.

### Fact #12.

According to the District Clerk's Office the Government has never been adjudicated in any official proceeding as a "judgment-creditor" and there are no extant valid written judgments on

---

[22] On or about November 27, 2007, Mr. Ware **self-surrendered** to the U.S. Marshals (SDNY) at 500 Pearl St., NY, NY and was taken into custody and transferred to the Bureau of Prisons, MDC federal prison in Brooklyn, NY, and assigned the BOP number 56218-019.

[23] See Exhibit #11, Rule 46(g).

[24] Due to the unlawful and illegal alleged "special conditions" of supervised released imposed on Mr. Ware by David Mulcahy of the USPO, Mr. Ware has been unable to obtain the physical records of his November 27, 2007, **voluntary self-surrender** to the U.S. Marshals. Mr. Ware sought the assistance of Mr. Mulcahy to obtain the physical records maintained by the Marshals, and was told, " ... the Marshals said they do not maintain records that far back ...."

file in the 04cr1224 and the 05cr1115 cases in the Office of the Clerk where the Government is named as a "judgment-creditor" with respect to the cash bail submitted by Surety #1 and Surety #2, or the personal residence of Surety #1 (the estate of Mary S. Ware).[25]

## Fact #13.

In counsel for the Government, AUSA Melissa A. Childs, moving papers, Dkt. 250, 251, and 252 submitted to the Court on May 12, 2021, at no place did AUSA Childs assert or allege that Mr. Ware violated the terms or conditions of bail; and furthermore, AUSA Childs did not assert, alleged, reference, or attach a **certified copy** of any purported judgment that named the United States as the prevailing party in any bail forfeiture proceeding against the posted collateral of Surety #1 or Surety #2.

## Fact #14.

Currently pending in the District Court (04cr1224 and 05cr1115) is Mr. Ware's Fed. R. Crim. P. 33 motion for a new trial based on newly-discovered material Brady exculpatory, exoneration, and impeachment evidence, (the **"Concealed Brady Evidence"**), concealed and suppressed by Judges Pauley and Sweet, and the USAO in collusion and conspiracy with the SEC, **unregistered broker-dealers** Alpha Capital, AG (Anstalt), Kenneth A. Zitter, Esq., LH Financial Services, Stonestreet, L.P., Amro International, S.A., Markham Holdings, Ltd, Ari Kluger, Ari Rabinowitz and others.

---

[25] Once Mr. Ware **voluntarily self-surrendered** on November 26, 2007, into the custody of the U.S. Marshals (SDNY) all conditions of bail imposed by the Courts were then satisfied; and thus, the Government had no legal right or standing to seek any bail forfeiture against the cash collateral posted by Surety #1 or Surety #2. **The issue became moot on November 26, 2007**. See Exhibit #11, Rule 46(g).

**Fact #15.**

Currently pending in the District Courts is Mr. Ware's, the Prevailing Party, Fed. R. Crim.

P. Rule 42(b) application for a show cause order directed to the Primary and Supplement

Respondents, i.e., acting U.S. Attorney (SDNY) Audrey Strauss and AUSA Melissa A. Childs, to

show cause why each shall not be held in criminal contempt of final orders and judgments

entered in the 02cv2219, 04cr1224, and 05cr1115 cases in favor of Mr. Ware that are dispositive

with respect to any alleged outstanding fines or forfeitures illegally imposed; however, annulled,

vitiated, voided, and/or **abrogated** by the United States Attorney General (the **"USAG"**),[26] and

federal courts' final order or judgments.[27]

**Fact #16.**

Had AUSA Childs and acting USA Strauss conducted a proper, adequate, and competent

pre-filing investigation required by Fed. R. Civ. P. 11(b)(1-4) prior to preparing, signing, and filing

Dkt. ##250, 251, and 252, they would have been in position to discover the final orders and

judgments referenced in Fact #15, supra; and been in position to discover District Judge Sand's

---

[26] A competent Rule 11(b)(1-4) pre-filing investigation would have found that on November 7, 2008, the USAG pursuant to his **unreviewable** and binding Article II appellate political discretion power, Fed. R. App. P. 42(b), and 18 USC 3742(b), notified Mr. Ware and the Court of Appeals for the Second Circuit that "The Government filed a notice of appeal but is not pursing a cross-appeal [in ***U.S. v. Ware***, 07-5670cr (XAP) (2d Cir.), Gov.-I]." (emphasis added).

[27] On August 18, 2009, the Court of Appeals for the Second Circuit entered final judgment and ratified the USAG's November 7, 2008, Article II appellate political decision to abandon, abort, terminate, and dismiss with prejudice the United States and its privies 07-5670 (XAP), ***Gov.-I***, cross-appeal. Which, ipso facto, by operation of law affirmed the 05cr1115 district court (Pauley, J.), October 2007 Double Jeopardy Verdicts, to wit, Dkt. 99: S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. Tr. 73-76 (R-3), jointly, (the **"Pauley Double Jeopardy Acquittal Verdicts"**).

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

December 20, 2007, Dkt 90, superseding, ex parte, **after the statute of limitation had run on all claims in the 02cv2219 (SDNY) complaint**, Rule 41(a)(2) final order-judgment entered in favor of GPMT, Mr. Ware, and the Landers, (the "**Prevailing Parties**").

### Fact #17.

A competent and thorough Rule 11(b)(1-4) pre-filing legal analysis of the facts, law[28], and circuit precedent by AUSA Childs and acting USA Strauss regarding Judge Sand's Rule 41(a)(2) final order-judgment would have uncovered that the 02cv2219 plaintiffs' **voluntary** Rule 41(a)(2) motion, **after the statute of limitation has run on all claims in the plaintiff's complaint**, is the legal equivalent of an adjudication on the merits in favor of the defendants[29], and the dismissal order is the legal equivalent of a final judgment on the merits in favor of the defendants for the purpose of enforcement of the dismissal order pursuant to civil and Rule 42(b) criminal contempt show cause proceedings.

### Fact #18.

Had AUSA Childs and acting USA Strauss conducted a competent Rule 11(b)(1-4) pre-filing investigation of the 04cr1224 indictment's claims at para. 9-12 and compared the same to the 02cv2219 complaint's para. 12-13 and para. 10.1(iv) of GX-5[30] and read the same in pari materia

---

[28] A competent Rule 11(b)(1-4) pre-filing investigation would have found circuit precedent *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952). Which held that a **voluntary** dismissal of a lawsuit by the plaintiff annulled, vitiated, and voided all prior orders judgments, and proceedings in the lawsuit as if the lawsuit "had never been filed" and terminated the court's subject matter jurisdiction over the proceedings, and rendered the proceedings moot.

[29] The defendants in the 02cv2219 (SDNY) lawsuit were Elorian and Beck Landers, IVG Corp., a/k/a Group Management Corp., d/b/a GPMT, and their privy Ulysses T. Ware, jointly, (the "**Prevailing parties**").

[30] See Exhibit #1, para. 12-13 filed in the 02cv2219 (SDNY) complaint, binding judicial admissions.

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

with 15 USC 77b(a)(11) any competent federal prosecutors would have understood and realized that the 04cr1224 indictment's claims as a matter of law pleaded the United States out of court by pleading affirmative and negating defenses on the face of the indictment, (the "Indictment").[31]

### Fact #19

Had AUSA Childs and acting USA Strauss conducted a competent Rule 11(b)(1-4) pre-filing investigation of the 05cr1115 proceedings, including post-trial proceedings in the SEC-DOJ's 03-0831 (D. NV) comingled case, a competent investigation would have revealed that on or about July 14, 2003, a person whose identity is purportedly unknown to the SEC[32] without any proper

---

[31] The Government's 04cr1224 indictment's claims in para. 9-12 referenced the "Loan Agreements" (i.e., para. 10.1(iv) of GX-5) which as a matter of law, 15 USC 77b(a)(11), **conferred statutory underwriter statute on each 02cv2219 plaintiff**; and consequently, legally, ipso facto, rendered the Indictment null and void ab initio: SEC Release 33-7190 (1995), federal law, and national policy explained that Section 2(a)(11) statutory underwriters [the 02cv2219 plaintiffs] **are required to register [with the SEC] all distribution of [GPMT's] securities[, Government Exhibits GX 1-4]**; and therefore, as a matter of law, the Government could not prove and did not prove at trial, beyond a reasonable doubt, the moot orders and judgments [GX-7, GX-11, GX-24, and GX-34] entered in the moot 02cv2219 proceedings, purporting to order Mr. Ware to issue criminal and fraudulent Rule 144(k) legal opinions to the 02cv2219 plaintiffs, statutory underwriters ineligible for Rule 144(k)] were "lawful" orders and judgments as required by the 18 USC 401(3) statute charged in Counts I, II, and III of the Indictment. (emphasis added). Ergo, absolute material Brady exculpatory and exoneration evidence asserted by the Government on the face of its risible 04cr1224 Indictment. **The Government's pleading of Brady exculpatory and exoneration evidence on the face of the Indictment, affirmative and negating defenses, as a matter of law, constituted an acquittal on all charges for Mr. Ware regarding the 04cr1224 Indictment.**

[32] According to former SEC lawyer William Smith-Grieg, Esq., during 2012 proceedings in the 03-0831 (D. NV) case, Mr. Smith-Grieg judicially admitted in response to Mr. Ware's Rule 12(h) motion to dismiss the complaint for lack of Article III and statutory subject matter jurisdiction, that the SEC could not identify the person who submitted the 03-0831 complaint to the District Court; *and conversely, the SEC had no proof the person who submitted and signed the 03-0831 was an SEC lawyer then admitted to practice in the District Court (D. NV) as required by Rule 11(a). Ergo, post-trial material Brady exculpatory and exoneration evidence in the possession of the United States, the real party in interest in 04cr1224 and 05cr1115.*

authority submitted to the District Court (D. NV) an **unsigned**, as required by Fed. R. Civ. P.

11(a)[33], complaint, that was illegally and improperly docketed and filed[34] by the Office of the

District Clerk (Lance C. Wilson).[35]

### Fact #20

The trial records in both 04cr1224 and 05cr1115 show that the USAO's prosecutors relied

on in the grand jury, at trial, and on appeal the contents of the moot and void 03-0831 (D. NV)

lawsuit's complaint, claims, orders, and judgments as the pretext to obtain fraudulent and illegal

arrest warrants for Mr. Ware; and in known perjurious grand jury testimony of former FBI special

agent David Makol, perjury suborned by AUSA Alexander H. Southwell, et al., in the grand jury,

at trial, on appeal, and during post-trial proceedings.

---

[33] The District Clerk (Lance C. Wilson) D. NV was prohibited by Rule 11(a) from filing, docketing, assigning any docket number, or issuing any summons regarding the unsigned complaint. Accordingly, the District Court (D. NV) never obtained proper and lawful personal jurisdiction over the defendants, i.e., Mr. Ware, et al.; and moreover, **the District Court never obtained lawful and proper subject matter jurisdiction over the proceedings <u>lacking a lawful and validly filed and docketed complaint</u>**. Ergo, all aspects of the 03-0831 proceedings, orders, and judgments are null and void ab initio and were prohibited from forming the basis of any probable cause in the bogus, fraudulent, and perjurious affidavit of former FBI special agent David Makol presented to obtained illegal and fraudulent arrest warrants for Mr. Ware, and suborned by former AUSAs Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Andrew L. Fish, Michael J. Garcia, Steve Peikin, and others.

[34] Fed. R. Civ. P. Rule 11(a). Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. **The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention**.

[35] The District Clerk improperly and illegally filed and docketed the **unsigned** complaint as *SEC v. Small Cap Research Group, et al.*, case no. 03-0831 (D. NV) (KJD)(RJJ) without the complaint being signed by an admitted SEC lawyer. The 03-0831 (D. NV) lawsuit is void ab initio and required to be stricken.

AUSA Childs and acting USA have covered-up and concealed material dispositive Brady exculpatory evidence required to have been disclosed to Mr. Ware "prior to trial" pursuant to the written Brady Orders; and both have attempted to obstruct justice and perpetrate another fraud on the court regarding the status of the United States as an alleged "judgment-creditor" in regard to the Sureties' cash bail deposited with the District Clerk. The Government's frivolous assertion that it is a "judgment-creditor" viz-a-viz the 04cr1224 and 05cr1115 proceedings necessarily asserts that the 03-0831 (D. NV) complaint, claims, orders, and judgments are valid and lawful. Which is contradicted by the judicial admissions of former SEC lawyer Smith-Grieg made during the 03-0831 litigation in 2012.

Moreover, a pre-filing Rule 11(b)(1-4) review and investigation of the 03-0831 complaint and proceedings, along with a review of Mr. Ware's post-trial filings in 05cr1115 and 04cr1224 would have confirmed to AUSA Childs and acting USA Strauss the United States and its privies lacked Article III standing to pursue as a petitioner any claim, issues, or fact regarding the cash bail collateral that depended in whole or in part on issues, facts, and **claims already actually or necessarily resolved** by, to wit:

(i) the Judge Sand's December 20, 2007, Dkt. 90, superseding Rule 41(a)(2) final order-judgment entered in 02cv2219 (SDNY) and its inherent preclusive effects on the 04cr1224 Indictment's claims and charges;

(ii) the USAG's November 7, 2008, absolute binding Article II appellate political decision to **dismiss with prejudice** 07-5670cr (XAP) (2d Cir.), **Gov.-I, and the Double Jeopardy, res judicata, and collateral estoppel legal consequences on the 05cr1115 proceedings**;

(iii) the Court of Appeals for the Second Circuit's August 18, 2009, superseding Cross-Appeal Final Judgment entered in *Gov.-I*, in favor of Mr. Ware, the **Prevailing Party**; and Mr. Ware's legal rights as the Prevailing Party in *Gov.-I*, and the Double Jeopardy Clause's absolute finality on all issues, facts, and claims subject to the inherent preclusive effect of the USAG's Article II appellate political decision and the Court of Appeals' entry of final judgment and ratification of the USAG's Article II appellate political decision's legal consequences on the District Courts' Article III subject matter jurisdiction to adjudicate any issues, claims or facts covered by the Double Jeopardy Clause's fact-finding finality;

(iv).    The Government new or should have known, or recklessly failed to investigate the law and the facts prior to filing the September 2005 05cr1115 indictment, (the "**1115 Indictment**"), that the SEC's Article II litigation position regarding the 03-0831 D. NV proceedings was that:

(a).    there was no conspiracy between Mr. Ware and the employees, i.e., the Gov't Stooges (the Gov't 05cr1115 trial witnesses that were employed by Mr. Ware);

(b).    that INZS and SVSY's press presses the subject matter of the SEC's investigation and subsequent lawsuit, and the subject matter of the 05cr1115 indictment as a matter of law

and fact "**did not** have the intended effect of **increasing**[36] the stock **price**,"[37] and thus, were

**immaterial**[38] and not actionable in the Article III federal courts, i.e., the 03-0831 and 05cr1115

Article III federal courts lacked a live case or controversy over the subject matter (the INZS and

SVSY press releases). Ergo, the 1115 Indictment failed to charge a securities fraud offense as

required by 18 USC 3231. Accordingly, the 05cr1115 district court (Pauley, J.) lacked all subject

matter jurisdiction of the proceedings to adjudicate and to enter any judgment of conviction or

sentence, or to impose any purported bail conditions. The Government's 28 USC 2044 claims are

moot and void ab initio.

## Fact #21

28 USC 2044 states in heac verba:

On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant

---

[36] It follows that if the "stock **price**" was not "**increasing**" then there was no "artificial **inflation [of the stock price]**" (as alleged in the 05cr1115 indictment, and the Government's 05cr1115 trial theory) caused by any press release or Mr. Ware. Ergo, the SEC pleaded the United States and its privies out of the federal court on July 14, 2003, by pleading the binding judicial admission in para. 33 of the unsigned 03-0831 complaint. Equitable and judicial estoppel against the United States in all subsequent proceedings.

[37] See para. 33 in the 03-0831 (D. NV) complaint submitted to the District Court unsigned on July 14, 2003, by an admitted SEC lawyer.

[38] Immaterial press releases or disclosures do not as a matter of law constitute an legal basis for Article III standing to initiate a securities fraud civil or criminal action: immaterial press releases as alleged in the 03-0831 and 05cr1115 Indictment as a matter of law could not form the basis for former FBI special agent's perjurious and false affidavit used to obtained arrest warrant for Mr. Ware; and could not form the basis of any grand jury probable cause to indict Mr. Ware in the 1115 Indictment.

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

committed or that the defendant would suffer an undue hardship. **This section shall not apply to any third party surety**. (emphasis added).

## Fact #22

28 USC 2044 statutory language confirmed that it "**shall not apply to any third party surety**" the estate of **third party surety** Mary S. Ware which deposited $25,000.00 cash collateral bail with the office of the clerk on or about June 7, 2007, via certified check. The United States Attorney has no legal interest or legal right to any cash collateral deposited by the estate of third party surety  Mary S. Ware as bail on behalf of Ulysses T. Ware.

## Fact #23

AUSA Childs and acting USA Strauss both officers of the court, both subject to the DOJ's Rules of Professional Conduct, and both subject to provide complete candor to the Court have egregiously and intentionally, as has been the unethical and prosecutorial misconduct of the USAO's throughout the proceedings, at Dkt 252 page 2, Argument section I, deliberately and intentionally misrepresented to the Court the language of 28 USC 2044. Ostensibly, Ms. Childs, having designs to continue to commit fraud on the court omitted the last sentence of Section 2044. She omitted to state that the statute "shall not apply to any third party surety" i.e., the estate of third party surety Mary S. Mary. Moreover, AUSA Childs has not filed any document with the Court correcting her deliberate, intentional, bad faith, and frivolous misrepresentation regarding the scope of the Section 2044 once Mr. Ware notified her and Ms. Strauss that the estate of third party surety Mary S. Ware was a "third party surety" in regard to $25,000.00 cash collateral deposited as bail.

**Fact #24**

The purported judgment obtained by the United States in 04cr1224 was obtained through

a pattern of racketeering activities, in deliberate and intentional violation of the Constitution of

the United States, in violation of Brady disclosure court orders, in violation of the Fifth and Sixth

Amendments, and in violation of 18 USC 3500. The United States and its agents knowingly and

intentionally, with the assistance **of Robert W. Sweet** and other unindicted coconspirators

designed an illegal plan and scheme to obtain the purported judgment through fraud, through

frauds on the court, perjury, conspiracy, mail and wire frauds, honest services fraud conspiracy,

grand jury fraud, misrepresentation, securities frauds, conspiracy to commit securities fraud,

racketeering to commit securities fraud, money laundering, and other federal and state crimes.

The purported judgment is null and void ab initio and unenforceable given it was procured

through the use of fraud.

**Fact #25**

The purported judgment obtained by the United States in 05cr1115 was obtained through

a pattern of racketeering activities, in deliberate and intentional violation of the Constitution of

the United States, in violation of Brady disclosure court orders, in violation of the Fifth and Sixth

Amendments, and in violation of 18 USC 3500. The United States and its agents knowingly and

intentionally, with the illegal assistance of **William H. Pauley, III** and other unindicted

coconspirators designed an illegal plan and scheme to obtain the purported judgment through

fraud, through frauds on the court, perjury, conspiracy, mail and wire frauds, honest services

fraud conspiracy, grand jury fraud, misrepresentation, securities frauds, conspiracy to commit

securities fraud, racketeering to commit securities fraud, money laundering, and other federal and state crimes. The purported judgment is null and void ab initio and unenforceable given it was procured through the use of fraud.

Signed this 11th day of June 2021, under oath subject to the penalty of perjury, pursuant to 28 USC 1746 in Brooklyn, NY.

/s/ Ulysses T. Ware

Ulysses T. Ware individually and as the legal
Representative for the estate of third party surety
Mary S. Ware.

## II.

**A.    Petitioner's Claims.**

Petitioners-Sureties incorporate by reference herein Facts ##1-25 into their claims, in heac verba, and plead and claim the following:

### Claim #1

(a).    Petitioners-Sureties claim that the District Courts, 04cr1224 and 05cr1115, currently lack Article III subject matter jurisdiction to adjudicate any issues, facts, and claims actually or necessarily resolved by District Judge Sand's December 20, 2007, **voluntary** Rule 41(a)(2) superseding final order-judgment entered in 02cv2219 (SDNY); and conversely;

(b).    Petitioners-Sureties claims that the United States and its privies currently lack Article III standing to petition the Court for any judicial relief in regard to any issues or claims precluded, actually or necessarily, resolved by the absolute finality of the Double Jeopardy Clause's inherent preclusive effects concurrent with the August 18, 2009, final judgment entered in *Gov.-I*, *United States v. Ware*, 07-5670cr (XAP) (2d Cir.);

(c).    Petitioners-Sureties claims the USAG's November 7, 2008, Article II appellate political decision estoppel -- with respect to all issues, facts, and claims resolved actually or necessarily by the USAG's decision to abort and dismiss with prejudice *Gov.-I*, 07-5670cr (XAP) (2d Cir.) – ipso facto, by operation of law, terminated the Article III standing of the USAO to seek any judicial relief in the Article III federal court in regard to the Sureties' cash bail collateral; and

(d).    terminated the Article III subject matter jurisdiction of the Article III federal courts to adjudicate moot issues, facts, and claims decided in favor of Petitioner Ware, the Prevailing Party

in **Gov.-I** (07-5670 and 05cr1115) and the Rule 41(a)(2) final order-judgment (02cv2219 and 04cr1224).

**Claim #2**

Petitioners-Sureties plead and claim that Fed. R. Crim. P. Rule 46(g)[39] demands that the District Court enter an order that exonerates the cash collateral, $25,000.00, deposited by the estate of third party surety Mary S. Ware on or about June 7, 2007, to secure the bail of Ulysses T. Ware in 05cr1115 (SDNY).

**(B).    Petitioners-Sureties Contentions and Issues.**

1.      Petitioner-Sureties contend that currently no Article III **live** case or **controversy** exist between the parties [Mr. Ware and the United States and its privies, the real parties in interest]; all Article III controversies have been resolved, actually or necessarily, by the entry of final judgment or final order in Mr. Ware's favors on all facts, issues, and claims currently before the Court inherent within the claims of the Government, that any Article III federal court has subject matter jurisdiction over to adjudicate to final judgment given:

(i).      Facts ##1-25;

(ii).     given Judge Sand's December 20, 2007, Dkt. 90, superseding Rule 41(a)(2) final order-judgment, (the "**Rule 41 Final Judgment**");

(iii).    given the USAG's November 7, 2008, unreviewable and nonjusticiable Article II appellate political decision, (the "**USAG's Appellate Political Decision**"); and

---

[39] See Exhibit #11, Rule 46(g).

(iv).     the Court of Appeals for the Second Circuit's August 18, 2009, superseding final judgment entered in *Gov.-I* (07-5670cr (XAP)) and ratification of the USAG's Appellate Political Decision to terminate, abort, abandon, and dismiss with prejudice the United States 07-5670cr (XAP) (2d Cir.) Rule 28.1 cross-appeal of R-1, R-2, and R-3 in the 05cr1115 (SDNY) proceedings.

2.     Petitioners-Sureties further contend that pursuant to the Double Jeopardy Clause's absolute finality and res judicata regarding any and all continued fact-finding in regard to all issues, facts, and claims actually or necessarily resolved by final order or final judgment with respect to the 02cv2219, 04cr1224 and 05cr1115 proceedings, the Article III federal courts lack all personal jurisdiction over Ulysses T. Ware, the **Prevailing Party**[40] by final order or final judgment in the 02cv2219, 04cr1224, 05cr1115, and 07-5670 (2d Cir.) proceedings. The United States is not the prevailing party in 04cr1224 or 05cr1115 and therefore as a matter of law lack Article III standing to attempt any enforcement of moot and abrogated judgments entered in moot and abrogated proceedings as the losing party. The Government's bad faith, vexatious, frivolous, baseless in law and fact, and filed for an improper purpose 28 USC 2044 claims are moot.

---

[40] Ulysses T. Ware is the legal prevailing party by final judgment, August 18, 2009, entered in *United States v. Ware*, 07-5670cr (XAP)(2d Cir.), *Gov.-I*; and the prevailing party by final order-judgment entered on December 20, 2007, Dkt. #90, (Sand, J.), 02cv2219 (SDNY).

## III.

**A.    Memorandum of Law.**

1.    It is a fact well-known to competent and adequately informed students of constitutional law that pursuant to the Separate of Power Doctrine the Constitution of the United States limited and restricted the subject matter jurisdiction of the United States federal courts in Article III to "live cases and controversies."

Concurrent with this requirement <u>is that the party</u> [in regard to the Government's motion filed in Dkt 250] <u>seeking judicial relief in the federal courts</u> has the burden of proof to establish its standing to initiate a proceeding in the federal courts by alleging a "concrete injury in fact caused by the conduct of the defendant ...." And the existence of the **<u>live controversy</u>** between the parties.[41]

"Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. See, *e. g., Allen* v. *Wright*, <u>468 U. S. 737</u>, 751 (1984).

Mr. Justice Scalia writing for the Court in *Lujan*, supra, further explained the Court's jurisprudence regarding the nebulous concept of standing by noting,

"Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" -an

---

[41] See ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 559-61 (1992) (Scalia, J.) ("While the Constitution of the United States divides all power conferred upon the Federal Government into "legislative Powers," Art. I, § 1, "[t]he executive Power," Art. II, § 1, and "[t]he judicial Power," Art. III, § 1, it does not attempt to define those terms. **To be sure, it limits the jurisdiction of federal courts to [live] "Cases" and "Controversies," ....**" (emphasis added).

invasion of a legally protected interest which is (a) concrete and particularized, see *id.,* at 756; *Warth* v. *Seldin, 422 U. S. 490,* 508 (1975); *Sierra Club* v. *Morton, 405* U. S. 727, 740-741, n. 16 (1972); 1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" *Whitmore, supra,* at 155 (quoting *Los Angeles* v. *Lyons, 461 U. S. 95,*102 (1983)). Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... thee] result [of] the independent action of some third party not before the court." *Simon* v. *Eastern Ky. Welfare Rights Organization, 426 U. S. 26, 41-42 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Id., at 38, 43.*

By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." Id. at 560-61.

Justice Scalia made clear that it is the Government herein that has the burden of proof to establish its standing, (i.e., whether or not a "**live** controversy **currently** exist" between Mr. Ware and the United States regarding whether the facts[42] and issues necessary for the court to resolve whether or not the United States is a "judgment-creditor" with respect to the 04cr1224 and 05cr1115 proceedings) to seek judicial relief in the federal courts regarding its 28 USC 2044 claims[43] filed in Dkt 250, *Lujan,* Id. at 561: ("The party invoking federal jurisdiction bears the

---

[42] A crucial fact necessary for the court to resolve prior to reaching the merits of the Government's claims in Dkt 250 regarding the 04cr1224 proceedings is, (i) whether or not the 2219 Plaintiffs were Section 2(a)(11) statutory underwriters of GPMT's securities? Yes they were as conceded by the Government by pleading that fact on the face of the 1224 Indictment at para. 9-12; and (ii) by binding judicial by the admission of GX-5 para. 10.1(iv). And whether or not the Plaintiffs were unregistered broker-dealers? Yes they were as testified and confessed by Ari Rabinowitz at Tr. 202-08.

[43] Claims predicated on a frivolous and incomplete reading and understanding of 28 USC 2044. The statute Section 2044 "**shall not apply to any third party surety** [the estate of Mary S. Ware]" therefore, the Government palpably lacks Article III standing to pursue any claim against the estate of Mary S. Ware, Surety #2. The Government's claim is moot and must be dismissed according to the reasoning of *Steel Co.,* 523 U.S. at 93-95 ("Without jurisdiction [or standing] **the court cannot proceed at all in any cause.** Jurisdiction is power to declare the law, and when it ceases to exist, **_the only function remaining to the court is that of announcing the fact and dismissing the cause [the Government's frivolous, bad faith, baseless, filed for an improper purpose, and vexatious claims against the $25,000.00 cash collateral of the estate of Mary S. Ware, cf., Fed. R. Civ. P. Rule 11(b)(1-4) sanctions]._**"). (emphasis added).

burden of establishing these elements [at all stages of the proceedings]"). See *FW/PBS, Inc.* v. *Dallas*, 493 U. S. 215, 231 (1990); *Warth, supra*, at 508.

The Court further explained the Government's Article III burden and obligations herein these proceedings, "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, **each element** must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.*e.,* with the manner and degree of evidence required at the **successive stages of the litigation**." Id. at 561. (emphasis added). The Court has made clear that subject matter jurisdiction for a federal court is a "threshold issue"[44] that cannot be waived, and can be raised by the court, sua sponte, or by any party at any stage of the proceedings[45] even long after entry of judgment; **and must exist at every stage of the proceedings**.

---

[44] ***Steel Co.* v. *Citizens for a Better Environment***, 523 U.S. 83, 93-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, ***the only function* remaining to the court is that of announcing the fact and dismissing the cause**." *Ex parte McCardle,* 7 Wall. 506, 514 (1869). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. **This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.**" *Great Southern Fire Proof Hotel Co.* v. *Jones, supra,* at 453. The requirement that jurisdiction be established as a **threshold matter** "spring[s] from the nature and limits of the judicial power of the United States" and **is "inflexible and without exception**." *Mansfield,* C. & *L. M. R. Co.* v. *Swan,* 111 U. S. 379, 382 (1884)." (emphasis added).

[45] ***Arbaugh* v. *Y&H Corp.,*** 546 U.S. 500, 506 (2006) ("**The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation,** *even after trial and the entry of judgment*. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See *Kontrick* v. *Ryan,* 540 U. S. 443, 455 (2004).") (emphasis added).

The Court in **Federated Dept. Stores, Inc. v. Moitie**, 452 U.S. 394, 398-401 (1981)[46] set forth the principles of res judicata that government all issues, facts, and claims **actually or necessarily resolved** by the November 7, 2008, USAG's Article II Appellate Political Decision to **dismiss with prejudice** the Government's cross-appeal filed in **United States v. Ware**, 07-5670cr (XAP) (2d Cir.), **Gov.-I**; and by the Court of Appeals entry of its superseding final judgment on August 18, 2009, in **Gov.-I**, (the "**Cross-Appeal Final Judgment**").[47]

Petitioners-Sureties contend that The USAG's November 7, 2008, Article II Appellate Political Decision to *dismiss with prejudice* **Gov.-I**, by operation of law, right then, **affirmed R-1, R-2, and R-3**; triggered the Double Jeopardy Clause's protection for Mr. Ware in regard to R-1, R-2, and R-3; triggered res judicata, collateral estoppel, equitable and judicial estoppel, and Article

---

[46] Res judicata bars **relitigation** of the **unappealed** adverse judgments [cf., R-1, R-2, and R-3, October 2007 Pauley Double Jeopardy Acquittal Verdicts, see n. 15, supra] against respondents as to their federal law claims. The *res judicata* consequences of a final, unappealed judgment on the merits [cf., **Gov.-I**, 07-5670cr (XAP)(2d Cir.) and the USAG's November 7, 2008, Article II Appellate Political Decision to dismiss with prejudice ***Gov.-I* legal consequences with respect to R-1, R-2, and R-3: no live Article III case or controversy *currently exist* between Mr. Ware and the United States and its privies with respect to all issues, facts, and claims *actually or necessarily* resolved by the Court of Appeals August 18, 2009, superseding final judgment entered in Gov.-I with respect to R-1, R-2, and R-3; and all issues, facts, and claims *actually or necessarily* resolved by R-1, R-2, and R-3**] are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. ***There is no general equitable doctrine which countenances an exception to the finality of a party's failure to appeal merely because his rights are "closely interwoven" with those of another party who successfully appeals.*** Cf. *Reed v. Allen,* 286 U. S. 191. Nor is there any principle of law or equity which sanctions rejection of the salutary principle of *res judicata* on the basis of "simple justice" or "public policy." (emphasis added).

[47] ***Federated***, Id. at 398 ("There is little to be added to the doctrine of *res judicata* as developed in the case law of this Court. **A final judgment on the merits of an action [Gov.-I] precludes the parties or their privies from relitigating issues that were or could have been raised in that action**. *Commissioner v. Sunnen,* 333 U. S. 591, 333 U. S. 597 (1948); *Cromwell v. County of Sac,* 94 U. S. 351, 94 U. S. 352-353 (1877).". (emphasis added).

II executive branch political estoppel against the Government and its privies (i.e., AUSA Melissa A. Childs and acting USA Audrey Strauss) in all subsequent proceedings between it and Mr. Ware;[48] and most importantly, terminated all courts' Article III subject matter jurisdiction to conduct any subsequent fact-finding regarding R-1, R-2, and R-3, and all issues, facts, and claims **actually or necessarily** resolved by R-1, R-2, and R-3. R-1, R-2, and R-3 on November 7, 2008, became the law of the case that governed any then pending appeal in *United States v. Ware*, 07-5222cr (2d Cir.), *Ware-I*. Ergo, the Court of Appeals and the District Court's Article III subject matter jurisdiction and the United States Article III standing over the 05cr1115 proceedings were terminated, aborted, abdicated, and **voluntarily** relinquished by the USAG's Article II Appellate Political Decision on November 7, 2008. **The Government's Dkt. 250 claims predicated on 28 USC 2044 regarding any abrogated and moot judgment entered in 05cr1115 prior to November 7, 2008, are moot as a matter of law and application of the absolute finality of the Double Jeopardy Clause and res judicata in favor of Mr. Ware the prevailing party in *Gov.-I*.**

2.       Furthermore, Petitioners-Sureties contend that the Article III federal courts currently (I) lack all subject matter jurisdiction to adjudicate the Government's risible 28 USC 2044 claims and (ii) contend that the Article III federal courts lack all **personal jurisdiction** over Ulysses T. Ware, the Prevailing Party by final order or final judgment and the assets of the estate of "third party surety" Mary S. Ware.

---

[48] See *Federated*, 452 U.S. at 398-401 (entry of final judgment in an action is binding absolutely, without exception, on all courts, the parties, and their privies in all subsequent litigation between the parties; and final judgment "forever settled" all issues and claims actually or necessarily resolved by final judgment).

First, Congress by statute[49] expressly excluded "any third party surety" from the scope of 28 USC 2044; and therefore, the assets of the estate of third party surety Mary S. Ware are not within any legal right or claim of the Government, and thus, Article III standing requirements for the Government to assert any claim thereto. By shear logically application of the express language of the statute precluded the Government's claims against the estate of third party surety Mary S. Ware. The Government's claim is moot and must be dismissed according to **Steel Co.**, 523 U.S. at 93-95.[50]

Second, the Article III federal courts currently lack all **personal** jurisdiction over Ulysses T. Ware and the assets of the estate of third party surety Mary S. Ware by the indisputable fact that Ulysses T. Ware by **final judgment** is the **prevailing party** in **United States v. Ware**, 07-5670cr (XAP) (2d Cir.), **Gov.-I.**[51] The loser, the United States and its privies have not legal rights or claims enforceable in the federal courts regarding any and all issues, facts, and claims actually or necessarily resolved by the **Gov.-I** final judgment entered in favor of Ulysses T. Ware. **Federated**, 452 U.S. at 398-401. The absolute finality of the Double Jeopardy Clause's inherent preclusive effects in pari materia with res judicata and collateral estoppel terminated on November 7, 2008, all personal jurisdiction of the Article III federal court over Ulysses T. Ware. Once the USAG notified the Court of Appeals the United States had abandoned, aborted, terminated, and

---

[49] See Exhibit #9.

[50] See n. 40, supra.

[51] See Exhibits 4 and 8.

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

dismissed with prejudice its 07-5670 (2d Cir.) cross-appeal of R-1, R-2, and R-3, the matter was over and final.

The USAG has the ultimate Article II appellate political discretion[52] to discontinue for whatever reason or purpose all litigation in which the United States is a party. That Article II political power is binding on the federal courts, and bound, absolutely, the District Court and the Court of Appeals regarding the 05cr1115 and 07-5670 proceedings, respectively.

The Court noted in the Confiscation Case, Id. at 458 on the power of the Attorney General to discontinue any case at any time and the policy of the Court to not hear any argument by any branch of government in contradiction of the discretion of the Attorney General.[53] On November 7, 2008, the USAG made plain his view on behalf of the United States and its privies in regard to R-1, R-2, and R-3, and exercised his Article II appellate political power and notified the Court of Appeals and Ulysses T. Ware the Government had dismissed with prejudice its 07-5670cr (XAP) (2d Cir.), Gov-I cross-appeal. That decision was final then, and final now.

The USAO currently in its purported 28 USC 2044 motion lacks proper authority and standing to prosecute any issues, facts, or claims implicitly or expressly contrary to the views of

---

[52] See the **Confiscations Cases**, 74 U.S. 454, 457 (1869) ("Under the rules of the common law, it must be conceded that the prosecuting party may relinquish his suit at any stage of it, and withdraw from court at his option, and without other liability to his adversary than the payment of taxable costs which have accrued up to the time when he withdraws his suit.").

[53] "Appointed, as the Attorney General is, in pursuance of an act of Congress, to prosecute and conduct such suits, argument would seem to be unnecessary to prove his authority to dispose of these cases in the manner proposed in the respective motions under consideration, but if more be needed, it will be found in the case of *The Gray Jacket, **in which this Court decided that in such suits no counsel will be heard for the United States in opposition to the views of the Attorney General, not even when employed in behalf of another of the executive departments of the government*.*" (emphasis added).

the USAG made on November 7, 2008, regarding R-1, R-2, and R-3. The District Court has not

authority to adjudicate the 28 USC 2044 claim in contradiction to the final judgment entered in

07-5670 that ratified the USAG's Article II litigation position on the proceedings then on appeal,

and the 05cr1115 proceedings.

Certainly, the USAG and his staff were competent enough in law to realize the legal

consequences of his actions on the United States litigation position regarding the 05cr1115 case.

The USAG's November 7, 2008, Article II appellate political decision to dismiss with prejudice 07-

5670, **Gov.-I**, rendered 05cr1115 moot by operation of law and triggered the absolute finality of

the Double Jeopardy Clause's inherent preclusive effects and triggered the absolute finality of

res judicata. **Federated**, 452 U.S. at 401-02. The district courts currently lack all personal and

subject matter jurisdiction over Ulysses T. Ware and the assets of the estate of third party surety

Mary S. Ware. The Government's claims are moot and are required to be immediately dismissed.

**Steel Co.**, 523 U.S. at 94-95.[54]

**B.     Conclusion.**

Petitioners-Sureties have presented argument and facts that overwhelming conclude that

the USAO's lawyers, AUSA Childs and acting USA Strauss did not do their homework and conduct

any proper and adequate Rule 11(b)(1-4) prefiling investigation of the law, 28 USC 2044,

application; nor did they conduct any proper and adequate investigation into the legal

---

[54] "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, *the only function remaining to the court is that of announcing the fact and dismissing the cause.*" (emphasis added).

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

consequences of Judge Sand's December 20, 2007, Rule 41(a)(2) superseding final judgment entered in favor of GPMT, Ulysses T. Ware, and the Landers.

Moreover, the USAO's lawyers have acted in bad faith, vexatious, signed and filed baseless in law and fact frivolous pleadings, and more to the point of fraud on the court, prepared, signed, and filed a materially false Declaration in the court, Dkt 251; designed to mislead and misrepresent the true state of the law and facts relative to their frivolous 28 USC 2044 moot claim.

**C.    Requested relief.**

Petitioners-Sureties request that the Court enter the following relief:

1.      Enter an Order setting this matter down for **<u>an in court evidentiary hearing</u>** to assess credibility, truth, and the veracity of witnesses that will give testimony regarding the disputed assertions made as fact contained in the Declaration of AUSA Melissa A. Childs, Dkt 251;

2.      Enter an Order directed to the Government providing seven (7) days from June 11, 2021, to show cause in writing why their 28 USC 2044 motion shall not be dismissed with prejudice for lack of Article III standing and subject matter jurisdiction;

3.      Enter an Order directed to the Office of the District Clerk (SDNY) to release to the attention of Ulysses T. Ware, (i) the $25,000.00 cash collateral of the estate of third party surety Mary S. Ware not later than June 21, 2021; and (ii) release the $25,000.00 cash collateral bail posted by Ulysses T. Ware to Ulysses T. Ware not later than June 21, 2021;

4.      Enter an Order directed to AUSA Melissa A. Childs and acting USA Audrey Strauss to show cause in writing not later than June 21, 2021, setting forth facts and legal argument why each

shall not be referred to the DOJ's Office of Professional Responsibility for prosecutorial misconduct in the frivolous, bad faith, and incompetent prosecution of the risible 28 USC 2044 motion;

(ii)     why each shall not be held personally liable for 28 USC 1927 monetary and other sanctions;

(iii)    why each shall not be subject to the Court's inherent power to sanction bad faith conduct in proceeding before it;

(iv)    pursuant to Fed. R. Crim. P. 42(b) why each shall not be held in criminal contempt, the willful resistance, 18 USC 401(3), of lawful final judgments and orders entered in favor of Ulysses T. Ware that rendered the 28 USC 2044 motion moot and frivolous; and

(v)     why each shall not be held in criminal contempt, 18 USC 401(2), as officers of the court, for the negligent and risible prosecutorial misconduct in official transactions before the court, and;

(vi)    any other relief deems just and proper given the egregious prosecutorial misconduct exhibited by employees of the DOJ.


Respectfully submitted by:


/s/ Ulysses T. Ware

_Ulysses T. Ware_

Ulysses T. Ware, individually, and as the legal
Representative of the estate of third party surety
Mary S. Ware.

# CERTIFICATE OF SERVICE

I Ulysses T. Ware certify that I have this 11th day of June 2021, served a copy of this

Pleading via email to:

AUSA Melissa S. Childs and acting USA Audrey Strauss addressed to their official DOJ email

accounts: melissa.childs@usdoj.gov and Audrey.strauss@usdoj.gov.

# EXHIBITS

# Exhibit #1

12. Plaintiffs purchased the Notes pursuant to the terms of the Subscription Agreement (the "Subscription Agreement") entered into between and among the parties on or about February 2, 2001. Plaintiffs collectively paid $1.1 million to IVG and each Plaintiff received a Note in proportion to its investment, as set forth in the paragraph 10.

13. Pursuant to Section 10.1(iv) of the Subscription Agreement, IVG was obligated to file on or before May 3, 2001, a form SB-2 Registration Statement with the United States Securities and Exchange Commission registering the stock underlying the Notes so that upon conversion the stock could be sold on the open market without restriction. IVG was obligated to

4

121

Case 1:03-cv-02219-CM   Document 100-1   Filed 07/15/1

have such registration statement declared effective on or before June 17, 2001. Thus Section 10.1(iv) of the Subscription Agreement provides:

"The Company shall file with the Commission within 90 days of the Closing Date (the 'Filing Date'), and use its reasonable commercial efforts to cause to be declared effective a Form SB-2 registration statement (or such other form as it is eligible to use) within 135 days of the Closing Date in order to register the Registrable Securities for resale and distribution under the Act. The registration statement described in this paragraph must be declared effective by the Commission within 135 days of the Closing Date (as defined herein)('Effective Date')."

IVG failed to comply with its obligations and to date has not had its registration statement declared effective.

# Exhibit #2

*UNITED STATES v. WARE*, CASE NO. 09-0851 (2D CIR.) (2010)
ON APPEAL FROM *UNITED STATES v. WARE*, 04cr1224 (Sweet, J.)
18 USC 401(3) CRIMINAL CONTEMPT PROSECUTION
APPELLANT WARE'S OPENING BRIEF

1  Moreover, being unregistered brokers-dealers operating in violation of 15 U.S.C.
2  §78o(a)(1), Tr. 204-05, Rabinowitz testified as follows at Tr. 204:

3

4  **ADMISSION OF BROKER-DEALER STATUS BY**
5  **ARI RABINOWITZ UNDER CROSS EXAMINATION.**
6

7  Mr. Ware: What is the name of your company?

8  Rabinowitz: LH Financial Services.

9  Mr. Ware: What business is that company?

10  Rabinowitz: We are in the private placement business.

11  Tr. 206

12  Mr. Ware: Approximately how many companies have you assisted Alpha Capital
13  with over, let's say, the last five years?

14  Rabinowitz: A good few hundred.

15  Mr. Ware: A good few hundred?

16  Rabinowitz: Yes,

17  Rabinowitz' testimony of being in the private placement business, and assisting
18  Alpha Capital with "a good few hundred" transactions: pursuant to 15 U.S.C.
19  §77b(a)(12) Rabinowitz and Alpha were "dealers" not eligible for any exemption
20  under Title 15 Section 4, and thus not eligible for 17 C.F.R. §240.144(k)/(Rule 144(k)
21  regarding the purchase of the Notes of IVG/GPMT (GX 1-4).







EVERSHEDS
SUTHERLAND

BRACEWELL

**Barbara S. Jones**
Partner

📞 +1.212.508.6105
📠 +1.212.938.3804




# Exhibit #3

## Ex. # 10: Law of the Case

insufficient to establish market efficiency, and ruled, S. Tr. 75-76, the markets were insufficient and declined to award any restitution to the Government, i.e., the defendant was the prevailing party on that portion of the district court's judgment.

Moreover, on 10/12/2007, Dkt. #99, S. Tr. 31 L 18-25, the district court, on request and motion by the defendant, agreed with the defendant's arguments, rejected the Government's risible argument, and ruled in the defendant's favor stating:

**R-1**

> Mr. Ware [the defendant] has requested a Fatico [evidentiary] hearing challenging the government's trial proof] ... If the government wants to press for restitution then I [agree with the defendant the government's trial proof was insufficient and] think we should have a Fatico [evidentiary] hearing concerning among other things the efficiency of the market [for INZS and SVSY's securities. (emphasis added). (the "Fatico Ruling"). R-1.

The district court's Fatico ruling was a favorable evidentiary ruling in favor of the defendant, after trial, a Rule 29(c) ruling, on an element of the government's factual burden of trial proof. Accordingly applying the rule of law in Martin Linen, 430 U.S. at 571-73, and circuit precedent in U.S. v. Lynch, 163 F.3d 732, 733 (2d Cir. 1998), double jeopardy was triggered on 10/12/2007 protecting the district court's Fatico Ruling which constituted res as reasonable doubt.

Furthermore, on 10/12/2007, S. Tr. 35 L 11-14 the district court informed and put the government on notice as to exactly what the scope of the Fatico evidentiary hearing would include. The district court stated:

**R-2**

> If the government is advancing a fraud on the market theory, then the government should be able to prove [after the jury has been discharged, and initial jeopardy terminated, in violation of the Due Process Clause, and In re Winship, 397 U.S. 358, 365 (1970)] the elements [(materiality, loss causation, etc.)] of a fraud on the market theory. That is just a [Fatico post-trial Rule 29(c) evidentiary] hearing would be about. (emphasis added). (the "Fatico Scope Ruling"). R-2.

On 10/12/2007, Dkt. #99, S. Tr. 73-76, the district court, having offered the government opportunities to come forth with proof beyond a reasonable doubt — ruled in favor of the defendant, after the government waived its post-trial Rule 29(c) Fatico evidentiary hearing to present evidence to sustain its trial burden of proof.



The district court ruled at S. Tr. 75-76:

**R-3**

> Moreover, the government has failed to address all but two of the eight efficient market factors. The government also declined [waived and forfeited] the Court's [post-trial Rule 29(c)] invitation to present evidence [in violation of the Due Process Clause and In re Winship] on this score. Accordingly, this Court declines to award restitution in this case. (emphasis added). (the "Inefficiency Ruling"). R-3.



The district court's record is clear, Dkt. 99, S. Tr. 75-76, that on 10/26/2007 the district court ruled in favor of the defendant, ruling the government's evidence was insufficient; and ruled the markets for INZS and SVSY's securities were in fact insufficient as a matter of law and fact, BLOWING UP THE GOVERNMENT'S CASE.

# Exhibit #4



Andrew L. Fish is a partner of Satterlee Stephens LLP. Mr. Fish concentrates his practice in white collar criminal defense and internal investigations, trial practice, and business litigation.

Mr. Fish is an experienced trial lawyer who has served as lead or co-lead counsel in 16 federal jury trials. At Satterlee, Mr. Fish represented a financial institution in a federal civil jury trial relating to a multimillion dollar insurance claim. While in government service, Mr. Fish was lead trial counsel in United States v. Zvi Goffer, the insider trading prosecution of a Galleon Group hedge fund trader and other Wall Street professionals.

Prior to joining Satterlee, Mr. Fish served for 14 years as a federal prosecutor in the United States Attorney's Office for the Southern District of New

12cv4397_Doc. 1-5.pdf

# Exhibit #5

Appx. #80: Pauley Bribe Order

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 35
DATE FILED: 1-8-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :     05 Cr. 1115 (WHP)

        -against-                 :     ORDER

ULYSSES THOMAS WARE,              :     Pauley Witness Tampering/
                                        obstruction of justice Order.
                Defendants.       :
----------------------------------X

WILLIAM H. PAULEY III, District Judge:

P-1

        By letter applications dated December 1, 2006 and December 19, 2006, Ulysses

Thomas Ware ("Defendant" or "Ware") sought an adjournment of the January 16, 2007 trial date

and a suppression hearing. This Court denied those applications in separate orders on December

11, 2006 and December 22, 2006 respectively.

P-2.        On November 28, 2006, the Government filed an in limine motion, seeking to     Pauley br

preclude Defendant from offering at trial any evidence of collusion between the Securities and     (X) Why

Exchange Commission ("SEC") and the United States Attorney's Office ("USAO") ("November

28 motion"). On December 28, 2006, the Government filed another in limine motion, seeking to

preclude Defendant from cross-examining certain Government witness regarding collateral

matters ("December 28 motion"). On January 2, 2007, Defendant filed a motion, seeking (a) an

adjournment of the January 16, 2007 trial date; (b) a suppression hearing concerning all

documents and information obtained from the SEC; (c) a log prepared by the SEC and the USAO

of all documents, telephone calls and email correspondence between the two; and (d) other

related relief ("January 2 motion"). Finally, by letter dated January 8, 2007, Defendant seeks

        → (Appx. #82-1 never disclosed by USAO)

1.

X #2

                                2-1                                   8/5/2014

                              SA-40

Exhibit #6

) Filed 06/19/17 Page 19 of 22

eight different orders requiring the Government to provide information, (emails) and logs to Defendant immediately. The relief sought on January 8, 2007 largely overlaps with relief requested in Defendant's January 2 motion or at argument on January 5, 2007. In turn, Defendant's January 2 application essentially reiterates his earlier requests for relief on December 1, 2006 and December 19, 2006.

### A. Defendant's January 2 Motion

Defendant's January 2 motion revolves around alleged improper collusion between the SEC and the USAO. At the January 5, 2007 hearing, Ware clarified his argument:

> Any documentation, communication subsequent to December 3, 2003 during the ongoing civil litigation in Nevada is subject to suppression because notice was not given by the SEC nor Mr. Southwell's office that an imminent criminal investigation was ongoing pertaining to the same conduct as was ongoing in the civil litigation. That information is subject to suppression, your Honor, because notice was not given to the civil litigants in the civil action in Nevada.

(Transcript of Oral Argument, dated Jan. 5, 2007 ("Oral Arg. Tr.") pg. 29.)

Assistant United States Attorney ("AUSA") Alexander Southwell responded "that this case did not come about as a referral from the SEC, and to [his] knowledge, Mr. Norris [trial counsel for the SEC] never contacted the [USAO's] office or the FBI about this case prior to when the FBI contacted Mr. Norris sometime after December 2003." (Oral Arg. Tr. pg. 30.) As for Ware's assertions of collusion between the USAO and the SEC, AUSA Southwell represented that none of the correspondence between those agencies concerned "what should happen in the civil litigation, [what] depositions should be taken or anything of that ilk. It was all in the nature primarily of Mr. Norris reporting on what had happened in the proceeding, mostly public events and providing documents." (Oral Arg. Tr. pgs. 29-30.) There is nothing in

2

14

Page 44 of 49
June 11, 2021
Rule 46(g) cross-motion for cash bail exoneration.

# Exhibit #7



United States District Court
Southern District of New York
--------------------------------------------x

Alpha Capital Aktiengesellschaft, Amro
International, S.A., Markham Holdings, Ltd.,
and Stonestreet Limited Partnership,

                                Plaintiffs,

        -against-

Group Management Corp., formerly known
as IVG Corp., formerly known as Internet
Venture Group, Inc., Elorian Landers and
Becky Landers,

                                Defendants.

--------------------------------------------x

Order of Dismissal
Without Prejudice

02 Civ. 2219(LBS)

U.S. DISTRICT COURT
FILED
DEC 2 0 2007
S.D. OF N.Y.

Pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon

request of Plaintiff Alpha Capital Aktiengesellschaft, this case is dismissed without prejudice.

Dated: New York, New York
        December    , 2007

DEC 2 0 2007 – 12:19 PM

CERTIFIED AS A TRUE COPY ON

THIS DATE 6/13/19

BY _____
        ( ) Clerk
        ( ) Deputy

U.S.D.J.        12/18/07

Law Offices of Kenneth A. Zitter

By: _____
    Kenneth A. Zitter, Esq.
    Attorneys for Plaintiff
    Alpha Capital Aktiengesellschaft
    260 Madison Avenue - 18th Floor
    New York, New York 10016

COPIES MAILED TO ALL PARTIES

12-18-07

CAREER OF RUTH BADER GINSBURG
EF JUDGE ROBERT KATZMANN
Court of Appeals
nd Circuit

BRACEWELL

Barbara S. Jones
Partner

+1.212.508.6105
+1.212.938.3804

New York

Practices:
LITIGATION   WHITE COLLAR DEFENSE   INTERNAL INVESTIGATIONS
MONITORSHIPS

DGE PETER HALL
S. Court of Appeals
cond Circuit        C-SPAN

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

# Exhibit #8

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand and nine.

PRESENT:    Amalya L. Kearse,
                  Robert D. Sack,
                  Peter W. Hall,
                      *Circuit Judges.*

United States of America,

        Appellee-Cross-Appellant,

        v.

Ulysses Thomas Ware, also known as Thomas Ware,

        Defendant-Appellant-Cross-Appellee,

Jeremy Jones,

        Defendant.

**JUDGMENT**
Docket Number: 07-5222-cr (L)
                    07-5670-cr

The appeal in the above-captioned case from a judgment of United States District Court for the Southern District of New York having been submitted on the district court record and the parties' briefs. On consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED and the matter is REMANDED for additional proceedings in connection with sentencing in accordance with the opinion of this Court.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by: _____
DEPUTY CLERK

FOR THE COURT,
Catherine O'Hagan Wolfe,
Clerk

By: _____
Judy Pisnanont, Motions Staff Attorney

CERTIFIED: *June 18, 2019*

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**

# Exhibit #9

# 28 U.S. Code § 2044 - Payment of fine with bond money

U.S. Code    Notes

prev | next

On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.

(Added Pub. L. 101–647, title XXXVI, § 3629(a), Nov. 29, 1990, 104 Stat. 4966.)

# Exhibit #10

**M** Gmail

Ulysses Ware <utware007@gmail.com>

## Alpha Capital, A.G.
2 messages

**Ombudsman's Office** <Ombuds@finra.org>      Wed, Apr 21, 2021 at 2:51 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

**FINRA - Regulatory Tips**

1735 K Street, NW

Washington, DC 20006-1520

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman.

Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.

---

Regards,

Danielle Derrick

Associate Ombuds

FINRA Office of the Ombudsman

9509 Key West

Rockville, MD 20850

Tel: (240) 700-0028 ext (202) 2373-6970

Fax: (240) 386-4201

**FINRA.**

Confidentiality Notice : This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

**Thomas Ware** <utware007@gmail.com>      Wed, Apr 21, 2021 at 3:58 PM
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: my0dfeuffers@gmail.com

Thank you for the information
[Quoted text hidden]

**2 attachments**

**FINRA.** image001.png
3K

**FINRA.** image001.png
3K

# Exhibit #11

**Fed. R. Crim P. Rule (g) Exoneration**. The court must exonerate the surety and release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture. **The court must exonerate a surety who deposits cash in the amount of the bond or timely surrenders the defendant into custody.**

**June 11, 2021**
**Rule 46(g) cross-motion for cash bail exoneration.**