UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

      v.                                 05 CR 1115 (WHP)
                                     and
ULYSSES THOMAS WARE a/k/a        04 CR 1224 (WHP)
THOMAS WARE,

                Defendant and
                Judgment Debtor.

## UNITED STATES' REPLY
## IN SUPPORT OF ITS MOTION TO APPLY BOND DEPOSIT

                                             AUDREY STRAUSS
                                             United States Attorney for the
                                             Southern District of New York
                                             86 Chambers Street, Third Floor
                                             New York, New York 10007
                                             Telephone: (212) 637-2711
                                             Facsimile:  (212) 637-2717
                                             Email:  melissa.childs@usdoj.gov

Of Counsel:

MELISSA A. CHILDS
Assistant United States Attorney

## PRELIMINARY STATEMENT

Defendant Ulysses Thomas Ware, a/ka/ Thomas Ware, is a convicted felon who has failed to pay the criminal fines the Court imposed against him in two cases.

First, on October 30, 2007, in *United States v. Ulysses Thomas Ware, a/ka/ Thomas Ware*, No. 05 Cr. 1115 (WHP), after a jury convicted Ware of one count of conspiracy to commit securities fraud and wire fraud and one count of substantive securities fraud, the Court sentenced him to 97 months of imprisonment and ordered him to pay a $25,000 fine. *See* Judgment (Dkt. 96 in 05-CR-1115). As of May 10, 2021, Ware's unpaid balance on this fine was $34,957.86. *See* Declaration of Melissa A. Childs (Dkt. 170), ¶ 5.

Next, on February 2, 2009, in *United States v. Thomas Ware*, No. 04 Cr. 1224 (RWS), after a jury convicted Ware of three counts of criminal contempt for his violation of multiple court orders in *Alpha Capital Aktiengesellschaft v. Group Management Corp.*, No. 02 Civ. 219 (LBS), the Court sentenced him to 97 months of imprisonment and ordered him to pay a $12,500 fine. *See* Judgment (Dkt. 90 in 04-CR-1224). As of May 10, 2021, Ware's unpaid balance on this fine was $12,887.80. *See* Decl. ¶ 6.

To enforce the judgments, the United States moved, pursuant to 18 U.S.C. § 3613, 28 U.S.C. § 2044, and 18 U.S.C. § 3006A(f), for orders directing the Clerk of Court to apply the $50,000 currently on deposit in the Court's Registry as security for Ware's bond to satisfy his unpaid fine balances in both cases. *See* Motion (Dkt. 169), Declaration (Dkt. 170) and Memorandum of Law (Dkt. 171). The motion also requested an order to apply any surplus funds remaining on deposit after the satisfaction of Ware's unpaid fines to the Criminal Justice Act ("CJA") Fund as reimbursement for the costs of appointed counsel in either case. *Id.*

Ware, "individually and as the legal representative for the estate of Mary S. Ware," opposed the requested orders to apply the bond money to his criminal judgment debts, and instead requested that the $25,000 cash he posted for bail and the $25,000 that his now-deceased mother posted for bail be returned to him because: (1) he self-surrendered and served his prison sentence; (2) the government has neither sought nor obtained a bond forfeiture judgment under Fed. R. Crim. P. 46; (3) the criminal judgments are invalid; and (4) the United States has no legal right to or interest in the cash collateral deposited by his mother for his bail.[1]  *See* Response (Dkt. 267) at 13-14, 19, and 22.

Ware's response in opposition to the motion misapprehends the applicable law while accusing the attorneys for the government, his probation officer, and this Court of assorted alleged misdeeds in an attempt to avoid applying the bond deposit to his unpaid fines.  *See* Response, *passim*.  Because Ware has failed to raise any valid objection, the Court should grant the United States' motion and enter the orders to apply the bond deposit to satisfy Ware's unpaid fine balances in both cases and reimburse the CJA Fund for the costs of appointed counsel in either case.

### ARGUMENT

Once a district court sentences a criminal defendant, it has only limited authority to revisit the sentence, and that authority must derive from specific statutes or rules.  *United States v. Spallone,* 399 F.3d 415, 421 (2d Cir. 2005); *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010) ("It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances . . .").  A judgment imposing a criminal fine is a final judgment, except that it may

---

[1] The docket sheets in both cases show that Ware is a prolific and frivolous *pro se* filer who, despite previous admonishments from this Court and the Second Circuit Court of Appeals, has filed numerous missives containing a series of grievances that have nothing to do with the United States' enforced collection of his unpaid fine balances.  The United States has confined this reply to only the points relevant to its motion.

be modified or remitted under section 3573,[2] corrected under Fed. R. Crim. P. 35, or appealed and modified under section 3742. *See* 18 U.S.C. § 3572(c). Despite Ware's nonsensical arguments to the contrary, each criminal judgment that imposed a fine against him is a final judgment that has not been modified on any of the permissible grounds. *Id.*

The United States is entitled to collect Ware's unpaid fine balances under *either* 18 U.S.C. § 3613 *or* 28 U.S. C. § 2044, and it should prevail under both statutes.[3] Ware has admitted that the $50,000 on deposit in the Court's Registry came from two cash bail payments posted in June 2007: one $25,000 payment made by his mother, Mary S. Ware, plus one $25,000 payment made by Ware himself. Response, p. 12. As for the $25,000 that Ware posted, Section 2044 of Title 28 expressly provides:

> On motion of the United States attorney, the court shall order *any money belonging to and deposited by or on behalf of the defendant* with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.

*See* 28 U.S.C. § 2044; *United States v. Brumer*, 405 Fed. App'x. 554, 556 (2d Cir. 2011) (affirming order declining to exonerate bail bond funds and instructing Clerk of Court to apply the funds to outstanding obligations). Therefore, the law unequivocally authorizes and requires that the $25,000 bond deposit that Ware himself posted be applied to pay his outstanding fine balances.

---

[2] Only the Government—not the defendant—may petition to remit all or part of the unpaid fine. Courts have consistently held that under 18 U.S.C. § 3573, the Government may petition for modification or remission of a fine only upon a showing that reasonable efforts to collect it are not likely to be effective. *See United States v. Martinez*, 281 Fed. App'x. 39 (2d Cir. 2008); *United States v. Stonner*, 84 Fed. App'x. 141 (2d Cir. 2004); and *United States v. Major*, 61 Fed. App'x. 752 (2d Cir. 2003)

[3] Contrary to Ware's contentions, Fed. R. Crim P. 46(f) (bail forfeiture) and (g) (exoneration) are inapposite in this post-judgment proceeding to apply the bond deposits to his unpaid fines.

As for the $25,000 that Ware's mother posted as a third-party surety, those funds should also be applied to his unpaid fines because his mother has died, and he has claimed those funds now belong to him.[4]  Response, p. 5 and 36.  Ware, "individually and as the legal representative for the estate of Mary S. Ware," simultaneously claims that he is entitled to the return of the $25,000 that she posted for his bail, and that the United States has no legal interest or right to the cash collateral deposited by the third party surety on his behalf.  Response, p. 22.  But he cannot have it both ways.  If the $25,000 that his mother posted belongs to him since she died, then just as Section 2044 authorizes and requires the $25,000 that Ware himself posted be applied to pay his fines, the $25,000 that his mother posted on his behalf, which he now claims is returnable to him, should also be applied to satisfy his unpaid fines.  28 U.S.C § 2044.  It has been more than 14 years since Mary S. Ware posted $25,000 cash for the defendant's bail, and no one has appeared or intervened in this proceeding to seek return of these funds except for the defendant himself.  To date, no third party or surety has presented a superior legal claim to these funds.

Moreover, pursuant to 18 U.S.C. § 3613, notwithstanding any other federal law, a judgment imposing a fine is a lien in favor of the United States on all property and rights to property of the defendant that may be enforced against such property and rights to property with very few exemptions.  *See* 18 U.S.C. §§ 3613(a) and (c).  The federal criminal judgment lien is the functional equivalent of a federal tax lien 18 U.S.C. § 3613(d).  In addition to 28 U.S.C. § 2044, Ware's judgments may be satisfied by the $50,000 cash bail on deposit in the Court's Registry because the lien attached to that nonexempt property, which is subject to execution, garnishment, and/or

---

[4] If the bond deposit does not belong to Ware as he claims, then he has no standing to object to its disposition on the pending motion. *See United States v. Santee Sioux Tribe, et al.*, 254 F. 3d 728, 735 (8th Cir. 2001) (having disavowed ownership, defendant "did not have standing to object to garnishment of accounts in which it did not have a substantial interest.").

levy under 18 U.S.C. § 3613(a) (incorporating only certain property exemptions from 26 U.S.C. § 6334(a)).[5]

Just as the Internal Revenue Service enforces federal tax liens, the United States may step into the shoes of the defendant and make an election on his behalf when he is eligible for a distribution but has not elected to receive one. *United States v. National Bank of Commerce*, 472 U.S. 713, 725 (1985). In this case, Ware, both "individually and as the legal representative for the estate of Mary S. Ware," has demanded that the $25,000 bond money that he posted, and the $25,000 that Mary S. Ware posted, be returned to him. Response, p. 5 and 36. Yet if those funds are returnable to Ware as he insists, then each of those cash deposits is his nonexempt property or rights to property subject to the United States' judgment liens for the Ware's unpaid criminal fines under 18 U.S.C. § 3613. Therefore, the $50,000 cash bond on deposit should be applied to satisfy Ware's unpaid fines. *Lavin v. United States*, 299 F.3d 123, 127-28 (2d Cir. 2002) (finding § 3613 lien defeated defendant's interest in return of cash); and *United States v. Dang*, 559 Fed. App'x. 660, 662 (10th Cir. 2014) (affirming order to apply sum of cash seized from defendant as he was taken into custody at sentencing toward his judgment debt in a prior case). Accordingly, the $50,000 held in the Court's Registry should be applied to satisfy Ware's unpaid fines.

---

[5] Courts have consistently held that property inherited by a defendant may be levied to pay taxes as nonexempt property under § 6334(a), *see Drye v. United States,* 528 U.S. 49, 56 (1999) (holding enumerated exemptions are exclusive and inheritances or devises disclaimed under state law are not included in property exempt from levy) (citing *United States v. Bess*, 357 U.S. 51, 57, 78 (1958)), and garnished to satisfy criminal judgments as nonexempt property under § 3613(a), *see United States v. Phillips*, 303 F.3d 548, 549-51 (5th Cir. 2002) (affirming garnishment order against defendant's inheritance to satisfy criminal judgment); *United States v. Holcomb*, 2012 WL 5306257 at *2-3 (D. Kan., Oct. 26, 2012); and *United States v. Bostick*, 2007 WL 1810154, at *1 (S.D. Ga., Jun. 20, 2007) (garnishing criminal defendant's inheritance).

## CONCLUSION

For the foregoing reasons, the Court should grant the United States' motion and order the Clerk of Court to apply the $50,000 in bond money currently on deposit as follows:  (1) to satisfy the outstanding fine imposed in No. 05-CR-1115 as the first-in-time judgment; (2) then to satisfy the fine imposed in No. 04-CR-1224; and (3) thereafter apply any surplus funds to reimburse the Criminal Justice Act Fund for the costs of appointed counsel in either case.

Dated:  New York, New York
       June 21, 2021

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney

               By:    */s/ Melissa A. Childs*
                        MELISSA A. CHILDS
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Tel.:  (212) 637-2711
                        E-mail: melissa.childs@usdoj.gov