From:   Ulysses T. Ware

To: The Hon. William H. Pauley, III

Date:   June 14, 2021

RE: Filing the enclosed pleadings on the 04cr1224 and 05cr1115 (SDNY) dockets.

Judge Pauley:

      Please file the enclosed pleadings:

RE: *United States v. Ware*, 04cr1224 and 05cr11115 (SDNY): Status of pending Rule 33 and Rule 42(b) motions;  Government's Brady order violations, and the judicial disqualification of District Judge William H. Pauley, III for actual bias, prejudice, and partiality.

on the applicable dockets.

      In the future, please serve Mr. Ware via email at utware007@gmail.com with all of your orders

or directives entered in this matter, due to the slowness of the U.S. Mail.

/s/ Ulysses T. Ware

## Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 14, 2021,  by:

*/s/ Ulysses T. Ware*

Ulysses T. Ware, individually, and as
the legal representative for the estate
of third party surety Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**United States of America, et al.,**
      **Plaintiff, Petitioner,**
      **Cross Respondent,**


      **v.**


**Ulysses T. Ware, et al.,**
      **Defendant, Respondent,**
      **And Cross Petitioner.**

## Exhibit #UTW-08

RE: ***United States v. Ware***, 04cr1224 and 05cr11115 (SDNY): Status of pending Rule 33 and Rule 42(b) motions;  Government's Brady order violations, and the judicial disqualification of District Judge William H. Pauley, III for actual bias, prejudice, and partiality.

### CERTIFICATE OF SERVICE

I Ulysses T. Ware certify that I have this 14th day of June 2021, served via official DOJ email acting U.S. Attorney Audrey Strauss, AUSAs Melissa A. Childs, and John McEnany with a copy of this pleading.

# Office of Ulysses T. Ware

123 Linden Blvd
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

June 14, 2021
**Via US mail to District Judge Pauley; and email to the USAO and OPR (John McEnany)**

The Hon. William H. Pauley, III
United States District Judge
U.S. Courthouse
500 Pearl St.
New York, NY  10007

RE: *United States v. Ware*, 04cr1224 and 05cr11115 (SDNY): Status of pending Rule 33 and Rule 42(b) motions;  Government's Brady order violations, and the judicial disqualification of District Judge William H. Pauley, III for actual bias, prejudice, and partiality.

Judge Pauley,

1.      Mr. Ware is writing to the Court and to the Government in regard to the status of the above pending motions, (the "**Pending Motions**"). Mr. Ware recently submitted the Pending Motions to the court for immediate adjudication regarding **newly-discovered** material dispositive Brady evidence previously concealed and suppressed by the Government with the assistance of **Robert W. Sweet** and **William H. Pauley, III**[1]. At the present, the Court has not communicated with the parties. Mr. Ware is requesting that the Court set this matter down for an in-court status conference to set a briefing schedule and evidentiary hearing scheduling coordination.

2.      Specifically, Mr. Ware has submitted to the court, see Exhibit #1, an email dated April 21, 2021, from FINRA, that confirmed 02cv2219 (SDNY) plaintiff Alpha Capital, AG (Anstalt) **has never**

---

[1] **William H. Pauley, III** in his official, personal, and individual capacities, is a material fact witness and will be subpoenaed, compelled, and confronted, pursuant to the Sixth Amendment, by Mr. Ware at any evidentiary hearing regarding the Pending Motions, or regarding any post-trial proceedings pertaining to 02cv2219 (SDNY), 04cr1224 (SDNY), and 05cr1115 (SDNY). Accordingly, *In re Murchison*, 350 U.S. 149 (1950) and 28 USC 455(a), (b)(1-4) disqualified Judge Pauley from being a judge in his own case assessing his own credibility where his penal and pecuniary interests are in jeopardy. Mandatory recusal is required.

**registered**[2] with FINRA or the SEC as required by 15 USC 78o(a)(1), material dispositive Brady evidence required to have been disclosed to Mr. Ware "prior to trial" pursuant to District Judge Sweet's August 10, 2007, Dkt 32, Brady order (04cr1224).[3]

3.      Furthermore, Exhibit #2, the trial testimony of government witness, Ari Rabinowitz, confirmed the unregistered broker-dealer status of Alpha Capital, AG (Anstalt), Material, dispositive Brady evidence required to have been disclosed to Mr. Ware "prior to trial" in 04cr1224 and 05cr1115 (see 05cr1115 presentencing investigation report's purported factual basis).

Exhibit #2 is "New York-based **unregistered** investment adviser"[4] Ari Rabinowitz's 04cr1224 trial testimony where he confessed to unregistered broker-dealer status, which immediately right then terminated the district court's 18 USC 3231 subject matter jurisdiction to adjudicate, or enter any purported judgments of conviction, sentence, files, or other penalties.[5]

Exhibit #4, the concealed and suppressed official DOJ emails of former AUSA Alexander H. Southwell to and from the SEC during the pendency of the moot and illegal 2003 SEC's Las Vegas litigation 03-0831 (D. NV). Southwell lied and committed perjury twice in open court, (i) May 19, 2006, Dkt 19, Tr. 5-9 and (ii) January 5, 2007, Dkt. 44, and committed a fraud on the court when he stated as an officer of the court there were no official emails between his office and the SEC. A bold faced lied, perjury, conspiracy to obstruct justice, and a fraud on the court; and an egregious violation of the DOJ's Rules of Professional Conduct.

Exhibit #5 is Judge Sand's (deceased) December 20, 2007, Dkt. 90, Rule 41(a)(2) final order-judgment entered on the 02cv2219 (SDNY) plaintiffs' voluntary, ex parte, unnoticed, **after the statute of limitation had run on all claims in the 02cv2219 complaint**, Rule Fed. R. Civ. P.

---

[2] **Unregistered broker-dealers**, the 02cv2219 (SDNY) plaintiffs, lack any legal right to enforce illegal contact, GX 1-4 and GX-5, made in or performed in violation of the federal securities law, see 15 USC 78cc(b). Ergo, the 02cv2219 (SDNY) district court as a matter of law lacked Article III and 28 USC 1332(a) diversity subject matter jurisdiction over its proceedings to lawfully enter any judgment (GX-7) or orders (GX-11 and GX-24), or to conduct any contempt proceedings regarding the merits of the proceedings. (See 04cr1224 indictments para. 9-12).

[3] See Exhibits 3-1 and 3-2 for the 04cr1224 Brady order, Sweet, J., August 10, 2007.

[4] See Exhibit #6, SEC's admission of **unregistered** "investment adviser" status of government 04cr1224 trial witness Ari Rabinowitz, Brady impeachment evidence covered by Exhibit #3-1 and #3-2.

[5] See **Steel Co.**, 523 U.S. at 93-95 (federal court that lacks subject matter jurisdiction over the proceeding lacked the lawful authority to enter any judgment on the merits; all such judgments are advisory, invalid, and ultra vires, and without lawful force and effect).

Rule 41(a)(2) demand/motion to annul, void, vitiate, and vacate all prior orders, judgments, and proceedings in 02cv2219(SDNY);[6] and for the entry of final judgment on behalf of GPMT, Mr. Ware, and Elorian and Becky Landers.[7]

Exhibit #6 is newly-discovered material Brady impeachment regarding the ***unregistered investment adviser*** status of 04cr1224 government trial witness Ari Rabinowitz. The government was required to have disclosed to Mr. Ware prior to Rabinowitz's testimony all evidence that would have impeached Rabinowitz's credibility or undermined any testimony given by Rabinowitz. The Government did not disclose any Jencks, Giglio impeachment or other evidence or statements of Rabinowitz prior to his testimony at trial.

Exhibit #7, the official 'bad acts' of Government FRE 404(b) 'bad acts' witness former SEC lawyer Jeffrey B. Norris that have been concealed and never disclosed by the Government. Norris testified for the Government at trial in 04cr1224, and deliberately committed perjury, lied under oath, and falsified and misrepresented the moot 03-0831 D. NV proceedings, and misrepresented his status as attorney of record in the 03-0831 proceedings with the consent and knowledge of the Government's lawyers, who knowingly and willfully suborned Norris' perjury and false testimony, and the suppression of Norris' bad acts, impeachment evidence subject to the August 10, 2007, Brady order. See Exhibit #3-1 and 3-2.

Exhibit #8 the 05cr1115 (SDNY) May 19, 2006, Dkt. 17, Tr. 5-6 Brady order, which ordered the Government to disclose all Brady, Giglio, and Rule 16 evidence "prior to trial." During the May 2006 hearing on the Brady motion of Mr. Ware, AUSA Southwell misrepresented and committed a fraud on the court aided and abetted by District Judge William H. Pauley, III to conceal the SEC's illegal involvement in 05cr1115, and to conceal the USAO's illegal involvement in the 03-0831 (D. NV) proceedings, where Southwell lied regarding his own official DOJ emails, Brady favorable evidence required to have been disclosed to Mr. Ware.

**B.      Collective and Cumulative Brady Violations by the Government regarding 04cr1224.**

---

[6] Judge Sand's Rule 41(a)(2) superseding final order-judgment annulled, vitiated, voided, and abrogated the government's factual basis for its 04cr1224 indictment; and moreover, annulled and abrogated all government trial evidence used in 04cr1224 derived from 02cv2219 (SDNY). Accordingly, the 04cr1224 proceedings in total **have been abrogated as of December 20, 2007, or earlier**, February 2, 2001, upon the purchase of GPMT's Notes (GX 1-4) pursuant to para. 10.1(iv) of GX-5. Material dispositive Brady evidence required to have been disclosed to Mr. Ware pursuant to the August 10, 2007 (04cr1224), and May 19, 2006 (05cr1115) Brady orders.

[7] See ***A.B. Dick Co. v. Marr***, 197 F.2d 498, 501-02 (2d Cir. 1952) (voluntary dismissal of lawsuit by plaintiff annulled, vitiated, voided, and abrogated all prior orders, judgments, and proceedings as if the lawsuit "had never been filed," terminated the court's subject matter jurisdiction over the proceedings, and rendered the proceedings moot). (emphasis added).

Collectively, the cumulative effects of the Government's Brady violations deprived Mr. Ware of a fair trial as required by the Constitution's Due Process Clause. The Government with the assistance of Robert W. Sweet and William H. Pauley, III, knowingly, willfully, and in bad faith deliberately and intentionally suppressed, hid, concealed, and covered up material and dispositive Brady evidence in its possession or within its ability to assess as a deliberate trial strategy to criminally violate Mr. Ware's civil rights, 18 USC 241 and 242.

Had Mr. Ware had access to the Brady evidence mentioned above and been permitted to argue to the jury, cross-examine government witnesses with the Brady evidence, and develop a coherent trial strategy with the suppressed Brady evidence, it is, without doubt, no rational juror would have voted to convict Mr. Ware knowing that each of the 02cv2219 plaintiffs was a Section 2(a)(11) statutory underwriter ineligible for any Rule 144(k) legal opinion as an exemption to Section 5 registration requirements.[8] And also knowing that each of the 02cv2219 plaintiffs was an unregistered broker-dealer that lacked Article III standing to have filed the moot 02cv2219 lawsuit. As a matter of law, Mr. Ware is actually and factually innocent of all 18 USC 401(3) criminal contempt charges.

### C.     Collectively and cumulative Brady violations regarding 05cr1115.

The Government's lawyers colluded and conspired with the SEC's lawyers to deliberately hide, suppress, cover up and conceal material dispositive Brady exculpatory evidence which confirmed the SEC's litigation position regarding the 03-0831 (D. NV) litigation that government 05cr1115 trial witnesses Carlton Epps, Myron Williams, Charles H. Jackson, Elrico Sadler, and "principal witness" codefendant Jeremy Jones[9] "*were not involved in any conspiracy with Mr. Ware.*" (quoting former SEC lawyer Jeffrey B. Norris in an official SEC email to Jeremy Jones) (emphasis added).

Furthermore, District Judge William H. Pauley, III joined the DOJ-SEC conspiracy to frame and falsely convict and sentence Mr. Ware as a retaliatory racially-motivated hate crime, by the entry of his (Judge Pauley's) bogus and fraudulent January 6, 2007, Dkt. #35, order (Pauley, J.) that was in furtherance of the illegal plan and scheme, an overt act, to violate Mr. Ware's right to a fair trial.

Judge Pauley conspired with the SEC and DOJ and entered the January 6, 2007, order, Dkt 35, to intentionally and deliberately, in bad faith deny Mr. Ware his Sixth Amendment right to compel and confront the SEC's lawyers who initiated the 03-0831 D. NV lawsuit; and the SEC lawyers that form the SEC's litigation position to not add Epps, Williams, Jackson, Sadler, and

---

[8] See SEC Release 33-7190 and *Berckeley*, 455 F.3d at 220 citing 33-7190 (All Section 2(a)(11) statutory underwriters required to register all distribution of securities).

[9] Quoting Judge Kearse in the moot 07-5222cr opinion. Judge Kearse referred to government trial witness and codefendant Jeremy Jones as the government's "principal witness."

Jones to the 03-0831 complaint. Had Mr. Ware been allowed to present the testimony of the five (5) Caucasian SEC's lawyers, material, and dispositive Brady exculpatory evidence that the SEC did not believe there was any conspiracy "between Mr. Ware and the employees" there is more than a reasonable possibility that no rational juror would have voted to convict Mr. Ware of any conspiracy charge.

On the balance, the **white jury would have viewed the white SEC lawyers**[10] as more credible than **the government's five black, low life, uneducated, and inarticulate witnesses**. The white jurors would have credited no credibility and no value to the government's black trial witnesses over the **five (5) white SEC lawyers**. Which is the exact reason that Judge Pauley entered his order that violated Mr. Ware's absolute constitutional right to present a "complete defense to all charges" by compelling and confronting the SEC's lawyers that had material and dispositive Brady exculpatory that the jury was not allowed to hear. Mr. Ware was denied, intentionally and deliberately, his right to a fair trial by the trial judge, Pauley, J., a constitutionally, reversible structural error of the most egregious type.

Furthermore, Mr. Ware was denied his constitutional right to present material Brady exculpatory evidence in the possession of the SEC's lawyers, to wit, paragraph 33 of the moot 03-0831 D. NV complaint. Paragraph 33 was the SEC, and the United States and its privies Article II litigation position with respect to the press releases of INZS and SVSY, the same subject matter of the 05cr1115 indictment. In or around July 2003 the SEC had already formed its litigation position that the press releases of INZS and SVSY "**did not have the intended effect of increasing the stock price**." (emphasis added). Which was prosecutorial checkmate for the United States and its privies with respect to the actionability, civilly and criminally, in any Article III federal court; and indisputable dispositive Brady exculpatory evidence required to have been disclosed and permitted to be presented to the jury by Mr. Ware.

Palpably, any evidence that contradicted, or undermined the government's risible trial theory that somehow in an "inefficient market"[11] the press releases of INZS and SVSY "artificially

---

[10] There was only one black person in the trial jury: an old black woman, approximately +70 years old, on the jury who slept the entire trial.

[11] See October 2007 sentencing proceedings transcript, Dkt. 99, S. Tr. 73-76 (the district court (Pauley, J.) ruled in favor of Mr. Ware, after the jury was discharged, an acquittal on the merits, that the Government's trial proof was insufficient on "market efficiency." Moreover, on November 7, 2008, the USAG agreed with Mr. Ware's arguments and notified the Court of Appeals and Mr. Ware, the Government pursuant to Article II executive branch appellate political decision power had dismissed with prejudice it Rule 28.1 cross-appeal, *United States v. Ware*, 07-5670cr (XAP) (2d Cir.), *Gov.-I*, of the District Court's rulings at S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2), and S. Tr. 73-76 (R-3); and on August 18, 2009, the Court of Appeals entered final judgment in favor of Mr. Ware in *Gov.-I*, triggered the Double Jeopardy Clause's absolute finality with respect to "market efficiency" and R-1, R-2, and R-3; and all issues, facts, and clams actually or necessarily resolved by "market efficiency (i.e., materiality in regard to a "fraud on the market trial theory." Cf., R-2, S. Tr. 35-36); triggered res judicata, collateral estoppel, judicial and equitable estoppel, conferred prevailing party status on Mr. Ware in regard to (i) market efficiency, and

inflated the stock prices" was favor and material Brady exculpatory evidence required to have been disclosed to Mr. Ware; and moreover, Brady exculpatory evidence Mr. Ware had an absolute right to present to the jury.

**D.      Government Prosecutorial Misconduct.**

The newly-discovered evidence is overwhelming proof that that Government's lawyers Judges Sweet and Pauley, and others both known and unknown all colluded, conspired, and racketeered to obstruct justice: to frame and false convict and sentence Mr. Ware as an overt act in furtherance of the racially-motivated hate crime retaliatory conspiracy.[12]

E.      Judge Pauley, given that you are statutorily and constitutionally judicially disqualified from any and all judicial involvement in the 04cr1224 and 05cr1115 proceedings, you are required by law to inform the District Clerk to randomly assign another Article III judge to officiate the proceedings. Please email (utware007@gmail.com) a copy of your recusal order to Mr. Ware not later than 12:00 noon on June 16, 2021. Else Mr. Ware will be obligated to pursue all available legal remedies to protect his legal interests.

Respectfully,

/s/ Ulysses T. Ware

Cc:      Acting U.S. Attorney (SDNY) Audrey Strauss
AUSA Melissa A. Childs
AUSA John McEnany (Public Responsibility and Criminal Discovery Coordinator)

---

(ii) R-1, R-2, and R-3;  terminated all Article III and state courts' subject matter jurisdiction over the 05cr1115 proceedings; terminated all court's personal jurisdiction over Mr. Ware in regard to 05cr1115; and ipso facto, by operation of law annulled, vitiated, voided, and abrogated all prior order and judgments entered in 05cr1115. *Mr. Ware is actually and factually innocent of all charges in 05cr1115*.

[12] The Government's lawyers, were and are willing participants in the continuing criminal enterprise, (the "CCE"), run and operated by government 04cr1224 trial witness, unregistered investment adviser and unregistered broker-dealer, Ari Rabinowitz, and Alpha Capital, AG (Anstalt), knowingly, willfully, in bad faith, and to aid, abet, assist, and enable Rabinowitz, LH Financial Services, and Alpha Capital, AG to conduct a Hobbs Act international money laundering criminal conspiracy indicted Mr. Ware twice in retaliation for Mr. Ware refusing to join in the CCE and issue bogus and fraudulent Rule 144(k) legal opinions to Alpha Capital, AG, Rabinowitz, and the 02cv2219 plaintiffs, **Section 2(a)(11) statutory underwriters ineligible for Rule 144(k), see SEC Release 33-7190**.

# Exhibits

# Exhibit #1



5/18/2021 · Gmail - Alpha Capital, A.G.

M Gmail                                    Ulysses Ware <utware007@gmail.com>

## Alpha Capital, A.G.
2 messages

Ombudsman's Office <Ombuds@finra.org>          Wed, Apr 21, 2021 at 2:51 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman

Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.

---

5/18/2021 · Gmail - Alpha Capital, A.G.

Regards,

Danielle Derrick

Associate Director

FINRA Office of the Ombudsman

9509 Key West

Rockville, MD 20850

Tel: (240) 500-0028 or (240) 386-4600

Fax: (240) 386-4771

FINRA.

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

---

Thomas Ware <utware007@gmail.com>          Wed, Apr 21, 2021 at 3:58 PM
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: mydefmatters@gmail.com

Thank you for the information.
[Quoted text hidden]

2 attachments

FINRA.  image001.png
       3K

FINRA.  image001.png
       3K

Page **8** of **19**
**June 14, 2021**
RE: *United States v. Ware*, 04cr1224 and 05cr1115 Rule 33 and Rule 42(b) pending motions.

# Exhibit #2

UNITED STATES v. WARE, CASE NO. 09-0851 (2D CIR.) (2010)
ON APPEAL FROM UNITED STATES v. WARE, 04cr1224 (Sweet, J.)
18 USC 401(3) CRIMINAL CONTEMPT PROSECUTION
APPELLANT WARE'S OPENING BRIEF

1   Moreover, being unregistered brokers-dealers operating in violation of 15 U.S.C.
2   5780(a)(1), Tr. 204-05, Rabinovitz testified as follows at Tr. 204:

3

4   ADMISSION OF BROKER-DEALER STATUS BY
5   ARI RABINOWITZ UNDER CROSS EXAMINATION.
6
7   Mr. Ware: What is the name of your company?

3   Rabinowitz: LH Financial Services.

9   Mr. Ware: What business is that company?

0   Rabinowitz: We are in the private placement business.

1   Tr. 206

2   Mr. Ware: Approximately how many companies have you assisted Alpha Capital
3   with over, let's say, the last five years?

4   Rabinowitz: A good few hundred.

5   Mr. Ware: A good few hundred?

6   Rabinowitz: Yes;

7   Rabinowitz' testimony of being in the private placement business, and assisting
8   Alpha Capital with "a good few hundred" transactions; pursuant to 15 U.S.C.
9   §77b(a)(12) Rabinowitz and Alpha were "dealers" not eligible for any exemption
0   under Title 15 Section 4, and thus not eligible for 17 C.F.R. §240.144(k)/(Rule 144(k)
1   regarding the purchase of the Notes of IVG/GPMT (GX 1-4).

Page 4 of 12
Appellant Ware's Statement of Facts
U.S. v. Ware, 09-0851cr (2d Cir.)
Opening Appeal Brief




EVERSHEDS
SUTHERLAND

Sarah Paul's practice focuses on areas of white-collar defense, both in particular focus of government, internal, and cross-border investigations, tax controversy and cybersecurity and privacy law. She has extensive experience litigating complex commercial and civil cases.

BRACEWELL

Barbara S. Jones
Partner

✆ +1.212.508.6105
🖶 +1.212.938.3804



**June 14, 2021**
**RE: *United States v. Ware*, 04cr1224 and 05cr1115 Rule 33 and Rule 42(b) pending motions.**

# Exhibit #3-1

UNITED STATES OF AMERICA, - against - ULYSSES THOMAS WARE, a/k/a THOMAS WARE, Defendant.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2007 U.S. Dist. LEXIS 58786

04 Cr. 1224 (RWS)

August 8, 2007, Decided
August 10, 2007, Filed

## Editorial Information: Subsequent History

Later proceeding at United States v. Ware, 2008 U.S. Dist. LEXIS 101537 (S.D.N.Y., Dec. 9, 2008)

**Counsel**  For Thomas Ware (1), also known as Ulysess Thomas Ware (1), Defendant: Nancy Lee Ennis; LEAD ATTORNEY, Quijano & Ennis, P.C. (381 Park Ave. S.), New York, NY.

Thomas Ware (1), also known as Ulyssess Thomas Ware (1), LEAD ATTORNEY, Defendant, Pro se, Norcross, GA.

For USA, Plaintiff: Nicholas Stoloff Goldin, LEAD ATTORNEY, U.S. Attorney's Office, SDNY (St Andw's), New York, NY.

**Judges:** ROBERT W. SWEET, U.S.D.J.

### Opinion

**Opinion by:**  ROBERT W. SWEET

### Opinion

#### MEMORANDUM OPINION AND ORDER

Sweet, D.J.,

Defendant Thomas Ware (the "Defendant" or "Ware") has filed a motion seeking the following: (1) Dismissal of the Indictment for lack of proper venue in the Southern District of New York; (2) Production of exculpatory material; (3) Notice of other act evidence the Government intends to introduce at trial under Fed. R. Evid. 404(b); (4) A bill of particulars; (5) Disclosure of *ex parte* communications between Judge Leonard B. Sand and the plaintiffs in the civil contract action underlying the pending criminal contempt charges, *Alpha Capital, et al. v. Group Management, et al.*, No. 02 Civ. 2219 (LBS) (the "Civil Action"); (6) Disclosure of the name and contact information of the Government official who certified certain affidavits in the Civil Action; (7) Disclosure of the criminal history and plea agreement of "Edward M. Grushko"; (8) Disclosure of the indictments of "Thomas Badian" and "Andrea Badian"; and (9) Disclosure of the identity of the Assistant United States Attorney who presented the Indictment to the Grand Jury. For the reasons stated below, the motion will be granted in part and denied in part.

#### *Venue is Proper*

When a defendant is charged with criminal contempt for violating a court order, "[t]he district in which the court order was issued is . . . said to have sufficient contact with the criminal contempt to be the site of prosecution." *United States v. Reed*, 773 F.2d 477, 481–82 (2d Cir. 1985). All charges

1ybcases                                                                                         1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

## Exhibit #3-2

in the indictment allege that Ware violated court orders entered in this district by Judge Sand in the Civil Action. Accordingly, venue is proper.

**The Government Shall Produce All Brady Material Prior to Trial**

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

**The Government Shall Provide Notice of Other Act Evidence**

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 19, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

**Defendant Is Not Entitled to a Bill of Particulars**

Ware seeks a bill of particulars from the Government apparently requesting: (1) the specific acts upon which venue is based in the Southern District of New York; (2) how he violated the Civil Action court orders at the heart of the case; (3) the identity of the attorney who mailed Judge Sand's November 25, 2000 order to him and how he acknowledged receipt of said order; and (4) a list of all exhibits to be introduced at trial by the Government.

The purpose of a bill of particulars in a criminal case is to permit the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In the instant case, the indictment provides all the information necessary by specifically identifying each court order with which Ware failed to comply and what act or omission violated the orders. To wit, the indictment alleges that each order required Ware to honor the conversion notes issued to the plaintiffs in the Civil Action, which Ware and his corporation were contractually obligated to do. *See* Indictment at 4-6. For each of the three orders discussed in the indictment, it is alleged that the notes were not honored (or, in one case, the notes were honored after the court-imposed deadline). *See Id.* at 5-6. Furthermore, the Government has advised the Court that it has already produced to Ware copies of all the relevant orders and other documents from the Civil Action (to which Ware was a party). "The Government should not be compelled to disclose additional details of its case if the defendant has received adequate notice of the charges against him and can prepare fully for trial through the exercise of reasonable diligence." *United States v. Martinez-Martinez*, 2001 U.S. Dist. LEXIS 17558, 2001 WL 1267040, at *6 (S.D.N.Y. Oct. 24, 2001). Such is the case here.

Furthermore, the Government is not required to identify any of its witness absent "a specific showing that the disclosure [is] both material to the preparation of [defendant's] defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Here, Defendant has not even attempted to make such a showing.

Finally, a criminal defendant is not entitled to a list of the Government's trial exhibits at this stage. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 568 (S.D.N.Y. 2000).

2

1ybcases

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit #4-1



Case 1:12-cv-04397-TWT   Document

Draper, Julia D.

From: Norris, Jeffrey B.
Sent: Wednesday, October 06, 2004 1:16 PM
To: Alexander, Southwell@usdoj.gov
Cc: Draper, Julia D.; Korotash, Stephen J.
Subject: RE: Thomas Ware

Alexander:

Who raised the 100 mile limit argument? That is a specious argument with no legal basis. I have won that issue with a number of district courts where a person held in contempt was trying to avoid extradition. Based on orders from courts in the Northern District of Texas, I have had the Marshals arrest people in California, Washington, Wisconsin, Nevada and probably other jurisdictions that I can't remember. Several of those people have been incarcerated in Texas for more than a year. One person arrest in Washington state for civil contempt is still in prison in Texas after more than 2 years.

Read Federal Rule of Civil Procedure 4.1. It states that an order of civil commitment for a person held in contempt "may be served and enforced in any district." It goes on to state that other orders in contempt proceedings are subject to the 100 mile limit.

Whoever argued this matter didn't do his or her homework. Someone needs to file a motion for reconsideration and have him arrested again!

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6452
Fax: (817) 978-4927
email: norrisj@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'Norris@USEC.GOV'
Subject: RE: Thomas Ware

He likely means when he was arrested on the civil contempt order. He was arrested in Atlanta and released the same day, which was somewhere around the beginning of September. As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from the courthouse or in the same state. He he was improperly arrested, which he pointed out to Judge Sand, the wily guy that he is). So we are working on a criminal contempt charge which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: Norris@USEC.GOV [mailto:Norris@USEC.GOV]
Sent: Wednesday, October 06, 2004 12:37 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

Have there been any developments in the contempt prosecution of Thomas Ware since the beginning of September? I got a cryptic e-mail from

1

3501 - 72

Norris was aware of the Grand Jury investigation.

Page 1 of 2

Draper, Julia D.

From: Norris, Jeffrey B.

Judge in Ezekiel Elliott Case Had Potential
Conflict of Interest

Elliott Judge's husband works
for law firm that helped craft
CBA

On Monday night, Judge Katherine Polk

**June 14, 2021**
RE: *United States v. Ware*, 04cr1224 and 05cr1115 Rule 33 and Rule 42(b) pending motions.

## Exhibit #4-2

Draper, Julia D.

| | |
|---|---|
| **From:** | Norris, Jeffrey B. |
| **Sent:** | Monday, April 18, 2005 7:58 PM |
| **To:** | Pennington, Mark R. |
| **Cc:** | Draper, Julia D. |
| **Subject:** | FW: Supplemental Brief |

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*
*Burnett Plaza, Suite 1900*
*801 Cherry St., Unit #18*
*Fort Worth, TX 76102*
*Phone: (817) 978-6442*
*Fax: (817) 978-4927*
*E-mail: norrisj@sec.gov*

*Brady*
*Evidence*

**From:** Thomas Ware [mailto:rgwinc@mindspring.com]
**Sent:** Tuesday, December 14, 2004 9:21 AM
**To:** Norris, Jeffrey B.
**Subject:** Re: Supplemental Brief

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware

*hidden by*
*Southwell*

----- Original Message -----
**From:** Norris, Jeffrey B.
**To:** Thomas Ware
**Cc:** Draper, Julia D. ; Korotash, Stephen J.
**Sent:** Tuesday, December 14, 2004 9:09 AM
**Subject:** RE: Supplemental Brief

Mr. Ware:

     Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*

4/18/2005                                         9                              3501 - 98

## Exhibit #5



## Exhibit #6

# Commission Partially Settles Microcap Fraud Manipulation Action

T. Gorman | 🏛 Posted on February 10, 2019 | Posted in SECActions

The Commission and the staff may have returned to the office in time to pack-up. By all reports there is no deal on funding the government past the end of the week, February 15, 2015. If that continues the stalemate could begin anew at the close of business on Friday.

Since the government returned the Commission has continued to move forward in court, partially settling a large microcap fraud action — the type of case that is central to its retail investor focus. The settlements were in *SEC v. Honig*, Civil Action 18-cv-08175 (S.D.N.Y. Filed Sept. 7, 2018) with Defendants Mark Groussman, his firm Melechdavid and Alpha Capital Anstalt, a Lichtenstein hedge fund managed by an unnamed New York based unregistered investment adviser.



## Exhibit #7-1

On May 22, 2009, the SEC sent Norris a notice of proposed removal which proposed to remove him based on the three emails sent in 2008, and recounted the prior emails which had led to the previous disciplinary actions against him. Norris responded, urging that his actions in connection with the 2008 emails were influenced by several personal circumstances, including his wife's becoming fully disabled, his daughter's suffering from Asperger's Disorder, and Norris's adult Attention Deficit Hyperactivity Disorder ("AD/HD"). On August 19, 2009, the deciding official, Rose Romero ("Romero"), informed Norris that she had decided to remove him effective August 28, 2009, for misuse of government equipment by sending unauthorized or inappropriate emails. In the decision, Romero stated that "because of [Norris's] continued inappropriate and/or unauthorized emails [she had] lost confidence that [he could] effectively

## Exhibit #7-2

The removal here was based on three additional emails sent in 2008. On September 11, 2008, Norris sent an email to the Washington Post from his SEC email account in which he identified himself as Senior Trial Counsel and expressed certain political views. On October 19, 2008, Norris*1351 sent an email to two supervisors and three members of the support staff in which he demeaned the support staff and implied that they were incompetent at performing their job duties. Finally, on October 23, 2008, Norris emailed a confidential suspicious activity report ("SAR") to an appointed receiver and his counsel in violation of SEC policies.[1]

---

[1] A SAR is a report filed by a financial institution with a federal law enforcement agency in which the institution discloses known or suspected violations of federal law or suspicious monetary

## Exhibit #8-1



SA-30

P. 71

65JAAWARC                    Conference

1   for that and to let the Court know there may -- the government

2   may seek to return a superseding indictment because we may add

3   additional counts.

4          THE COURT:  The government always has that right,

5   obviously, so long as it's not close to trial.

6          MR. SOUTHWELL:  Certainly, your Honor.

7          THE COURT:  I'll direct the government to provide the

8   defendants with such a letter by June 21.

9          Now, the defendants also make applications for early

10  disclosure of Brady material and Jinx Act material and Giglio

11  material.  The government has acknowledged its continuing duty

12  to turn over exculpatory material and asserts that it is not

13  aware of any materials of the current time.  The government's

14  representation is sufficient to satisfy the government's Brady

15  obligations in this case.  See United States versus Gallo, 1999

16  Westlaw 9848 at star 7 SDNY 1999.

17         With respect to Jinx Act and Giglio material,

18  obviously, that material needs to be produced in time for its

19  effective use at trial.  It's the government's responsibility

20  to determine when that material should be produced to permit

21  its effective use.  See En Re United States v. Coppa, 273 F3rd

22  132 2d Cir. 2001.

23         This Court will direct the government to produce no

24  later than the Thursday before the start of trial that

25  exculpatory material unless the government believes that such

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

## Exhibit #8-2



SA-31

P. 72

65JAAWARC                    Conference

1    early disclosure would create a security risk for a witness in

2    which case the government can make an ex parte application to

3    the Court and the disclosure that I am requiring on the

4    Thursday before the start of trial relates to witnesses the

5    government intends to call during the first week of trial so

6    that we can avoid any delays during the course of the trial to

7    afford defense counsel an opportunity to review material.

8           Obviously, at the same time and this feeds directly

9    into the government's need to exercise appropriate discretion

10   and judgment here, the more materials that the government has

11   to produce concerning a particular witness, the more important

12   it is for the government to produce them earlier rather than

13   later.

14          Finally, the defendants make an application for

15   disclosure of communications between the SEC and the United

16   States Attorney's Office in connection with this matter.

17          The defendants' allegations of collusion between the

18   SEC staff and the U.S. Attorney staff are conclusory and

19   they're belied by documents that including a letter exchange

20   that the government has produced as part of its opposition to

21   this motion. And I take it, Mr. Southwell, that the only

22   communications between the U.S. Attorney's Office and the SEC

23   that are in writing are these letters or are there other

24   letters or exchange between the agencies?

25          MR. SOUTHWELL:   I believe there may be some

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012