From: Ulysses T. Ware

To: The Hon. William H. Pauley, III and the Office of the District Clerk (SDNY)

Date: July 1, 2021

RE: Filing the enclosed pleadings on the 04cr1224 (SDNY) and 05cr1115 (SDNY) dockets.

To: Office of the District Clerk (SDNY) and Judge Pauley:

Please file the enclosed **pleading** and please properly and correctly identify the enclosed as a pleading rather than a "letter":

**Re: Exhibit #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.**

on the applicable dockets.

In the future, please serve Mr. Ware via email at utware007@gmail.com with a copy of the Government's filings, as well as all of your orders or directives entered in this matter, due to the slowness of the U.S. Mail.

Paper copy to follow via U.S. Mail.

/s/ Ulysses T. Ware

Page 1 of 12
July 1, 2021
Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

# Case Nos. 04cr1224 (SDNY) and 05cr1115 (SDNY) (#33)

Submitted on July 1, 2021, by email to: PauleyNYSDChambers@nysd.uscourts.gov
Jonathan_mccann@nysd.uscourts.gov

/s/ Ulysses T. Ware

Ulysses T. Ware, individually, and as
the legal representative for the estate
of third-party surety Mary S. Ware.
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

United States of America, et al.,
  Plaintiff, Petitioner,
  Cross Respondent,

v.

Ulysses T. Ware, et al.,
  Defendant, Respondent,
  And Cross Petitioner.

Re: Exhibit #20 to 06.26.21 Supp #1 Dispositive <u>Undisclosed</u> Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSAs Melissa Childs, John M. McEnany, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, Maria E. Douvas, and Audrey Strauss, David Kelley, Preet Bharara, Joon Kim, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

## Certificate of Service

I Ulysses T. Ware certify that I have this 1ˢᵗ day of July 2021 served the persons listed below with a copy of this pleading:

  AUSA Jeffrey R. Ragsdale, Counsel DOJ's Office of Professional Responsibility
  AUSA Melissa Childs, USA John M. McEnany, Acting USA Audrey Strauss
  USAG The Hon. Merrick Garland

July 1, 2021
Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

I.
### A. USAO's Criminal Conspiracy to Conceal Material Brady Exculpatory Evidence.

1. AUSAs Melissa Childs, John M. McEnany, Alexander H. Southwell, Nicholas S. Goldin, Steven D. Feldman, Maria E. Douvas, and U.S. Attorneys David N. Kelley, Michael J. Garcia, Preet Bharara, Joon Kim, and Audrey Strauss all have knowingly, deliberately, and willfully continued to hide, suppress, and conceal the dispositive Brady exculpatory evidentiary testimony and trial preparation notes and other evidence of government trial witness (05cr1115) FBI analyst Maria Font.

2. Ms. Font testified for the government under direct examination by AUSA Southwell in regard to Government Exhibits GX 92 and GX 93 chart series to falsely and fraudulently show that the disclosures of INZS and SVSY **had caused** the **prices and volumes** of each security to be **"artificially inflated,"** according to the Government's risible trial theory as charged in the 05cr1115 indictment.[1]

3. Exhibit 20-2 is an excerpt of the trial testimony of Ms. Font under incredibly stressful and thorough cross-examination by Mr. Ware regarding exactly what effects the disclosures of INZS and SVSY had on the securities' **prices** and **volumes**, i.e., whether or not there was any reliable and competent evidence to support the Government "artificial inflation" trial theory. Ms. Font under brutal and thorough cross-examination by Mr. Ware completely destroyed, undermined, and impeached GX 92 and GX 93 for any probative evidentiary value to establish the disclosures of INZS and SVSY **had caused** the securities' **prices and volumes** to be "**artificially inflated.**"

4. Certainly, any competent trial preparation for Ms. Font's direct examination by AUSA Southwell discussed what effects GX 92 and GX 93 had on the securities' **prices and volume** which were the alleged basis for the admission of GX 92 and GX 93; completely false and fabricated government trial evidence manufactured and fabricated by AUSAs Alexander H. Southwell, Nicholas S. Goldin, Steven D. Feldman, Maria E. Douvas, and U.S. Attorneys David N. Kelley and Michael J. Garcia in collusion and while conspiring with District Judge William H. Pauley, III to frame Mr. Ware as an overt act in furtherance in the retaliatory racially-motivated hate crime conspiracy perpetrated against Mr. Ware for his refusal to issue bogus and fraudulent Rule 144(k)

---

[1] See October 2007, Dkt. 99, S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. Tr. 73-76 (R-3), jointly (the **"Pauley Acquittal Verdicts"**), entered in favor of defendant Ulysses T. Ware.

legal opinions to Judge Leonard B. Sand's clients, the 02cv2219 (SDNY) plaintiffs, **unregistered broker-dealers** and 15 USC 77b(a)(11) **statutory underwriters**[2] of IVG Inc. securities.[3]

5.  The USAO's trial team, AUSAs Southwell, Steven D. Feldman, and Michael J. Garcia all knew, or were recklessly negligently and completely incompetent in not knowing Ms. Font's testimony with respect to GX 92 and GX 93, the only trial testimony admitted by the Government regarding price and volume of the securities of INZS and SVSY, would be adversely affected, discredited, and impeached by anything that tended to contradict and impeach the effects of any disclosure (INZS and SVSY's press releases) on the prices and volumes. Thus, the USAO's trial team manufactured and orchestrated the suborned perjury of FBI analyst Maria Font as a fraud on the court and a conspiracy to obstruct justice in collusion with District Judge William H. Pauley, III to have Mr. Ware falsely convicted to fabricated trial evidence, GX 92 and GX 93.

6.  Under brutal cross-examination by Mr. Ware Ms. Font capitulated and mea culpa, threw in the towel and in tears testified that, "**I can't determine if they [INZS and SVSY's alleged false and misleading disclosures (press releases)] were read.**"[4] (emphasis added). Which in essence as a matter of law and fact blew up the Government's trial theory and the entire case against Mr. Ware.

7.  The Government admitted no evidence at all that proved beyond a reasonable doubt that INZS and SVSY's securities' **prices and volumes** were "**artificially inflated**" caused by any alleged press release INZS or SVSY allegedly disclosed by Mr. Ware.

---

[2] Section 2(a)(11) statutory underwriters are legally ineligible for Rule 144(k) exemption to Section 5 registration requirements, see **SEC Release 33-7190**, n. 17.

[3] See Counts I, II, and III in the null and void ab initio indictment in *United States v. Ware*, 04cr1224 (SDNY): three counts of alleged 18 USC 401(3), criminal contempt, for Mr. Ware's lawful refusal to criminally violate the federal securities laws and sign and issue bogus and fraudulent Rule 144(k) legal opinions to the 02cv2219 (SDNY) plaintiffs, 15 USC 77b(a)(11), legally ineligible for any exemption to Section 5 registration requirements.

[4] Palpably if the disclosures [the alleged false and misleading press releases that allegedly caused the volumes and prices of INZS and SVSY's securities to be "artificially inflated" by Mr. Ware] **were not read** by anyone which the Government's own witness, FBI analyst Maria Font, testified that she had no evidence or could determine the press releases were "read by anyone" Ms. Font's undisclosed "prior to trial" testimony was clearly **material and exculpatory** and therefore required to have been disclosed by the USAO in compliance with the May 19, 2006, Dkt. 17, Tr. 5-6, Brady order (Pauley, J.).

**July 1, 2021**
Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

8. Given Judge Pauley's October 12, 2007, Dkt. 99, S. Tr. 31 L 18-25 (R-1), evidentiary ruling, on a factual element of the Government's trial burden of proof, market efficiency, in favor of Mr. Ware, **after the trial jury had been discharged on April 30, 2007,** " ... I [agree with Mr. Ware's arguments and reject the Government's risible theory and arguments by AUSA Steven D. Feldman and] think we should have a [Rule 29(c)] Fatico [evidentiary] hearing on among other things the ***efficiency of the market [for INZS and SVSY's securities]***" sealed the fate of 05cr1115 against the Government. Material **undisclosed** Brady exculpatory exoneration evidence required to have been disclosed by the Government "prior to trial." Which if properly disclosed there would have been no trial in 05cr1115.

9. The Government can only establish an efficient market by **expert testimony**. No experts were called by the Government in 05cr1115 to establish market efficiency. Accordingly, as a matter of law and fact the Government did not carry its trial burden on the necessary factual element of "artificial inflation" beyond a reasonable doubt. Mr. Ware was factually and actually acquitted of "artificial inflation" and "market efficiency" by District Judge Pauley in the post-trial Rule 29(c) Fatico proceedings. See October 12, 2007, Dkt. 99, S. Tr. 31 L 18-25 (R-1).

10. The Government's case is moot and has been moot since April 30, 2007, once District Judge William H. Pauley discharged the trial jury, III *without the trial jury*, the only lawful fact-finder according to the Due Process Clause[5], making any findings beyond a reasonable doubt on "among other things **the efficiency of the market** [for INZS and SVSY's securities]." (quoting Pauley, J., Dkt. 99, S. Tr. 31 L 18-25 (R-1); see also S. Tr 35-36 (R-2)).

11. On April 30, 2007, **upon discharge of the jury**, initial jeopardy terminated without the Government having met its trial burden of proof on "efficiency of the market." Per se an acquittal on the merits for insufficient evidence; the Double Jeopardy Clause and res judicata were triggered in favor of Mr. Ware; and terminated the Article III subject matter jurisdiction of the 05cr1115 district court over 05cr1115. All issues, facts, and claims therein are moot. *Winship*, 397 U.S. at 361.

12. Judge Pauley's October 12, 2007, post-trial Rule 29(c) Fatico evidentiary hearing ruling, Dkt. 99, S. Tr. 31 L 18-25 (R-1), **conferred prevailing party status** on Mr. Ware with respect to

---

[5] See *In re Winship*, 397 U.S. 358, 361 (1970) ("The requirement that guilt of a criminal charge be established by proof beyond a reasonable doubt dates at least from our early years as a Nation. The demand for a higher degree of persuasion in criminal cases was recurrently expressed from ancient times, [though] its crystallization into the formula 'beyond a reasonable doubt' seems to have occurred as late as 1798. *It is now accepted in common law jurisdictions as the measure of persuasion by which the prosecution must convince the trier of all the essential elements of guilt*.").

"among other things the efficiency of the market" for INZS and SVSY's securities. Lacking an efficient market the Government did not and cannot prove beyond a reasonable doubt that INZS and SVSY's alleged false and misleading press releases were "material." Mr. Ware is actually and factually innocent on the Government's required trial element of proof, "materiality," and therefore as a matter of law and fact actually and factually innocent of all charges in the 05cr1115 (SDNY) indictment. *Winship*, Id.

II.

A.  AUSA Southwell's Undisclosed official DOJ email to SEC lawyer Jeffrey B. Norris.

1.  On October 6, 2004, (see Exhibit #20-1), AUSA Alexander H. Southwell, lead trial counsel for the Government in 05cr1115 (SDNY), responded to an official SEC email from former SEC lawyer Jeffrey B. Norris.[6] Southwell admitted and confessed that Mr. Ware was "improperly arrested" by the U.S. Marshals (NDGA) on September 1, 2004, in Atlanta, GA.[7] Southwell lied and committed perjury in open court on May 19, 2006, Dkt. 17, Tr. 5-9 and again on January 5, 2007, Dkt. 44, and mislead Mr. Ware and the court and stated that there were no emails between "my office and the SEC." Which Exhibit #20-1 confirms was a lie and perjury committed by an officer

---

[6] Mr. Norris was fired (terminated) by the SEC in 2009 for professional misconduct related to his misuse and inappropriate use of his government email account triggered by his admitted mental illness. Norris and other SEC lawyers involved in the illegal SEC-DOJ commingled Las Vegas 03-0831 (D. NV) litigation were to be compelled by Mr. Ware to give material Brady exculpatory evidence at trial in 05cr1115 concerning why the SEC did not include the Government's trial witnesses (employees of Mr. Ware) in the 03-0831 litigation. However, Mr. Ware was denied his Sixth Amendment constitutional right to compel the SEC lawyers that possessed Brady exculpatory evidence by District Judge Pauley's bogus and fraudulent January 6, 2007, Dkt. 35, ruling. Were Mr. Ware's Sixth Amendment rights not deliberately and intentionally violated by Judge Pauley as an overt act in furtherance of the racially-motivated hate-crime conspiracy perpetrated against Mr. Ware, each of the white SEC lawyers would have been compelled and confronted by Mr. Ware and forced to give sworn testimony that the SEC **did not** believe there was any conspiracy between Mr. Ware and any of his employees based on the deposition testimony of each of the employees and therefore did not add the employees to the bogus and pretextual Las Vegas 03-0831 (D. NV) lawsuit. Undisclosed material Brady exculpatory evidence that undermined, contradicted, and impeached the Government's known perjurious trial testimony of Mr. Ware's employees.

[7] Four marshals illegally entered Mr. Ware's law office in Atlanta, GA with guns drawn, while lacking a lawful and valid arrest warrant, search warrant, or court order, and threaten to murder Mr. Ware right then unless " ... you give us that stock and those opinions that Judge Sand needs ... you better give them to us, or we are taking you before Judge Thrash who is waiting for you right now at the courthouse ...." (emphasis added).

of the court in egregious violation of the May 19, 2006, Brady order (18 USC 401(2) and 401(3), criminal contempt), and violation of the DOJ's Code of Professional Conduct for Government Lawyers.

2. Mr. Ware's September 1, 2004, false and illegal Atlanta, GA arrest (kidnapping) was arranged and coordinated by the SEC and USAO's lawyers in a conspiracy to commit witness tampering. Mr. Ware had notified SEC lawyer Jeffrey B. Norris to make SEC lawyer Stephen Webster available for deposition in the SEC-DOJ's commingled 03-0831 (D. NV) litigation. Norris notified Mr. Ware on August 17, 2004, to take Webster's deposition "no earlier than Sept. 1 [2004],"[8] the date that Mr. Ware was to be **kidnapped and illegally held in prison** by District Judge (NDGA) Thomas W. Thrash, Jr., without bail until he (Mr. Ware) delivered fraudulent Rule 144(k) legal opinions to Judge Sand's clients, the 02cv2219 (SDNY) plaintiffs, Section 2(a)(11) statutory underwriters.

3. Illegally in prison without bail, which was the criminal objective of the CCE, Mr. Ware would be unable to depose SEC lawyer Webster who had knowledge of the illegal collusion and conspiracy between the SEC's and USAO's lawyers to frame Mr. Ware in 05cr1115 (SDNY) for securities fraud and conspiracy to commit securities fraud (i.e., the 05cr1115 (SDNY) indictment).[9]

III.

A. **Conclusion.**

The evidence is overwhelming. Moreover, the Government has not responded in opposition and filed any sworn counter-factual non-frivolous interpretation of the events that surround the September 1, 2004, of Atlanta, GA lawyer, Ulysses T. Ware, an as overt act in furtherance of the racketeering activities of **unregistered broker-dealer** Alpha Capital, AG (Anstalt), and others.

Mr. Ware is requesting an in court evidentiary hearing on any disputed factual issues raised herein if the Government opposes and files any counter factual interpretation of the events.

Sincerely,
/s/ Ulysses T. Ware
July 1, 2021.
*Ulysses Q. Ware*

---

[8] See Exhibit #20-4

[9] See Exhibit #20-3.

Page 7 of 12
July 1, 2021
Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

# Exhibit #20-1 to June 26, 2021, Supp. #1.
# AUSA Alexander H. Southwell's Material <u>Undisclosed</u> Brady Exculpatory Evidence.

Draper, Julia D.

**From:** Norris, Jeffrey B.
**Sent:** Wednesday, October 06, 2004 1:18 PM
**To:** Alexander.Southwell@usdoj.gov
**Cc:** Draper, Julia D.; Korotash, Stephen J.
**Subject:** RE: Thomas Ware

Alexander:

Who raised the 100 mile limit argument? That is a specious argument with no legal basis. I have won that issue with a number of district courts where a person held in contempt was trying to avoid extradition. Based on orders from courts in the Northern District of Texas, I have had the Marshals arrest people from California, Washington, Wisconsin, Nevada and probably other jurisdictions that I can't remember. Several of these people have been incarcerated in Texas for more than a year. One person arrest in Washington state for civil contempt is still in prison in Texas after more than 2 years.

Read Federal Rule of Civil Procedure 4.1. It states that an order of civil commitment for a person held in contempt "may be served and enforced in any district." It goes on to state that other orders in contempt proceedings are subject to the 100 mile limit.

Whoever argued this matter didn't do his or her homework. Someone needs to file a motion for reconsideration and have him arrested again!

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6452
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'NorrisJ@SEC.GOV'
Subject: RE: Thomas Ware

He likely means when he was arrested on the civl contempt order. He was arrested in Atlanta and released the same day, which was somewhere around the beginning of September. As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from the courthouse or in the same state, so he was improperly arrested (which he pointed out to Judge Sand, the wily guy that he is). So we are working on a criminal contempt charge which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: NorrisJ@SEC.GOV [mailto:NorrisJ@SEC.GOV]
Sent: Wednesday, October 06, 2004 12:57 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

3501 - 72

Have there been any developments in the contempt prosecution of Thomas Ware since the beginning of September? I got a cryptic e-mail from

1

Norris 8/15/2012 re of the Grand Jury 8/15/2012.

# Exhibit 20-2
## Material <u>Undisclosed</u> Brady Exculpatory Testimony of
## FBI Analyst Maria Font (05cr1115 SDNY)

Compare the USAO's witness (FBI analyst's chart testimony with the supervening case <u>U.S. v. Ferguson</u>6WARS , 653 F.3d 61 (2d. Cir. 2011) (rejecting chart evidence as "overerly prejudicial" and "violated the substantial rights of the defendants." Id. at 75.

51

| | |
|---|---|
| 1 | more pertinent points that he addressed. |
| 2 | I think Mr. Feldman's opening statement he said |
| 3 | alleged which is correct, your Honor, there is no information |
| 4 | at trial or here for restitution, that any press release caused |
| 5 | any stock -- INZS or SVSY -- to raise or to fall. |
| 6 | Now, Mr. Feldman wants to say the government brought |
| 7 | forth charts, Government Exhibit 92, 93, etc., during the trial |
| 8 | that "alledge that a press release caused INZS, SVSY stock to |
| 9 | rise." But I want to take you to one of the government's |
| 10 | witnesses in that case, your Honor. That was Maria Font. She |
| 11 | testified on behalf of the government and under |
| 12 | cross-examination questions put to Ms. Font: |
| 13 | "Q. Is it your testimony that you do not know whether or not |
| 14 | press releases caused the volume to increase or decrease? |
| 15 | "A. I have no idea whether press releases did. |
| 16 | "Q. And is it also your testimony you have no way to determine |
| 17 | whether or not press releases were read by anyone or anyone |
| 18 | person, is that correct? |
| 19 | "A. I can't determine who read them. |
| 20 | "Q. Or if they were read at all, is that correct? |
| 21 | "A. I can't determine if they were read." |
| 22 | So you have the only government witness that testified |
| 23 | regarding government exhibits, the charts 92, etc., Ms. Font, |
| 24 | the FBI agent testify that she had no idea of whether or not |
| 25 | the press leases caused the stock to go up or down. |

Ferguson, rejected chart evidence to establish materiality in an **efficient market**.

Illegal evidence due process violation

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

The Gov't chart evidence (GX-92, GX-93 series), per <u>Ferguson</u>, supra "violated the substantial rights" of Mr. Ware ... the USAO's charts were "overly prejudicial" and violated Mr. Ware's due process rights.

Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

# Exhibit #20-3
# Material Undisclosed Brady Exculpatory Evidence

75.  9/1/04      Contempt of Court    Atlanta, Georgia    10/15/04:
     Age: 44                                              Dismissed pursuant
                                                          to order of Judge
                                                          Leonard B. Sand



76.  According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of
     Georgia, on September 1, 2004, the defendant was arrested in the Northern District of
     Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District
     Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003,
     Judge Sand ordered the defendants in this civil matter (which included the defendant) to
     deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests
     for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the
     plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for
     contempt of court, for failure to obey the December 22, 2003, order. This arrest order
     indicated that the defendant was to be arrested by the U.S. Marshals Service and detained
     until the defendant purged himself of contempt by delivering the above-referenced

## Sept. 1, 2004 kidnapping
WARE, ULYSSES THOMAS                                              P47014 - C. Tyler
                                        15

     common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service
     in the Northern District of Georgia. He appeared before the Honorable Thomas W.
     Thrash, Jr., in that district, refused to purge himself of contempt and offered no
     acceptable reason to prevent enforcement of the contempt order. On September 2, 2004,
     the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of
     the U.S. Marshals Service until he purged himself of contempt or was ordered released by
     either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he
     was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond,
     cosigned by two other individuals.

77.  On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order
     in part to the extent that it authorized the arrest of the defendant outside of the state of
     New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street,
     New York, New York. The order remained in effect insofar as it could be served on the
     defendant in the state of New York or within 100 miles of the U.S. Courthouse located at
     500 Pearl Street, New York, New York.

78.  On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 set
     on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the
     Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the
     corporate surety bond was discharged.

Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and
Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D.
Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and
Conspiring with the USAO and SEC's Lawyers.

# Exhibit #20-4
# Former SEC lawyer Jeffrey B. Norris' Official Email that Arranged the Sept. 1, 2004, Kidnapping of Mr. Ware.

101 Marietta St.
Suite 1070
Atlanta, GA 30303
(404) 522-1202 phone
(404) 522-1447 fax

----- Original Message -----
From: Norris, Jeffrey B.
To: 'Thomas Ware'
Cc: Korotash, Stephen J. ; Webster, Stephen ; Draper, Julia D.
Sent: Tuesday, August 17, 2004 3:54 PM
Subject: RE: Deposition of Steve Webster

Mr. Ware:

If you are inclined to further undermine your credibility with the Court and incur further sanctions, then, to quote the Duke of Wellington, "publish and be d—ed." I remind you that the Court stated in the July 29 Order that you are perilously close to having a default sanction entered against you. I assure you that if you notice Mr. Webster's deposition--an act that can only be done in bad faith--my Motion for Protective Order will be accompanied by a motion renewing the Commission's request that the Court enter a default judgment against you and Rosenfeld, Goldman and Ware. I will not give you dates on which the Commission will make Mr. Webster available because, as I stated, I can envision no issue upon which he can offer relevant testimony. Your silence confirms my conclusion. I ask only that, should you make the mistake of attempting to schedule Mr. Webster's deposition, you schedule it no earlier than September 1, 2004.

Jeffrey B. Norris

# Proof of Mailing

Offices of Ulysses T. Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226

Mailed on July 1, 2021
US v. Ware, 04cr1224 and 05cr1115. Ex. #20 to 06.26.21 Supp. #1

The Hon. Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave.
Washington, D.C. 20530
Re: U.S. v. Ware, 05cr1115 (SDNY).



Offices of Ulysses T. Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226

Mailed on July 1, 2021
US v. Ware, 04cr1224 and 05cr1115. Ex. #20 to 06.26.21 Supp. #1.

Office of the District Clerk (Criminal Filing) (#33)
U.S. District Court (SDNY)
U.S. Courthouse
500 Pearl St.
New York, NY 10007



Page 12 of 12
July 1, 2021
Re: Ex. #20 Dispositive Undisclosed Material Brady Exculpatory Evidence Concealed and Suppress by District Judge William H. Pauley, III and AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, and Michael J. Garcia, et al., while Colluding and Conspiring with the USAO and SEC's Lawyers.

Offices of Ulysses T. Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226

Mailed on July 1, 2021
US v. Ware, 04cr1224 and 05cr1115. Ex. #20 to 06.26.21 Supp. #1.



NEW YORK NY 100
2 JUL 2021 PM 14 L

Office of the District Clerk (Criminal Filing) (#33)
U.S. District Court (SDNY)
U.S. Courthouse
500 Pearl St.
New York, NY 10007

10007-131608

