From:   Ulysses T. Ware

To: The Hon. William H. Pauley, III and the Office of the District Clerk (SDNY)

Date:   July 6, 2021

RE: Filing the enclosed pleadings on the  04cr1224 (SDNY) and 05cr1115 (SDNY) dockets.

To: Office of the District Clerk (SDNY)  and Judge Pauley:

Please file the enclosed **pleading** and please properly and correctly identify the enclosed as a pleading rather than a "letter":

**Re: Ulysses T. Ware's July 6, 2021, Emergency Application for a Kordel Evidentiary
Hearing and Supplemental Declaration #2 dated July 6, 2021,
to the June 11, 2021, Declaration, and other Relief.**

on the applicable dockets.

In the future, please serve Mr. Ware via email at utware007@gmail.com with a copy of the Government's filings, as well as all of your orders or directives entered in this matter, due to the slowness of the U.S. Mail.

Paper copy to follow via U.S. Mail.

/s/ Ulysses T. Ware

# Case Nos. 04cr1224 (SDNY) and 05cr1115 (SDNY) (#36)

Submitted on July 6, 2021, by email to: PauleyNYSDChambers@nysd.uscourts.gov
Jonathan_mccann@nysd.uscourts.gov

/s/ Ulysses T. Ware

Ulysses T. Ware, individually, and as
the legal representative for the estate
of third-party surety Mary S. Ware.
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

**United States of America, et al.,**
    **Plaintiff, Petitioner,**
    **Cross Respondent,**

    **v.**

**Ulysses T. Ware, et al.,**
    **Defendant, Respondent,**
    **And Cross Petitioner.**

**Ulysses T. Ware's July 6, 2021, Emergency Application for a Kordel Evidentiary Hearing and Supplemental Declaration #2 dated July 6, 2021, to the June 11, 2021, Declaration, and other Relief.**

## Certificate of Service

**I Ulysses T. Ware certify that I have this 6th day of July 2021 served the persons listed below with a copy of this pleading:**

    AUSA Jeffrey R. Ragsdale, Counsel DOJ's Office of Professional Responsibility
    AUSA Melissa Childs, AUSA John M. McEnany, Acting USA Audrey Strauss
    USAG The Hon. Merrick Garland

# A.
# REQUESTED EMERGENCY RELIEF:

Mr. Ware has requested the following **Emergency Relief** from the District Court, to wit:

1. Enter an Order directed to each Federal Judge and Federal Prosecutor named at para. ##3 and 4 in Section II, A, infra, to either respond in opposition to Mr. Ware's Contentions at Section II, A herein, infra, in writing not later than **July 12, 2021, at 12:00 noon**, else the Court shall consider Mr. Ware's relief uncontested, and the Court shall deem the Federal Judges and Federal Prosecutors consent to the Court granting the requested relief; and the Court shall set the matter down for an evidentiary hearing status conference not later than **July 14, 2021**.

2. Enter an Order directed to the USAO to either respond not later than **July 12, 2021, at 12:00 noon**, in writing and oppose Mr. Ware's pending Rule 33 motion for a new trial and Rule 42(b) show cause motion to hold various parties in criminal and civil contempt of final Court Orders and Judgments entered in favor of Mr. Ware or the Court shall grant all relief requested by Mr. Ware in the Rule 33 motion and Rule 42(b) motion;

3. Enter an Order directed to the USAO that not later than **July 9, 2021**, **dismissed with prejudice** all requested relief contained in Dkt. 250, 05cr1115; and not later than **July 14, 2021**, set this matter down for a status conference regarding all sanctions to be imposed on AUSA Melissa Childs, John M. McEnany, and Audrey Strauss for frivolous, bad faith, vexatious, filed for an improper purpose, and the filing and argument of **statutorily barred and prohibited claims** in the Court;

4. Enter an Order directed to the USPO (SDNY) Michael Fitzpatrick, Thomas J. McCarthy, Colleen Tyler, and David Mulcahy to show cause not later than **July 14, 2021, at 12:00 noon**, why each shall not be sanctioned pursuant to 18 USC 401(2) as officers of the court regarding official transactions of the court and referred to the Administrative Office of the U.S. Courts with a judicial recommendation and opinion of violations of the Federal Tort Claim Act; and referred to the DOJ's Division on Public Integrity with a recommendation to open a criminal investigation surrounding the USPO's preparation and submission of the PSIs in 04cr1224 (SDNY) and 05cr1115(SDNY), and the alleged unwritten "special conditions" of supervised release illegally and unconstitutionally imposed on Mr. Ware from May 24, 2019, to the present; and

5. grant all further relief consistent with the Facts and contentions pleaded herein.

**Ulysses T. Ware's July 6, 2021, Supplemental Declaration #2 to June 11, 2021, Declaration.**

**I.**

**A.     Undisputed Material Facts**

I Ulysses T. Ware hereby this 6th day of July 2021, under oath, pursuant to the penalty of perjury, and 28 USC 1746, set my hand and seal and make this Declaration of Undisputed Material Fact, (the "**Facts**"), and set forth the following having personal knowledge of the Facts, to wit:

**Fact #1**

I hereby incorporate by reference my Declaration dated June 11, 2021, and Supplemental Declaration #1 dated June 26, 2021, and all exhibits attached thereto or incorporated by reference therein.

**Fact #2**

(a)     The SEC's alleged civil lawsuit, **SEC v. Small Cap Research Corp.**, 03-0831 (D. NV) (KJD), (the "**Small Cap Litigation**"), was illegally initiated on or about July 14, 2003, by the submission of a complaint **not properly signed and executed** pursuant to Fed. R. Civ. P. Rule 11(a),[1] (the "**Complaint**"), by a SEC lawyer then admitted to the District Court (D. NV) according to former SEC lawyer William Smith-Greig, Esq. during the 2012 litigation proceedings.

(b)     In 2012 SEC lawyer William Smith-Grieg judicially admitted in official court filings, (03-0831), the SEC did not have or know the identity of the alleged person who purported signed the SEC's 03-0831 complaint, and therefore by extension the SEC could not determine whether or not the person who allegedly signed the Complaint was an **SEC lawyer** *then admitted to the District Court (D. NV)*.

---

[1] Rule 11(a): (a) Signature. **Every** pleading, written motion, and other paper **must be signed** by at least one **attorney of record** in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. **The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention**. The risible 03-0831 Complaint was never properly signed and executed as required by Rule 11(a). The Complaint is ipso facto void ab initio and annulled by operation of law.

(c)     Rule 11(a) required the District Clerk[2] to "**strike** an **unsigned paper** [the Complaint]" from the Court's records, recall any summons and annul and void all orders or judgments entered in the unauthorized proceedings. The 03-0831 proceedings are null and void ab initio and moot lacking any and all preclusive effects; and all pleadings or proceedings therein are inadmissible as the basis to establish probable cause or any other legal effect in a court of law.

(d)     The Government's trial exhibits derived from 03-0831 admitted into evidence in 04cr1224 and 05cr1115 are required to be stricken from the trials and appeal records; **and all testimony regarding the stricken government trial and appeal exhibits is required to be stricken from the record.**

**Fact #3**

(a)     Mr. Ware asserts as fact that the SEC and the United States Attorney's Office (SDNY), (the "**USAO**"), coordinated and assisted each other to develop their respective cases (03-0831, 04cr1224 and 05cr1115) in violation of the Due Process Clause rights of Ulysses T. Ware by not providing proper and adequate notice to Mr. Ware during the 03-0831 **civil** and 02cv2219 (SDNY) proceedings the USAO was "contemplating" a **criminal** proceeding against Mr. Ware regarding the same subject matter then being investigated and litigated by the United States in 03-0831 and 02cv2219 (SDNY).[3]

(b)     Mr. Ware asserts as fact that District Judge Leonard B. Sand (deceased) was the 02cv2219 (SDNY) plaintiffs' co-counsel along with Kenneth A. Zitter and U.S. Attorney (SDNY) David N. Kelley of the USAO; and all actions taken in 02cv2219 and 04cr1224 were coordinated, orchestrated, and designed, knowingly and intentionally, and jointly taken by Kelley, Sand, Zitter, Michael J. Garcia, and others as willing participants in, directly or indirectly, **an illegal association in fact** as defined at 18 USC 1961 et seqs, a continuing criminal enterprise, (the "**CCE**").

(c)     Mr. Ware asserts as fact that former AUSA Alexander H. Southwell officially assisted the SEC in developing its civil case in 03-0831 against Mr. Ware by providing the SEC with material aid to have bogus and fabricated "sanctions" imposed on Mr. Ware during the 03-0831 civil proceedings while the USAO contemplated criminal proceedings against Mr. Ware.

(d)     Mr. Ware asserts as fact that the USAO orchestrated, coordinated, and intentionally manipulated the 03-0831 civil proceedings to have "sanctions" and other adverse consequences imposed on Mr. Ware in 03-0831 which alleged "sanctions" and adverse consequences were then

---

[2] Lance C. Wilson.
[3] See Exhibits ##20-22 filed in 05cr1115.

used in the USAO's 04cr1224 and 05cr1115 criminal proceedings as FRE 404(b) evidence against Mr. Ware in violation of the Due Process Clause.[4]

(e)    Mr. Ware asserts as fact that the United States Probation Office, (the "**USPO**"), knowingly, willfully, in bad faith, and as a knowing and eager participant in the CCE; and the USPO's officers, Thomas J. McCarthy and Cathleen Tyler, and others fabricated two pre-sentence investigation reports, (the "PSIs"), based on the fabricated events that occurred in the 03-0831 and 02cv2219 (SDNY) null and void ab initio proceedings.[5]

### Fact #4

(a)    Mr. Ware asserts as fact that the USAO's lawyers, officers of the court, beginning in or about 2003, contemplated criminal proceedings against Mr. Ware as retaliatory racially-motivated hate crime conspiracies to punish[6] Mr. Ware for his refusal to criminally violate the federal securities laws and sign and issue fraudulent Rule 144(k) legal opinions to District Judge Sand's and David N. Kelley's clients,[7] the 02cv2219 (SDNY) plaintiffs, judicially admitted 15 USC

---

[4] The USAO called disgraced 03-0831 former SEC lawyer Jeffrey B. Norris in 04cr1224 as its purported FRE 404(b) witness to give adverse testimony against Mr. Ware regarding the 03-0831 proceedings litigation.

[5] USPO officers, Michael Fitzpatrick, Thomas J. McCarthy, Cathleen Tyler, and David Mulcahy, officers of the court, willfully committed criminal contempt, 18 USC 401(2), **regarding official transactions** that occurred in the courts by the preparation, signing, submission, and alleged enforcement of two known to be false and fraudulent PSI reports; illegally done and perpetrated by the USPO to have unconstitutional sentences imposed, unlawful restraint and seizure, on Mr. Ware in violation of due process of law and the Double Jeopardy Clause.

[6] See testimony of Government 04cr1224 trial witness Kenneth A. Zitter, Esq. under brutal cross-examination by Mr. Ware. Mr. Zitter testified that he and Judge Sand intended to criminally "punish Mr. Ware" for not issuing fraudulent Rule 144(k) legal opinions to their clients in criminal circumvention of Section 5 to enable an illegal public offering of GPMT's restricted securities.

[7] See moot and void ab initio 04cr1224 (SDNY) indictment's Counts I, II, and III. **Lacking all probable cause** David N. Kelley and others in 2004 fraudulently and as an illegal and fraudulent crime, obstruction of justice, kidnapping, unlawful restraint, prosecution, seizure, and search, charged Mr. Ware with three counts of 18 USC 401(3) criminal contempt for not issuing fraudulent and bogus Rule 144(k) legal opinions to the 02cv2219 (SDNY) plaintiffs, judicially admitted Section 2(a)(11) statutory underwriters, see para. 12-13 in the 02cv2219 complaint and Government Exhibit para. 10.1(iv) of GX-5 (04cr1224), cf., 15 USC 77b(a)(11). The 02cv2219 plaintiffs were ineligible for any Rule 144(k) exemption from Section 5 registration requirements per SEC Release 33-7190 n. 17 (1995). The 04cr1224 indictment's charges are null and void ab initio.

77b(a)(11) statutory underwriters[8] and **unregistered** broker-dealers[9] ineligible for Rule 144 exemption to Section 5 registration requirements.[10]

(b).     Mr. Ware asserts as fact that the USAO's criminal investigator, FBI special agent David Makol, made covert contact with the SEC's lawyers involved in the 03-0831 alleged civil litigation and investigation, exchanged information, and conveyed the exchanged information to the USAO which then used the information obtained from the SEC's **civil** investigation to initiate a covert criminal investigation against Mr. Ware to be used as leverage and a threat against Mr. Ware to force and coerce Mr. Ware to issue the demanded illegal and fraudulent Rule 144(k) legal opinions to Judge Sand's and David N. Kelley's and by extension, the USAO's clients,[11] the 02cv2219 (SDNY) plaintiffs.

(c)     Mr. Ware asserts as fact that former SEC chief counsel Joan E. McKown,[12] covertly, without notice to Mr. Ware, illegally and unconstitutionally in violation of due process of law, **fraudulently** authorized the SEC to turn over all files and materials gathered pursuant to the Federal Rules of Civil Procedure and civil processes of the courts to the **criminal investigators**[13] of the USAO as the illegal means for the USAO to initiate fraudulently retaliatory hate crime criminal proceedings against Mr. Ware for the same subject matter of the SEC's illegal and unconstitutional 03-0831 proceedings initiated with the **unsigned** Complaint.[14]

(d)     Mr. Ware asserts as fact the criminal investigator FBI special agent David Makol obtained covertly material and information from the SEC's fraudulent 03-0831 purported civil proceedings;

---

[8] See 02cv2219 (SDNY) complaint's para. 12-13: the plaintiffs intended a public offering of IVG's securities from the date of purchase, February 2001; and therefore, were legally considered Section 2(a)(11) **statutory underwriters** ineligible for any Rule 144(k) exemption to Section 5 registration requirements.

[9] By email dated April 21, 2021, FINRA confirmed that Alpha Capital, AG (Anstalt) has never registered as broker-dealers required by federal law, 15 USC 78o(a)(1).

[10] See **SEC Release 33-7190** n. 17 (1995) (Section 2(a)(11) **statutory underwriters** required to *register* with the SEC pursuant to Section 5 **all distribution of securities.**); cf., *Berckeley*, 455 F.3d at 220 (same).

[11] In 2005 Michael J. Garcia, on behalf of the 02cv2219 (SDNY) plaintiffs, filed a null and void ab initio indictment in 05cr1115 (SDNY) based on the exact same subject matter as the alleged civil 03-0831 investigation and litigation while the 03-0831 matter was still being litigated in the courts.

[12] Joan E. McKown is currently reported as employed as a partner in the Washington, D.C. office of the law firm Jones, Day, LLP since she resigned from the SEC.

[13] Former AUSA Steve R. Peikin (SDNY).

[14] See Fact #2, supra.

and Makol used the same illegally obtained information and materials as probable cause to secure an arrest warrant form SDNY Magistrate Judge Andrew J. Peck[15] for Mr. Ware in 2005, where Mr. Ware was never given any notice during the alleged civil 03-0831 matter the United States government plaintiff contemplated a criminal investigation and indictment against Mr. Ware regarding the same subject matter as the 03-0831 investigation and litigation.

(e)     Mr. Ware asserts as fact that FBI special agent Makol, with the express authorization and consent of Southwell, Kelley, and Garcia, used, directly and/or indirectly, the illegally obtained information and materials gathered from the SEC's fraudulent and null and void 03-0831 proceedings in grand jury proceedings to secure fraudulent and bogus null and void indictment against Mr. Ware regarding the same **moot subject matter**[16] as the 03-0831 investigation and proceedings.

(f)     Mr. Ware asserts as fact that FBI special agent David Makol with the tacit and implicit approval and authorization of Southwell, Peikin, Garcia, and Kelley knowingly, willfully, and in bad faith prepared, signed, and submitted to a federal court and federal grand jury a known to be false and fabricated affidavit and gave false, fraudulent, and perjurious testimony to have a fraudulent and bogus arrest warrant and indictment issued against Mr. Ware regarding the null and void ab initio proceedings in *United States v. Ware*, 05cr1115 (SDNY) (WHP).

---

[15] Judge Peck, a purported Duke Law School graduate, the same as District Judge William H. Pauley, III, the same as District Judge Orinda D. Evans, (disbarred Mr. Ware based on fraudulent information obtained from the State Bar of GA); the same as Circuit Judge (11th Cir.) Gerald B. Tjoflat (denied Mr. Ware writ of mandamus to have the bankruptcy clerk merely filed Rule 9024/60(d)(3) fraud on the court pleading submitted by a 11 USC 1109(b) statutory party in interest), and the same as Chief Bankruptcy Court (NDGA) Judge Wendy L. Hagenau (continuing with the obstruction of justice and protection of the Atlanta, GA law firm, Kilpatrick, Townsend, & Stockton, LLP and its partners who Hagenau has evidence and proof KTS committed a conspiracy to commit bankruptcy during GPMT's Chapter 11 reorg. proceedings in 03-93031-mhm on behalf of the 02cv2219 (SDNY) plaintiffs); all have material involvement in Mr. Ware's judicial proceedings; and all have criminally violated the Constitution and federal and state laws as overt racketeering activities acts in furtherance of the CCE's criminal objectives.

[16] The subject matter of the SEC's and DOJ's commingled 03-0831 investigation and litigation (i.e., INZS and SVSY's **immaterial** press releases) as a matter of law and fact is moot. Moot because the United States on or about July 14, 2003, submitted the unsigned Complaint to a United States District (D. NV), albeit **unsigned**, that **judicially admitted** and confessed at paragraph 33 in the **unsigned** 03-0831 Complaint the press releases of INZS and SVSY were **immaterial** ("The press releases **did not** have the intended effect of **increasing** the **stock price**.") (emphasis added) and therefore as a matter of law and fact are **not civilly or criminally actionable in the Article III federal courts**. Ergo, the United States as a plaintiff lacked Article III standing to bring the 03-0831 D. NV complaint and furthermore, also lacked Article II and 28 USC 547 statutory standing to have sought any arrest warrant or indictment against Mr. Ware regarding the **immaterial** subject matter of the INZS and SVSY press releases. Accordingly, ipso fact, as a matter of law and fact 03-0831, 04cr1224, and 05cr1115 all are moot and void ab initio.

(g)     Mr. Ware asserts as fact that District Judge **William H. Pauley, III, Magistrate Judge Andrew J. Peck, and Magistrate Judge Michael Dolinger** all acted in the "clear absence of all subject matter and personal jurisdiction" over their respective proceedings regarding 03-0831 and 05cr1115; and therefore as a matter of law and fact all acted in their personal and individual capacities, and all are personally and individually financially and monetarily liable[17] to Mr. Ware, GPMT, SSSG, and GOIH, putative judgment creditors[18] for the sum certain damage amount of **$2.25 billion dollars (USD)**, jointly, severally, individually, and personally. A personal bankrupting non-contingent damage amount financial liability.[19] The United States' judicial admission pleaded in para. 33 of the unsigned Complaint ipso facto admitted all jurisdiction was absent regarding the subject matter that comprised the 03-0831 investigation and litigation; and the same was judicial and equitable estoppel against the United States and its privies in the 04cr1224 and 05cr1115 proceedings.

(h)     Mr. Ware asserts as fact that the USAO's prosecutors lacked all probable cause to have sought arrest warrants and indictments against Mr. Ware with respect to the moot null and void ab initio 04cr1224[20] and 05cr1115 (SDNY)[21] proceedings. Therefore, the USAO's prosecutors are personally and individually monetarily and financially liable to Mr. Ware for the sum certain damage award amount of **$2.25 billion dollars (USD)**, jointly, severally, individually, and

---

[17] See ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, **he will be subject to liability only when he has acted in the "clear absence of all jurisdiction**."). (emphasis added).

[18] See 11 USC 303(a) for **involuntary** bankruptcy legal standards.

[19] Federal judges Pauley, Peck, Dolinger, Hagenau, Evans, Tjoflat, Thrash, Murphy, Bihary, Mullins, Walker, Marcus, Wilson, Jordan, Hall, Jones, Katzmann, Sand, Sweet, Sack, Kearse, Pooler, Parker, Raggi, McMahon, Preska, nor KTS have denied their financial liability in a written communication to Mr. Ware, GPMT, SSSG, or GOIH. Until such time as the financial liability is denied under oath it shall remain the non-contingent liability of the CCE and its participants.

[20] It is not a criminal "**offense**", required by 18 USC 3231 for the district court to have statutory subject matter jurisdiction over the 04cr1224 matter, for Mr. Ware to not have issued fraudulent and bogus Rule 144(k) legal opinions to the 02cv2219 (SDNY) plaintiffs, judicially admitted and pleaded Section 2(a)(11) **statutory underwriters** and **unregistered broker-dealers**, legally ineligible for Rule 144(k). See SEC Release 33-7190 n. 17 (1995).

[21] It ipso facto, as a matter of law and fact, judicially pleaded and admitted by the United States at para. 33 of the **unsigned** 03-0831 Complaint, **it is not** an actionable 18 USC 3231 "offense" that an Article III federal court is authorized to adjudicate the merits of the claims [i.e., the 05cr1115 indictment] with respect to INZS and SVSY's **immaterial** press releases

personally as a non-contingent financial liability. Mr. Ware is the putative judgment creditor of each USAO prosecutor that was involved in 04cr1224 and 05cr1115. See n. 18, supra.

### Fact #5

Mr. Ware asserts as fact that there is no non-frivolous legal or factual defense to a claim of "clear absence of all jurisdiction" or lack of all probable cause given the United States Article II litigation position taken in writing in a judicial proceedings cannot be challenged or contradicted in any Article III federal court by its agents in their personal and individual capacities as defendants in their personal and individual litigation.

### Fact #6

(a) Mr. Ware asserts as fact that he has since 2003, and is now, currently, without interruption, is **suffering irreparable** harms, damages, and injuries to his personal and business interests caused directly and/or indirectly by the illegal, criminal, and unconstitutional actions perpetrated by the persons and entities named in herein, that have operated as an illegal association in fact as defined at 18 USC 1961 et seqs., a continuing criminal enterprise.

(b). Mr. Ware asserts as fact that he will continue to suffer irreparable harms, damages, and injuries unless the Court immediately processes this Emergency Application for a Kordel Evidentiary Hearing under the emergency procedures of the District Court (SDNY); grants the Emergency Relief; and orders the respondents named herein to file their answer opposing Mr. *Ware's Emergency Application* not later than **July 09, 2021, at 12:00 noon**, or the requested relief will be granted to Mr. Ware.

(c) Mr. Ware asserts as fact that his liberty, financial, and business interests are under vicious and perfidious attack by District Judge William H. Pauley, III, AUSAs John M. McEnany, Melissa Childs, and Acting USA Audrey Strauss; and the USPO (SDNY) officers Michael Fitzpatrick, Thomas J. McCarthy, and David Mulcahy who have instituted illegal and unconstitutional alleged **unwritten** "special conditions" of supervised release while knowing that no such alleged "special conditions" were included as a sentence in the 04cr1224 nor 05cr1115 (SDNY) proceedings.

(d) Mr. Ware asserts as fact that District Judge Pauley in willful and bad faith collusion and while illegally conspiring with the USAO's lawyers, Strauss, Childs, and McEnany has taken hostage and has kidnapped Mr. Ware's and the estate of third-party surety Mary S. Ware's personal property[22], and has refused to exonerate the personal property of Mr. Ware and third

---

[22] Mr. Ware and third-party surety Mary S. Ware, each, posted cash bail of $25,000.00 in 2007, ($50,000.00 in total) and Mr. Ware voluntarily surrendered on November 27, 2007, satisfying all conditions of bail. The District Court, William H. Pauley, III has refused since 2007 (14 years) to

party surety as required by Fed. R. Crim. Proc. 46(g) given the United States is statutorily barred from collecting any alleged fines, or other assessments illegally imposed in the moot 04cr1224 and 05cr1115 proceedings.

### Fact #7

Mr. Ware asserts as fact that he will attempt on July 6, 2021, via email, to contact counsel for the USAO, AUSA Melissa Childs, Acting USA Audrey Strauss, and AUSA John M. McEnany to discuss a solution to the dilemma without Court intervention. Counsel for the USAO to date has not responded to any of Mr. Ware gestures to discuss the matters now pending before the Court.

Signed under oath and pursuant to the penalty of perjury this 6th day of July 2021 in Brooklyn, NY.

/s/ Ulysses T. Ware

_____

Ulysses T. Ware
July 6, 2021

---

immediately exonerate the $50,000.00 cash bail as required by Fed. R. Crim. P. Rule 46(g) and immediately return all posted bail to its owners.

**II.**

**A.     Contentions**

Ulysses T. Ware, (the "**Petitioner**"), contends, to wit:

1.      That no written or oral notice was given to him by the SEC's or DOJ's lawyers that a criminal proceedings was contemplated regarding the same subject matter of the 03-0831 lawsuit during the ill-fated, illegal, and null and void ab initio, civil 03-0831 (D. NV) SEC-DOJ commingled pre-textual proceedings, (the "**Ill-Fated Proceeding**");

2.      that the SEC and USAO prosecutors deliberately and in bad faith intentionally initiated the frivolous, vexatious, bad faith, baseless in law and fact, and filed for an improper purpose 03-0831, 04-cr1224, and 05cr1115 proceedings as a **Jim Crow racially-motivated retaliatory hate crime** conspiracy's overt acts in furtherance of the international RICO Hobbs Act money-laundering criminal objectives of the CCE regarding **unregistered broker-dealer** Alpha Capital, AG (Anstalt) and others;

3.      that former and current federal judges William H. Pauley, III, Leonard B. Sand, Robert W. Sweet, Thomas W. Thrash, Jr., Kent J. Dawson, Barbara S. Jones, Peter W. Hall, Robert A. Katzmann, Robert D. Sack, Amalya L. Kearse, Andrew J. Peck, Michael H. Dolinger, Linda T. Walker, Gerrilyn G. Brill, Clayton Scofield, Gerald B. Tjoflat, Stanley Marcus, Charles R. Wilson, Adelburto Jordan, Orinda D. Evans, Margaret H. Murphy, Joyce Bihary, Colleen McMahon[23], Loretta Preska, and C. Ray Mullins, (the "**Federal Judges**"), acted in the "**clear absence of all jurisdiction**" over their respective proceedings; and are individually, personally and financially liable to **Mr. Ware, GPMT, SSSG, and GOIH**[24] jointly, severally, personally, and individually for the sum certain damaged non-contingent, undisputed amount of **$2.25 billion dollars (USD)**;

4.      that former and current federal prosecutors Melissa Childs, John M. McEnany, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Steve R. Peikin, David N. Kelley, Michael J. Garcia, Preet Bharara, Joon Kim, and Audrey Strauss, (the "**Federal Prosecutors**"),   acted in the "**clear absence of all probable cause**" regarding their respective proceedings; and are personally and individually financially liable to

---

[23] See May 2019 moot order entered in 02cv2219 (SDNY) after the December 20, 2007, Dkt. 90, superseding Rule 41(a)(2) final order-judgment (Sand, J.) that dismissed the 02cv2219 (SDNY) lawsuit with prejudice, and conferred prevailing party status on GPMT, Mr. Ware, and Elorian and Becky Landers, entered by Colleen McMahon **in her personal and individual capacity** in the "clear absence of all jurisdiction."

[24] The prevailing parties to all litigation regarding 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), 04cr1224 (SDNY), and 05cr1115 (SDNY).

Mr. Ware, GPMT, SSSG, and GOIH jointly, severally, personally, and individually for the sum certain damaged non-contingent, undisputed amount of **$2.25 billion dollars (USD)**;

5.      that no non-frivolous defense based in law or fact exist that can be lawfully pleaded in defense to the contentions in ##3 and 4, supra, by the persons named in ##3 and 4, supra, in their personal and individual capacities in litigation as defendants against claims brought by Ulysses T. Ware regarding (i) "**clear absence of all jurisdiction**" and (2) "**clear absence of all probable cause**";

6.      that lacking a non-frivolous legal or factual defense that can be lawfully pleaded in an Article III federal court by the Federal Judges or the Federal Prosecutors against Mr. Ware's claims stated in ##4 and 5, supra, the legal liability of the Federal Judges and Federal Prosecutors as a matter of law is fixed and determined; the award of damages is certain and non-contingent; and the damage award amount has not been disputed by the Federal Judges or the Federal Prosecutors, or the CCE, and has thus, been legally liquidated against the CCE, Alpha Capital, AG (Anstalt) contractual obligations to GPMT and its privies.

**III.**

**A.     Memorandum of law: Discussion and Analysis.**

1.      The Legal Standard: ***United States v. Kordel***, 397 U.S. 1, 12 n. 23-26 (1970).

In ***United States v. Kordel***, 397 U.S. 1, 12 (1970) n. 23-26, the Court noted and explained the legal concept of due process of law regarding disclosure in civil proceedings that ultimate result in criminal proceedings regarding the same subject matter: "We do not deal here with a case where the Government has brought a civil action solely to obtain evidence for its criminal prosecution or **has failed to advise the defendant [Mr. Ware] in its [03-0831 D. NV] civil proceeding that it contemplates his criminal prosecution [in 04cr1224 and 05cr1115]**[25]; nor with a case where the defendant is without counsel or reasonably fears prejudice from adverse pretrial publicity or other unfair injury; ***nor with any other special circumstances that might suggest the unconstitutionality or even the impropriety of this criminal prosecution.")***. (emphasis added).

The Court's reasoning in note 24, Id., 397 U.S. at 12, was predicated on three cases that it cited approvingly for the due process of law concept that the prosecuting sovereign, the same party in a civil and criminal proceeding, is required to give notice to the defendants in the civil proceeding and investigation that a criminal proceeding is contemplated regarding the same subject matter involved in the civil investigation and litigation. The Court reason that unless proper notice was given to the subject being investigated, there existed the very real and tangible

---

[25] Note 24 is applicable with respect to the SEC and USAO's notice requirements during the 03-0831 D. NV proceedings. See Contentions 1-5, supra.

potential for a prosecuting sovereign to employ "stealth and subterfuge" and use the civil proceedings as an informal grand jury investigation to obtain evidence and material that would be used against the defendant without the benefit of invoking the Fifth Amendment right to remail silent and not be a witness or provide evidence against one's interest.

Applying the Court's reasoning in *Kordel*, 397 U.S. at 12 n. 23-26, to the Facts regarding the 03-0831 D. NV moot proceedings, the SEC and USAO's lawyers were required to have given actual notice to Mr. Ware during the 03-0831 investigation and litigation that the USAO contemplated a criminal proceeding against Mr. Ware regarding the same moot subject matter, i.e., INZS and SVSY's immaterial and not actionable press releases, being investigated and litigated in 03-0831 by the SEC's lawyers in collusion and while conspiring with District Judge Dawson and the USAO's lawyers.

There is no evidence in the record of 03-0831, 04cr1224, and 05cr1115, that confirms any actual notice by the USAO or SEC to Mr. Ware during any proceeding that a criminal investigation and/or proceedings was being contemplated by the USAO against Mr. Ware. Accordingly, all evidence obtained by the USAO from the SEC was required to have been suppressed in 04cr1224 and 05cr1115, and Mr. Ware's December 28, 2006, Motion to Suppress was required to have been granted by the 05cr1115 district court (Pauley, J.); or at the very minimum an evidentiary hearing held on whether or not the SEC and USAO provided actual notice to Mr. Ware during the 03-0831 investigation and litigation.

**B.      Conclusion.**

The law is not in rational debate: Kordel, Id. at n. 24, expressed the Court's reasoning that a government sovereign is required to give actual notice to a subject being investigated during a civil investigation or proceeding that a criminal investigation or proceeding is being contemplated against the subject of the civil investigation or litigation to enable the subject to make an informed decision whether or not to invoke the protections of the Fifth Amendment's right to remain silent. Mr. Ware was egregiously and maliciously denied that right to remail silent and not provide any evidence that was ultimately used by the USAO in 04cr1224 and 05cr1115; used illegally and unconstitutionally by the SEC and USAO's lawyers overzealousness to falsely arrest, indict, prosecute, and convict Mr. Ware in furtherance of the CCE's criminal objectives.

The Court is required to grant Mr. Ware's requested relief.

**C.     Requested Relief.**

Mr. Ware request that the Court grant the Emergency Relief listed at Section A on page 3.


Respectfully submitted by,


/s/ Ulysses T. Ware
_____
Ulysses T. Ware