Page **1** of **8**
**June 27, 2021**
**AUSA John M. McEnany**
**USAO Criminal Evidence Coordinator**
**Second attempt to obtain Brady compliance**

# Office of Ulysses T. Ware

123 Linden Blvd.<br>
Suite 9-L<br>
Brooklyn, NY 11226<br>
(718) 844-1260<br>
Utware007@gmail.com

June 27, 2021

<u>Via email: john.mcenany@usdoj.gov</u>
Mr. John M. McEnany, Esq.
Criminal evidence coordinator
Office of the United States Attorney
For the Southern District of New York
1 St. Andrews Plaza
New York, NY 10007

RE: ***U.S. v. Ware***, 04cr1224 and 05cr1115 (SDNY) written Brady disclosure orders, May 19, 2006, Dkt 17, Tr. 5-9 (05cr1115), **Exhibit #1**, and August 10, 2007, Dkt. 32 (04cr1224), **Exhibit #2**, jointly, (the "**Brady Orders**").

Mr. McEnany:

      On June 23, 2021, Mr. Ware wrote to you in your official capacity as the purported "**Criminal Evidence Coordinator**" for the USAO (SDNY) as you have officially descripted yourself in previous representations to the court during the Nejad Brady violation fiasco.[1] In the June 23, 2021, letter, (the "**Brady Letter**") you were requested to provide by June 25, 2021, the written answers to several pertinent dispositive Brady questions that you in your official capacity as the purported Criminal Evidence Coordinator would presumptive have or know the answers. Mr. Ware has not received any response from you or the USAO in regard to his June 23, 2021, Brady Letter, which is highly unusual, and irregular given the "**<u>continuing duty</u>**"[2] of the USAO to disclose material Brady evidence required by written court orders.

---

[1] See Dkt. 352 in ***U.S. v. Nejad***, 18cr0224 (AJN).

[2] Quoting Pauley, J., in the May 19, 2006, Order, Tr. 5-9, 05cr1115 (SDNY), see Exhibit 1-1 and 1-2.

June 27, 2021
AUSA John M. McEnany
USAO Criminal Evidence Coordinator
Second attempt to obtain Brady compliance

  Accordingly, Mr. McEnany Mr. Ware is again inquiring on you and the USAO to address questions 1-14 in the Brady Letter, provide written answers to each inquiry, and file the same in the Court under oath in compliance with the outstanding Brady orders.[3]

  Please address and answer each of the inquiries in the Brady Letter not later than **12:00 noon on June 28, 2021**, where time is of the essence.

  Mr. McEnany this matter has reached a critical juncture, and one would think that you and the USAO would eagerly come forth and give a complete account of your Brady disclosure obligations. Due to your obstinance, reticence, and refusal to confirm or deny the inquiries in the Brady Letter, this matter will now **require extraordinary relief**[4] given the **extraordinary prosecutorial misconduct** currently being practice by you and your office in direct willful and deliberate resistance to and disobedience of written Brady disclosure orders. A very serious offense for a federal prosecutor to commit.

  Therefore, please be advised that unless Mr. Ware receives your written under oath response to his Brady Letter not later than **12:00 noon on June 28, 2021**, where time is of the essence, Mr. Ware will seek an **emergency show cause order** that seeks to hold you and the USAO in civil and criminal contempt of the Brady Orders. I am sure that you cannot personally afford to be held in criminal contempt of Brady Orders given your purported position in the USAO and the precedent that will be set. However, the choice is yours to make.


Sincerely,


Ulysses T. Ware
_____
/s/ Ulysses T. Ware

Cc: District Judge William H. Pauley, III
   Acting USA Audrey Strauss
   AUSA Melissa Childs
   **Jeffrey R. Ragsdale, Counsel DOJ's Office of Professional Responsibility**

---

[3] See Exhibits 1 and 2.

[4] 18 USC 401(2) and 401(3) criminal contempt, the continued willful resistance to lawful court orders.

**June 27, 2021**
**AUSA John M. McEnany**
**USAO Criminal Evidence Coordinator**
Second attempt to obtain Brady compliance

## Exhibit #1-1



**June 27, 2021**
**AUSA John M. McEnany**
**USAO Criminal Evidence Coordinator**
**Second attempt to obtain Brady compliance**

## Exhibit #1-2



June 27, 2021
AUSA John M. McEnany
USAO Criminal Evidence Coordinator
Second attempt to obtain Brady compliance

# Exhibit #2-1

---

**UNITED STATES OF AMERICA, - against - ULYSSES THOMAS WARE, a/k/a THOMAS WARE, Defendant.**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

2007 U.S. Dist. LEXIS 58786
04 Cr. 1224 (RWS)
August 8, 2007, Decided
August 10, 2007, Filed

---

**Editorial Information: Subsequent History**

Later proceeding at United States v. Ware, 2008 U.S. Dist. LEXIS 101537 (S.D.N.Y., Dec. 9, 2008)

**Counsel**: For Thomas Ware (1), also known as Ulyssess Thomas Ware (1), Defendant: Nancy Lee Ennis, LEAD ATTORNEY, Quijano & Ennis, P.C. (381 Park Ave. S.), New York, NY.

Thomas Ware (1), also known as Ulyssess Thomas Ware (1), LEAD ATTORNEY, Defendant, Pro se, Norcross, GA.

For USA, Plaintiff: Nicholas Stoloff Goldin, LEAD ATTORNEY, U.S. Attorney's Office, SDNY (St Andw's), New York, NY.

**Judges**: ROBERT W. SWEET, U.S.D.J.

**Opinion**

**Opinion by:** ROBERT W. SWEET

**Opinion**

**MEMORANDUM OPINION AND ORDER**

**Sweet, D.J.,**

Defendant Thomas Ware (the "Defendant" or "Ware") has filed a motion seeking the following: (1) Dismissal of the indictment for lack of proper venue in the Southern District of New York; (2) Production of exculpatory material; (3) Notice of other act evidence the Government intends to introduce at trial under Fed. R. Evid. 404(b); (4) A bill of particulars; (5) Disclosure of *ex parte* communications between Judge Leonard B. Sand and the plaintiffs in the civil contract action underlying the pending criminal contempt charges, *Alpha Capital*, et al. v. Group Management, at al., No. 02 Civ. 2219 (LBS) (the "Civil Action"); (6) Disclosure of the name and contact information of the Government official who certified certain affidavits in the Civil Action; (7) Disclosure of the criminal history and plea agreement of "Edward M. Grushko"; (8) Disclosure of the indictments of "Thomas Badian" and "Andres Badian"; and (9) Disclosure of the identity of the Assistant United States Attorney who presented the Indictment to the Grand Jury. For the reasons stated below, the motion will be granted in part and denied in part.

**Venue is Proper**

When a defendant is charged with criminal contempt for violating a court order, "[t]he district in which the court order was issued is . . . said to have sufficient contact with the criminal contempt to be the site of prosecution." *United States v. Reed*, 773 F.2d 477, 481-82 (2d Cir. 1985). All charges

1ybcases

1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

June 27, 2021
AUSA John M. McEnany
USAO Criminal Evidence Coordinator
Second attempt to obtain Brady compliance

## Exhibit #2-2

in the indictment allege that Ware violated court orders entered in this district by Judge Sand in the Civil Action. Accordingly, venue is proper.

**The Government Shall Produce All Brady Material Prior to Trial**

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

**The Government Shall Provide Notice of Other Act Evidence**

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 19, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

**Defendant is Not Entitled to a Bill of Particulars**

Ware seeks a bill of particulars from the Government apparently requesting: (1) the specific acts upon which venue is based in the Southern District of New York; (2) how he violated the Civil Action court orders at the heart of the case; (3) the identity of the attorney who mailed Judge Sand's November 25, 2000 order to him and how he acknowledged receipt of said order; and (4) a list of all exhibits to be introduced at trial by the Government.

The purpose of a bill of particulars in a criminal case is to permit the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In the instant case, the Indictment provides all the information necessary by specifically identifying each court order with which Ware failed to comply and what act or omission violated the orders. To wit, the Indictment alleges that each order required Ware to honor the conversion notes issued to the plaintiffs in the Civil Action, which Ware and his corporation were contractually obligated to do. *See* Indictment at 4-6. For each of the three orders discussed in the Indictment, it is alleged that the notes were not honored (or, in one case, the notes were honored after the court-imposed deadline). *See id.* at 5-8. Furthermore, the Government has advised the Court that it has already produced to Ware copies of all the relevant orders and other documents from the Civil Action (to which Ware was a party). "The Government should not be compelled to disclose additional details of its case if the defendant has received adequate notice of the charges against him and can prepare fully for trial through the exercise of reasonable diligence." *United States v. Martinez-Martinez*, 2001 U.S. Dist. LEXIS 17558, 2001 WL 1287040, at *6 (S.D.N.Y. Oct. 24, 2001). Such is the case here.

Furthermore, the Government is not required to identify any of its witness absent "a specific showing that the disclosure [is] both material to the preparation of [defendant's] defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Here, Defendant has not even attempted to make such a showing.

Finally, a criminal defendant is not entitled to a list of the Government's trial exhibits at this stage. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 568 (S.D.N.Y. 2000).

2

1ybcases

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

June 27, 2021
AUSA John M. McEnany
USAO Criminal Evidence Coordinator
Second attempt to obtain Brady compliance

## Exhibit #3-1
## Undisclosed material Brady evidence

---

Draper, Julia D.

From: Norris, Jeffrey B.
Sent: Monday, April 18, 2005 2:58 PM
To: Pennington, Mark R.
Cc: Draper, Julia D.
Subject: FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6468
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

From: Thomas Ware [mailto:rgwinc@mindspring.com]
Sent: Tuesday, December 14, 2004 9:21 AM
To: Norris, Jeffrey B.
Subject: Re: Supplemental Brief

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware

----- Original Message -----
From: Norris, Jeffrey B.
To: Thomas Ware
Cc: Draper, Julia D. ; Korotash, Stephen J.
Sent: Tuesday, December 14, 2004 9:09 AM
Subject: RE: Supplemental Brief

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office

*Brady Evidence hidden by Southwell*

4/18/2005                                9                                   3501 - 98

June 27, 2021
AUSA John M. McEnany
USAO Criminal Evidence Coordinator
Second attempt to obtain Brady compliance

# Exhibit #4-1
# Undisclosed material Brady evidence

```
Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX  76102
Phone:  (817) 978-6452
Fax:    (817) 978-4927
E-mail: norrisj@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'NorrisJ@SEC.GOV'
Subject: RE: Thomas Ware

He likely means when he was arrested on the civl contempt order.  He was arrested in
Atlanta and released the same day, which was somewhere around the beginning of September.
As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from
the courthouse or in the same state, so he was improperly arrested (which he pointed out
to Judge Sand, the wily guy that he is).  So we are working on a criminal contempt charge
which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: NorrisJ@SEC.GOV [mailto:NorrisJ@SEC.GOV]
Sent: Wednesday, October 06, 2004 12:57 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

        Have there been any developments in the contempt prosecution of
Thomas Ware since the beginning of September?  I got a cryptic e-mail from
```

3501 - 72

Norris 8/25/2012 aware of the Grand Jury investigation 8/15/2012.

1