# Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY)

Submitted on June 23, 2021, by:

/s/ Ulysses T. Ware
_____
Ulysses T. Ware, individually, and as
the legal representative for the estate
of third-party surety Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____

**United States of America, et al.,**
    Plaintiff, Petitioner,
    Cross Respondent,

    v.

**Ulysses T. Ware, et al.,**
    Defendant, Respondent,
    And Cross Petitioner.

## Exhibit #UTW-10: June 23, 2021, Letter to AUSA John M. McEnany.

*U.S. v. Ware*, 04cr1224 and 05cr1115 (SDNY) written Brady disclosure orders, May 19, 2006, Dkt 17, Tr. 5-9 (05cr1115), **Exhibit #1**, and August 10, 2007, Dkt. 32 (04cr1224), **Exhibit #2**, jointly, (the "**Brady Orders**").

### Certificate of Service

I Ulysses T. Ware, certify that I have this 23nd day of June 2021, served the United States with a copy of this pleading via email directed to:

AUSA Melissa A. Childs
AUSA John McEnany
Acting U.S. Attorney Audrey Strauss.

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

June 23, 2021

Via email: john.mcenany@usdoj.gov
Mr. John M. McEnany, Esq.
Criminal evidence coordinator
Office of the United States Attorney
For the Southern District of New York
1 St. Andrews Plaza
New York, NY 10007

RE: *U.S. v. Ware*, 04cr1224 and 05cr1115 (SDNY) written Brady disclosure orders, May 19, 2006, Dkt 17, Tr. 5-9 (05cr1115), **Exhibit #1**, and August 10, 2007, Dkt. 32 (04cr1224), **Exhibit #2**, jointly, (the "**Brady Orders**").

Mr. McEnany:

    Mr. Ware is writing this letter of inquiry to you in your official capacity as you described yourself in your June 16, 2020, letter to Judge Alison Nathan, "I am the Office's Criminal Discovery Coordinator and Professional Responsibility Officer for the Office's Criminal Division."[1] In your letter you agreed that the Nejad case should be "**dismissed with prejudice**" given the egregious Brady concealment of the government's lawyers. You also agreed that sanctions were permitted by the Court even after the case was dismissed.[2] **Thus, the question is: Why have you not recommended the same in the Ware cases? Given the same level of egregious Government Brady violations**.

    Regarding the Ware cases Mr. Ware's legal team and investigators have uncovered material, dispositive Brady exculpatory evidence that is in the possession of the USAO (SDNY) lawyers that has never

---

[1] See Dkt. 352 in *U.S. v. Nejad*, 18cr0224 (AJN).

[2] Question 9. Does the Government agree that even after granting the application for nolle prosequi or dismissing the indictment in the manner requested by the defense, the Court possesses continuing supervisory authority to determine if sanctions are appropriate for any ethical violations and/or prosecutorial misconduct? See *United States v. Seltzer*, 227 F.3d 36, 41–42 (2d Cir. 2000) (discussing district courts' inherent power to impose sanctions).

Response. Yes.

been disclosed to Mr. Ware; and accordingly, the USAO is in willful resistance and violation of the Brady Orders, i.e., 18 USC 401(3) criminal contempt. Mr. McEnany Mr. Ware is sure that you are aware that you are covered by and within the scope of the Brady Orders' terms and conditions. Mr. Ware is also sure that you are aware that the Government's Brady disclosure obligations are *continuing obligations* that require you on behalf of the Government to make disclosures to Mr. Ware right now in regard to his pending Rule 33 motion for a new trial. That you have not done. In fact Mr. McEnany you have completely abdicated your ethical obligations and egregiously violated the DOJ's Rules on Professional Conduct by a government lawyer in a criminal proceeding. Moreover, you have maliciously and perfidiously breached your duty of complete candor to the Court to inform the Court regarding the Government's Brady disclosure failures.

Mr. McEnany Mr. Ware is sure that you are aware that you officially as a government lawyer have current Brady disclosure obligation viz-a-viz the Brady Orders; and furthermore, you have not come forth and made any sworn disclosures denying Mr. Ware's sworn factual predicates filed in support of his Rule 33 and Rule 42(b) motions. Thus, Mr. Ware has the following questions that he is requesting that you provide the answer:

1. Are you aware of any undisclosed material Brady evidence that has not been disclosed by the Government in compliance with the Brady Orders?

2. If you are aware of any undisclosed material Brady evidence have you informed the Court in writing that the Government is in possession of material Brady evidence that was not disclosed in accordance with the Brady Orders?

3. Have you participated, directly or indirectly, in any internal discussions regarding whether or not the Government would or should disclosure material Brady evidence to Mr. Ware?

4. Have you personally, or are you aware of any DOJ employee, current or former, that concealed, suppressed, or covered up material Brady evidence in willful resistance to the Brady Orders?

5. Is the USAO in possession, or were in possession of official DOJ emails sent from and received at the DOJ email or personal email accounts of former AUSA Alexander H. Southwell between Southwell and employees or agents of the Securities and Exchange Commission, (the "**SEC**"), from beginning in or about 2003 to 2008?

6. Is the USAO in possession or were in possession of any communications between FINRA and any DOJ employee regarding the broker-dealer status of Alpha Capital, AG (Anstalt), Stonestreet, L.P., Markham Holdings, Ltd, Amro International, S.A., LH Financial Services, Ari Rabinowitz, or Ari Kluger?

7. Did the USAO in its witness preparation for Ari Rabinowitz and Kenneth A. Zitter, Esq. have any discussions regarding the entities and individuals in item #6 regarding 15 USC 77b(a)(11), SEC Release 33-7190, para. 10.1(iv) of GX-5 and paragraphs 12-13 pleaded in the 02cv2219 (SDNY) complaint?

8. Has the USAO had any internal discussion(s) regarding the legal consequences of the affirmative and negating defenses pleaded by the Government at paragraphs 9-12 on the face of the 04cr1224 indictment?

9.      Does the Government concede that paragraphs 9-12 pleaded on the face of the 04cr1224 indictment abrogated and annulled any and all probable cause to seek an 18 USC 401(3) criminal contempt offense indictment, i.e., material dispositive Brady exculpatory evidence?

10.     Did the Government disclose to Mr. Ware prior to trial that the SEC's 03-0831 (D. NV) complaint was not signed in compliance with Fed. R. Civ. P. 11(a) by an SEC lawyer admitted to practice in the District Court (D. NV)?

11.     Did the Government disclose to Mr. Ware prior to trial that the 02cv2219 (SDNY) plaintiffs were **unregistered broker-dealers** that lacked Article III and 28 USC 1332(a) standing to have filed the 02cv2219 lawsuit; and accordingly, the 02cv2219 orders, judgments, and proceedings all were moot and as a matter of law could not form the basis for probable cause to indict Mr. Ware in 04cr1224 for a criminal contempt offense, 18 USC 401(3)?

12.     Did the Government disclose to Mr. Ware and the Court that on or about July 14, 2003, the United States pleaded itself and its privies out of the Article III federal courts (03-0831, 04cr1224, and 05cr1115) by pleading at para. 33 of the unsigned 03-0831 (D. NV) complaint: "The press releases **did not have** the intended effect of **increasing** the **stocks' price**."? (emphasis added).

13.     Did the Government disclose to Mr. Ware "prior to trial" the email sent from former SEC lawyer Jeffrey B. Norris to Government 05cr1115 "principal witness[3]" Jeremy Jones that informed Jones:

>  "Mr. Jones you and the employees[4] were not added to the Commission's Las Vegas lawsuit because the Comm'n believed your deposition testimony that you were not involved in any conspiracy with Mr. Ware, and had you known would not have been involved. Please keep your information current with me in the event I need to talk further with you. Mr. Ware will probably be reaching out to talk to you about the case." (quoting SEC lawyer Jeffrey B. Norris in an official SEC email, clearly dispositive Brady exculpatory evidence).

14.     Did any USAO employee, current or former, have any discussion, or any communication(s) in any form with District Judge Kent J. Dawson or the SEC's lawyers involved in the illegal 03-0831 (D. NV) litigation? Was that communication disclosed to Mr. Ware "prior to trial" in compliance with the Brady Orders? Were those discussions disclosed to Mr. Ware "prior to trial" in compliance with the Brady Orders?

    Mr. McEnany if you would please provide thorough and complete answers to the above questions not later than **Friday, June 25, 2021, at 12:00 noon**, where time is of the essence, Mr. Ware will be positioned to accurately notify the Court regarding the Government's continuing Brady disclosure obligations pursuant to the Brady Orders.

---

[3] Quoting Circuit Judge Kearse writing for the court in the moot, ultra vires, and advisory 07-5222cr (2d Cir.) opinion.

[4] Government 05cr1115 trial witnesses Carlton Epps, Myron Williams, Elrico Sadler, and Charles H. Jackson.

Please file in the 05cr1115 and 04cr1224 proceedings any answers that you provide regarding the above questions. If you would please forward any answer you provide to Mr. Ware via email at utware007@gmail.com this will speed the process.

Sincerely,

/s/ Ulysses T. Ware

Cc: AUSA Melissa A. Childs
Acting U.S. Attorney Audrey Strauss
The Hon. William H. Pauley, III

**Exhibit #1-1**



```
SA-30
                                                              P. 71
                                                                  5
       65JAAWARC              Conference
  1    for that and to let the Court know there may -- the government
  2    may seek to return a superseding indictment because we may add
  3    additional counts.
  4           THE COURT:  The government always has that right,
  5    obviously, so long as it's not close to trial.
  6           MR. SOUTHWELL:  Certainly, your Honor.
  7           THE COURT:  I'll direct the government to provide the
  8    defendants with such a letter by June 21.
  9           Now, the defendants also make applications for early
 10    disclosure of Brady material and Jinx Act material and Giglio
 11    material.  The government has acknowledged its continuing duty
 12    to turn over exculpatory material and asserts that it is not
 13    aware of any materials of the current time.  The government's
 14    representation is sufficient to satisfy the government's Brady
 15    obligations in this case.  See United States versus Gallo, 1999
 16    Westlaw 9848 at star 7 SDNY 1999.
 17           With respect to Jinx Act and Giglio material,
 18    obviously, that material needs to be produced in time for its
 19    effective use at trial.  It's the government's responsibility
 20    to determine when that material should be produced to permit
 21    its effective use.  See En Re United States v. Coppa, 273 F3rd
 22    132 2d Cir. 2001.
 23           This Court will direct the government to produce no
 24    later than the Thursday before the start of trial that
 25    exculpatory material unless the government believes that such

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
                                                         8/27/2012
```

# Exhibit #1-2



**Exhibit #2-1**

**UNITED STATES OF AMERICA, - against - ULYSSES THOMAS WARE, a/k/a THOMAS WARE, Defendant.**
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
2007 U.S. Dist. LEXIS 58786
04 Cr. 1224 (RWS)
August 8, 2007, Decided
August 10, 2007, Filed

**Editorial Information: Subsequent History**

Later proceeding at United States v. Ware, 2008 U.S. Dist. LEXIS 101537 (S.D.N.Y., Dec. 9, 2008)

**Counsel** For Thomas Ware (1), also known as Ulyssess Thomas Ware (1), Defendant: Nancy Lee Ennis, LEAD ATTORNEY, Quijano & Ennis, P.C. (381 Park Ave. S.), New York, NY.

Thomas Ware (1), also known as Ulyssess Thomas Ware (1), LEAD ATTORNEY, Defendant, Pro se, Norcross, GA.

For USA, Plaintiff: Nicholas Stoloff Goldin, LEAD ATTORNEY, U.S. Attorney's Office, SDNY (St Andw's), New York, NY.

**Judges:** ROBERT W. SWEET, U.S.D.J.

**Opinion**

**Opinion by:** ROBERT W. SWEET

**Opinion**

*MEMORANDUM OPINION AND ORDER*

Sweet, D.J.,

Defendant Thomas Ware (the "Defendant" or "Ware") has filed a motion seeking the following: (1) Dismissal of the indictment for lack of proper venue in the Southern District of New York; (2) Production of exculpatory material; (3) Notice of other act evidence the Government intends to introduce at trial under Fed. R. Evid. 404(b); (4) A bill of particulars; (5) Disclosure of *ex parte* communications between Judge Leonard B. Sand and the plaintiffs in the civil contract action underlying the pending criminal contempt charges, *Alpha Capital, et al. v. Group Management, at al.*, No. 02 Civ. 2219 (LBS) (the "Civil Action"); (6) Disclosure of the name and contact information of the Government official who certified certain affidavits in the Civil Action; (7) Disclosure of the criminal history and plea agreement of "Edward M. Grushko"; (8) Disclosure of the indictments of "Thomas Badian" and "Andres Badian"; and (9) Disclosure of the identity of the Assistant United States Attorney who presented the Indictment to the Grand Jury. For the reasons stated below, the motion will be granted in part and denied in part.

**Venue is Proper**

When a defendant is charged with criminal contempt for violating a court order, "[t]he district in which the court order was issued is . . . said to have sufficient contact with the criminal contempt to be the site of prosecution." *United States v. Reed*, 773 F.2d 477, 481-82 (2d Cir. 1985). All charges

1ybcases 1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Exhibit #2-2**

in the indictment allege that Ware violated court orders entered in this district by Judge Sand in the Civil Action. Accordingly, venue is proper.

### The Government Shall Produce All Brady Material Prior to Trial

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

### The Government Shall Provide Notice of Other Act Evidence

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 19, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

### Defendant is Not Entitled to a Bill of Particulars

Ware seeks a bill of particulars from the Government apparently requesting: (1) the specific acts upon which venue is based in the Southern District of New York; (2) how he violated the Civil Action court orders at the heart of the case; (3) the identity of the attorney who mailed Judge Sand's November 25, 2000 order to him and how he acknowledged receipt of said order; and (4) a list of all exhibits to be introduced at trial by the Government.

The purpose of a bill of particulars in a criminal case is to permit the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In the instant case, the Indictment provides all the information necessary by specifically identifying each court order with which Ware failed to comply and what act or omission violated the orders. To wit, the Indictment alleges that each order required Ware to honor the conversion notes issued to the plaintiffs in the Civil Action, which Ware and his corporation were contractually obligated to do. *See* Indictment at 4-6. For each of the three orders discussed in the Indictment, it is alleged that the notes were not honored (or, in one case, the notes were honored after the court-imposed deadline). *See id.* at 5-8. Furthermore, the Government has advised the Court that it has already produced to Ware copies of all the relevant orders and other documents from the Civil Action (to which Ware was a party). "The Government should not be compelled to disclose additional details of its case if the defendant has received adequate notice of the charges against him and can prepare fully for trial through the exercise of reasonable diligence." *United States v. Martinez-Martinez*, 2001 U.S. Dist. LEXIS 17558, 2001 WL 1287040, at *6 (S.D.N.Y. Oct. 24, 2001). Such is the case here.

Furthermore, the Government is not required to identify any of its witness absent "a specific showing that the disclosure [is] both material to the preparation of [defendant's] defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Here, Defendant has not even attempted to make such a showing.

Finally, a criminal defendant is not entitled to a list of the Government's trial exhibits at this stage. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 568 (S.D.N.Y. 2000).

2

1ybcases

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit #3-1
# Undisclosed material Brady evidence

**Draper, Julia D.**

**From:** Norris, Jeffrey B.
**Sent:** Monday, April 18, 2005 2:58 PM
**To:** Pennington, Mark R.
**Cc:** Draper, Julia D.
**Subject:** FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

*Jeffrey B. Norris*
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6442
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

*Handwritten annotation: "Brady Evidence hidden by Southwell"*

**From:** Thomas Ware [mailto:rgwinc@mindspring.com]
**Sent:** Tuesday, December 14, 2004 9:21 AM
**To:** Norris, Jeffrey B.
**Subject:** Re: Supplemental Brief

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware

----- Original Message -----
**From:** Norris, Jeffrey B.
**To:** Thomas Ware
**Cc:** Draper, Julia D. ; Korotash, Stephen J.
**Sent:** Tuesday, December 14, 2004 9:09 AM
**Subject:** RE: Supplemental Brief

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

*Jeffrey B. Norris*
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office

4/18/2005          9          3501 - 98

# Exhibit #4-1
# Undisclosed Brady evidence

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6452
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'NorrisJ@SEC.GOV'
Subject: RE: Thomas Ware

He likely means <u>when he was arrested on the civil contempt order.</u> He was arrested in Atlanta and released the same day, which was somewhere around the beginning of September. As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from the courthouse or in the same state, so he was <u>improperly arrested</u> (which he pointed out to Judge Sand, the wily guy that he is). So <u>we are working on a criminal contempt charge which (confidentially) should happen within a week or two.</u>

Alex

-----Original Message-----
From: NorrisJ@SEC.GOV [mailto:NorrisJ@SEC.GOV]
Sent: Wednesday, October 06, 2004 12:57 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

Have there been any developments in the contempt prosecution of Thomas Ware since the <u>beginning of September?</u> I got a cryptic e-mail from

3501 - 72

Norris 8/25/2012 ure of the Grand Jury investigation 8/15/2012.

1