From:  Ulysses T. Ware


Date:  July 26, 2021


RE: Please file the enclosed pleading on the 04cr1224 and 05cr1115 (SDNY) dockets.


**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law is Lacking, the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**


/s/ Ulysses T. Ware

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

**Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY) (#49)**

Submitted on July 26, 2021, to: Pro_SE_Filing@nysd.uscourts.gov
ChambersNYSDRamos@nysd.uscourts.gov

/s/ Ulysses T. Ware

Ulysses T. Ware, individually, and as
the legal representative for the estate
of third-party surety Mary S. Ware.
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

**United States of America, et al.,**
  **Plaintiff, Petitioner,**
  **Cross Respondent,**


  **v.**


**Ulysses T. Ware, et al.,**
  **Defendant, Respondent,**
  **And Cross Petitioner.**

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

**Certificate of Service**

I Ulysses T. Ware certify that I have this  26th day of July 2021 served  the following DOJ employees, to wit:

AUSA Melissa Childs, AUSA John M. McEnany, Acting USA Audrey Strauss, AUSA Jeffrey R. Ragsdale, Counsel, DOJ's Office of Professional Responsibility

The Hon. USAG Merrick Garland; and The Admin. Office of the U.S. Courts, Executive Director.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

# Office of Ulysses T. Ware

**123 Linden Blvd.,**
**Suite 9-L**
**Brooklyn, NY 11226**
**(718) 844-1260**
**utware007@gmail.com**

July 26, 2021

**via email: ChambersNYSDRamos@nysd.uscourts.gov**
The Hon. Edgardo Ramos
U.S. District Court (SDNY) Judge
U.S. Courthouse
500 Pearl St.
New York, NY 10007

RE: *United States v. Ware*, 04cr1224 (SDNY) and *United States v. Ware*, 05cr1115 (SDNY), jointly, (the "**Ware Cases**") Article III and 18 USC 3231 Subject Matter Jurisdiction is Per Se Lacking over the Proceedings which are Currently Moot, and are required to be Dismissed with Prejudice.

Judge Ramos:

Mr. Ware is writing to you in regard to the above Ware Cases adjudication. As you know Mr. Ware has filed several urgent motions that currently are pending before the Court: (i) Rule 33 motion for a new trial for Brady violations, Dkt. 263; (ii) **Emergency** Motion for Kordel Relief, Dkt. 276; and (iii) (07.19.21) **Emergency** Motion to Dismiss the 04cr1224 Indictment with Prejudice, Dkt. 300.[1]

I.

**A.   Subject Matter Jurisdiction is Lacking over the Ware Cases: the proceedings are <u>moot</u>.**

Judge Ramos as you are aware **<u>every</u>** Article III federal court's jurisdiction is limited to "**<u>live</u>** cases and controversies,"[2] and, **first**, before proceeding to any lawful Article III judicial

---

[1] Mr. Ware submitted the Emergency Motion to Dismiss the 04cr1224 Indictment on July 19, 2021.

[2] See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61 (1992) (Scalia, J.) ("While the Constitution of the United States divides all power conferred upon the Federal Government into "legislative Powers,"

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

review of the merits of the claims before the court, as "a threshold issue" the federal court must sua sponte, or on motion by a party, determine the court's authority to adjudicate the claims.[3] That equates to whether or not the **plaintiff** [i.e., the United States[4] and its privies regarding 04cr1224 and 05cr1115] has standing, or whether or not the claims themselves present **live[5]** cases or controversies **that have not already been adjudicated in other tribunals**.[6]

---

Art. I, § 1, "[t]he executive Power," Art. II, § 1, and "[t]he judicial Power," Art. III, § 1, it does not attempt to define those terms. **To be sure, it limits the jurisdiction of federal courts to [live] "Cases" and "Controversies," ...."** (emphasis added).

[3] See n. 6, infra, analysis of *Steel Co*., 523 U.S. at 93-95.

[4] The United States of America is the real party in interest, the plaintiff, in a federal criminal proceeding and must establish its standing to initiate criminal proceedings.

[5] Currently at this stage of the pending proceedings in 04cr1224, all controversies have been resolved in, (1) 02cv2219 (SDNY) by Rule 41(a)(2) final order-judgment, Dkt. 90, entered on December 20, 2007, (Sand, J.), in favor of GPMT, Mr. Ware, and Elorian and Becky Landers, jointly, (the "**Prevailing Parties**") regarding all issues, facts, and claims, actually or necessarily, resolved by the Rule 41(a)(2) final judgment. Accordingly, there are no live controversies concerning the 02cv2219 moot orders (GX-11 and GX-24), judgments (GX-7), and proceedings; and (2) resolved by the USAG's November 7, 2008, irrevocable and final Article II appellate political decision, (the "**USAG's Appellate Political Decision**"), to abort, abandon, terminate, and **dismiss with prejudice** the United States and its privies Rule 28.1 cross-appeal in *United States v. Ware*, 07-5670cr (XAP) (2d Cir.), *Gov.*-I. The USAG's 2008 Appellate Political Decision was ratified on August 18, 2009, by entry of final judgment in *Gov.-I* in favor of Ulysses T. Ware, (the "*Gov.-I* **Superseding Final Judgment**"). Which upon entry triggered in favor of Mr. Ware, (the, "**Prevailing Party**"), the absolute finality of the Double Jeopardy Clause, res judicata, collateral estoppel, and Article II prosecutorial estoppel, with respect to all issues, facts, and claims actually or necessarily resolved by the USAG's Appellate Political Decision and the Superseding Final Judgement. **Accordingly, currently there is no live case or controversy regarding the 05cr1115 proceeding between Mr. Ware and the United States. The matter is moot.** The court's (Ramos, J.) only remaining lawful authority, see *Steel Co*., Id. at 94-95, is enforcement of the Superseding Final Judgment via civil and criminal contempt (Rule 42(b)) proceedings initiated by Mr. Ware, the Prevailing Party to the *Gov.-I* Superseding Final Judgment.

[6] All issues, facts, and claims currently pending before the court **have already been adjudicated** and actually or necessarily resolved by final order or judgment entered in favor of Ulysses T. Ware. Ergo, there are no live issues or claims the United States has Article III or 18 USC 3231 standing to lawfully and **non-frivolously** present to an Article III federal court for adjudication regarding 04cr1224, 05cr1115 or 02cv2219 (SDNY), jointly, (the "**Moot Proceedings**").

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

Mr. Justice Scalia writing for the Court in *Lujan*, supra, further explained the Court's jurisprudence regarding the nebulous concept of standing by noting,

> "Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, *the plaintiff* must have suffered an "injury in fact" -an invasion of a legally protected interest which is (a) concrete and particularized, see *id.,* at 756; **Warth v. Seldin**, <u>422 U. S. 490</u>, 508 (1975); **Sierra Club v. Morton**, *405* U. S. 727, 740-741, n. 16 (1972); 1 and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" ***Whitmore, supra,*** at 155 (quoting **Los Angeles v. Lyons,** <u>461 U. S. 95</u>,102 (1983)). Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... thee] result [of] the independent action of some third party not before the court." **Simon v. Eastern Ky. Welfare Rights Organization**, *426 U. S. 26, 41-42 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Id., at 38, 43.* By particularized, we mean that the injury must affect the plaintiff in a personal and individual way." Id. at 560-61. (emphasis added).

Justice Scalia made clear that it is the Government herein that has the burden of proof to establish its standing, (i.e., whether or not a "**<u>live</u>** controversy **<u>currently</u>** exists" between Mr. Ware and the United States regarding whether the facts[7] and issues necessary for the court to resolve whether or not the United States is a "judgment-creditor" with respect to the 04cr1224 and 05cr1115 proceedings) to seek judicial relief in the federal courts regarding its 28 USC 2044 claims[8] filed in Dkt 250, *Lujan*, Id. at 561: ("The party invoking federal jurisdiction bears the

---

[7] A crucial fact necessary for the court to resolve prior to reaching the merits of the Government's claims in Dkt 250  regarding the 04cr1224 proceedings is, (i) whether or not the 2219 Plaintiffs were Section 2(a)(11) **<u>statutory underwriters</u>** of GPMT's securities? Yes they were as conceded by the Government by pleading that fact on the face of the 1224 Indictment at para. 9-12; and (ii) by binding judicial admissions by the admission into evidence of GX-5 para. 10.1(iv), and; (iii) whether or not  the Plaintiffs were **<u>unregistered</u>** broker-dealers on or about "February 2001" (the date of the illegal transaction alleged in paras. 9-13 of the 04cr1224 indictment)? Yes they were as testified and confessed by Ari Rabinowitz in 04cr1224 at Tr. 202-08.

[8] Claims predicated on a frivolous and incomplete reading and understanding of 28 USC 2044. The statute Section 2044 "**<u>shall not apply to any third-party surety</u>** [the estate of Mary S. Ware]" therefore, the Government palpably lacks Article III standing to pursue any claim against the estate of Mary S. Ware, Surety #2. The Government's claim is moot and must be dismissed according to the reasoning of *Steel Co*., 523 U.S. at 93-95 ("Without jurisdiction [or standing] **the court cannot proceed at all in any cause**.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and  18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

burden of establishing these elements [at all stages of the proceedings]"). *See **FW/PBS, Inc. v. Dallas**,* 493 U. S. 215, 231 (1990); ***Warth**, supra,* at 508.

The Court further explained the Government's Article III burden and obligations herein these proceedings, "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, **each element** must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.*e.,* with the manner and degree of evidence required at the **successive stages of the litigation**." Id. at 561. (emphasis added). The Court has made clear that subject matter jurisdiction for a federal court is a "**threshold issue**"[9] that cannot be waived, and can be raised by the court, sua sponte, or **by any party at any stage[10]** of the proceedings[11] even long after the entry of judgment; **and must exist at every stage of the proceedings**.

---

Jurisdiction is power to declare the law, and when it ceases to exist, ***the only function** remaining to the court is that of announcing the fact and **dismissing the cause [the Government's frivolous, bad faith, baseless, filed for an improper purpose, and vexatious claims against the $25,000.00 cash collateral of the estate of Mary S. Ware, cf., Fed. R. Civ. P. Rule 11(b)(1-4) sanctions]**.*"). (emphasis added).

[9] ***Steel Co. v. Citizens for a Better Environment***, 523 U.S. 83, 93-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, *the only function remaining to the court is that of announcing the fact and dismissing the cause*." ***Ex parte McCardle***, 7 Wall. 506, 514 (1869). "On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. **This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.** *Great Southern Fire Proof Hotel Co. v. Jones*, *supra,* at 453. The requirement that jurisdiction be established as a **threshold matter** "spring[s] from the nature and limits of the judicial power of the United States" and **is "inflexible and without exception**." *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U. S. 379, 382 (1884)." (emphasis added).

[10] Mr. Ware has raised the Article III and 18 USC 3231 subject matter jurisdiction question in Dkt. 267 which the court has yet to address as it must before reaching the merits of all pending motions before the court.

[11] ***Arbaugh v. Y&H Corp.,*** 546 U.S. 500, 506 (2006) ("**The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation,** *even after trial and the entry of judgment*. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See **Kontrick v. Ryan***, 540 U. S. 443*, 455 (2004)."). (emphasis added).

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

**B:**      **The *United State v. Ware*, 04cr1224 (SDNY) (RWS), indictment, (the "1224 Indictment"), did not charge an 18 USC 401(3) criminal contempt offense: it is not an "offense" defined by 18 USC 401(3) for Ulysses T. Ware as alleged in Counts I, II, and III to not prepare, sign, and issue bogus and fraudulent Rule 144(k) legal opinions to the 02cv2219 (SDNY) plaintiffs, judicially admitted Section 2(a)(11) statutory underwriters of GPMT's restricted securities, GX 1-4, and unregistered broker-dealers, to enable an illegal public offering of GPMT's securities in criminal violation of Sections 5, 77x, and 78ff of the 1933 Securities Act). Therefore, the 04cr1224 district court (Sweet, J.), lacking an offense, accordingly, lacked all 18 USC 3231 subject matter jurisdiction over the proceedings to enter any judgment of conviction and sentence. The proceedings are ipso facto per se null and void ab initio and moot by operation of law.**

**1.      The legal standard: SEC Release 33-7190 n. 17 (1995):[12]**

**(a)      Contentions:**

**(i)      The 02cv2219 (SDNY) plaintiffs, (the "Plaintiffs") as a matter of law and fact were per se ipso facto Section   2(a)(11) <u>statutory underwriters</u> of IVG's (GPMT's) restricted securities, GX 1-4, per se ipso facto <u>legally ineligible</u> for Rule 144 exemption to Section 5 of the 1933 Securities Act.**

In 1995 the SEC promulgated its national policy regarding a statutory underwriter's legal obligation and requirement to **register** all distributions of securities {GPMT's conversion securities] pursuant to Section 5 before a sale or offer for sale.[13] Judge Ramos, the record currently before the court is indisputable and has not been opposed by the Government's lawyers. The Government at trial, Tr. 199, 204, in 04cr1224 admitted its trial exhibits GX 1-4 (IVG's

---

[12] See Dkt. 294 for SEC Release 33-7190 n. 17 (1995) text.

[13] SEC Release 33-7190 n. 17 ("**<u>Accordingly, any distributions by a statutory  "underwriter" [the 02cv2219 plaintiffs] must be registered pursuant to Section  5</u>**. *United States v. Wolfson*, 405 F.2d 779, 782 (2d Cir. 1968), cert. denied, 394 U.S. 946 (1969)**.** (emphasis added).

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

Notes) and GX-5 (the so-called subscription agreement), jointly, (the "**Illegal Contracts**"),[14] regarding the illegal transaction dated "February 2001."[15]

Ipso facto as a matter of law para. 10.1(iv) of GX-5 is in heac verba the same language as para. 12-13 of the 02cv2219 (SDNY) complaint,[16] and the same referenced at para. 1-14 of the 1224 Indictment. The record is indisputable. The Plaintiffs contemplated an **immediate** public offering, (which the Government conceded in the 1224 Indictment and at trial by the admission of GX-5) a "distribution," of IVG's (GPMT's) securities **from the date of purchase**, "February 2001."

Paragraph 10.1(iv) of GX-5, Exhibit #49-1, infra, reproduced below, was admitted into evidence by the Government, Tr. 199, 204, and referenced in para. 7-12 of the 1224 Indictment.

---

[14] Illegal contracts are inadmissible in federal court other than to show their illegality. The terms and conditions of the Illegal Contracts are not enforceable ever by a federal court; and any order or judgment to that effect is null and void ab initio, ultra vires, and unlawful as a matter of law; and not enforceable by civil or criminal contempt. See ***Regional Prop.***, 678 F.2d at 561-62 ("The illegality of the transaction ***precludes the recovery of underlined damages for breach*** *[i.e., the lack of any legal right to >$75k damages precluded the 02cv2219 district court from proceeding under Section 1332(a) diversity subject matter jurisdiction, GX-7, GX-11, and GX-24 were not "lawful" orders or judgments within the scope 18 USC 401(3) criminal contempt]* ***and any other judgment [civil or criminal contempt] aimed at enforcement of the tainted contract[s] [GX 1-4 and GX-5].*** See 2 G. Palmer, The Law of Restitution § 8-1, at 171 (1978).") (emphasis added).

[15] See para. 1-13 in the 1224 Indictment and para. 10.1(iv) of GX-5, cf., para. 12-13 of the 02cv2219 complaint, cf., 15 USC 77b(a)(11) and the testimony of Government witness Ari Rabinowitz, Tr. 180-250: binding judicial admissions and confessions by the Government, affirmative and negating defenses, pleaded on the face of the Indictment that pleaded the Government out of court; and which annulled the required live Article III "case or controversy" between Mr. Ware and the United States with respect to the Government's factual trial burden of proof. Ergo, upon United States  Attorney David N. Kelley filing the 1224 Indictment in the district court **on or about November 17, 2004, Mr. Kelley pleaded the United States out of the federal courts** by conceding, expressly, implicitly, and necessarily, no 18 USC 401(3) offense was committed regarding the 02cv2219 proceedings unlawful orders (GX 11 and GX-24) and judgment (GX-7). **The 04cr1224 proceedings are currently moot**.

[16] See Exhibit #49-1 attached hereto.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

10.1(iv) of the Subscription Agreement provides:

"The Company shall file with the Commission within 90 days of the Closing Date (the 'Filing Date'), and use its reasonable commercial efforts to cause to be declared effective a Form SB-2 registration statement (or such other form as it is eligible to use) within 135 days of the Closing Date in order to register the Registrable Securities for resale and distribution under the Act. The registration statement described in this paragraph must be declared effective by the Commission within 135 days of the Closing Date (as defined herein)('Effective Date')."

IVG failed to comply with its obligations and to date has not had its registration statement declared effective.

Thus, the Plaintiffs did not purchase IVG's Notes (GX 1-4) with the intent of being **bona fide investors**, but rather IVG's Notes (GX 1-4) were fraudulently purchased pursuant to 15 USC 77d(2), Section 4(2), with the false and deceptive intention of conducting an immediate illegal public offering (distribution), see para. 10.1(iv) of GX-5 and para. 12-13 of the 02cv2219 complaint.[17]

GX-5 para. 10.1(iv) required that IVG:

"shall file with the [SEC] within 90 days of the Closing Date [February 1, 2001] … and use its reasonable commercial efforts to cause to be declared effective a Form SB-2

---

[17]  ***Gilligan, Will Co. v. Sec. and Exch. Com'n***, 267 F.2d 461, 467 (2d Cir. 1959) ("Petitioners contest this conclusion on the ground that since the conversion and sales occurred more than ten months after the purchase of the debentures the Commission was bound to find that the debentures so converted had been held for investment, and that the sales were therefore exempt under § 4(1) since made by a person other than an issuer, underwriter or dealer. ***Petitioners concede that if such <u>sales were intended at the time of purchase, the debentures would not then have been held as investments</u>*** ….").  (emphasis added).

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

registration statement [] within 135 days of the Closing Date [according to the 1224 Indictment, "February [01], 2001"] in order to register the Registrable Securities for **resale** and **distribution** under the Act." (emphasis added). ("**Paragraph 10.1(iv)**").[18]

The record [the 02cv2219 complaint and the 1224 Indictment's allegations, and the trial testimony of the government's witnesses in 04cr1224] cannot be disputed. Alpha Capital, AG, and the Plaintiffs contemplated a "view to a distribution" of IVG (GPMT's) securities (GX 1-4) from the date of purchase, "February 2001" and therefore, as a matter of law are Section 2(a)(11) statutory underwriters ineligible for Rule 144 exemption from Section 5 strict-liability registration requirements.

Accordingly, the Government had conceded in the 1224 Indictment (para. 7-14) (affirmative and negating defenses) and at trial (Tr 199, 200-06) that each of the 02cv2219 plaintiffs was a party to the Illegal Contracts, GX 1-4 and GX-5 (cf., 1224 Indictment at para. 9-13), and therefore, the Government has conceded each Plaintiff purchased IVG's Notes with a "view to a distribution" and consequently, ***the Government conceded, and blew up its own case, as a matter of law all Plaintiffs are Section 2(a)(11) statutory underwriters, required to have "registered all distributions of securities" pursuant to SEC Release 33-7190 n. 17 (1995).***

**(ii).    The 1224 Indictment's counts, C-I, C-II, and C-III,  <u>per se</u> failed to charge an 18 USC 401(3) criminal contempt "offense;"[19] and therefore, ipso facto, the 1224 Indictment, the conviction,**

---

[18] See SEC Release 33-7190 n. 17 (1995). **Lacking an effective registration statement [see Nov. 25, 2002, Memorandum Opinion (Sand, J.) in 02cv2219 that conceded no registration statement was ever in effect] all sales and offers for sale of GPMT's securities by Ari Rabinowitz and LH Financial Services, before and after June 2003 on behalf of the Plaintiffs, were made in criminal violation of Sections 77x and 78ff.**

[19] It is not an 18 USC 401(3) criminal contempt "offense" for Ulysses T. Ware, Esq., GPMT's securities counsel, to not draft, sign, and issue bogus and fraudulent Rule 144(k) legal opinions to the 02cv2219 plaintiffs, judicially admitted unregistered broker-dealers (Tr. 204-06) and Section 2(a)(11) statutory underwriters (para. 10.1(iv) of GX-5) of IVG's restricted securities, GX 1-4, to enable an illegal public offering of IVG's securities in criminal violation of Sections 5, 77x, and 78ff. CF., para. 86 and 87 in ***SEC v. Honig***, ***et al.***, 18cv08175 (SDNY) (**Ramos, J**.) (Alpha Capital, AG (Anstalt) charged by the SEC for market manipulation for obtaining a bogus and fraudulent Rule 144 legal opinion and conducting an illegal public offering of restricted securities ***in criminal violation*** of Sections 5, 77x, and **78ff by an unregistered broker-dealer and Section 2(a)(11) statutory underwriter**). See Exhibit #49-5, infra.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

and sentence are per se null and void ab initio given, (i) Paragraph 10.1(iv) of GX-5 (Exhibit #49-1), and; (ii) FINRA's April 21, 2021, email, Dkt. 295 (Exhibit #49-2, infra), which confirmed the <u>unregistered</u> broker-dealer status of Alpha Capital, AG.

As a matter of law, the 1224 Indictment's counts **_per se_** failed to charge a criminal contempt offense: Section 2(a)(11) statutory underwriters and unregistered broker-dealers are ipso facto per se ineligible for any exemption to Section 5 strict-liability registration requirements, SEC Release 33-7190 n. 17 (1995); **_Berckeley_**, 455 F.3d at 220 (same).

The USAO on November 17, 2004, ipso facto, per se, lacked all probable cause to seek and procure the 1224 Indictment; and, thus, **Robert W. Sweet, Thomas W. Thrash, Jr., Linda T. Walker, Robert A. Katzmann, Peter W. Hall, Barbara S. Jones, David N. Kelley, Alexander H. Southwell, Steve R. Peikin, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Michael J. Garcia, Joon Kim, Preet Bharara, Audrey Strauss, Melissa Childs, John M. McEnany, et al., are <u>personally and individually</u> monetarily liable, jointly and severally, to Ulysses T. Ware in the sum certain, racially-motivated, Jim Crow, retaliatory hate crime, kidnapping damage award in the amount of $2.25 billion dollars (USD).**

Liability for damages is per se fixed and determined given Paragraph 10.1(iv) of GX-5, only the amount of damages is to be fixed in a damages proceeding.


**(iii)    The Government as a matter of law cannot establish Article III standing and subject matter jurisdiction.**

Hence, for the Government at this stage of the proceedings to establish Article III and 18 USC 3231 subject matter jurisdiction places the Government in the illegally impossible position to argue against the allegations in the 1224 Indictment, to argue against the testimony of its own trial witnesses, and lastly, to argue against SEC Release 33-7190 n. 17 (1995); and well as argue against FINRA's April 21, 2021, email, Dkt. 295 (Exhibit #49-2 attached hereto). A legal impossibility precluded by judicial and equitable estoppel. Accordingly, the 1224 Indictment as a matter of law must immediately be dismissed with prejudice, and the conviction and sentence immediately vacated imposed illegally against Ulysses T. Ware.

Judge Ramos, given the present circumstances where Mr. Ware has submitted a Declaration of Irreparable Harm, Injury, and Injury caused by the continued illegal enforcement

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

of the conviction and sentence imposed pursuant to the null and void 1224 Indictment the court is required to immediately take all necessary and required actions to protect the legal rights of Mr. Ware and demand that the Government either concede jurisdiction and standing are, and was, initially lacking, or else, the court is required to immediately act sua sponte and convene an inquest regarding the issues, facts, and claims raised herein. Otherwise, the court places itself in the untenable disqualifying judicial position of appearing to be partial to the interests of the Government and biased and prejudice to the legal rights and interests of Ulysses T. Ware.[20]

Previously intentionally suppressed and concealed newly discovered material Brady exculpatory and exonerating evidence obtained from FINRA[21] confirmed that Alpha Capital, AG on or about "February 2001" (quoting para. 1-14 of the 1224 Indictment) **was not lawfully registered as a broker-dealer** as required by federal law when it entered into the Illegal Contracts (GX 1-4 and GX-5). Therefore, Alpha Capital, AG, and the 02cv2219 (SDNY) plaintiffs lacked all Article III standing to enforce the Illegal Contracts pursuant to 15 USC 78cc(b).[22] And all orders

---

[20] CF., n. 9, supra, Justice Scalia's instruction to the federal courts in *Steel Co*., 523 U.S. at 93-95.

[21] See Exhibit #49-2, Dkt. 295, for FINRA's April 21, 2021, email that confirmed that on February 01, 2001, **Alpha Capital, AG was not lawfully registered with the SEC or FINRA as a broker-dealer** as required by federal law, 15 USC 78o(a)(1). Accordingly, Alpha Capital, AG lacked all Article III and 28 USC 1332(a) diversity standing to have filed the 02cv2219 (SDNY) lawsuit. Ergo, the 02cv2219 district court (Sand, J.) (deceased) lacked Article III and Diversity subject matter jurisdiction to have entered GX-7 (judgment) (Count I), GX-11 order (Count II) and GX-24 (Count III). Therefore, as a matter law the judgment and orders were not "lawful" judgments or orders, and hence not within the statutory requirement of 18 USC 401(3) which applies only to "lawful" orders or judgment. Therefore, the 1224 Indictment failed to charge a criminal contempt "offense" and consequently the 04cr1224 district court (Sweet, J.) lacked all 18 USC 3231 subject matter jurisdiction to have entered any judgment of conviction or sentence against Ulysses T. Ware. Thus, Mr. Ware as a matter of law and fact is actually and factually innocent of Count I, Count II, and Count III in the null and void ab initio 1224 Indictment. The district court (Ramos, J.) currently lacks all Article III and 18 USC 3231 subject matter jurisdiction over the pending matters before the court that concern 04cr1224 other than to immediately order the office of the clerk to return all cash bail posted by Ulysses T. Ware and the estate of third-party surety Mary S. Ware. See Dkt. 250 (**per se** statutorily barred, frivolous, bad faith, filed for an improper purpose, and vexatious claims submitted by the Government).

[22] Federal courts [02cv2219 SDNY and 04cr1224 SDNY] are not authorized or permitted to enforce illegal contracts (GX 1-4 and GX-5) or agreements made in or performed in criminal or civil violation of federal law, 15 USC 78o(a)(1) and SEC Release 33-7190 n. 17 (1995); cf., **15 USC 78cc(b)(**"**Every** contract [GX 1-4 and GX-5] made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in

---

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and  18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

(GX 7 and GX 11) and judgment (GX 7), Counts I, II, and III of the 1224 Indictment, respectively, were as a matter of law and fact not "lawful" within the scope of 18 USC 401(3) criminal contempt.[23] Therefore, ipso facto, the 1224 Indictment failed to charge a criminal contempt "offense," and, consequently, lacking an "offense" the 04cr1224 district court (Sweet, J.) lacked all 18 USC 3231 subject matter jurisdiction over the proceedings. The 1224 Indictment is null and void ab initio and the conviction and sentence entered in 04cr1224 are null and void ab initio, and moot. **Steel Co.**, 523 U.S. at 93-95.

## C.      Requested Urgent Relief Regarding Resolution of the Jurisdictional Questions.

### 1.      The Government has the Burden of Proof Regarding the Jurisdictional Issues.

Judge Ramos given it is the indisputable constitutional and **legal duty and obligation** of every federal court since 1789 to "first" as a "threshold issue" confirm its subject matter jurisdiction over the proceedings before adjudicating the merits of the litigants' claims, the court lacks any legal reason or justification for any delay in conducting the jurisdictional inquiry, where the United States, the plaintiff in the proceedings sub judice, has the burden of proof to establish Article III and 28 USC 547 standing and subject matter jurisdiction over 04cr1224 and 05cv2219, and the "lawfulness" of the 02cv2219 (SDNY) proceedings, to immediately come forth and present evidence that:

1.      the 02cv2219 (SDNY) orders (GX 11 and GX 24) and judgment (GX 7) were "lawful", i.e., the Government must necessarily present the same evidence it presented at trial in 04cr1224 regarding the lawfulness of the 2219 orders and judgments, i.e., the government did not present any evidence of "lawful" which caused their co-counsel District Judge Robert W. Sweet, Tr. 882 L 2-11, to unlawfully and unconstitutionally charges the jury in such a manner that Judge Sweet directed a verdict of guilty against Mr. Ware on the Government's trial burden of proof, "lawful;"

---

violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract[.]"). (emphasis added).

[23] 18 USC 401(3): A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
**(3)** Disobedience or resistance to its **lawful** writ, process, order, rule, decree, or command.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

2.      that the SEC's Las Vegas 03-0831 (D. NV) July 14, 2003, risible purported complaint **was actually signed by an SEC lawyer** then admitted to the District Court (D. NV) on July 14, 2003, in contradiction to the 2012 judicial admission of former SEC lawyer William Smith-Grieg, Esq., who admitted and confessed in 2012 **" ... the SEC had no information regarding the identity of the person who actually signed the 03-0831 complaint, and necessarily had no proof whether or not the person who actually signed the 03-0831 complaint was an SEC lawyer admitted to the District Court (D. NV) on July 14, 2003** ....") (paraphrased) (emphasis added);

3.      the December 20, 2007, Dkt. 90, (Sand, J.), superseding Rule 41(a)(2) final order-judgment[24] did not annul, void, vitiate, and set aside all judgments (GX-7) and orders (GX-11 and GX-24) the basis for Counts I, II, and III in the 1224 Indictment, respectively, in contradiction to circuit precedent, **A.B. Dick Co. v. Marr**, 197 F.2d 498, 501-02 (2d Cir. 1959) (plaintiff's dismissal of its lawsuit annulled, vitiated, and voided all prior orders, judgments, and proceedings therein as if the lawsuit had never been filed; terminated the court's subject matter jurisdiction, and rendered the proceedings moot), and;

4.      the USAG has authorized the USAO (SDNY) to appear and initiate claims actually or necessarily resolved against the United States in 05cr1115 in contradiction to the USAG's November 7, 2008, the **USAG's Article II Appellate Political Decision to dismiss with prejudice the United States 07-5670, Gov.-I cross-appeal[25], and the Gov.-I Superseding Final Judgment** entered on August 18, 2009, in **Gov.-I**, _which conferred prevailing party status, triggered the absolute finality of the Double Jeopardy Clause, collateral estoppel, and res judicata, on Ulysses T. Ware with respect to all issues, facts, and claims actually or necessarily resolved by R-1, R-2, and R-3 (i.e., Dkt. 99, S. Tr. 31 L 18-25; S. Tr. 35-36; and S. Tr. 73-76, respectively._[26]

---

[24] See Exhibit #49-3, infra.

[25] See Exhibit #49-4, infra.

[26] See **Federated Dept. Stores, Inc. v. Moite**, 452 U.S. 394, 398-401 (1981) (all matters resolved actually or necessarily by final judgment are binding, absolutely, **on all courts, the parties, and their** privies in all **subsequent proceedings between the parties by res judicata**; and all issues and facts **actually or necessarily** resolved by final judgment are "forever settled" between the parties). (emphasis added). CF., August 18, 2009, **Gov.-I** superseding final judgment entered against the United States and its privies in its dismissed with prejudice Rule 28.1 cross-appeal in **United States v. Ware**, 07-5670 (XAP) (2d Cir.). See Exhibit #49-4, infra. The 05cr1115 district court (and all federal and state courts and agencies) currently lacks all Article III subject matter jurisdiction over all issues, facts, and claims **actually or necessarily**

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

Mr. Ware is respectfully requesting that the court in fulfillment of its inflexible constitutional duty and obligation concerning its subject matter jurisdiction over the 04cr1224, 05cr1115, and the annulled orders and judgments in 02cv2219 (SDNY) that it construes this letter brief as an application for a show cause order and immediately notifies the parties, on or before **July 28, 2021**, **12:00 noon**, time of the essence, of its intentions and course of actions regarding the pending and extant jurisdictional issues given that Mr. Ware has, is and will continue to suffer irreparable harm, injury,  and damages unless the court takes immediate actions regarding the jurisdiction issues.


Respectfully submitted by:

/s/ Ulysses T. Ware

_____
Ulysses T. Ware
July 26, 2021

---

**resolved** in favor of Ulysses T. Ware, (the "**Prevailing Party**"), by the *Gov.-I* superseding final judgment pursuant to the <u>absolute finality</u> of res judicata and the Double Jeopardy Clause.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

# Exhibit #49-1
# Para. 12-13 of 02cv2219 (SDNY) complaint

12. Plaintiffs purchased the Notes pursuant to the terms of the Subscription Agreement (the "Subscription Agreement") entered into between and among the parties on or about February 2, 2001. Plaintiffs collectively paid $1.1 million to IVG and each Plaintiff received a Note in proportion to its investment, as set forth in the paragraph 10.

13. Pursuant to Section 10.1(iv) of the Subscription Agreement, IVG was obligated to file on or before May 3, 2001, a form SB-2 Registration Statement with the United States Securities and Exchange Commission registering the stock underlying the Notes so that upon conversion the stock could be sold on the open market without restriction. IVG was obligated to

4

121

have such registration statement declared effective on or before June 17, 2001. Thus Section 10.1(iv) of the Subscription Agreement provides:

"The Company shall file with the Commission within 90 days of the Closing Date (the 'Filing Date'), and use its reasonable commercial efforts to cause to be declared effective a Form SB-2 registration statement (or such other form as it is eligible to use) within 135 days of the Closing Date in order to register the Registrable Securities for resale and distribution under the Act. The registration statement described in this paragraph must be declared effective by the Commission within 135 days of the Closing Date (as defined herein)('Effective Date')."

IVG failed to comply with its obligations and to date has not had its registration statement declared effective.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

# Exhibit #49-2.1
# FINRA's April 21, 2021, email.

---

5/18/2021                                         Gmail - Alpha Capital, A.G.

 Gmail                                    Ulysses Ware <utware007@gmail.com>

**Alpha Capital, A.G.**
2 messages

**Ombudsman's Office** <Ombuds@finra.org>                    Wed, Apr 21, 2021 at 2:51 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and  Financial Crimes Detection Program for further review.  Those regulatory tips warranting additional review and investigation will be subject to a regulatory response.  FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies.  In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax:  (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff.  Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office.  Additional information can be found online at: http://www.finra.org/about/office-ombudsman.

*Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use our anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.*

https://mail.google.com/mail/u/0?ik=88278c65b2&view=pt&search=all&permthid=thread-f%3A169767715267680695... 1/2

---

**July 26, 2021**
**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

# Exhibit #49-2.2

Regards,

**Danielle Derrick**

Associate Director

FINRA®Office of the Ombudsman

9509 Key West

Rockville, MD 20850

Tel: (888)700-0028 or (240)386-6270

Fax: (240) 386-6271

**FINra.**

Confidentiality Notice:: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

**Thomas Ware** <utware007@gmail.com>                    Wed, Apr 21, 2021 at 3:56 PM
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: mydefimatters@gmail.com

Thank you for the information.
[Quoted text hidden]

**2 attachments**

**FINra.** image001.png
3K

**FINra.** image001.png
3K

**July 26, 2021**
**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and  18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

## Exhibit #49-3



**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

# Exhibit #49-4



**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and  18  USC  3231  Subject  Matter  Jurisdiction  over  the  04cr1224  and  05cr1115  (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**

# Exhibit #49-5
# Para. 86 in 18cv08175 (SDNY) (Ramos, J.).
**Alpha Capital, AG (Anstalt) intended an illegal public offering of Company A's restricted securities in criminal violation of Sections 5, 77x, and 78ff; and, therefore was a per se, ipso facto, Section 2(a)(11) statutory underwriter per se ineligible for Rule 144 exemption.**

Company A's CEO, by which he disavowed his ownership of the 6,650,000 shares to which he had been entitled, Alpha purchased 1.5 million of those shares at $0.15 per share, with the intention of selling the shares into the inflated market created by the Honig-orchestrated promotion. Company A issued the shares to Alpha on September 23, 2013, days before the Ford article appeared on *Seeking Alpha*. On October 29, 2013, Alpha obtained an attorney opinion letter that it supplied to Company A's transfer agent so that the transfer agent would remove the restrictive legend from the share certificate. The attorney opinion letter – as Alpha knew or was reckless in not knowing – falsely represented that Alpha had held the shares for at least 6 months and that the shares could be sold in accordance with the Securities Act Rule 144 safe harbor, as exempt from the registration provisions.

87.     Between October 3, 2013 and November 18, 2013, Alpha, in lockstep with Honig, Brauser, Frost, Groussman, O'Rourke, and Stetson (and their respective entities), sold 3.7 million Company A shares for proceeds of $2,513,724, including virtually all of the shares Alpha had obtained in September 2013.

**(#49)  Ulysses T. Ware's 07.26.21  Letter to The Hon. District Judge Edgardo Ramos re Article III and 18 USC 3231 Subject Matter Jurisdiction over the 04cr1224 and 05cr1115 (SDNY) Proceedings Per Se as a Matter of Law and the Proceedings are Currently Moot and Required to be Dismissed with Prejudice.**