From:  Ulysses T. Ware


Date:   August 24, 2021


**RE: (51G)  August 24, 2021, Ulysses T. Ware's Rule 59(e) to alter or amend, Local Rule 6.3 (SDNY) for reconsideration of Dkt. 304 (Dkt. 222 in 04cr1224) and 307 Motions**


on the applicable dockets.


/s/ Ulysses T. Ware

## Case Nos. 05cr1115 (SDNY) and 04cr1224 (SDNY) (#51G)

Submitted on August 24, 2021, to: Pro_SE_Filing@nysd.uscourts.gov

ChambersNYSDRamos@nysd.uscourts.gov

/s/ Ulysses T. Ware

Ulysses T. Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260 phone
utware007@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**United States of America, et al.,**
            **Plaintiff, Petitioner,**
            **Cross Respondent,**

            **v.**

**Ulysses T. Ware, et al.,**
            **Movant, Defendant, Respondent,**
            **And Cross Petitioner.**

**(#51G) August 24, 2021, Ulysses T. Ware's Rule 59(e) to alter or amend, Local Rule 6.3 for reconsideration of Dkt. 304 (Dkt. 222 04cr1224) and 307 Motion.**

**Certificate of Service**

I Ulysses T. Ware certify that I have this  24th day of August 2021 served via email the following DOJ employees, to wit:

AUSA Melissa Childs
AUSA John M. McEnany
Acting USA Audrey Strauss
AUSA Jeffrey R. Ragsdale, Counsel, DOJ's Office of Professional Responsibility

I.

**A.**     **Movant's Contentions.**

Comes now the Movant, Ulysses T. Ware, and pursuant to Fed. R. Civ. P. 59, Movant

moves the District Court (**Ramos, J.**)[1] to vacate Dkt. 304 (Dkt. 222 in 04cr1224) and Dkt. 307 for

the following egregious, risible, numerous, and unprecedented legal and factual errors made by

the District Court (**Ramos, J.**), to wit:

1.  The District Court (Ramos, J.) erred as a matter of law and fact and "acted in the

    clear absence of all jurisdiction" when it entered Dkt. 304 and 307, and thus, both

    orders are ipso facto, per se, null and void ab initio and moot;[2]

2.  The District Court, Ramos, J., again, erred as a matter of law and fact: The ***United***

    ***States v. Ware***, 04cr1224 (SDNY) indictment, (the "**1224 Indictment**") is fatally

---

[1] District Judge Edgardo Ramos is commonly known in the New York legal community as the "**error-prone**" judge. Apparently, a well-deserved title given the numerous comical legal and factual errors made in the course of the 1224 and 1115 proceedings since July 12, 2021, once Ramos, J., was assigned the 1224 and 1115 matters upon the untimely, regrettable, deaths of former District Judges Robert W. Sweet and William H. Pauley, III, respectively.

[2] The District Court lacked all subject matter jurisdiction over all issues, facts, and claims **actually or necessarily resolved in favor of Mr. Ware** by final order Dkt. 297 (02cv2219 (SDNY), Dkt. 90, December 20, 2007, Sand, J., **voluntary**, ex parte Rule 41(a)(2) dismissal***, after the statute of limitation had run on all claims in 02cv2219***, with prejudice of all claims), see Exhibit 1-1, infra, i.e., a <u>**final judgment on the merits**</u> for GPMT, Mr. Ware, and Elorian and Becky Lander, jointly, (the "**Prevailing Parties**"). The District Court erred as a matter of law and fact when it did not convey prevailing party status on Mr. Ware and GPMT in regard to all issues, facts, and claims regarding the 02cv2219 and 04cr1224 (SDNY) proceedings.

flawed and as a matter of law failed to charge[3] an 18 USC 401(3) criminal contempt

offense[4];

3. The District Court (Ramos, J.), again, erred as a matter of law: it is not an 18 USC

401(3) criminal contempt "**offense**" for Ulysses T. Ware, GPMT's securities

counsel, to not draft, sign, and issue bogus and fraudulent Rule 144(k) legal

opinions to Section 2(a)(11) statutory underwriters, i.e., the "Civil Plaintiffs"

named at para. 8 in the 1224 Indictment[5], and enable the civil and criminal

violation of the federal securities laws, Sections 77e, 77x and 78ff, by enabling an

illegal unregistered public offering of GPMT's securities, GX 1-4.[6] The District

---

[3] The District Court erred as a matter of law and did not correctly apply Dkt. 304, **SEC Release 33-7190 n. 17 (1995),** to the relevant indisputable facts, cf., para. 10.1(iv) of GX-5. SEC Release 33-7190 n. 17 (1995) confirmed that as a matter of law all Section 2(a)(11) statutory underwriters, the "Civil Plaintiffs" named in paragraph 8 of the 1224 Indictment, cf., para. 10.1(iv) of GX-5, **are required by law to register with the SEC all distribution of securities, GX 1-4**; else the statutory underwriters (i.e., the "Civil Plaintiffs") violated Sections 5, 77x, and 78ff of the federal securities laws. Ergo, as a matter of law, Mr. Ware and GPMT could not have willfully violated **moot and void court orders** (GX-11 and GX-24) and judgment (GX-7), when as a matter of law, the "Civil Plaintiffs" were not legally eligible for any Rule 144(k) exemption from Section 5 strict-liability registration requirement. The District Court erred as a matter of law and fact and is required to vacate Dkt. 304 and  Dkt. 307.

[4] On May 17, 2021, Dkt. 306, Exhibit 4-1, infra, FINRA certified that each of the "Civil Plaintiffs" named in paragraph 8 of the 1224 Indictment, Exhibit 3-1, infra, "on or around February 2001" **were not lawfully registered** as required by federal law, 15 USC 78o(a)(1), as lawful broker-dealers; and therefore, as a matter of law, the "Civil Plaintiffs" lacked all Article III and 28 USC 1332(a) standing, and the 02cv2219 (SDNY) (LBS) District Court lacked all subject matter jurisdiction to have entered any judgment (**GX-7, Count I**) and orders (**GX-11, Count II** and **GX-24, Count III**) in the moot 2219 proceedings. Accordingly, as a matter of law, the 1224 District Court (Ramos, J.) committed a clear jurisdictional legal error, acted in the clear absence of all jurisdiction, over the 04cr1224 proceedings when it entered Dkt. 304 and Dkt. 307. Therefore, Dkt. 304 and 307 are null and void ab initio and required to be vacated as moot.

[5] See Exhibit 3-1, infra, para. 8 in the 04cr1224 indictment.

[6] See *SEC v. Honig*, 18cv08175 (SDNY) (Ramos, J.), para. 86-87 of the SEC's complaint, Exhibit 8-1, that charged 1224 "Civil Plaintiff" **Alpha Capita, AG (Anstalt)**, cf., Exhibit 3-1 and 4-1, infra, with securities

Court, Ramos, J, erred as a matter of law and fact and lacked all subject matter jurisdiction over any aspect of the moot 1224 Indictment.[7]

4.  The District Court, Ramos, J., again, erred as a matter of law and fact: The ***United States v. Ware***, 05cr1115 (SDNY) (WHP)(ER), indictment, (the "**1115 Indictment**"), as a matter of law failed to charge a securities fraud and conspiracy offense and is therefore null and void ab initio and required to be dismissed with prejudice[8];

---

fraud for fraudulently obtaining a bogus and fraudulent Rule 144 legal opinion for an un-named lawyer, and conducting an illegal unregistered public offering of "Company A's" restricted securities in violation of 15 USC 77e, 77x, and 78ff, **criminal** violations of the federal securities laws. Federal Judge Edgardo Ramos is in possession of material Brady exculpatory evidence that is required to be disclosed to Mr. Ware pursuant to the written Brady Orders; and moreover, Judge Edgardo Ramos will be subpoenaed and called as a material fact witness at any evidentiary hearing on Mr. Ware's pending Emergency Motions for Leave to Proceed that are currently being criminally obstructed, delayed, impeded, and frustrated by Judge Edgardo Ramos, acting in his personal and individual capacities as a material and willing participant in the ongoing criminal conspiracy to cover up, hide, and conceal the unregistered broker-dealer status, see Exhibit 4-1, infra, of the "Civil Plaintiffs" named in para. 8 of the bogus and moot 1224 Indictment, see Exhibit 3-1.

[7] As a matter of law a United States District Court's subject matter jurisdiction, 18 USC 3231, is constrained to "**offenses**" against the laws of the United States. Thus, lacking an "offense" the 1224 District Court (Sweet, J.) and Ramos, J. after Sweet's death, lacked 18 USC 3231 subject matter jurisdiction to adjudicate any charges (i.e., Counts I, II, and III in the 1224 Indictment) that did not charge an "offense." The District Court (Ramos, J.), again, erred as a matter of law and fact and failed to thoroughly understand and comprehend advance securities law and the Constitutional requirements of a District Court over a criminal proceeding. Indisputable federal law, 15 USC 77d(1), **SEC Release 33-7190 n. 17 (1995)**, Dkt. 294, and Rule 144(k) all prohibited Mr. Ware from issuing bogus and fraudulent Rule 144(k) legal opinions to Section **2(a)(11) statutory underwriters**, the "**Civil Plaintiffs**" named in para. 8 of the 1224 Indictment, Exhibit 3-1, infra, and **unregistered broker-dealers**, Dkt. 306, as certified by FINRA on May 17, 2021, Exhibit 4-1, infra, **material Exculpatory Brady jurisdictional evidence** required to have been disclosed to Mr. Ware "prior to trial" as ordered by Sweet, J., in the 1224 August 10, 2007, Dkt. 32, Brady order.

[8] The District Court, again, erred as a matter of law and fact in any adjudication of the moot judgment entered in 05cr1115 on or about October 26, 2007. **The USAG's November 7, 2008, Article II Appellate Political Decision**, Exhibit 5-1, infra, ipso facto vitiated and abrogated all prior orders and judgments entered in 1115; and moreover, the Court of Appeals (***Gov.-I***) entered its superseding final judgment on August 18, 2009, Exhibit 2-1, infra, and ratified the USAO's Article II Appellate Political Decision to dismiss with prejudice ***Gov.-I*** and resolved in favor of Ulysses T. Ware all issues, facts, and claims that were

5.  The District Court, Ramos, J., again, erred as a matter of law and fact: The attorneys for the Government, Audrey Strauss, and Melissa Childs, knowingly, willfully, in bad faith, and to commit fraud misrepresented and misled the Court, Dkt. 250, regarding 28 USC 2044 and 18 USC 3613, to wit: Section 3613 has a ten (10) year statute of limitation to initiate any lien enforcement via a court proceed; which Dkt. 250 (the Section 2044 and Section 3613 motion) was initiated after the ten-year statute of limitation of the assessment of any alleged fines imposed in any lawful criminal proceeding;

6.  The District Court, Ramos, J., again, erred as a matter of law and fact: On October 7, 2008, the United States Attorney General, (the "**USAG**"), notified the Court of Appeals (2d Cir.) in *United States v. Ware*, 07-5670cr (XAP), *Gov.-I*, the Government's Rule 28.1 cross-appeal of the District Court (Pauley, J.), October 12, 2007, and October 26, 2007, Double Jeopardy Verdicts, the United States "filed a notice of appeal but is not pursuing a cross-appeal[9] [in Gov.-I, 07-5670]"[10], (the "**USAG's Article II Appellate Political Decision**") and to,

---

actually or necessarily resolved by the August 18, 2009, *Gov.-I* final judgment, Exhibit 2-1. Therefore, the District Court, Ramos, J., erred, again, egregiously, as a matter of law and fact when it entered Dkt 304 and 307; and acted in the "clear absence of all jurisdiction" over the 05cr1115 proceedings.

[9] See Exhibit 5-1, infra.

[10] Former AUSA Steven D. Feldman filed the Government's notice of Fed. R. App. P. Rule 28.1 cross-appeal in 07-5670cr (XAP) (2d Cir.), *Gov.-I*.

a.  (i)  immediately dismiss with prejudice *Gov.-I*;[11]

b.  (ii) enter final judgment on the merits for Ulysses T. Ware in *Gov.-I*[12];

c.  (iii) ipso facto, by operation of law, confer prevailing party status on Mr.

Ware actually in *Gov.-I*, and necessarily in 05cr1115[13];

---

[11] The District Court, Ramos, J., again, erred as a matter of law and fact, and risibly failed to fully understand and appreciate the nuances regarding the legal and factual consequences of the USAG's Article II **voluntary dismissal** of the United States and its privies *Gov.-I* _Rule 28.1 cross-appeal_ on November 7, 2008, **prior to** the Court of Appeals reviewing the merits of Mr. Ware's 07-5222cr (2d Cir.), *Ware-I*, direct appeal of the 05cr1115 sentence and conviction given Judge Pauley's October 2007 Double Jeopardy Verdicts, Dkt. 99, S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. Tr 73-76 (R-3). At the moment of the USAG's voluntary Article II Appellate Political Decision to dismiss *Gov.-I* with prejudice on November 7, 2008, Exhibit 5-1, R-1, R-2, and R-3 became the 'law of the case', and **bound the Court of Appeals and the 05cr1115 district court (Ramos, J.)** in regard to the 05cr1115 proceedings and the 07-5222 *Ware-I* direct appeal. The **USAG's November 7, 2008, Article II Appellate Political Decision,** ipso facto, *terminated the Court of Appeals and the 05cr1115 district court (Ramos, J.) subject matter jurisdiction over all issues, facts, and claims that were __actually or necessarily__ resolved by the USAG's Article II Appellate Political Decision*. See *Federated*, 452 U.S. at 398-402 (all federal courts, the parties, and their privies, bound, absolutely, by res judicata, and final judgment on all issues, facts, and claims actually or necessarily resolved by [the *Gov.-I*] final judgment [entered on August 18, 2009, that ratified the USAG's Article II Appellate Political Decision to abandon, abort, terminated, and dismiss with prejudice 05cr1115 and Gov.-I]. This legal and factual issue the District Court (Ramos, J.) failed to take into account and acted without proper consideration regarding Dkt. 304, Dkt. 222, and 307.

Every **competent** federal judge knows, or should know, that an Article I or Article III federal court (Ramos, J.) has no Article III subject matter jurisdictional authority to review the Executive Branch's appellate or trial prosecutorial Article II political decisions, see *United States v. Nixon*, 418 U.S. 683, 695-96 (1974) (Federal courts, pursuant to Separation of Power doctrine, lack jurisdiction to review Executive Branch political decisions).

[12] See August 18, 2009, final judgment entered in *Gov.-I*, 07-5670cr (XAP) (2d Cir.), Exhibit 2-1, infra, in favor of Ulysses T. Ware, (the "**Prevailing Party**") in *Gov.-I* and 05cr1115 (SDNY). Mr. Ware is the Prevailing Party to the *Gov.-I* final judgment for the purpose of civil and Rule 42(b) criminal contempt enforcement against *Edgardo Ramos* (in his official, individual and personal capacities), Melissa Childs, Audrey Strauss, John M. McEnany, and all others that aided and abetted the willful resistance, 18 USC 401(2), 401(3) to the August 18, 2009, *Gov.-I* final judgment, i.e., **the State Bar of GA's Office of the General Counsel, to wit: Paula Fredricks, William NeSmith, Jenney Mittlemen, and others**; and the U.S. Probation Office's employees, Michael Fitzpatrick, David Mulcahy, Thomas J. McCarthy, and others.

[13] See n. 8.

---

d.  (iv) triggered the Double Jeopardy Clause's protection for Mr. Ware in regard to all issues, facts, and claims actually or necessarily resolved by the USAG's Article III Appellate Political Decision with respect to 05cr1115 and ***Gov.-I[14]***;

e.  (v) and terminated all courts' subject matter jurisdiction over 05cr1115, and ipso facto, by operation of law, **dismissed the 05cr1115 Indictment with prejudice[15]**.

7.    The District Court (Ramos, J.), again, erred as a matter of law when it entered the ultra vires, advisory order, Dkt. 307, Exhibit 7-1, a **purported filing <u>injunction</u>**. A United States federal court has no lawful authority to enter any leave to file order (injunction)[16] in a criminal proceeding to deny a defendant his right to Due Process of law to enforce written Brady Orders[17]

---

[14] Id.

[15] Id.

[16] ***Lei v. Meddaugh***, 229 F.3d 121, 123 (2d Cir. 2000) ("However, "[t]he <u>**unequivocal**</u> rule in this circuit is that the **district court [Pauley, Sweet, and Ramos] <u>may not</u> impose a filing injunction** on a litigant [Ulysses T. Ware] *sua sponte **without providing the litigant with <u>notice</u> and <u>an opportunity to be heard</u>**.*" *Moates v. Barkley,* <u>147 F.3d 207, 208</u> (2d Cir. 1998) (per curiam). The "chance to respond is an empty opportunity if the party is not given adequate time to prepare his response." *Schlesinger Inv. Partnership v. Fluor Corp.,* <u>671 F.2d 739, 742</u> (2d Cir. 1982) (reversing sua sponte dismissal entered without prior notice). (emphasis added).

[17] The written Brady Orders, Dkt. 32 (04cr1224), Sweet, J. and Dkt. 17 (05cr1115), Pauley, J., Tr. 5-9.

and to challenge the District Court's subject matter jurisdiction over the proceedings without notice, an opportunity to be heard,[18] and the entry of a formal **written injunction**.[19]

The District Court, Ramos, J., failed, egregiously, and erred as a matter of law, by not fully and thoroughly understand the law that all defendants in criminal proceedings (1224 and 1115) have the constitutional right to compel the Government to disclose all Brady exculpatory evidence, **Brady v. Maryland[20]**, and the District Courts are constitutionally duty-bound to enforce all Brady Orders entered to assure the Government's compliance with Due Process of law. Ramos, J., has refused all attempts to enforce the written Brady Orders without legal explanation, precisely because there is no legal reason, for a federal court to not enforce the written Brady Orders entered to protect the due process rights of Ulysses T. Ware.

---

[18] The Supreme Court held in **Steel Co**., 523 U.S. at 93-95 (Scalia, J.), and reaffirmed the seminal constitutional concept of limited government and separation of powers, when it noted and explained that "first" as "a threshold matter" every federal court must, if requested, or if not requested, sua sponte, confirm if authority to review the merits of the claims, its subject matter jurisdiction over the proceedings.

[19] **Lei**, Id. at 123, "Finally, we note that **the district court did not memorialize the oral order in a formal injunction**. Federal Rule of Civil Procedure 65(d), which provides the standards for the form and scope of injunctions, contemplates the issuance of a written order. See Fed. R.Civ.P. 65(d). The provisions of this rule "are no mere technical requirements." *Schmidt v. Lessard,* 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974). **Compliance with this rule is essential because**, "until a district court issues an injunction, or enters an order denying one, it is simply not possible to know with any certainty what the court has decided." *Gunn v. Univ. Comm. to End War in Viet Nam,* 399 U.S. 383, 388, 90 S.Ct. 2013, 26 L.Ed.2d 684 (1970). **Since an injunctive order prohibits conduct under threat of judicial punishment, fairness requires that the litigants receive explicit notice of precisely what conduct is outlawed**. See *Lessard,* 414 U.S. at 476, 94 S.Ct. 713. Such notice and specificity foster effective enforcement. *See id.* Finally, detailed injunctions are needed to facilitate appellate review. *See Fonar Corp. v. Deccaid Services, Inc.,* 983 F.2d 427, 429-430 (2d Cir. 1993) (citing *Lessard,* 414 U.S. at 476-77, 94 S.Ct. 713). "[S]trict adherence to the Rules is better practice and may avoid serious problems in another case." *Clarkson,* 544 F.2d at 633 (discussing Fed.R.Civ.P. 65(d) and 52(a)). (emphasis added).

[20] See Dkt. 299, Ulysses T. Ware's letter to District Judge Edgardo Ramos.

The facts suggest that Ramos, J., a purported former federal prosecutor (EDNY) is **racially-motivated**, actually biased, prejudiced, incompetent, and has an actual conflict of interest in favor of his personal pecuniary and penal interests and the interests of the Government.

Ostensibly, Edgardo Ramos is ignorant of the law and thinks that he is above the reach of the law, and can enter any foolish, void, ultra vires and advisory order, Dkt. 304 (Dkt. 222) and 307 as he sees fit. Nevertheless, Dkt 305, Dkt. 222 (1224) and 307 are moot, must be vacated, and set aside for lack of all subject matter jurisdiction over the proceedings.

Moreover, Ramos, J. erred, again, as a matter of law and fact when attempting to interpret the moot and ultra vires Dkt. 220 and Dkt. 160 cited in the bogus and fraudulent Dkt. 307, "**However, Ware has continued to file "pleadings" about topics on which the Court [Ramos, J.] has not granted him leave to file.**" (emphasis added). Obviously, the Court has no lawful authority, subject matter jurisdiction, to review the merits of any claims presented to the Court by Mr. Ware in any "leave to file" motion, unless the Court, follows the *Steel Co*., 523 U.S. at 93-95, protocol, and "first" as "a threshold matter" determines its jurisdiction over the 1224 and 1115 proceedings given the final order, Exhibit 1-1, and final judgment, Exhibit 2-1, entered in favor of Mr. Ware by federal courts. Thus, the Court is in a jurisdictional no-mans-land. It cannot review or take any actions on the merits of Dkt. 250, which it did, at its own peril, in egregious and risible legal and factual error; furthermore, the Court (Ramos, J.) cannot lawfully review the merits of this Rule 59(e) motion, **or any other matter placed before the Court**, without strict adherence to the *Steel Co*., Id., protocol, and for similar reasoning the Court has no lawful

authority to review the merits of any leave to file matter submitted to the Court by Ulysses T.

Ware.

II.

**A.      The relevant legal standards.**

A party must move to alter or amend a judgment no later than 28 days after entry of

judgment, (FRCP 59(e)[21]; see also ***Kroll v. White Lake Ambulance Auth.***, 691 F.3d 809, 812 n.4

(6th Cir. 2012); ***Allstate Ins. Co. v. Herron***, 634 F.3d 1101, 1111 (9th Cir. 2011)). If a party makes

the motion before entry of judgment, the motion is deemed filed as of when the judgment is

entered (***Borrero v. City of Chicago***, 456 F.3d 698, 699 (7th Cir. 2006)). A party may seek post-

---

[21]Rule 59: (a) In General.
(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.
(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.
(e) **Motion to Alter or Amend a Judgment**. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

judgment relief under FRCP 59(e) regardless of the stage of litigation at which the judgment was entered.

**Relief under Rule 59(e) and Local Civil Rule 6.3.**

The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 (SDNY) are the same. ***R.F.M.A.S., Inc. v. Mimi So***, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked **controlling decisions** or **factual matters** that had been previously put before it. *Id*. at 509; *see* **Padilla v. Maersk Line, Ltd**., 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009).

**B.     Conclusion.**

Movant has shown by overwhelming proof and legal arguments the District Court, Ramos, J., erred, egregiously, risibly, and unprecedently as a matter of law and fact to such an extent the proceedings were irreparably disreputed, rendered null and void ab initio, and inherently unreliable to have any preclusive or other legal force and effect. District Judge Edgardo Ramos is severely and totally incompetent in all matters of advanced federal law, constitutional law, and law in general to such an extent Ulysses T. Ware's rights to due process of law were egregiously violated by the numerous factual and legal errors committed by District Judge Edgardo Ramos in furtherance of the ongoing criminal conspiracy to hide, conceal, and cover-up, Exhibit 4-1, the unregistered broker-dealer status of the 02cv2219 (SDNY) "Civil Plaintiffs."

**C.     Requested relief.**

Movant is requesting the following legal relief be granted immediately, to wit:

1.      for the District Court to reverse and vacate Dkt. 304 (Dkt. 222) and Dkt. 307;

2.      strike Dkt. 250 from the records of the Court;

3.      reverse and vacate Dkt 220 (05cr1115) and 160 (04cr1224) for being null and void ab initio;

4.      enter a show cause order directed to the United States, its privies, to wit, Audrey Strauss, Melissa Childs, John M. McEnany, Alexander H. Southwell, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Steven D. Feldman, Michael J. Garcia, Preet Bharara, Joon Kim, Andrew L. Fish, jointly, (the "**Government's Lawyers**");

and to the State Bar of Georgia, Office of the General Counsel, Paula Fredrick, Esq., to show cause in writing not later than August 27, 2021, at 12:00 noon, time of the essence, why the Court shall not issue arrest warrants pursuant to Federal Rule Crim. P. Rule 42(a), and the Court's general supervisory power to enforce its own orders and judgments, and adjudge Paula Fredrick, William NeSmith, William A. Myers, Jenny Mittlemen, and Jonathan Hewitt and the Government's Lawyers in civil and criminal, 18 USC 401(3), contempt of, (1) the August 18, 2009, **Exhibit 2-1**, Gov.-I (07-5670) superseding final judgment entered in favor of Ulysses T. Ware, (the "**Prevailing Party**") and (2) the December 20, 2007, Dkt. 90, **Exhibit 1-1**, Rule 41(a)(2) final order-judgment entered in favor of GPMT, Ulysses T. Ware, and the Landers, jointly, (the "**Prevailing Parties**");

5.      enter a show cause order directed to Audrey Strauss to show cause not later than August 30, 2021, at 12:00 noon, why (1) The Court shall not grant Movant's Rule 33 Motion for a New Trial for Flagrant Brady Violations of the Brady Orders and (2) why the indictments in 04cr1224 and 05cr1115 shall not be dismissed with prejudice for "flagrant" prosecutorial misconduct and

corruption, fraud on the court, perjury, obstruction of justice, lying, bribery, kickbacks, pay-offs, and illegal gratuities, and others illegal means;

6.      enter an order directed to Edgardo Ramos to show cause why he shall not be referred to the Chief Circuit Judge and the Administrative Office of the U.S. Courts Executive Director with a recommendation for sanctioning for judicial misconduct, abuse of the office, judicial corruption, fraud, lying, perjury, obstruction of justice, conspiracy, actual conflicts of interest, and violations of the Codes and Canons of Conduct for Federal Judges;

7.      enter an order directed to Audrey Strauss and Melissa Childs to show cause why they shall not be sanctioned by the Court for filing and engaging in fraudulent, frivolous, bad faith, vexatious, bogus litigation and tactics by filing the per se statutorily prohibited Dkt. 250;

8.      enter an order directed to the District Clerk to perform an accounting of all money held or collected by the Court on the account of Ulysses T. Ware, and to calculate all statutory interest earned on all cash bail or other money held on deposit or account of Ulysses T. Ware by the Court since 2007;

9. enter an order directed to the District Clerk to file into the record in 04cr1224 and 05cr1115 certified accounting of all CJA fees paid any lawyer that appeared in 1224 and 1115;

10.     enter an order directed to Edgardo Ramos to file an affidavit or declaration into the record of the Court that certified that he is competent in law, has not received, accepted, been offered, or promised any gift, loan, money, pay-off, kickback, illegal gratuity, promotion, stock, royalty, financial award,  or other things of value either to him or any family member, for his performance or omission to perform any judicial duty or obligation;

11.     enter an order directed to Edward T.M. Garland, Esq., Manibur S. Arora, Esq., David B. Levitt, Esq., Gary G. Becker, Esq., Michael F. Bachner, Esq., Marlon Kirton, Esq., Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Nicholas S. Goldin, Alexander H. Southwell, Steven D. Feldman, David N. Kelley, Michael J. Garcia, Joon Kim, Steve R. Peikin, Melissa Childs, Audrey Strauss, John M. McEnany, and Preet Bharara to show cause in writing, not later than August 31, 2021, at 12:00 noon, why each shall not be referred to the Hon. Chief District Judge Laura Taylor-Swain, and referred to the Grievance Committee of the District Court (SDNY) to initiate disciplinary proceedings pursuant to Local Rule 1.5(b)(5) (SDNY) for misconduct, prosecutorial misconduct, fraud on the court, willfully misleading the court, fabrication of trial and grand jury evidence, perjury, breach of fiduciary duty, refusal to provide a full escrow accounting, refusal to return client files, conversion, fraud in the inducement, interference in the attorney-client relationship, failure to provide required Sixth Amendment services, breach of duty of loyalty, willful violations and resistance of Brady disclosure orders, breach of duty of complete candor to the court, and any other ethical infraction uncovered after an evidentiary hearing is held on any disputed issues of material facts;

12.     and any other relief the court deems just and proper under the circumstances.


Submitted this 24th day of August 2021.


/s/ Ulysses T. Ware
_____
Ulysses T. Ware
August 24, 2021
Brooklyn, NY

# Exhibit 1-1

### Dkt. 90, December 20, 2007, <u>voluntary</u> Rule 41(a)(2) dismissal with <u>prejudice</u> of the 02cv2219 (SDNY) lawsuit, which annulled and vitiated GX-7, GX-11, and GX-24 of the 1224 Indictment. A final judgment on the merits in favor of GPMT, Ulysses T. Ware, and Elorian and Becky Landers, (the "Prevailing Parties").



**Tuesday, August 24, 2021**
**RE: 51G: Rule 59(e) motion for reconsideration of Dkt 304 (Dkt. 222) and 307 motions.**

# Exhibit 2-1

## August 18, 2009, Gov.-I, superseding final judgment entered in United States v. Ware, 07-5670cr (XAP) (2d Cir.) in favor Of Ulysses T. Ware, (the "Prevailing Party").

**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand and nine.

PRESENT:   Amalya L. Kearse,
           Robert D. Sack,
           Peter W. Hall,
                   *Circuit Judges.*

United States of America,

    Appellee-Cross-Appellant,

    v.

Ulysses Thomas Ware,  also known as Thomas Ware,

    Defendant-Appellant-Cross-Appellee,

Jeremy Jones,

    Defendant.

**JUDGMENT**
Docket Number: 07-5222-cr (L)
                07-5670-cr

*(stamp: UNITED STATES COURT OF APPEALS — AUG 1 8 2009 — SECOND CIRCUIT)*

The appeal in the above-captioned case from a judgment of United States District Court for the Southern District of New York having been submitted on the district court record and the parties' briefs.  On consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED and the matter is REMANDED for additional proceedings in connection with sentencing in accordance with the opinion of this Court.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
DEPUTY CLERK

FOR THE COURT,
Catherine O'Hagan Wolfe,
Clerk

By: _____
Judy Pisnanont, Motions Staff Attorney

CERTIFIED: *June 18, 2019*

## Exhibit 3-1
## Para. 8 of the 04cr1224 (SDNY) indictment that named the 02cv2219 plaintiffs as "Civil Plaintiffs".

Case 1:04-cr-01224-ER   Document 1   Filed 11/17/04   Page 2 of 12

exising under the laws of Ontario with its principal place of business in Ontario, Canada.

5.    At all times relevant to this Indictment, Group Management Corporation, formerly known as IVG Corporation, formerly known as Internet Venture Group, Inc., was a Delaware corporation with its principal place of business in Atlanta, Georgia.

6.    From on or about August 25, 2004 to on or about the date of the filing of this Indictment, Silver Screen Studios, Inc. was a Georgia corporation and a successor to Group Management Corporation with its principal place of business in Atlanta, Georgia.

7.    At various times relevant to this Indictment, as set forth herein, THOMAS WARE, a/k/a "Ulysses Thomas Ware," the defendant, served as the chief executive of and attorney for Group Management Corporation and was affiliated with Silver Screen Studios, Inc.

BACKGROUND

Civil Action

8.    On or about March 20, 2002, Alpha Capital Aktiengesellschaft, Amro International. S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership (collectively the "Civil Plaintiffs") commenced a civil lawsuit against Group Management Corporation ("GMC") and certain of its shareholders at

**Exhibit 4-1**
**May 17, 2021, FINRA's certification of unregistered broker-dealers status of each of the 02cv2219 "Civil Plaintiffs" named in para. 8, Exhibit 3-1.**

## CERTIFICATION OF NO FINRA BUSINESS RECORDS

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1. I am the Executive Vice President, Board and External Relations.  In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2. No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

   a) Alpha Capital, AG
   b) Stonestreet, L.P.
   c) Markham Holdings, Ltd.
   d) Amro International, S.A.
   e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External
Relations and Corporate Secretary

Subscribed and sworn to before me this 17th day of ___May___, 2021.

Notary Public, District of Columbia

My commission expires: 5/31

**Tuesday, August 24, 2021**
**RE: 51G: Rule 59(e) motion for reconsideration of Dkt 304 (Dkt. 222) and 307 motions.**

# Exhibit 5-1

**USAG's 11/07/2008 Article II Appellate Political Decision to dismiss with prejudice, abort, abandon, and terminate the United States Rule 28.1 United States v. Ware, 07-5670cr (XAP) (2d Cir.) cross-appeal, Gov.-I.**



USAO's 11/07/2008 appeals brief in 07-5222-CR and 07-5670-Cr (XAP).

2

William H. Pauley III, United States District Judge, and a jury.*

Indictment S1 05 Cr. 1115 (WHP) (the "Indictment") was filed on September 14, 2006, in two counts. Count One charged Ware and Jeremy Jones with conspiring to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371. Count Two charged Ware and Jones with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

Ware's first trial began on January 15, 2007. Ware, a securities attorney, represented himself *pro se* with the assistance of standby counsel appointed under the Criminal Justice Act. On January 23, 2007, Judge Pauley declared a mistrial at Ware's request after one of the Government's witnesses fell critically ill during a weekend recess in the course of his testimony.

Ware's retrial began on April 16, 2007, with Ware again representing himself with the assistance of standby counsel. On April 30, 2007, the jury found Ware guilty on both counts.

On October 26, 2007, Judge Pauley sentenced Ware to a term of 97 months' imprisonment, to be followed by ... ey, J. (S. Tr. found the gov't trial proof to be insufficient on elemen... fraud on the market theory. Ex. at 11, supra.

United States' Art II, §3 political decision made on 11/7/2008 ...

The Government filed a notice of appeal but is not pursuing a cross-appeal.

10/12/2007 (S.Tr. 30-31) and 10/26/2007 (S.Tr. 73-76

See Dkt. #99 or Ex. at 1-2 and Ex. at 8-11.

[left margin handwriting:]
...rseded by the ...based on Mr. ...'s retained ...el passing ...idential trial ...tegy to the USAO ...rding INZS' CEO' ...l testimony that ...ould testify ...e was no securit... ...d.

...s has since stat... ...he was not sick... ...his lawyer and ...Southwell tricked ...e Pauley into ...aring the mis- ...l.

...jury was neve... ...ged on the ...ciency of the ...t.

# Exhibit 6-1

## Para.10.1(iv) of GX-5 (04cr1224 Gov't trial exhibit)
## Conferred Section 2(a)(11) statutory underwriter status on each "Civil Plaintiff" named in para. 8 of the 1224 Indictment, Exhibit 3-1.

12. Plaintiffs purchased the Notes pursuant to the terms of the Subscription Agreement (the "Subscription Agreement") entered into between and among the parties on or about February 2, 2001. Plaintiffs collectively paid $1.1 million to IVG and each Plaintiff received a Note in proportion to its investment, as set forth in the paragraph 10.

13. Pursuant to Section 10.1(iv) of the Subscription Agreement, IVG was obligated to file on or before May 3, 2001, a form SB-2 Registration Statement with the United States Securities and Exchange Commission registering the stock underlying the Notes so that upon conversion the stock could be sold on the open market without restriction. IVG was obligated to

4

121

have such registration statement declared effective on or before June 17, 2001. Thus Section 10.1(iv) of the Subscription Agreement provides:

"The Company shall file with the Commission within 90 days of the Closing Date (the 'Filing Date'), and use its reasonable commercial efforts to cause to be declared effective a Form SB-2 registration statement (or such other form as it is eligible to use) within 135 days of the Closing Date in order to register the Registrable Securities for resale and distribution under the Act. The registration statement described in this paragraph must be declared effective by the Commission within 135 days of the Closing Date (as defined herein)('Effective Date')."

IVG failed to comply with its obligations and to date has not had its registration statement declared effective.

# Exhibit 7-1

## Bogus and moot Dkt. 307 ultra vires advisory order (Ramos, J.). A federal district court has no lawful authority to enter a leave to file order (injunction) in a criminal proceeding without prior notice and an opportunity to be heard.

Case 1:05-cr-01115-ER   Document 307   Filed 08/05/21   Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ULYSSES THOMAS WARE, a/k/a
THOMAS WARE,

Defendant.

**ORDER**

04 Cr. 1224 (ER)
05 Cr. 1115 (ER)

RAMOS, D.J.:

On July 28, 2021 the Court granted in part and denied in part the Government's motion to apply money from Ware's appearance bond to his debt owed in the above-captioned cases. *See* Case No. 1224 Doc. 222; Case No. 1115 Doc. 304. This decision resolved the outstanding issues in these cases, which have now been closed for several years. However, Ware has continued to file "pleadings" about topics on which the Court has not granted him leave to file. Pursuant to earlier orders in these cases from Judge Pauley and Judge Sweet, Ware is not permitted to open any further motions without leave of the Court. *See* Case No. 04 Cr. 1224 Doc. 160; Case No. 05 Cr. 1115 (instructing Ware to cease his frivolous motion practice).

These orders remain in full effect. Accordingly, pursuant to the prior leave to file orders, no further motions by Ware will be opened or docketed absent a Court order stating otherwise.

It is SO ORDERED.

Dated:   August 5, 2021
            New York, New York

EDGARDO RAMOS, U.S.D.J.